**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

05  11298 DPW

| | | |
|---|---|---|
| ENTERASYS NETWORKS, INC., | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | RECEIPT #_____ |
| FOUNDRY NETWORKS, INC.; and | ) | AMOUNT $ 250 |
| EXTREME NETWORKS, INC., MAGISTRATE JUDGE | ) | SUMMONS ISSUED _yes_ |
| | ) | LOCAL RULE 4.1_____ |
| | ) | WAIVER FORM _____ |
| Defendants. | ) | MCF ISSUED_____ |
| | ) | BY DPTY. CLK._____ |
| | | DATE___6/21/05_____ |

Plaintiff Enterasys Networks, Inc. ("Enterasys"), for its patent infringement action

against Defendants Foundry Networks, Inc. ("Foundry") and Extreme Networks, Inc.

("Extreme") (collectively "Defendants"), on personal knowledge of all facts within its

possession, and upon information and belief as to all other facts, states and alleges as follows:

**THE PARTIES**

1.      Enterasys is a corporation organized under the laws of the State of Delaware with

its principal place of business located at 50 Minuteman Road, Andover, Massachusetts 01810.

2.      Foundry is a corporation organized under the laws of the State of Delaware with

its principal place of business located at 2100 Gold Street, San Jose, California 95164.

3.      Extreme is a corporation organized under the laws of the State of Delaware with

its principal place of business located at 3585 Monroe Street, Santa Clara, California 95015.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Foundry consistent with the requirements of Massachusetts General Laws Chapter 223A, § 3, and the Due Process Clause of the United States Constitution.  Foundry has regularly transacted and solicited business in Massachusetts, contracted to supply products and services to distributors, resellers, and/or customers in Massachusetts, and committed acts of patent infringement in Massachusetts. Moreover, Foundry maintains regular and established places of business at 201 Edgewater Drive, Wakefield, Massachusetts  01880, and at 7 Technology Drive, Lowell, Massachusetts  01851.

6.      This Court has personal jurisdiction over Extreme consistent with the requirements of Massachusetts General Laws Chapter 223A, § 3, and the Due Process Clause of the United States Constitution.  Extreme has regularly transacted and solicited business in Massachusetts, contracted to supply products and services to distributors, resellers, and/or customers in Massachusetts, and committed acts of patent infringement in Massachusetts. Moreover, Extreme maintains a regular and established place of business at 1050 Winter Street, #1000, Waltham, Massachusetts  02451.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

8.      This action is properly assigned to the Eastern Division of this District pursuant to Rule 40.1(D)(1)(a) and (b) of the Local Rules of the United States District Court for the District of Massachusetts.

## FACTUAL BACKGROUND

9.      Enterasys is the sole owner by assignments of all rights, titles, and interests in and to the following six United States patents (collectively, the "Enterasys Patents"), including the exclusive rights to bring suit with respect to any past, present, and future infringements thereof:

(i)      U.S. Patent No. 5,251,205, (the " '205 patent"), entitled *"Multiple Protocol Routing,"* which was duly and legally issued on October 5, 1993.  A true and correct copy of the '205 patent is attached hereto as Exhibit 1;

(ii)     U.S. Patent No. 5,390,173 (the " '173 patent"), entitled "Packet Format In *Hub For Packet Data Communications System,"* which was duly and legally issued on February 14, 1995.  A true and correct copy of the '173 patent is attached hereto as Exhibit 2.

(iii)    U.S. Patent No. 6,128,665 (the " '665 patent"), entitled "System For *Broadcasting Messages To Each Of Default VLAN Ports In Subset Of Ports Defined As VLAN Ports,"* which was duly and legally issued on October 3, 2000.  A true and correct copy of the '665 patent is attached hereto as Exhibit 3;

(iv)     U.S. Patent No. 6,147,995 (the " '995 patent"), entitled *"Method For Establishing Restricted Broadcast Groups In A Switched Network,"* which was duly and legally issued on November 14, 2000.  A true and correct copy of the '995 patent is attached hereto as Exhibit 4;

(v)      U.S. Patent No. 6,539,022 (the " '022 patent"), entitled *"Network Device With Multicast Forwarding Data,"* which was duly and legally issued on March 25, 2003.  A true and correct copy of the '022 patent is attached hereto as Exhibit 5;

(vi)    U.S. Patent No. 6,560,236 (the " '236 patent"), entitled *"Virtual LANs,"* which was duly and legally issued on May 6, 2003.  A true and correct copy of the '236 patent is attached hereto as Exhibit 6.

10.    Each of the Enterasys Patents is valid and enforceable.

11.    Foundry has at no time been licensed under any of the Enterasys Patents.

12.    Foundry has infringed, and continues to infringe, one or more claims of each of the Enterasys Patents by acting without authority so as to:  (i) make, have made, use, offer to sell, sell, and/or import within or into the United States networking infrastructure products, including its switch and router products, that embody or practice the patented inventions covered thereby; and/or (ii) contribute to or actively induce uses of such products by its customers or others in ways that are known to practice the patented inventions covered thereby.

