UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-11298-DPW |
| FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., | ) |
| Defendants. | ) |

**EXTREME NETWORKS, INC.'S ANSWER AND COUNTERCLAIM**

Defendant Extreme Networks, Inc. ("Extreme"), on its own behalf and on behalf of no other defendants, answers the Complaint of Enterasys Networks, Inc.

**THE PARTIES**

1. Extreme is without knowledge or information sufficient to form a belief as to the truth of paragraph 1.

2. Extreme is without knowledge or information sufficient to form a belief as to the truth of paragraph 2.

3. Admitted.

**JURISDICTION**

4. Paragraph 4 contains Enterasys's characterization of this lawsuit as to which no response is required and states a conclusion of law as to which no response is required.

5. Paragraph 5 states a conclusion of law as to which no response is required and makes factual allegations relating to Foundry Networks, Inc. Extreme is without knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 5.

6. Paragraph 6 states several conclusions of law as to which no response is required. Extreme denies the factual allegations in paragraph 6 except that Extreme admits that it has an office at 1050 Winter Street in Waltham, Massachusetts..

7. Paragraph 7 states a conclusion of law as to which no response is required.

8. Paragraph 8 states a conclusion of law as to which no response is required.

## FACTUAL BACKGROUND

9. Extreme is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 and its six sub-paragraphs.

10. On information and belief, Extreme denies that the patents-in-suit are valid and is without knowledge or information sufficient to form a belief as to whether the patents-in-suit are enforceable.

11. Extreme is without knowledge or information sufficient to form a belief as to the truth of paragraph 11.

12. Extreme is without knowledge or information sufficient to form a belief as to the truth of paragraph 12.

13. Admitted.

14. Denied.

15. Denied.

## STATEMENT OF CLAIMS

### COUNT I

16. Extreme incorporates by reference the responses set forth in paragraphs 1 through 15 above as if specifically set forth herein.

17. Denied.

18. Denied.

19. Denied.

## COUNT II

20. Extreme incorporates by reference the responses set forth in paragraphs 1 through 19 above as if specifically set forth herein.

21. Denied.

22. Denied.

23. Denied.

## COUNT III

24. Extreme incorporates by reference the responses set forth in paragraphs 1 through 23 above as if specifically set forth herein.

25. Denied.

26. Denied.

27. Denied.

## COUNT IV

28. Extreme incorporates by reference the responses set forth in paragraphs 1 through 27 above as if specifically set forth herein.

29. Denied.

30. Denied.

31. Denied.

## COUNT V

32. Extreme incorporates by reference the responses set forth in paragraphs 1 through 31 above as if specifically set forth herein.

33. Denied.

34. Denied.

35. Denied.

## COUNT VI

36. Extreme incorporates by reference the responses set forth in paragraphs 1 through 35 above as if specifically set forth herein.

37. Denied.

38. Denied.

39. Denied.

## PRAYER FOR RELIEF

The plaintiff's prayer for relief does not contain averments within the meaning of Federal Rules of Civil Procedure 8 and 10 and require no response. To the extent a response is required, Extreme requests that the Court deny each and every one of the plaintiff's prayers for relief.

## FIRST AFFIRMATIVE DEFENSE

On information and belief, the claims of the patents-in-suit are invalid because they fail to meet the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, the claims of the patents-in-suit are limited by statements, representations, arguments and/or amendments made during the prosecution of the patents-in-suit to the extent that the claims cannot be infringed by any products made, used, or sold by defendant Extreme Networks.

**THIRD AFFIRMATIVE DEFENSE**

With respect to the claims of the patents-in-suit, products made, used, and sold by defendant Extreme Networks are staple articles of commerce and have substantial non-infringing uses.

**FOURTH AFFIRMATIVE DEFENSE**

On information and belief, the plaintiff's claims are barred by laches.

**COUNTERCLAIM**

Counterclaim-plaintiff Extreme Networks, Inc. ("Extreme"), states the following counterclaims against counterclaim-defendant Enterasys Networks, Inc. ("Enterasys"):

*Parties*

1. Counterclaim-plaintiff Extreme is a Delaware corporation with its principal place of business at 3585 Monroe Street, Santa Clara, California, 95015.

2. Counterclaim-defendant Enterasys has alleged in its Complaint that it is a Delaware corporation with its principal place of business at 50 Minuteman Road, Andover, Massachusetts, 01810 and therefore, on information and belief, Extreme alleges the same.

*Jurisdiction and Venue*

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

4. Enterasys is subject to personal jurisdiction in this District because it has availed itself of the jurisdiction of this Court, has its principal place of business in this District, and has engaged in acts giving rise to this controversy in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) and because Enterasys filed the original Complaint in this District.

