## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC.,

    Plaintiff,

v.

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,

    Defendants.

Case No.: 05-11298 (DPW)

## FOUNDRY NETWORKS, INC.'S ANSWER TO
## ENTERASYS NETWORKS, INC.'S COMPLAINT

Foundry Networks, Inc. ("Foundry") answers the Complaint of Enterasys Networks, Inc. ("Enterasys") as follows:

### The Parties

1. Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies all of the allegations contained therein.

2. Foundry admits that is organized under the laws of Delaware. Foundry answers that the statements of paragraph 2 are legal conclusions that need not be admitted or denied. To the extent that paragraph 2 states factual allegations, Foundry denies each and every remaining allegation.

3. Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies all of the allegations contained therein.

## Jurisdiction

4. Foundry answers that the statements of paragraph 4 are legal conclusions that need not be admitted or denied. To the extent that paragraph 4 states factual allegations, Foundry denies each and every remaining allegation as to Foundry, and is without information sufficient to form a belief as to the truth of the allegations with respect to any other defendant and therefore denies all of these allegations.

5. Foundry admits that it conducts business in the State of Massachusetts. Foundry denies that it maintains a place of business at 201 Edgewater Drive, Wakefield, Massachusetts 01880, and at 7 Technology Drive, Lowell, Massachusetts 01851. Foundry answers that the remaining allegations in paragraph 5 state legal conclusions that need not be admitted or denied. To the extent that paragraph 5 states factual allegations, Foundry denies each and every remaining allegation.

6. Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies all of the allegations contained therein.

7. Foundry answers that the statements of paragraph 7 are legal conclusions that need not be admitted or denied. To the extent that paragraph 7 states factual allegations, Foundry denies each and every remaining allegation as to Foundry, and is without information sufficient to form a belief as to the truth of the allegations with respect to any other defendant and therefore denies all of the allegations.

8. Foundry answers that the statements of paragraph 8 are legal conclusions that need not be admitted or denied. To the extent that paragraph 8 states factual allegations, Foundry denies each and every remaining allegation.

**Factual Background**

9.     Foundry answers that the statements of paragraph 9 are legal conclusions that need not be admitted or denied. To the extent that paragraph 9 states factual allegations, Foundry denies each and every remaining allegation. With respect to the each of the patents stated in the Complaint (collectively "Patents-at-issue"), Foundry answers:

(i)     Foundry admits that U.S. Patent No. 5,251,205 ("the '205 patent") is entitled "Multiple Protocol Routing" and was issued on October 5, 1993. Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied. To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(ii)    Foundry admits that U.S. Patent No. 5,390,173 ("the '173 patent") is entitled "Packet Format In Hub For Packet Data Communication System" and was issued on February 14, 1995. Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied. To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(iii)   Foundry admits that U.S. Patent No. 6,128,665 ("the '665 patent") is entitled "System For Broadcasting Messages To Each Of Default VLAN Ports In Subset Of Ports Defined As VLAN Ports" and was issued on October 3, 2000. Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied. To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(iv)   Foundry admits that U.S. Patent No. 6,147,995 ("the '995 patent") is entitled "Method For Establishing Restricted Broadcast Groups In A Switched Network" and was issued on November 14, 2000. Foundry answers that the remaining statements in this

paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(v)     Foundry admits that U.S. Patent No. 6,539,022 ("the '022 patent") is entitled "Network Device With Multicast Forwarding Data" and was issued on March 25, 2003.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(vi)    Foundry admits that U.S. Patent No. 6,539,236 ("the '236 patent") is entitled "Virtual Lans" and was issued on May 6, 2003.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation.

10.     Foundry answers that the statements of paragraph 10 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 10 states factual allegations, Foundry denies each and every remaining allegation.

11.     Foundry admits the allegations in paragraph 11.

12.     Foundry answers that the statements of paragraph 12 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 12 states factual allegations, Foundry denies each and every remaining allegation.

13.     Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies all of the allegations contained therein.

14. Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies all of the allegations contained therein.

15. Foundry answers that the statements of paragraph 15 are legal conclusions that need not be admitted or denied. To the extent that paragraph 15 states factual allegations, Foundry denies each and every remaining allegation.

## STATEMENT OF CLAIMS

### COUNT I

16. Foundry realleges and incorporates herein its responses to paragraphs 1-15 as set forth above.

17. Foundry denies each and every allegation in paragraph 17.

18. Foundry denies each and every allegation in paragraph 18.

19. Foundry denies each and every allegation in paragraph 19.

### COUNT II

20. Foundry realleges and incorporates herein its responses to paragraphs 1-19 as set forth above.

21. Foundry denies each and every allegation in paragraph 21.

22. Foundry denies each and every allegation in paragraph 22.

23. Foundry denies each and every allegation in paragraph 23.

### COUNT III

24. Foundry realleges and incorporates herein its responses to paragraphs 1-23 as set forth above.

25. Foundry denies each and every allegation in paragraph 25.

26. Foundry denies each and every allegation in paragraph 26.

27. Foundry denies each and every allegation in paragraph 27.

## COUNT IV

28. Foundry realleges and incorporates herein its responses to paragraphs 1-27 as set forth above.

29. Foundry denies each and every allegation in paragraph 29.

30. Foundry denies each and every allegation in paragraph 30.

31. Foundry denies each and every allegation in paragraph 31.

## COUNT V

32. Foundry realleges and incorporates herein its responses to paragraphs 1-30 as set forth above.

33. Foundry denies each and every allegation in paragraph 33.

34. Foundry denies each and every allegation in paragraph 34.

35. Foundry denies each and every allegation in paragraph 35.

## COUNT VI

36. Foundry realleges and incorporates herein its responses to paragraphs 1-35 as set forth above.

37. Foundry denies each and every allegation in paragraph 37.

38. Foundry denies each and every allegation in paragraph 38.

39. Foundry denies each and every allegation in paragraph 39.

## AFFIRMATIVE DEFENSES

### Failure To State A Claim

40. As its first separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys has failed to state a claim upon which any relief may be granted against Foundry.

