IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENTERASYS NETWORKS, INC, <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., <br><br> Defendants. | Civil Action No. 05-11298 DPW |

**FOUNDRY NETWORKS, INC.'S JOINDER
IN EXTREME NETWORKS, INC.'S MOTION TO SEVER**

Defendant Foundry Networks, Inc. ("Foundry") hereby joins Extreme Networks, Inc. ("Extreme") motion to sever plaintiff Enterasys Network, Inc.'s (Enterasys) patent infringement claims against Foundry from Enterasys's patent infringement claims against Extreme.

Foundry and Extreme are separate companies that compete against one another in the marketplace. *See* Taft Decl. ¶ 5. Foundry and Extreme are Foundry and Extreme each design and sell their own computer network hardware and software products. *See* Taft Decl. ¶ 3. Foundry and Extreme do not cooperate in the design, manufacturing or sale of their computer network hardware and software products, and they do not share confidential technical or business information with each other. *See* Taft Decl. ¶ 4. Enterasys does not allege that Foundry and Extreme infringe the six patents in suit jointly, that one has induced the other to infringe, or that one has contributed to the other's infringement. There is no allegation of joint action. Therefore, the Court must view Enterasys's allegations of infringement against Extreme as entirely distinct from its allegations of infringement against Foundry.

Foundry respectfully requests that this Court follow the ruling in *Lucent Technologies, Inc. v. Extreme Networks, Inc. and Foundry Networks, Inc.,* C.A. No. 03-508-JJF, slip op. (D. Del. Feb. 6, 2004).  In *Lucent*, another company, sued the same defendants in this case, Extreme and Foundry, for independent acts of patent infringement.  The court allowed Foundry's motion to sever on the grounds that joinder was improper, and ordered separate trials with Extreme trying its case first. *Id.* At 3.

For the foregoing reasons, Foundry respectfully requests that Extreme's motion to sever be granted.

Dated:  August 31, 2005

Respectfully submitted,

/s/ Jeremy P. Oczek
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA  02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

Of Counsel:
William L. Anthony, Jr.*
I. Neel Chatterjee*
Michael F. Heafey (BBO # 556931)
Raymis H. Kim*
Sanjeet K. Dutta*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

ATTORNEYS FOR DEFENDANT FOUNDRY NETWORKS, INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-11298-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DECLARATION OF BENJAMIN TAFT IN SUPPORT OF EXTREME NETWORKS, INC.'S MOTION TO SEVER CLAIMS AGAINST IT FROM CLAIMS AGAINST FOUNDRY NETWORKS

I, Benjamin Taft, hereby declare:

1. I make this declaration based on my personal knowledge.

2. I am currently employed by Foundry Networks, Inc. ("Foundry") and have worked for Foundry for 6 years. My current position is Vice President, Marketing Communications. In this position, I have become familiar with Foundry, its products and its competitors.

3. Foundry designs and sells its own computer network hardware and software products. Over the past six years, Foundry has manufactured and sold many thousands of computer networking products and accessories.

4. Foundry does not cooperate with Extreme Networks, Inc. ("Extreme") in the design, manufacturing or sale of its computer network hardware and software products. We do not share confidential technical or business information with each other.

5. Rather, Foundry and Extreme compete against each other as vendors in the marketplace for computer network hardware and software products.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2005 at Alviso, California..

Benjamin Taft