UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11298-DPW |
| ) | |
| FOUNDRY NETWORKS, INC. and ) | |
| EXTREME NETWORKS, INC., ) | |
| ) | |
| Defendants. ) | |

**EXTREME NETWORKS, INC.'S ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER**

Extreme Networks, Inc. ("Extreme") hereby moves, pursuant to Local Rule 7.1(b)(3), for leave to file the short Reply Memorandum in Support of its Motion to Sever (the "Reply"), which is attached hereto. Extreme's Reply addresses cases cited and arguments made by Enterasys Networks, Inc. in its Opposition to the Motion to Sever.

Enterasys Networks, Inc. and Foundry Networks, Inc. have assented to this motion.

.  Respectfully Submitted,

EXTREME NETWORKS, INC.

By its attorneys,

/s/ Benjamin A. Goldberger
Peter L. Resnik (BBO# 417180)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Terrence P. McMahon, *admitted pro hac vice*
Vera M. Elson, *admitted pro hac vice*
Behrooz Shariati, *admitted pro hac vice*
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: September 15, 2005

## LOCAL RULE 7.1 CERTIFICATE OF CONSULTATION

I, Benjamin A. Goldberger, hereby certify that counsel for Extreme Networks, Inc. conferred with counsel for each other party, and attempted in good faith to resolve or narrow the issues presented by this motion.  Counsel for each other party has assented to this motion.

/s/ Benjamin A. Goldberger
Benjamin A. Goldberger

BST99 1472526-1.065994.0016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 05-11298-DPW |
| FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

**EXTREME NETWORKS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO SEVER**

Extreme Networks, Inc. ("Extreme") respectfully submits this Reply Memorandum in Support of its Motion to Sever—in which Foundry Networks, Inc. ("Foundry") has joined—and in response to Enterasys Networks, Inc.'s ("Enterasys") Opposition to that Motion.

Extreme and Foundry have requested separate trials. "Enterasys does not oppose Extreme's request for separate trials," but views the request as premature. Enterasys's Mem. in Opp. to Mot. to Sever at 1–2. As was the case when Lucent sued Foundry and Extreme for patent infringement, the Court should at a minimum order separate trials, with the first-named defendant trying its case first, followed by the second named defendant. Enterasys suggests that if the Court severs the cases, it should consolidate the two cases for all pretrial proceedings. *Id.* at 2. Extreme agrees with coordinated discovery but only to a point. Extreme agrees that discovery involving Extreme's and Foundry's defenses that relate to invalidity and unenforceability, should be consolidated. Extreme also agrees that *Markman* briefing should be consolidated and the Court should conduct a single *Markman* hearing. However, discovery regarding Extreme's and Foundry's alleged infringement—and willful infringement—should

proceed separately. The operative facts are different for each defendant. Moreover, separate discovery will contribute to ensuring that Foundry is not exposed to Extreme's trade secrets and Extreme is note exposed to Foundry's trade secrets. While Extreme seeks to minimize the number of depositions of common witnesses and eliminate duplicative discovery requests, this goal should not be pursued at the expense of the defendants' justifiable concerns over the potential exposure of their trade secrets.

The approach suggested by Extreme and Foundry is consistent with the weight of reasoned authority that joinder of independent infringer is improper. Extreme cited five cases that explicitly conclude that the same transaction test of Rule 20(a) is not met when a patentee attempts to join independent infringers. Enterasys cited the following three cases it claims support its reading of Rule 20(a), under which joinder is appropriate. *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980) is not at all analogous to this case in its procedural posture or in the relationship among the defendants. Moreover, *Magnavox* contains language acknowledging that joinder of independent infringers is improper.[1] *SRI International, Inc.*, 2005 U.S. Dist. LEXIS 6797 (D. Del. April 13, 2005) presents no analysis: only the bald conclusion that the same transaction test was met. Thus, *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) stands alone as the sole case presenting analysis supporting Eterasys's position. *MyMail* was, in Extreme's view, wrongly decided and cannot stand up to the weight of contrary authority and the plain language of Rule 20(a). The Rule sets forth two prerequisites to joinder: the assertion of a "right to relief in respect of or arising out of the same

---

[1] More specifically, in *Magnavox*, the plaintiffs filed <u>three</u> <u>separate</u> patent infringement suits and moved to consolidate them. *Id.* at 31–32. The court consolidated the cases for pretrial purposes without prejudice to the defendants renewing their objections to consolidation before trial. *Id* at 33. Although the court then denied the motions to sever in light of its ruling on the motion to consolidate and the possibility of separate trials, the court first acknowledged the fundamental point that Extreme is making: joinder of independent infringers as defendants does not meet the requirements of Rule 20(a). *Id.* at 34.

2

transaction, occurrence, or series of transactions or occurrences **and** [a] question of law or fact common to all defendants." FED. R. CIV. P. 20(a) (emphasis added). Reducing the same transaction test to the question of whether there is "some nucleus of operative facts and law" as the *MyMail* court did is improper because it renders part of the Rule superfluous. *Compare MyMail*, 223 F.R.D. at 456 *with United States v. Cortes-Claudio*, 312 F.3d 17, 21–22 (1st Cir. 2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted)) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'").

Extreme did not and does not suggest that discovery relating to common issues should be separate. However, the default should, as the Rules require, be separate cases with separate discovery and trials, placing the burden on the party seeking consolidation to establish that consolidation is most appropriate.

.

Respectfully Submitted,

EXTREME NETWORKS, INC.

By its attorneys,

/s/ Benjamin A. Goldberger
Peter L. Resnik (BBO# 417180)
Benjamin A. Goldberger (BBO# 654357)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000

Terrence P. McMahon, *admitted pro hac vice*
Vera M. Elson, *admitted pro hac vice*
Behrooz Shariati, *admitted pro hac vice*
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Dated: September 15, 2005

BST99 1472513-3.065994.0016

4