IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., <br><br> Defendants. | ) <br> ) <br> ) No. 05-CV-11298 (DPW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.1(D), and Federal Rules of Civil Procedure 16(b) and (c) and 26(f), Plaintiff Enterasys Networks, Inc. ("Enterasys") and Defendants Foundry Networks, Inc. ("Foundry") and Extreme Networks, Inc. ("Extreme") (collectively "Defendants") hereby submit a joint statement containing, inter alia, their alternative proposed pretrial schedules.

**I. NATURE OF THE CASE**

Enterasys has filed this action pursuant to the patent laws of the United States, 35 U.S.C. § 1 et seq., alleging that Foundry and Extreme have each infringed, and continue to infringe, one or more claims of six different issued U.S. patents covering technologies relevant to networking infrastructure products (the "Enterasys Patents"). Foundry and Extreme have each denied these infringement allegations, and have asserted various affirmative defenses and/or counterclaims for declaratory relief principally contending that the Enterasys Patents are non-infringed, invalid, or otherwise unenforceable by Enterasys.

## II. PROPOSED PRETRIAL SCHEDULES

Set forth below are alternative pretrial schedules proposed by Enterasys on the one hand, and by Defendants on the other hand. Except where indicated, the parties agree as to the basic types, sequencing and timing of pretrial events, including a phasing of discovery.[1]

The parties disagree as to an issue related to focusing the case to prepare it for trial. While the parties agree that the case ultimately to be tried will be focused on a limited number of claims, they disagree as to the best pre-trial method to achieve that result. Enterasys seeks to narrow the number of asserted claims by establishing clear dates by which it must identify accused products and produce claim construction charts identifying asserted claims, followed by the Defendants identification of items of prior art and production of their responsive claim construction charts. Defendants believe that Enterasys should be required to provide its infringement contentions in response to interrogatories and, before claim construction, commit to a specified number of claims per patent it intends to try to the jury. Enterasys contends that such a limitation on the number of claims it can assert per patent is unnecessary and has no basis in law or fact. Defendants' contend that their approach allows for certain infringement and invalidity discovery before claim construction to allow Enterasys to pick its strongest claims for trial, and that such an approach is increasingly followed by Court's throughout this country and allows for more expeditious and cost-effective resolution of disputes, as the issues in the case are narrowed and more clearly framed.

Defendants further recognize that the trajectory of the case may be significantly affected by the Court's claim construction or *Markman* order, and in recognition of this possibility, they

---

[1] For the Court's convenience, proposed events and dates about which the parties agree are shown in a single merged cell, whereas areas of disagreement are shown in alternative side-by-side cells.

also propose a further alternative schedule for the Court's consideration. Rather than being anchored to fixed dates, this further alternative schedule is triggered by the Court's *Markman* order and all subsequent dates are calculated from that date.

As discussed, *infra*, in Section VII, Defendants have joined in a motion to sever the claims that Enterasys has asserted herein against Foundry from those that it has asserted against Extreme. Should the Court ultimately grant Defendants' pending motion and divide this case into two separate civil actions, the parties respectfully reserve their rights to make appropriate modifications to their alternative pretrial schedules proposed below.

| **Pre-Trial Event** | **Enterasys' Proposed Date** | **Defendants' Proposed Date** |
|---|---|---|
| Initial Rule 16(b) scheduling conference | November 3, 2005 ||
| Deadline to exchange Local Rule 26.2(a) automatic disclosures | November 17, 2005 ||
| Beginning of Phase I fact discovery limited to non-willful infringement, invalidity, and unenforceability issues | November 17, 2005 (or upon earlier completion of automatic disclosures) ||
| Deadline to file motions to join other parties or to amend the pleadings | July 17, 2006 ||
| Deadline for Enterasys to identify no more than four claims per patent to be construed and asserted at trial. Enterasys may not add or substitute claims except by agreement of all parties or by showing good cause. | Enterasys disagrees with such requirements and contends that they have no basis in fact or law | July 17, 2006 |
| Deadline for Enterasys to serve claim construction charts identifying asserted claims and products accused of literal or doctrine of equivalents infringement | July 17, 2006 | Not necessary. Can be addressed through interrogatories. |
| Deadline for Defendants to serve invalidity contentions identifying each asserted item of prior art and the basis on which it anticipates or renders obvious each asserted patent claim | August 4, 2006 | Not necessary. Can be addressed through interrogatories. |

