UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FOUNDRY NETWORKS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 05-11298-DPW |
| ENTERASYS NETWORKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXTREME NETWORKS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 05-12235-DPW |

**RULE 16 SUPPLEMENTAL SCHEDULING ORDER**
**RE: DEPOSITION LIMITS AND JOINT DEPOSITIONS**

Having conducted a scheduling conference with the parties pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1,

IT IS ORDERED that depositions of fact witnesses in the above-captioned cases be consolidated and conducted as follows:

1.   Plaintiff, Enterasys Networks, Inc., will be entitled to take a total of up to **200** hours of depositions of both Foundry Networks, Inc. and Extreme Networks, Inc. (collectively "Defendants"), excluding expert depositions.

2.  The Defendants will jointly be entitled to take a total of **364** hours of depositions, excluding expert depositions. The Defendants shall decide between themselves how to allocate these 364 hours of depositions.

3.  Notwithstanding Rule 26(d)(2) of the Federal Rules of Civil Procedure, only the actual on-the-record time used in any deposition will be charged against the party taking the deposition and counted against that party's total hours. The parties will work together in good faith to agree on the appropriate amount of time for each deposition on a deposition-by-deposition basis and to avoid unreasonably burdening third-party deponents or repetitive depositions of party witnesses.

4.  The deposition discovery in these actions will be coordinated/consolidated as follows:

    a) Generally, witnesses associated with the plaintiff or witnesses whose expected testimony relates to issues of validity, enforceability or equitable defenses will be jointly deposed by the Defendants (*e.g.*, inventors of the patents-in-suit, prosecuting attorneys, prior art witnesses, *etc.*).

    b) Absent agreement to the contrary, witnesses associated with only one defendant will not be taken on a consolidated basis.

    c) The parties will meet and confer to determine the most effective approach to any exceptions to these general categories.

    d) The parties will work together to schedule each joint deposition so that it proceeds consecutively from day to day until completed. Both Defendants will cooperate in the scheduling and taking of joint depositions.

    e) At any joint deposition, each Defendant may have its attorneys present during the deposition. In general the Defendants will by agreement select which Defendant begins the questioning at a joint deposition. In the absence of an agreement, the Defendant noticing the deposition first will be the first to question the deponent. The other Defendant will commence questioning of the deponent after the first Defendant has

completed its questioning. To the extent possible, the Defendants will not ask duplicative questions. Plaintiff will commence any cross-examination only after both Defendants have completed questioning.

f) Absent agreement between the Defendants to the contrary, each Defendant's counsel will not be permitted to attend depositions of the other defendant or third party witnesses whose testimony relates to infringement by the other defendant, damages allegedly due to the plaintiff, or which otherwise involve confidential business or technical information of the other defendant.

g) All joint depositions will be deemed taken in the cases involving the parties that attend that deposition without regard to which party was questioning the witness at the time the testimony was given. Depositions that are not jointly noticed or attended will not be deemed taken in the case involving the non noticing or non attending party.

IT IS SO ORDERED,

_February 17, 2006_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE