**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

———————————————————————
)
ENTERASYS NETWORKS, INC.,            )         Civil Action No: 05-CV-11298 (DPW)
)
             Plaintiff,            )
)
v.                                   )
)
FOUNDRY NETWORKS, INC.,              )
)
             Defendant.            )
——————————————————————— )

## STIPULATED PROTECTIVE ORDER REGARDING THE TREATMENT OF CONFIDENTIAL INFORMATION

      Whereas pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential research, development, product or commercial information by the undersigned parties and by other non-parties from whom discovery may be sought; and

      Whereas the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

      IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AS FOLLOWS:

      **1.**    **Scope of Protection.**

      **1.1**    This Protective Order shall govern any record of information produced in this action and designated pursuant to ¶ 2 below, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or any other formal method of

discovery.

**1.2**    This Protective Order shall also govern any designated record of information produced in this action pursuant to disclosure requirements established by any federal procedural rule or any District of Massachusetts local rule, and any supplementary disclosures thereto.

**1.3**    This Protective Order shall apply to the undersigned parties hereto and to any non-party from whom discovery may be sought and who desires the protection of this Protective Order (collectively herein referred to as a "party" or the "parties").

**2.    Designation.**

**2.1**    Each party shall have the right to designate as restricted to review by those categories of individuals listed in ¶¶ 4.1(a) - 4.1(h) below, and subject to this Protective Order, any documents or information produced by it in this action which contain, reflect, or otherwise disclose confidential and nonpublic technical, business, or financial information ("CONFIDENTIAL information").  This designation shall be made by stamping or otherwise labeling each page or thing containing confidential information with the legend CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information all be considered confidential under this Protective Order.  The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

**2.2**    Each party shall have the right to designate as restricted to review by those categories of individuals identified in ¶ 4.2 below, and subject to this Protective Order, any documents or information produced by it in this action which it reasonably and in good faith believes is so highly sensitive that its disclosure to persons other than those identified in ¶ 4.2 below could reasonably be expected to result in competitive injury to the producing party

("HIGHLY CONFIDENTIAL information").  Such information may include but is not limited to: (a) current business/strategic plans; (b) sales, cost and price information including future sales/financial projections; (c) non-public marketing information including future marketing plans; (d) detailed sales and financial data that includes cost and profit information; (e) customer lists; (f) licensing, licensing policies, and licensing negotiations; (g) non-public source code, specifications, schematics and other documents used in connection with generating such source code, and other non-public technical specifications, schematics and documents showing the party making the disclosure's product functionality, features and operation; and (h) other information of business, commercial, competitive, financial, marketing, sales or technical significance comparable to the items listed in this paragraph.  This designation shall be made by stamping or otherwise labeling each page or thing containing highly confidential information with the legend HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY prior to its production or, if inadvertently produced without such legend, by furnishing written notice to the receiving party that the information shall be considered HIGHLY CONFIDENTIAL under this Protective Order. Use of this highly restrictive designation is limited to information of the highest sensitivity.  The parties will use reasonable care to avoid designating any documents or information HIGHLY CONFIDENTIAL for which the designating party does not have a good faith belief that the documents or information satisfy the criteria set forth in this ¶ 2.2.

      **2.3**     To the extent that any party has, prior to the date that this Protective Order is entered, produced to the other side materials that the producing party has marked with <u>any</u> confidentiality designation, all such materials shall be considered to have been designated under this Protective Order as HIGHLY CONFIDENTIAL unless otherwise agreed by the parties.

      **3.**     **Limit On Use And Disclosure Of Designated Information.**

      **3.1**     Each party and all persons bound by the terms of this Protective Order shall use

any information or document governed by this Protective Order only in connection with the prosecution or defense of this action, except by consent of the parties or order of the Court.  No party or other person shall disclose or release to any person not authorized under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person authorized under this Protective Order for any other purpose.

**3.2**    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated confidential information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the producing party.