13.    Extreme has at no time been licensed under any of the Enterasys Patents.

14.    Extreme has infringed, and continues to infringe, one or more claims of each of the Enterasys Patents by acting without authority so as to:  (i) make, have made, use, offer to sell, sell, and/or import within or into the United States networking infrastructure products, including its switch and router products, that embody or practice the patented inventions covered thereby; and/or (ii) contribute to or actively induce uses of such products by its customers or others in ways that are known to practice the patented inventions covered thereby.

15.    Each of the above-described acts of infringement committed by the Defendants has caused injury and damage to Enterasys, and will cause additional severe and irreparable injury and damage in the future unless the Defendants are enjoined from further infringing the Enterasys Patents.

## STATEMENT OF CLAIMS

### COUNT I

### (Infringement Of U.S. Patent No. 5,251,205)

### (Enterasys Against All Defendants)

16.     Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 15 above as if specifically set forth herein.

17.     Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '205 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

18.     As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  Moreover, Enterasys is entitled to have the Defendants enjoined from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

19.     Upon information and belief, each of the Defendants has had actual knowledge of the '205 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

### COUNT II

### (Infringement Of U.S. Patent No. 5,390,173)

### (Enterasys Against All Defendants)

20.     Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 19 above as if specifically set forth herein.

21.     Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '173 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

22.     As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  Moreover, Enterasys is entitled to have the Defendants enjoined from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

23.     Upon information and belief, each of the Defendants has had actual knowledge of the '173 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

## COUNT III

### (Infringement Of U.S. Patent No. 6,128,665)

### (Enterasys Against All Defendants)

24.     Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 23 above as if specifically set forth herein.

25.     Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '665 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

26.     As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  Moreover, Enterasys is entitled to have the Defendants enjoined

from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

27.    Upon information and belief, each of the Defendants has had actual knowledge of the '665 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

## COUNT IV

### (Infringement Of U.S. Patent No. 6,147,995)

### (Enterasys Against All Defendants)

28.    Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 27 above as if specifically set forth herein.

29.    Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '995 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

30.    As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  Moreover, Enterasys is entitled to have the Defendants enjoined from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

31.    Upon information and belief, each of the Defendants has had actual knowledge of the '995 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

## COUNT V

### (Infringement Of U.S. Patent No. 6,539,022)

### (Enterasys Against All Defendants)

32.     Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 31 above as if specifically set forth herein.

33.     Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '022 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

34.     As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty.  Moreover, Enterasys is entitled to have the Defendants enjoined from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

35.     Upon information and belief, each of the Defendants has had actual knowledge of the '022 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

## COUNT VI

### (Infringement Of U.S. Patent No. 6,560,236)

### (Enterasys Against All Defendants)

36.     Enterasys incorporates by reference the allegations set forth in paragraphs 1 through 35 above as if specifically set forth herein.

37.     Each of the Defendants has directly, indirectly, contributorily, and/or by inducement infringed one or more claims of the '236 patent in violation of 35 U.S.C. § 271. Such infringement is presently ongoing.

38.     As a consequence of the Defendants' infringement, Enterasys is entitled to recover damages adequate to compensate it for the injuries complained of herein, but in no event less than a reasonable royalty. Moreover, Enterasys is entitled to have the Defendants enjoined from committing additional future acts of infringement which would subject Enterasys to irreparable harm.

39.     Upon information and belief, each of the Defendants has had actual knowledge of the '236 patent, and each has willfully, deliberately, and intentionally infringed one or more claims of said patent.

## PRAYER FOR RELIEF

WHEREFORE, Enterasys respectfully requests that this Court:

A.      Enter judgment that each of the Defendants has infringed each of the Enterasys Patents;

B.      Enter judgment that each of the Defendants' infringement of each of the Enterasys Patents has been willful, deliberate, and intentional;

C.      Enter a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each of the Defendants, and all of their respective agents, servants, officers, directors, employees, and all other persons acting in concert with them, directly or indirectly, from any further acts of infringement, contributory infringement, or inducement of infringement of the Enterasys Patents;

D.      Enter an order, pursuant to 35 U.S.C. § 284, awarding to Enterasys damages adequate to compensate it for the Defendants' infringement of the Enterasys Patents (and, if necessary, related accountings), in an amount to be determined at trial, but in no event less than a reasonable royalty;

E.      Enter an order, pursuant to 35 U.S.C. § 284, trebling all damages awarded to Enterasys based upon each of the Defendants' willful, deliberate, and intentional infringement of the Enterasys Patents;

F.      Enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to Enterasys its reasonable attorneys fees, costs, and expenses;

G.      Enter an order awarding to Enterasys pre- and post-judgment interest at the maximum rates allowable under the law; and

H.      Enter an order awarding to Enterasys such other and further relief, whether at law or in equity, that this Court deems just and proper.

## JURY DEMAND

Enterasys demands a jury trial on all issues so triable.

Dated:  June 21, 2005                    Respectfully submitted,

                                         ENTERASYS NETWORKS, INC.

                                         By its attorneys,

                                         _____
                                         Christopher P. Sullivan, Esq. (BBO No.485120)
                                         Marc N. Henschke, Esq. (BBO No. 636146)
                                         ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                         800 Boylston Street, 25th Floor
                                         Boston, MA 02199
                                         Tel. (617) 267-2300