6. There is a justiciable controversy between Extreme and Enterasys over validity and infringement of U.S. Patent Nos. 5,251,205 (the "'205 patent"); 5,390,173 (the "'173 patent"); 6,128,665 (the "'665 patent"); 6,147,995 (the "'995 patent"); 6,539,022 (the "'022 patent"); and 6,560,236 (the "'236 patent"). More specifically, Enterasys contends that each of these patents is valid and that Extreme has infringed them and continues to infringe them in the course of operating its business. Extreme disputes these contentions and seeks a declaration of its rights.

## COUNT I

### Declaratory Judgment of non-infringement of the '205 patent

7. Paragraphs 1–6 are incorporated by reference as if set forth fully herein.

8. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '205 patent.

9. Accordingly, Extreme is entitled to a judgment that it does not infringe the '205 patent.

## COUNT II

### Declaratory Judgment of invalidity of the '205 patent

10. Paragraphs 1–9 are incorporated by reference as if set forth fully herein.

11. On information and belief, the claims of the '205 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. Accordingly, Extreme is entitled to a judgment that the '205 patent is invalid.

## COUNT III

### Declaratory Judgment of non-infringement of the '173 patent

13. Paragraphs 1–12 are incorporated by reference as if set forth fully herein.

14. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '173 patent.

15. Accordingly, Extreme is entitled to a judgment that it does not infringe the '173 patent.

### COUNT IV

**Declaratory Judgment of invalidity of the '173 patent**

16. Paragraphs 1–15 are incorporated by reference as if set forth fully herein.

17. On information and belief, the claims of the '173 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

18. Accordingly, Extreme is entitled to a judgment that the '173 patent is invalid.

### COUNT V

**Declaratory Judgment of non-infringement of the '665 patent**

19. Paragraphs 1–18 are incorporated by reference as if set forth fully herein.

20. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '665 patent.

21. Accordingly, Extreme is entitled to a judgment that it does not infringe the '665 patent.

### COUNT VI

**Declaratory Judgment of invalidity of the '665 patent**

22. Paragraphs 1–21 are incorporated by reference as if set forth fully herein.

23. On information and belief, the claims of the '665 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

24. Accordingly, Extreme is entitled to a judgment that the '665 patent is invalid.

## COUNT VII

### Declaratory Judgment of non-infringement of the '995 patent

25. Paragraphs 1–24 are incorporated by reference as if set forth fully herein.

26. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '995 patent.

27. Accordingly, Extreme is entitled to a judgment that it does not infringe the '995 patent.

## COUNT VIII

### Declaratory Judgment of invalidity of the '995 patent

28. Paragraphs 1–27 are incorporated by reference as if set forth fully herein.

29. On information and belief, the claims of the '995 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

30. Accordingly, Extreme is entitled to a judgment that the '995 patent is invalid.

## COUNT IX

### Declaratory Judgment of non-infringement of the '022 patent

31. Paragraphs 1–30 are incorporated by reference as if set forth fully herein.

32. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '022 patent.

33. Accordingly, Extreme is entitled to a judgment that it does not infringe the '022 patent.

## COUNT X

### Declaratory Judgment of invalidity of the '022 patent

34. Paragraphs 1–33 are incorporated by reference as if set forth fully herein.

35. On information and belief, the claims of the '022 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

36. Accordingly, Extreme is entitled to a judgment that the '022 patent is invalid.

## COUNT XI

### Declaratory Judgment of non-infringement of the '236 patent

37. Paragraphs 1–36 are incorporated by reference as if set forth fully herein.

38. On information and belief, Extreme does not infringe and has not infringed, induced infringement of, or contributed to infringement of any valid or enforceable claim of the '236 patent.

39. Accordingly, Extreme is entitled to a judgment that it does not infringe the '236 patent.

## COUNT XII

### Declaratory Judgment of invalidity of the '236 patent

40. Paragraphs 1–39 are incorporated by reference as if set forth fully herein.

41. On information and belief, the claims of the '236 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

42. Accordingly, Extreme is entitled to a judgment that the '236 patent is invalid.

## **JURY DEMAND**

Extreme demands a jury trial on all issues so triable with respect to the claims against it and its counterclaim.

Respectfully Submitted,

EXTREME NETWORKS, INC.

By its attorneys,

/s/ Peter L. Resnik
Peter L. Resnik (BBO# 417180)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
(617) 535-4000

*Of Counsel*

Terrence P. McMahon
Vera M. Elson
Behrooz Shariati
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: August 22, 2005

BST99 1467196-3.065994.0016