### Venue

41.     As its second separate and affirmative defense, Foundry alleges that this forum is improper as it is inconvenient for the parties and does not serve the interests of justice.

### Patent Invalidity

42.     As its third separate and affirmative defense, Foundry alleges based upon information presently available, and without prejudice to further amendment upon information learned during discovery, that one or more of the Patents-at-issue, are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, 102, 103, and 112, for reasons including, but not limited to, because one or more of the claims lack definitenesss, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, because no claim of the patents can be validly construed to cover any Foundry product, and because the claims do not embody the best mode contemplated by the inventor of carrying out his invention.

### Claim Construction Estoppel

43.     As its fourth separate and affirmative defense, Foundry alleges that by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the Patents-at-issue, specifically the admissions, representations, and amendments made on behalf of the applicant for such patent, Enterasys is estopped from asserting any construction of the claims of the Patents-at-issue to cover or include any product made, used, sold, offered for sale, or imported into the United States by Foundry.

**Laches**

44.     As its fifth separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys's claims under the Patents-at-issue are barred by the doctrine of laches due to Enterasys's (and its predecessors'-in-interest) knowledge of Foundry's allegedly infringing actions, Enterasys's (and its predecessors'-in-interest) inexcusable failure to diligently and timely pursue its infringement claims from the time it became aware it had claims against Foundry, and by virtue of the fact that Foundry has been both economically and materially prejudiced and/or injured from Enterasys's (and its predecessors'-in-interest) inexcusable lack of diligence, including (but not limited to) through the loss of records of third parties pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise possess knowledge of the prior art.

**No Standing**

45.     As its sixth separate and affirmative defense, Foundry alleges on information and belief that Enterasys does not have standing to bring the claims and/or requests for relief contained in its Amended Complaint against Foundry, because Enterasys does not own the Patents-at-issue, and because necessary and indispensable third parties retain substantial rights to the Patents-at-issue.

**Prosecution Laches**

46.     As its seventh separate and affirmative defense, Foundry alleges, on information and belief, that one or more of Enterasys's claims under the Patents-at-issue are barred by the equitable doctrine of prosecution laches due to Enterasys's (and its predecessors'-in-interest) unreasonable delay in prosecution of the Patents-at-issue from the time it first filed applications for the Patents-at-issue in the Patent Trademark Office.

### Marking

47.  As its eighth separate affirmative defense, Foundry alleges that prior to receiving a copy of summons and complaint, it had neither actual or constructive notice of any alleged act of infringement on its part, and that, on information and belief, the lawful owner of the Patents-at-issue and licensees of Enterasys had failed substantially and continuously to mark devices that embody one or more of the claims of the Patents-at-issue with proper notice of such Patents-at-issue, as required by 35 U.S.C. §287, such that plaintiff is not entitled to any pre-filing damages pursuant to that provision.

### Unclean Hands

48.  As its ninth separate and affirmative defense, plaintiff's claims are barred by the doctrine of unclean hands.

### Waiver/Equitable Estoppel

49.  As its tenth separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys has, through its own conduct and through the conduct of its predecessors-in-interest, intentionally relinquished its known right or privilege to assert infringement of the Patents-at-issue, and hence Enterasys's claims in this action are barred or unenforceable due to waiver and/or equitable estoppel.

### Non-Infringing Uses

50.  As its eleventh separate and affirmative defense, Foundry alleges that it has not infringed, contributed to the infringement of, or induced the infringement of the Patents-at-issue, and is not liable for infringement thereof.  All of Foundry's products have substantial non-infringing uses and therefore, cannot induce or contribute to infringement of the Patents-at-issue.

**Authorization and Consent of the United States Government**

51.     As its twelfth separate and affirmative defense, Foundry alleges that it used and/or manufactured some of the products accused of infringing the Patents-at-issue for and with the authorization and consent of the United States Government and that, accordingly, any claims against Foundry with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**PRAYER FOR RELIEF**

WHEREFORE, Foundry prays that this Court enter judgment:

A.      That plaintiff's complaint be dismissed with prejudice;

B.      That the Patents-at-issue, be found not infringed by any actions of Foundry or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C.      That the Patents-at-issue be found invalid, void and unenforceable;

D.      That plaintiff be ordered to pay the costs incurred by Foundry in responding to this action and Foundry's reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

E.      That Foundry be granted such other and further relief as this Court deems just and warranted under the circumstances.

**JURY DEMAND**

Foundry demands a trial by jury as to all issues so triable.

Dated:  August 22, 2005

Respectfully submitted,

/s/ Steven M. Bauer
Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

Of Counsel:
William Anthony
I. Neel Chatterjee
Michael F. Heafey
Raymis H. Kim
Sanjeet K. Dutta
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

ATTORNEYS FOR DEFENDANT FOUNDRY NETWORKS, INC.