| | | |
|---|---|---|
| Deadline for Defendants to serve responsive claim construction charts identifying which claim elements they admit are present in any accused products, and as to all other claim elements their bases for denying that said elements are present | August 18, 2006 | Not necessary. Can be addressed through interrogatories. |
| Simultaneous exchange of preliminary proposed constructions for the claim elements that each party contends should be construed by the Court | September 1, 2006 | |
| Deadline for Defendants to provide notice of intention to rely upon opinions of counsel to potentially avoid willful infringement findings | September 15, 2006 | |
| Deadline to file a joint claim construction statement providing shared constructions of claim elements on which the parties agree, and alternative proposed constructions of disputed claim elements | September 18, 2006 | |
| Beginning of Phase II fact discovery encompassing all issues, including those issues addressed during Phase I | October 3, 2006 | |
| Deadline for all parties to file their opening claim construction briefs | October 18, 2006 | |
| Deadline for all parties to file their claim construction reply briefs | November 20, 2006 | |
| *Markman* claim construction hearing | January 10, 2007 | |
| Cut-off date for Phase II fact discovery: all Phase II fact discovery shall be initiated so as to be completed on or before this date | February 28, 2007 | |
| Rule 16 status conference | March 1, 2007 | |
| Deadline to identify experts and to serve initial expert reports relating to issues for which a party bears the burden of proof | March 16, 2007 | |
| Deadline to identify rebuttal experts and to serve rebuttal expert reports | April 16, 2007 | |
| Cut-off date for expert discovery: all expert discovery shall be initiated so as to be completed on or before this date | May 31, 2007 | |
| Deadline to file dispositive motions | July 2, 2007 | |
| Deadline to file oppositions to dispositive motions | July 30, 2007 | |
| Rule 16(d) final pretrial conference | September 3, 2007 | |
| Trial begins | October 1, 2007 | To be set at final pretrial conference |

## DEFENDANTS' FURTHER ALTERNATIVE SCHEDULE BASED ON THE DATE OF THE COURT'S *MARKMAN* RULING[2]

| Claim Construction Order Issues | | |
|---|---|---|
| Beginning of Phase II fact discovery encompassing all issues, including those issues addressed during Phase I | | Upon issuance of claim construction order |
| Cut-off date for Phase II fact discovery: all Phase II fact discovery shall be initiated so as to be completed on or before this date | | 90 days after claim construction decision |
| Rule 16 status conference | | 10 days after claim construction decision or as Court determines |
| Deadline to identify experts and to serve initial expert reports relating to issues for which a party bears the burden of proof | | 30 days after discovery cutoff |
| Deadline to identify rebuttal experts and to serve rebuttal expert reports | | 60 days after discovery cutoff |
| Cut-off date for expert discovery: all expert discovery shall be initiated so as to be completed on or before this date | | 90 days after discovery cutoff |
| Deadline to file dispositive motions | | 120 days after discovery cutoff |
| Deadline to file oppositions to dispositive motions | | 150 days after discovery cutoff |
| Rule 16(d) final pretrial conference | | 180 days after discovery cutoff |

## III. NONAPPLICABILITY OF DISCOVERY EVENT LIMITATIONS

The parties are in agreement that not all of the discovery event limitations set forth in Local Rule 26.1(C) and Federal Rules of Civil Procedure 30(a)(2)(A) and 33(a) should apply in this case. However, as detailed below, the parties have certain disagreements about what alternative limitations should be substituted in their place.