**3.3**    The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are:  (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.    Disclosure Of Confidential Material.**

**4.1**    Documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only to:

(a)    the attorneys who are actively involved in this action and who are partners of or employed by the following law firms of record for the parties, and their authorized secretarial, clerical and legal assistant staff: Robins, Kaplan, Miller & Ciresi L.L.P.; Orrick, Herrington & Sutcliffe LLP; Proskauer Rose LLP; and McDermott Will & Emery LLP, provided that such attorneys shall not be provided access to HIGHLY CONFIDENTIAL information if such attorneys

(1)    currently participate in, direct, or supervise any patent prosecution activity involving technology relating to wired enterprise or service provider switches,

4

bridges, or routers (the "Subject Matter"). During the pendency of this litigation, and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY CONFIDENTIAL materials covered by this order will not participate in, direct or supervise any patent prosecution activity in the United States Patent and Trademark Office or with any patent office outside the United States involving the Subject Matter, or

(2)      currently provide non-legal business advice or non-legal business representation to clients in the network communications industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal business advice or non-legal business representation. During the pendency of this litigation, and for one year after the full and final conclusion of this litigation, including all appeals, those attorneys at outside counsel for the parties defined above who are provided access to HIGHLY CONFIDENTIAL materials covered by this order will not provide non-legal business advice or non-legal business representation to clients in the network communications industry wherein the highly sensitive business-related financial information of any opposing party would be relevant to such non-legal business advice or representation;

(b)      the Court and Court personnel, as provided in ¶ 13 below;

(c)      consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are agreed upon by the parties pursuant to ¶ 7 below, who are not employees or otherwise affiliated with any of the parties (except persons scheduled to be deposed by any of the parties pursuant to Rule 30(b)(6), Fed. R. Civ. P.), and who first agree to be bound by the terms of this Protective Order;

(d)     court reporters employed in connection with this action;

(e)     outside copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators);

(f)     one (1) designated in-house counsel for Enterasys Networks, Inc. ("Enterasys'") and up to two (2) designated Enterasys employees, provided that each such individual must first agree to be bound by the terms of this Protective Order;

(g)     one (1) designated in-house counsel for Foundry Networks, Inc. ("Foundry") and up to two (2) designated Foundry employees, provided that each such individual must first agree to be bound by the terms of this Protective Order; and

(h)     one (1) designated in-house counsel for Extreme Networks, Inc. ("Extreme") and up to two (2) designated Extreme employees, provided that each such individual must first agree to be bound by the terms of this Protective Order.

**4.2**     Documents or information designated HIGHLY CONFIDENTIAL shall be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above, subject to the restrictions therein.

**4.3**     Notwithstanding anything set forth in ¶¶ 2.1 and 4.1 above, Foundry and Extreme agree that CONFIDENTIAL documents or information produced by and to each other may be disclosed by the recipient thereof only to those categories of individuals listed in ¶¶ 4.1(a) - 4.1(e) above, subject to the restrictions therein.

**4.4**     Notwithstanding anything set forth in ¶¶ 2.1, 4.1(f), and 4.1(g) above, Enterasys and Foundry agree that CONFIDENTIAL documents or information produced by and to each other may be disclosed by the recipient thereof to a total of two (2) in-house counsel designated in the manner, and subject to the restrictions, otherwise set forth in ¶¶ 4.1(f) and 4.1(g) above.

Notwithstanding anything set forth in ¶¶ 2.2 and 4.2 above, Enterasys and Foundry further agree that certain HIGHLY CONFIDENTIAL documents or information produced by and to each other may be disclosed by the recipient thereof to the respective in-house counsel designated pursuant to ¶¶ 4.1(f) and 4.1(g) above, and this ¶ 4.4.  However, such disclosure shall not be permitted with respect to any HIGHLY CONFIDENTIAL information that is technical in nature including but not limited to:  (a) invention disclosures; (b) non-published patent applications; and (c) materials that identify, describe, explain, or show the architecture, functionality, operability, performance characteristics, or configurability of Enterasys' or Foundry's past, present, or future products, or any component technologies or features of such products.  At the time that the disclosure of HIGHLY CONFIDENTIAL information is made by Enterasys or Foundry by or to each other, the producing party shall provide a written indication in the case of document productions or discovery responses, and at least an oral indication on the record in the case of testimony, as to whether it believes that its subject disclosures are sufficiently technical in nature that they may not permissibly be provided to in-house counsel pursuant to this ¶ 4.4.

**4.5**    If CONFIDENTIAL or HIGHLY CONFIDENTIAL information initially produced pursuant to this Protective Order is disclosed to any person(s) other than in the manner authorized hereunder, the party responsible for the unauthorized disclosure shall immediately bring all pertinent facts related to such unauthorized disclosure to the attention of counsel of record for the initial producing party and, without prejudice to other rights and remedies of the initial producing party, shall make all reasonable efforts to retrieve the information and to prevent any further disclosure thereof by the person(s) who received such information on an unauthorized basis.

**5.    Special Procedures For Handling Source Code Productions.**

**5.1**    For purposes of this Protective Order, the term "source code" shall include human

and machine readable program codes as well as object and executable code and software.