---

[2] Enterasys disagrees in its entirety with Defendants' further alternative proposal that sets deadlines based on the Court's issuance of its *Markman* ruling.

**Document Requests**

With respect to document requests, the parties agree that each party should be permitted to serve two sets of document requests on each opposing party during Phase I discovery. In addition, the parties agree that each party should be permitted to serve two additional sets of document requests on each opposing party during Phase II discovery.

**Depositions**

**Enterasys' Position**

With respect to depositions, Enterasys proposes that it be permitted to take 25 non-expert depositions, and that the Defendants be collectively permitted to take a total of 36 non-expert depositions.[3] Enterasys proposes this limit of 36 deposition for the Defendants due to the significant common interests that they share with respect to certain deponents and issues, including: (i) inventorship; (ii) prosecution of the patents-in-suit; (iii) invalidity; (iv) unenforceability; and (v) Enterasys' lost profits damages.

**Defendants' Position**

It will be necessary to take 16 inventor depositions plus multiple plaintiff and third-party depositions on 6 patents with over 100 claims currently in issue; defendants propose that each party be permitted 200 hours of non-expert depositions to encourage the parties to allocate time efficiently to those depositions that require more time and minimize the amount of time used on depositions that can be completed in a short session.

---

[3] Under Enterasys' deposition proposal, all depositions must be completed within the time period set forth in Fed. R. Civ. P. 30(d)(2) with the following exceptions: (i) each inventor may be deposed for up to two seven-hour days, so long as any two-day depositions are concluded on consecutive days; and (ii) each party shall be permitted a single deposition of each other party of up to twenty-one hours under Fed. R. Civ. P. 30(b)(6). These limitations on the time periods of depositions may be modified on a case-by-case basis by mutual agreement among the parties and the deponent, or by order of the Court for good cause shown.

### Interrogatories

With respect to interrogatories, the parties agree that each party be permitted to serve 25 interrogatories on each opposing party. A single interrogatory requesting a position for all asserted claims or accused products shall be counted as one interrogatory and will not be considered compound.

### Requests for Admission

With respect to requests for admissions, the parties agree that each side be permitted to serve 50 requests for admissions upon each opposing party. Requests for admission to authenticate documents, for a date of public use, public disclosure, or printed publication shall not be counted under this limit.

## IV. SUPPLEMENTATION OF EXPERT REPORTS FOLLOWING CLAIM CONSTRUCTION

If no claim construction order has been entered by the Court when the parties must exchange opening and rebuttal expert reports, the parties will use only their own proposed claim construction as the basis for their respective expert's opinions, and when the Court issues a claim construction order, the parties may supplement their respective expert reports only to the extent the Court's construction is different from their own proposed claim construction. The party bearing the burden of proof will have fifteen (15) business days to serve supplemental expert reports based on the Court's claim construction order. The responding party shall have fifteen (15) business days to serve supplemental rebuttal reports to respond to any supplemental expert report received. At trial, no impeachment is permitted based on supplementation permitted under this provision.

## V. NON-CONSENT TO TRIAL BY MAGISTRATE

The parties do not consent to trial by a magistrate judge.

## VI. LOCAL RULE 16.1(D)(3) CERTIFICATES

Counsel for the parties have conferred with their respective clients with a view toward establishing a budget for the costs of conducting this litigation, and for purposes of considering the resolution of this litigation through alternative dispute resolution programs. Certificates attesting to these client consultations are attached hereto as Exhibits A through C.

## VII. OTHER MATTERS

On August 24, 2005, pursuant to Federal Rule of Civil Procedure 21, Extreme filed a currently pending motion to sever Enterasys' patent infringement claims against Extreme from Enterasys' patent infringement claims against Foundry. On August 31, 2005, Foundry filed a notice of joinder in Extreme's motion. Enterasys filed opposition papers on September 7, 2005, and Extreme filed a further reply brief on September 19, 2005. Accordingly, the motion to sever has already been fully briefed by the parties, and they are prepared to argue that motion at the initial scheduling conference should it still remain pending at that time.