    **5.2**    Given the particularly sensitive nature of source code, additional protections for source code are warranted. In the event a party making a disclosure produces source code (which may or may not be discoverable in this matter) under a HIGHLY CONFIDENTIAL designation, the following additional provisions shall govern:

    (a)    the producing party shall make source code disclosures available in electronically searchable form, and in their native format whenever feasible, for review on a host computer in an office of its outside counsel of record.  The discovering party shall have the right to select any of the various geographical office locations of outside counsel of record for the producing party as the place where a source code disclosure must be made.  The discovering party shall give notice to the producing party of its selected office location at least three (3) business days prior to the date scheduled for disclosure;

    (b)    only those persons qualified to receive HIGHLY CONFIDENTIAL information under ¶¶ 4.1 (a) - 4.1(e) above shall be permitted access to source code disclosures;

    (c)    the host computer shall be made available during normal business hours, 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times upon reasonable request;

    (d)    the host computer shall be equipped to store print requests in a print folder, and shall also be connected to a printer.  The discovering party may request hard paper copies of desired portions of the source code by placing corresponding print requests in the print folder.  In this event, the producing party shall print out the requested hard paper copies, apply Bates production numbers to them, and then provide them to the discovering party by the conclusion of the daily review session or as soon thereafter as is reasonably practicable.

Alternatively, the discovering party may itself print out hard paper copies of desired portions of the source code on the connected printer.  Under these circumstances, the discovering party shall provide the printouts to the producing party who will apply Bates production numbers to them, and then return them to the discovering party by the conclusion of the daily review session or as soon thereafter as is reasonably practicable;

(e)     in no event is the discovering party entitled to receive from the producing party electronic copies of desired portions of the disclosed source code;

(f)     counsel for the discovering party may make working paper copies of source code produced by the party making the disclosure; however, no electronic copies of any portion of the source code may be made;

(g)     counsel for the discovering party shall keep a log of the number of working paper copies of the source code, when the copies were made, to whom they were provided, and when they were provided.  At the conclusion of the litigation, counsel for the discovering party must provide to counsel for the producing party the log and all paper copies of the source code. In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel that provided them the information;

(h)     counsel for the discovering party that requests a review of source code must give at least three (3) business days notice to counsel for the producing party that it will be sending specified individuals authorized under ¶¶ 4.1(a) - 4.1(e) above to review the source code made available on the host computer; and

(i)     counsel for the discovering party may request that the producing party's source code be made available at the deposition of any person authorized to review the source

code under ¶¶ 4.1 (a) - 4.1(e) above, or at the depositions of the producing party, its employees, consultants or experts, by giving counsel for the producing party at least three (3) business days notice of such before the deposition.  Counsel for the producing party shall then make a host computer containing its source code available at the deposition.

**6.    Redaction.**

Counsel for a party producing documents may mask (i.e., "redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed. R. Civ. P.  However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a privilege log to be provided in accordance with any governing rules or agreements. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above in this ¶ 6, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

**7.    Disclosure to Independent Consultants and Identification of Experts.**

**7.1**    If any party desires to disclose information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any expert or consultant pursuant to ¶ 4 above, it must first identify in writing to the attorneys for the producing party each such expert or consultant. The attorney for the producing party shall have ten (10) business days from receipt of such notice to object to disclosure of such information to any of the experts or consultants so identified.

**7.2**    Such identification shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae identifying at least all other present and prior employments or consultancies of the expert or consultant in the field

networking communications, and a list of the cases in which the expert or consultant has testified at a deposition or at trial within the last four years. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party seeking to disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the expert or consultant may move the Court for an order allowing the disclosure. On any motion challenging the disclosure of such information to an expert or consultant, the burden of proof shall lie with the party objecting to the disclosure to establish that the information should not be disclosed to the expert or consultant. In the event objections are made and not resolved informally, disclosure of information to the expert or consultant shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

      **8.**      **Agreement Of Confidentiality.**

In no event shall any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL be disclosed to any person otherwise authorized pursuant to ¶¶ 4.1(c), 4.1(f), 4.1(g), or 4.1(h) unless and until such a person has first executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order. Copies of such Confidentiality Undertakings shall be promptly served on the producing party.

      **9.**      **Related Documents.**

      **9.1**      Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include:  (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition

testimony designated in accordance with ¶ 10 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 11 below.