On an unrelated note, the parties anticipate jointly seeking the Court's approval in the near future for a protective order governing the use and treatment of confidential information in this case.

Dated:  October 27, 2005

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

/s/ Alan E. McKenna
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna (BBO No. 644556)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

Of Counsel:

A. James Anderson, Esq.
Marla R. Butler, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, N.W.
Washington, DC 20006
Tel. (202) 775-0725

FOUNDRY NETWORKS, INC.

By its attorneys,

/s/ Steven M. Bauer
Steven M. Bauer, Esq.
Jeremy P. Oczek, Esq.
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600
Tel. (617) 526-9600

Of Counsel:

William Anthony, Esq.
I. Neel Chatterjee, Esq.
Michael F. Heafey, Esq.
Raymis H. Kim, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Tel. (650) 614-7400

EXTREME NETWORKS, INC.

By its attorneys,

/s/ Peter L. Resnik
Peter L. Resnik, Esq. (BBO No. 417180)
Benjamin A. Goldberger, Esq. (BBO No. 654357)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775
Tel. (617) 535-4000

Of Counsel:

Terrence P. McMahon, Esq.
Vera M. Elson, Esq.
Behrooz Shariati, Esq.
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Tel. (650) 813-5000

## CERTIFICATE OF SERVICE

      I, Alan E. McKenna, hereby certify that on October 27, 2005, I caused the attached ***Joint Statement And Discovery Plan*** to be served by first class mail upon Defendants' counsel of record (and electronically on CM/ECF system participants) at the following addresses:

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600

William Anthony
I. Neel Chatterjee
Michael F. Heafey
Raymis H. Kim
Sanjeet K. Dutta
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Peter L. Resnik
Benjamin A. Goldberger
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775

Terrence P. McMahon
Vera M. Elson
Behrooz Shariati
MCDERMOTT WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94304-1212

Dated: October 27, 2005                              /s/ Alan E. McKenna

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| ENTERASYS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and <br> EXTREME NETWORKS, INC., <br><br> Defendants. | ) <br> ) <br> ) No. 05-CV-11298 (DPW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), the undersigned party and its counsel of record have conferred regarding the following issues:

(i) establishing a budget for the costs of conducting the full course and various alternative courses of this litigation; and

(ii) possible resolution of this litigation though alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated: October 27, 2005

ENTERASYS NETWORKS, INC.    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


_____    _____
Gerald M. Haines II    Marc N. Henschke, Esq.
Executive VP of Strategic Affairs
  and Chief Legal Officer

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and <br> EXTREME NETWORKS, INC., <br><br> Defendants. | No. 05-CV-11298 (DPW) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), the undersigned party and his counsel of record have conferred regarding the following issues:

(i) establishing a budget for the costs of conducting the full course and various alternative courses of this litigation; and

(ii) possible resolution of this litigation though alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated: October 27, 2005

FOUNDRY NETWORKS, INC.

*/s/ James E. Parsons*

James E. Parsons, Esq.
Director, Intellectual Property

PROSKAUER ROSE LLP

*/s/ Steven M. Bauer*

Steven M. Bauer, Esq

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| ENTERASYS NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FOUNDRY NETWORKS, INC. and ) <br> EXTREME NETWORKS, INC., ) <br> ) <br> Defendants. ) | No. 05-CV-11298 (DPW) |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), the undersigned party and his counsel of record have conferred regarding the following issues:

(i)  establishing a budget for the costs of conducting the full course and various alternative courses of this litigation; and

(ii) possible resolution of this litigation though alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Dated: October 27, 2005

EXTREME NETWORKS, INC.

_____
Alicia J. Moore
General Counsel

MCDERMOTT WILL & EMERY LLP

_____
Peter L. Resnik, Esq.
Bahroos Shariati

15