**9.2**    With the exception of source code subject to paragraph 5 above, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests or analyses of CONFIDENTIAL or HIGHLY CONFIDENTIAL information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order.  Further, with the exception of source code subject to paragraph 5 above, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

**10.    Designation Of Deposition Transcripts.**

**10.1**    Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either:  (a) at the time of such deposition, in which case the transcript of the designated testimony shall be marked by the reporter with the appropriate legend (see  ¶¶ 2.1 and 2.2 above) as the designating party may direct, or (b) within twenty-one (21) days following the receipt of the transcript of the deposition by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

**10.2**    All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, HIGHLY CONFIDENTIAL until the expiration of the period set forth in ¶ 10.1 above, and neither the transcript nor the content of the testimony shall be disclosed by a non-designating party to persons other than those persons named or approved according to ¶ 4

12

above.The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to ¶ 4 above.  The failure of such persons to leave a deposition whenever such a request is made under this paragraph shall justify counsel in instructing the witness that he or she shall not answer any question that counsel reasonably believes will elicit the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

**11.    Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL information or HIGHLY CONFIDENTIAL information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Protective Order to receive information so designated.

**12.    Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person which the document clearly identifies as an author, addressee, or carbon copy recipient of such document, or to any current employee of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. During deposition or trial testimony, counsel may disclose

documents produced by a party to current employees and officers of the producing party who by their testimony indicates they have access to the type of information sought to be disclosed. And regardless of such designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure in violation of this Protective Order.

### 13. Designation Of Documents Under Seal.

Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains, or includes any CONFIDENTIAL or HIGHLY CONFIDENTIAL information subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the appropriate legend (see ¶¶ 2.1 and 2.2 above), and a statement substantially in the following form:

> **This envelope contains documents subject to a Protective Order of the Court. It should be opened only by the Court. Its contents should not be disclosed, revealed, or made public except by Order of the Court or written agreement of the parties.**

### 14. Confidentiality Of Party's Own Documents.

No person may disclose, in public or private, any designated information of another party except as provided for in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or

experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge (see ¶ 17 below). Similarly, this Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, irrespective of whether such information has been filed under seal by the opposing party.

**15.    Other Protections.**

**15.1**    No person shall use any CONFIDENTIAL or HIGHLY CONFIDENTIAL information, or information derived therefrom, for purposes other than the prosecution or defense of this action, including without limitation, for purposes of preparing, filing, or prosecuting any patent application, continuation or divisional patent application, reissue patent application, or request for re-examination.

**15.2**    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

**16.    Challenge To Confidentiality.**

**16.1**    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or

(c) applying for a further Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

**16.2**    On any motion challenging the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL information. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party wishing the designated information, the following procedure shall be utilized:

(a)    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)    If, after conferring, the parties cannot reach agreement concerning the matter, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation shall be so removed.

**17.    Prior Or Public Knowledge.**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**18.     Limitation Of Protective Order.**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product doctrine, or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**19.     Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party covered by this Order who may be subjected to a subpoena or other judicial process calling for disclosure of a producing party's CONFIDENTIAL or HIGHLY CONFIDENTIAL information in another case shall provide notice to the producing party within five (5) business days so that the producing party may have an opportunity to appear and be heard on whether such information should be disclosed.

**20.     Inadvertent Disclosure Of Work Product Or Privileged Information: Procedure And Waiver.**

**20.1**     If the producing party at any time notifies the discovering party in writing that it has inadvertently produced documents and/or things that are protected from disclosure under attorney-client privilege, work-product immunity, and/or any other applicable privilege or immunity from disclosure, the discovering party shall return all copies of such documents and/or things to the producing party within five (5) business days of receipt of such notice and shall not further disclose or use such items for any purpose until any further order of the Court.  Upon being notified by the producing party pursuant to this section, counsel for the discovering party

shall use his or her best efforts to retrieve all copies of the documents at issue.

**20.2**    The return of any discovery item to the producing party shall not in any way preclude the discovering parties from moving the Court for a ruling that: (a) the document or thing was never privileged or otherwise immune from disclosure; and/or (b) that any applicable privilege or immunity has been waived.

**20.3**    Inadvertent or unintentional disclosure of information subject to any privilege or immunity during the course of this litigation without proper designation shall not be deemed a waiver of a claim that disclosed information is in fact subject to a privilege or immunity if so designated within ten (10) business days after the producing party actually learns of the inadvertent or unintentional disclosure.

**21.    Non-Party Material.**

**21.1**    The terms of this Protective Order, as well as the terms of any other protective order that may be entered into between a discovering party and a non-party for the production of information to the discovering party, are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by a non-party.  Information provided by a non-party in connection with this action and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.  At the time discovery is requested of any non-party, the discovering party's counsel of record shall provide to the non-party a copy of this Order.  In addition, counsel for the discovering party shall ensure that copies of any documents or other materials produced by any non-party are promptly provided to outside counsel of record for all parties in this action.

**21.2**    If discovery calls for the production of information subject to a confidentiality or non-disclosure agreement between the producing party and a non-party, the producing party shall

give notice within fourteen (14) days to the non-party that such information is subject to discovery in this action, and shall provide the non-party with a copy of this Protective Order. The producing party shall advise the discovering party that such notice has been given within seven (7) days of giving such notice. If the non-party either does not respond or refuses to consent to disclosure of the requested information, the burden shall be on the producing party to seek relief from the appropriate court that will allow for disclosure to be made.

**22.    Return Of Designated Information.**

Within thirty (30) days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return, or certify destruction of, all materials containing information of another party designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that:  (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence and written discovery responses may be retained by counsel.

**23.    Waiver Or Termination Of Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of the Court.

**24.    Modification Of Order; Prior Agreements.**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.  To the extent the terms of this Protective Order conflict with any federal procedural rule, District of Massachusetts local

rule, or agreement among the parties regarding the confidentiality of particular documents or information entered into before the date of this Protective Order, the terms of this Protective Order shall govern, except as to those documents and information produced or disclosed prior to the entry of this Protective Order, which documents and information shall continue to be governed by the terms of any such prior agreement or rules, as applicable.

**25.    Section Captions.**

The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

Dated:  May 16, 2006

ENTERASYS NETWORKS, INC.

By its attorneys,

 _/s/ Marc N. Henschke_____

A. James Anderson, Esq. (*pro hac vice*)
Marla R. Butler, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Christopher P. Sullivan, Esq. (BBO 485120)
Marc N. Henschke, Esq. (BBO 636146)
Alan E. McKenna, Esq.  (BBO 644556)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

Robert A. Auchter, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, N.W.
Washington, DC  20006
Tel. (202) 775-0725

Dated:  May 16, 2006

FOUNDRY NETWORKS, INC.

By its attorneys,

 _/s/ I. Neel Chatterjee_____

Steven M. Bauer, Esq.
Jeremy P. Oczek, Esq.
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel. (617) 526-9600

William L. Anthony, Jr., Esq.
I. Neel Chatterjee, Esq.
Michael F. Heafey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Tel. (650) 614-7400

Dated:  May 16, 2006

EXTREME NETWORKS, INC.

By its attorneys,

 /s/ Firasat M. Ali

Peter L. Resnik, Esq. (BBO 417180)
Benjamin A. Goldberger, Esq.
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775
Tel. (617) 535-4000

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue
Suite 400
Irvine, CA  92612-7107
Tel. (949) 851-0633

Terrence P. McMahon, Esq.
Vera M. Elson, Esq.
David H. Dolkas, Esq.
Firasat M. Ali, Esq.
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212
Tel. (650) 813-5000

SO ORDERED this ____ day of _____, 2006

_____
The Honorable Douglas P. Woodlock
United States District Court Judge

35031233

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
                                                    )
ENTERASYS NETWORKS, INC.,           )          Civil Action No: 05-CV-11298 (DPW)
                                                    )
                        Plaintiff,             )
                                                    )
v.                                                 )
                                                    )
FOUNDRY NETWORKS, INC.,              )
                                                    )
                        Defendant.          )
_____ )

## CONFIDENTIALITY UNDERTAKING

     I certify that I have read the attached Protective Order in the above-referenced action and that I fully understand the terms of that Order. By signing below, I recognize that I am bound by the terms of that Order, and I agree to comply with those terms in all respects. I hereby consent to the personal jurisdiction of the United States District Court, District of Massachusetts, for any proceedings involving the enforcement of that Order, and I waive any venue objection with respect to any such proceedings.

Executed this _____ day of _____, 2006.

_____
Name

_____
Affiliation

_____
Business Address

18

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on May 16, 2006, I caused the attached *Stipulated Protective Order Regarding The Treatment Of Confidential Information* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Foundry Networks, Inc.**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Michael F. Heafey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025


Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
David H. Dolkas, Esq.
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212


Peter L. Resnik, Esq.*
Benjamin A. Goldberger, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775


Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107


Dated:  May 16, 2006          _/s/ Marc N. Henschke_____
                              Marc N. Henschke