# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

_____

ENTERASYS NETWORKS, INC.,      )      Civil Action No: 05-CV-11298 (DPW)

)

Plaintiff,     )

)

v.     )

)

FOUNDRY NETWORKS, INC. AND     )

EXTREME NETWORKS, INC.,     )

)

Defendants.     )

_____)

## DECLARATION OF MARC N. HENSCHKE IN SUPPORT OF PLAINTIFF ENTERASYS NETWORKS, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANT FOUNDRY NETWORKS, INC.

**I, MARC N. HENSCHKE**, declare as follows:

1.     I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel of record for the named Plaintiff Enterasys Networks, Inc. ("Enterasys") in the above-referenced action. I submit this Declaration in support of Enterasys' Motion To Compel The Production Of Documents From Foundry Networks, Inc. ("Foundry"), filed concurrently herewith under separate cover. I have personal knowledge of the facts stated herein and, if sworn as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Foundry Networks, Inc.'s Answer To Enterasys Networks, Inc.'s Complaint filed as Court Docket No. 14 in this action on August 22, 2005.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff Enterasys Networks, Inc.'s First Set Of Requests For The Production Of Documents And Tangible Things To Defendant Foundry Networks, Inc. (Nos. 1-120) served upon Foundry on March 3, 2006.

4.      Attached hereto as Exhibit 3 is a true and correct copy of Defendant Foundry Networks, Inc.'s Responses And Objections To Plaintiff Enterasys Networks, Inc.'s First Set Of Requests For Production Of Documents (Nos. 1-120) served upon Enterasys on April 3, 2006.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Defendant Foundry Networks, Inc.'s Supplemental Responses And Objections To Plaintiff Enterasys Networks, Inc.'s First Set Of Requests For Production Of Documents (Nos. 1-120) served upon Enterasys on May 24, 2006.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a letter from me to Foundry's counsel, Jeremy P. Oczek, dated May 1, 2006 which discusses the deficiencies in Foundry's Responses and Objections to Enterasys' Requests for Production Of Documents dated April 3, 2006.

7.      Attached hereto as Exhibit 6 is a true and correct copy of a letter to me from Jeremy P. Oczek dated May 17, 2006 concerning Foundry's Responses and Objections to Enterasys' Requests for Production of Documents dated April 3, 2006.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a letter from me to Foundry's counsel, Sanjeet K. Dutta, dated May 25, 2006 which discusses the deficiencies in Foundry's Responses to Enterasys' Requests for Production Of Documents dated April 3, 2006.

9.      Attached hereto as Exhibit 8 is a true and correct copy of a letter to me from Sanjeet K. Dutta dated May 26, 2006 concerning Foundry's Responses and Objections to Enterasys' Requests for Production of Documents dated April 3, 2006.

10.      Attached hereto as Exhibit 9 is a true and correct copy of a Subpoena issued by Foundry to Cisco Systems, Inc. dated May 26, 2006.

11.     On April 3, 2006, Foundry produced documents to Enterasys bearing Bates labels FN E_00000001 to FN A_00017640.  These 17,000 pages consist of product manuals and other technical documents of the type that are publicly available on Foundry's website.

12.     On April 20, 2006, Foundry produced documents to Enterasys bearing Bates labels FN_E00017641 to FN E_00057172.  These documents consist solely of publicly available copies of patents and other references that Foundry is apparently claiming are invalidating "prior art" relative to the patents-in-suit.

13.     On May 8, 2006, I participated in a telephonic meet-and-confer with Jeremy Oczek.  During this meet-and-confer, Attorney Oczek and I discussed Foundry's responses to Enterasys' First Set of Requests for Production of Documents.  Among other things, Attorney Oczek confirmed that Foundry was refusing to produce certain categories of responsive documents unless and until Enterasys first provided detailed claim charts/infringement analyses. In addition, Attorney Oczek explained that Foundry would not be producing documents that identify its customers and the Foundry products which each had purchased or licensed.  Attorney Oczek also reiterated that Foundry would not produce its unpublished patent applications that refer or cite to any of the Enterasys patents-in-suit.  During this call, Attorney Oczek confirmed that Foundry refused to produce documents relating to Foundry products sold prior to June 21, 2005.  Lastly, Attorney Oczek refused to provide the criteria or bases used by Foundry to make its relevance determinations, and refused to disclose whether any otherwise responsive documents were being withheld from Enterasys on the grounds that Foundry subjectively deemed them to be irrelevant.

14.     On May 22, 2006, I participated in a telephonic meet-and-confer with Jeremy Oczek and Sanjeet Dutta.  During this meet-and-confer, we discussed Foundry's responses to

Enterasys' First Set of Requests for Production of Documents. During this call, Attorneys Oczek and Dutta confirmed that at the present time Foundry is refusing to produce any non-public documents to Enterasys. As the purported justification for this position, Attorneys Oczek and Dutta informed me that Foundry was refusing to produce such non-public documents unless and until Enterasys first provided detailed claim charts/infringement analyses.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 1st day of June 2006 at Boston, Massachusetts.


/s/ Marc N. Henschke
Marc N. Henschke

35031731.1

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on June 1, 2006, I caused a true and correct copy of the attached *Declaration of Marc N. Henschke In Support of Plaintiff Enterasys Networks, Inc.'s Motion to Compel The Production Of Documents From Defendant Foundry Networks, Inc.* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Foundry Networks, Inc.**

    William L. Anthony, Jr., Esq.*
    I. Neel Chatterjee, Esq.*
    Michael F. Heafey, Esq.
    Sanjeet K. Dutta, Esq.
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
    Menlo Park, CA  94025

    Steven M. Bauer, Esq.*
    Jeremy P. Oczek, Esq.*
    PROSKAUER ROSE LLP
    One International Place
    Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.**

    Terrence P. McMahon, Esq.*
    Vera M. Elson, Esq.*
    David H. Dolkas, Esq.
    MCDERMOTT, WILL & EMERY LLP
    3150 Porter Drive
    Palo Alto, CA  94303-1212

    Peter L. Resnik, Esq.*
    Benjamin A. Goldberger, Esq.*
    MCDERMOTT, WILL & EMERY LLP
    28 State Street
    Boston, MA  02109-1775

    Christopher D. Bright, Esq.
    MCDERMOTT, WILL & EMERY LLP
    18191 Von Karman Avenue, Suite 400
    Irvine, CA  92612-7107

Dated: June 1, 2006          /s/ Marc N. Henschke
                            Marc N. Henschke

# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC.,

       Plaintiff,

v.

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,

       Defendants.

Case No.:  05-11298 (DPW)

## FOUNDRY NETWORKS, INC.'S ANSWER TO
## ENTERASYS NETWORKS, INC.'S COMPLAINT

Foundry Networks, Inc. ("Foundry") answers the Complaint of Enterasys Networks, Inc. ("Enterasys") as follows:

### The Parties

1.      Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies all of the allegations contained therein.

2.      Foundry admits that is organized under the laws of Delaware.  Foundry answers that the statements of paragraph 2 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 2 states factual allegations, Foundry denies each and every remaining allegation.

3.      Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies all of the allegations contained therein.

## Jurisdiction

4.      Foundry answers that the statements of paragraph 4 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 4 states factual allegations, Foundry denies each and every remaining allegation as to Foundry, and is without information sufficient to form a belief as to the truth of the allegations with respect to any other defendant and therefore denies all of these allegations.

5.      Foundry admits that it conducts business in the State of Massachusetts.  Foundry denies that it maintains a place of business at 201 Edgewater Drive, Wakefield, Massachusetts 01880, and at 7 Technology Drive, Lowell, Massachusetts 01851.  Foundry answers that the remaining allegations in paragraph 5 state legal conclusions that need not be admitted or denied.  To the extent that paragraph 5 states factual allegations, Foundry denies each and every remaining allegation.

6.      Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies all of the allegations contained therein.

7.      Foundry answers that the statements of paragraph 7 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 7 states factual allegations, Foundry denies each and every remaining allegation as to Foundry, and is without information sufficient to form a belief as to the truth of the allegations with respect to any other defendant and therefore denies all of the allegations.

8.      Foundry answers that the statements of paragraph 8 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 8 states factual allegations, Foundry denies each and every remaining allegation.

**Factual Background**

9.      Foundry answers that the statements of paragraph 9 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 9 states factual allegations, Foundry denies each and every remaining allegation.  With respect to the each of the patents stated in the Complaint (collectively "Patents-at-issue"), Foundry answers:

(i)      Foundry admits that U.S. Patent No. 5,251,205 ("the '205 patent") is entitled "Multiple Protocol Routing" and was issued on October 5, 1993.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(ii)      Foundry admits that U.S. Patent No. 5,390,173 ("the '173 patent") is entitled "Packet Format In Hub For Packet Data Communication System" and was issued on February 14, 1995.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(iii)      Foundry admits that U.S. Patent No. 6,128,665 ("the '665 patent") is entitled "System For Broadcasting Messages To Each Of Default VLAN Ports In Subset Of Ports Defined As VLAN Ports" and was issued on October 3, 2000.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied. To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(iv)      Foundry admits that U.S. Patent No. 6,147,995 ("the '995 patent") is entitled "Method For Establishing Restricted Broadcast Groups In A Switched Network" and was issued on November 14, 2000.  Foundry answers that the remaining statements in this

paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(v)     Foundry admits that U.S. Patent No. 6,539,022 ("the '022 patent") is entitled "Network Device With Multicast Forwarding Data" and was issued on March 25, 2003.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation;

(vi)    Foundry admits that U.S. Patent No. 6,539,236 ("the '236 patent") is entitled "Virtual Lans" and was issued on May 6, 2003.  Foundry answers that the remaining statements in this paragraph are legal conclusions that need not be admitted or denied.  To the extent this paragraph states factual allegations, Foundry denies each and every remaining allegation.

10.     Foundry answers that the statements of paragraph 10 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 10 states factual allegations, Foundry denies each and every remaining allegation.

11.     Foundry admits the allegations in paragraph 11.

12.     Foundry answers that the statements of paragraph 12 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 12 states factual allegations, Foundry denies each and every remaining allegation.

13.     Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies all of the allegations contained therein.

14.     Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies all of the allegations contained therein.

15.     Foundry answers that the statements of paragraph 15 are legal conclusions that need not be admitted or denied.  To the extent that paragraph 15 states factual allegations, Foundry denies each and every remaining allegation.

## STATEMENT OF CLAIMS

### COUNT I

16.     Foundry realleges and incorporates herein its responses to paragraphs 1-15 as set forth above.

17.     Foundry denies each and every allegation in paragraph 17.

18.     Foundry denies each and every allegation in paragraph 18.

19.     Foundry denies each and every allegation in paragraph 19.

### COUNT II

20.     Foundry realleges and incorporates herein its responses to paragraphs 1-19 as set forth above.

21.     Foundry denies each and every allegation in paragraph 21.

22.     Foundry denies each and every allegation in paragraph 22.

23.     Foundry denies each and every allegation in paragraph 23.

### COUNT III

24.     Foundry realleges and incorporates herein its responses to paragraphs 1-23 as set forth above.

25.     Foundry denies each and every allegation in paragraph 25.

26.     Foundry denies each and every allegation in paragraph 26.

27.     Foundry denies each and every allegation in paragraph 27.

## COUNT IV

28.     Foundry realleges and incorporates herein its responses to paragraphs 1-27 as set forth above.

29.     Foundry denies each and every allegation in paragraph 29.

30.     Foundry denies each and every allegation in paragraph 30.

31.     Foundry denies each and every allegation in paragraph 31.

## COUNT V

32.     Foundry realleges and incorporates herein its responses to paragraphs 1-30 as set forth above.

33.     Foundry denies each and every allegation in paragraph 33.

34.     Foundry denies each and every allegation in paragraph 34.

35.     Foundry denies each and every allegation in paragraph 35.

## COUNT VI

36.     Foundry realleges and incorporates herein its responses to paragraphs 1-35 as set forth above.

37.     Foundry denies each and every allegation in paragraph 37.

38.     Foundry denies each and every allegation in paragraph 38.

39.     Foundry denies each and every allegation in paragraph 39.

## AFFIRMATIVE DEFENSES

### Failure To State A Claim

40.     As its first separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys has failed to state a claim upon which any relief may be granted against Foundry.

**Venue**

41.     As its second separate and affirmative defense, Foundry alleges that this forum is improper as it is inconvenient for the parties and does not serve the interests of justice.

**Patent Invalidity**

42.     As its third separate and affirmative defense, Foundry alleges based upon information presently available, and without prejudice to further amendment upon information learned during discovery, that one or more of the Patents-at-issue, are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, 102, 103, and 112, for reasons including, but not limited to, because one or more of the claims lack definitenesss, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention, because no claim of the patents can be validly construed to cover any Foundry product, and because the claims do not embody the best mode contemplated by the inventor of carrying out his invention.

**Claim Construction Estoppel**

43.     As its fourth separate and affirmative defense, Foundry alleges that by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application for the Patents-at-issue, specifically the admissions, representations, and amendments made on behalf of the applicant for such patent, Enterasys is estopped from asserting any construction of the claims of the Patents-at-issue to cover or include any product made, used, sold, offered for sale, or imported into the United States by Foundry.

**Laches**

44.    As its fifth separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys's claims under the Patents-at-issue are barred by the doctrine of laches due to Enterasys's (and its predecessors'-in-interest) knowledge of Foundry's allegedly infringing actions, Enterasys's (and its predecessors'-in-interest) inexcusable failure to diligently and timely pursue its infringement claims from the time it became aware it had claims against Foundry, and by virtue of the fact that Foundry has been both economically and materially prejudiced and/or injured from Enterasys's (and its predecessors'-in-interest) inexcusable lack of diligence, including (but not limited to) through the loss of records of third parties pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise possess knowledge of the prior art.

**No Standing**

45.    As its sixth separate and affirmative defense, Foundry alleges on information and belief that Enterasys does not have standing to bring the claims and/or requests for relief contained in its Amended Complaint against Foundry, because Enterasys does not own the Patents-at-issue, and because necessary and indispensable third parties retain substantial rights to the Patents-at-issue.

**Prosecution Laches**

46.    As its seventh separate and affirmative defense, Foundry alleges, on information and belief, that one or more of Enterasys's claims under the Patents-at-issue are barred by the equitable doctrine of prosecution laches due to Enterasys's (and its predecessors'-in-interest) unreasonable delay in prosecution of the Patents-at-issue from the time it first filed applications for the Patents-at-issue in the Patent Trademark Office.

## Marking

47.     As its eighth separate affirmative defense, Foundry alleges that prior to receiving a copy of summons and complaint, it had neither actual or constructive notice of any alleged act of infringement on its part, and that, on information and belief, the lawful owner of the Patents-at-issue and licensees of Enterasys had failed substantially and continuously to mark devices that embody one or more of the claims of the Patents-at-issue with proper notice of such Patents-at-issue, as required by 35 U.S.C. §287, such that plaintiff is not entitled to any pre-filing damages pursuant to that provision.

## Unclean Hands

48.     As its ninth separate and affirmative defense, plaintiff's claims are barred by the doctrine of unclean hands.

## Waiver/Equitable Estoppel

49.     As its tenth separate and affirmative defense, Foundry alleges that, on information and belief, Enterasys has, through its own conduct and through the conduct of its predecessors-in-interest, intentionally relinquished its known right or privilege to assert infringement of the Patents-at-issue, and hence Enterasys's claims in this action are barred or unenforceable due to waiver and/or equitable estoppel.

## Non-Infringing Uses

50.     As its eleventh separate and affirmative defense, Foundry alleges that it has not infringed, contributed to the infringement of, or induced the infringement of the Patents-at-issue, and is not liable for infringement thereof.  All of Foundry's products have substantial non-infringing uses and therefore, cannot induce or contribute to infringement of the Patents-at-issue.

**Authorization and Consent of the United States Government**

51.     As its twelfth separate and affirmative defense, Foundry alleges that it used and/or manufactured some of the products accused of infringing the Patents-at-issue for and with the authorization and consent of the United States Government and that, accordingly, any claims against Foundry with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## PRAYER FOR RELIEF

WHEREFORE, Foundry prays that this Court enter judgment:

A.      That plaintiff's complaint be dismissed with prejudice;

B.      That the Patents-at-issue, be found not infringed by any actions of Foundry or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C.      That the Patents-at-issue be found invalid, void and unenforceable;

D.      That plaintiff be ordered to pay the costs incurred by Foundry in responding to this action and Foundry's reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

E.      That Foundry be granted such other and further relief as this Court deems just and warranted under the circumstances.

## JURY DEMAND

Foundry demands a trial by jury as to all issues so triable.

Dated:  August 22, 2005

Respectfully submitted,

/s/ Steven M. Bauer
_____
Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

Of Counsel:
William Anthony
I. Neel Chatterjee
Michael F. Heafey
Raymis H. Kim
Sanjeet K. Dutta
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

ATTORNEYS FOR DEFENDANT FOUNDRY
NETWORKS, INC.

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUNDRY NETWORKS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S FIRST SET OF REQUESTS**
**FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**
**TO DEFENDANT FOUNDRY NETWORKS, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Enterasys Networks, Inc. ("Enterasys" or "Plaintiff") hereby requests that Defendant Foundry Networks, Inc. ("Defendant" or "Foundry") provide written responses to these requests, and produce all responsive documents and tangible things, within thirty (30) days of service of these requests.

## I. INSTRUCTIONS

1.    Defendant is required to respond to this request for production of documents and tangible things by drawing upon all materials in its possession, ownership, custody, or control, actual or constructive, including materials that Defendant has a right or ability to secure from any other source. These sources include, but are not limited to, Defendant's employees, agents, managing agents, attorneys, accountants, investment bankers, consultants, advisers, officers, directors, or representatives of any type whatsoever. These sources further include, but are not limited to, Defendant's predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, accountants,

investment bankers, consultants, advisers, officers, directors, or representatives of any type whatsoever.

2.    If any document or tangible thing herein requested was, but no longer is, in Defendant's possession or subject to its control, whether actual or constructive, state what disposition was made of the document or tangible thing, why such disposition was made, to whom the document or tangible thing was transferred or delivered if applicable, where the document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3.    In the event that Defendant files a proper and timely objection to any portion of any individual request for the production of documents and tangible things presented herein, Defendant is required to respond to all other portions of that request that do not fall within the ambit of its objection.

4.    If any portion of any document or tangible thing is responsive to any production request herein, then the entire document or tangible thing must be produced.  If any requested document or tangible thing cannot be produced in full, then Defendant must produce that document or tangible thing to the greatest extent possible.  Whenever a document or tangible thing is not produced in full, or is produced in redacted form, Defendant must indicate that fact on the document or tangible thing produced.

5.    If any document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, work product, confidentiality, or trade secret, then Defendant must promptly provide a privilege log which states with respect to each such document, tangible thing, or withheld portion thereof: (a) the privilege or ground under which it is being withheld; (b) the

type of document or tangible thing (*e.g.*, memo, letter, e-mail); (c) a description of the subject matter thereof; (d) the identity of its author or creator; (e) the identity of all persons to whom it is addressed and all persons to whom copies thereof ever have been furnished; (f) the date thereof; and (g) the present custodian and location thereof.

6.     If there do not exist documents or tangible things responsive to a specific production request herein, then Defendant must indicate that fact in its written response hereto.

7.     The documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such documents or tangible things are responsive and are being produced.  Alternatively, such documents or tangible things shall be produced as they are kept in the usual course of business, including the production of the files and file labels from which such documents or  tangible things are taken.

8.     All documents or tangible things produced pursuant hereto are to be delivered to Marc N. Henschke, Esq. at the offices of Robins, Kaplan, Miller & Ciresi L.L.P., 800 Boylston Street, 25th Floor, Boston, Massachusetts 02199.

9.     This is a continuing request for the production of documents and tangible things. Thus, if after making its initial production(s), Defendant becomes aware of any additional responsive documents or tangible things in its possession, ownership, custody or control (actual or constructive), including materials which it has a right to secure from any other source, Defendant is required without further request to produce, or to make available for inspection and copying, such additional documents or tangible things.

## II. **DEFINITIONS**

1.      The terms "documents" and "tangible things" as used herein shall mean each non-identical copy of any of the types of materials referenced in Local Rule 26.5(c)(2) and Fed. R. Civ. P. 34(a), and shall specifically include emails, voice mails, instant messages, and computer data, and any electronic, magnetic, or digital media on which information can be stored, including but not limited to tapes, hard drives, discs, and any other form of computer memory.

2.      The term "non-identical copy" as used herein shall mean any document or tangible thing that, but-for markings, additions, deletions, signatures, modifications of any kind (including, but not limited to, notations on the backs or margins of pages thereof, blind carbon copy notations, attachments, alterations, amendments, or mark-ups) would otherwise be identical to other documents or tangible things responsive to any production request herein. Each non-identical copy constitutes a distinct document or tangible thing and must be produced in response hereto.

3.      The term "meeting(s)" as used herein shall mean any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether or not planned, arranged, or scheduled in advance, whether or not occurring face-to-face or by other means including, without limitation, by telephone, videoconference or instant messaging, and whether or not the meeting was informal or formal or occurred in connection with some other activity.

4.      The term "agreement" as used herein shall mean any contract, transaction, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or written, in which rights are granted or obligations assumed. The term "agreement" shall apply to completed, actual, contemplated, or attempted agreements or renewals of agreements.

5.     The term "negotiate" or any variant thereof as used herein shall mean, without limitation, any deliberations, discussions, conferences, bargaining or trading between parties or their agents, representatives, counsel, or any other persons as herein defined.

6.     The term "any" shall mean "any and all." The term "all" as used herein also shall mean "any and all."

7.     The terms "and" and "or" as used herein shall be construed conjunctively or disjunctively to bring within the scope of these production requests any and all information which might otherwise be construed as outside their scope.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

9.     The term "communication" as used herein shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

10.     The term "person" as used herein shall mean any natural person or any business, legal, or governmental entity or association.

11.     The term "concerning" as used herein shall mean referring to, describing, evidencing, or constituting.

12.     All entities referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates, directors, officers, employees, agents, successors, assigns, and representatives thereof, including attorneys, consultants, accountants, and investment bankers.

13.     The terms "Foundry," "Defendant," "you," "your," or "yours" as used herein shall each mean, unless otherwise specified in a particular request, Foundry Networks, Inc.

14.     The term "Cabletron" as used herein shall mean Cabletron Systems, Inc.

15.     The term "DEC" as used herein shall mean Digital Equipment Corporation.

16.     The term "Complaint" shall mean the Complaint And Jury Demand filed in this action on June 21, 2005.

17.     The term "Answer" as used herein shall mean Foundry Networks, Inc.'s Answer To Enterasys Networks, Inc.'s Complaint filed in this action on our about August 22, 2005.

18.     The term "Enterasys Patents" as used herein shall mean, collectively, the patents-in-suit which consist of the following six issued United States patents:  **(i)** No. 5,251,205 (the "'205 patent"); **(ii)** No. 5,390,173 (the "'173 patent"); **(iii)** No. 6,128,665 (the "'665 patent"); **(iv)** No. 6,147,995 (the "'995 patent"); **(v)** No. 6,539,022 (the "'022 patent"); **(vi)** No. 6,560,236 (the "'236 patent").

19.     The term "Damages Period" as used herein shall mean the time period beginning on June 21, 1999 and ending on the date upon which this action is fully resolved by way of settlement or final unappealable judgment.

20.     The term "Foundry Products" as used herein shall mean any products sold or licensed by Foundry at any time during the Damages Period including, but not limited to, products belonging to any of the following product families:  FastIron; NetIron; IronView; ServerIron; TurboIron; BigIron; EdgeIron; and AccessIron.

21.     The term "Foundry Technical Documents" as used herein shall mean any type of technical document that identifies, describes, explains, and/or shows the architecture, functionality, performance characteristics, and/or configurability of any of the Foundry Products

potentially including, but not limited to, the following categories of documents: functional specifications; hardware or software specifications; architecture specifications; systems specifications; chip or chipset specifications; hardware schematics; user guides; installation guides or notes; hardware guides; software guides; software command reference guides; architecture guides or briefs; reference, quick reference, or base reference guides; configuration guides; management guides; concept guides; design guides; command line interface reference guides; product guides or briefs; diagnostic guides; "getting started" guides; training guides, presentations or manuals; technical briefs; solutions briefs; white papers; technology primers; technical presentations; packet walk-throughs; product data sheets; product specification sheets; product bulletins; release notes; and application notes.

22. The term "VLAN" as used herein shall mean a virtual local area network wherein groups of hosts and/or end stations are defined by their logical relationship rather than by their physical connectivity such that they can communicate as though they were on the same wire even though they may reside on physically different segments.

23. The term "Default VLAN" as used herein shall mean a VLAN which has been initially defined during manufacture and prior to configuration.

24. The term "VLAN-ID" as used herein shall mean a designation that identifies the VLAN with which a host, end station, and/or packet is associated.

25. The term "VLAN Tagging" as used herein shall mean the process of inserting a field into a packet, or using a preexisting field, to provide an explicit identifier of the VLAN association for that packet (*e.g.*, a VLAN-ID).

26.    The term "Hub" as used herein shall mean a network device that joins communication lines at a central location so as to provide a common connection to all devices on a network.

27.    The term "Multicast Control Packet" as used herein shall mean the various types of IP datagrams described in the IGMP Standards, including host membership query packets, host membership report packets, join host group packets, and leave host group packets.

28.    The term "First Header" as used herein shall mean a protocol-specific field or fields that precede the encapsulated data of a packet and contain unique network source and/or destination addresses (*e.g.*, MAC addresses).

29.    The term "Second Internal Header" as used herein shall mean a field or fields used in conjunction with the encapsulated data of a packet that contain local source and/or destination addresses of typically shorter length that have been translated or derived from the unique addresses contained in the First Header.

30.    The term "Routing Algorithm" as used herein shall mean the process by which a router or switch computes effective routes through the network along which to forward a packet.

31.    The term "Routing Protocol" as used herein shall mean a protocol reflecting at least a standards-based network address allocation scheme, along with any associated scheme for formatting packets that is used in conjunction therewith.

32.    The term "Routing Protocol Suite" as used herein shall mean a comprehensive set of protocols, including a Routing Protocol, that are designed to work together to coherently provide complete communication capabilities in a network (*e.g.*, the TCP/IP protocol suite; the OSI protocol suite).

33.    The term "Link State Packet" as used herein shall mean a control packet into which a source router or switch places information about what hosts are attached to it, what links to other routers or switches are available, what the states of those links are, and/or what the identities are of the routers or switches on the other end of those links.

34.    The term "MPLS Encapsulation" as used herein shall mean a process whereby a data packet conforming to a particular Routing Protocol is placed within the data area associated with a new and additional header that conforms to a different Routing Protocol.

35.    The term "VLAN Standards" as used herein shall mean the standards promulgated by the Institute of Electrical and Electronics Engineers, Inc. ( the "IEEE") that define an architecture for virtual bridged local area networks, the services provided in such networks, and the protocols and algorithms involved in the provision of those services. Specifically, these VLAN Standards are memorialized in IEEE Standard 802.1Q (2003 ed.); IEEE Standard 802.1Q (1998 ed.); IEEE Standard 802.1u (2001 ed.); IEEE Standard 801.1v (2001 ed.); and/or IEEE Standard 802.1s (2002 ed.).

36.    The term "IGMP Standards" as used herein shall mean the protocols promulgated by The Internet Society's Internet Engineering Task Force (the "IETF") that define the internet group management protocol used by IP hosts to report their IP multicast group memberships to neighboring multicast routers.  Specifically, these IGMP Standards are memorialized in RFC 3376 (v.3 2002 ed.); RFC 2236 (v.2 1997 ed.); and/or RFC 1112 (v.1 1989 ed.).

37.    The term "MPLS Standards" as used herein shall mean the protocols promulgated by the IETF that define the architecture and/or protocols used for multiprotocol label switching. Specifically, these MPLS Standards are memorialized in at least the following documents:  RFC 2205; RFC 2370; RFC 2702; RFC 3031; RFC 3032; RFC 3036; RFC 3037; RFC 2209; RFC

3209; RFC 3270; Draft-ietf-mpls-rsvp-lsp-tunnel-08.txt; Draft-ietf-mpls-icmp-02.txt; Draft-katz-yeung-ospf-traffic-04.txt; Draft-martini-12circuit-encap-mpls-04.txt; Draft-martini-12circuit-trans-mpls-08.txt.

38.    The term "VLAN Standards Activities" as used herein shall mean any activities undertaken in connection with the development, approval, and/or issuance of the VLAN Standards.

39.    The term "IGMP Standards Activities" as used herein shall mean any activities undertaken in connection with the development, approval, and/or issuance of the IGMP Standards.

40.    The term "MPLS Standards Activities" as used herein shall mean any activities undertaken in connection with the development, approval, and/or issuance of the MPLS Standards.

### III.  REQUESTED DOCUMENTS AND TANGIBLE THINGS

The following specific requests for the production of documents and tangible things are subject to the "INSTRUCTIONS" and "DEFINITIONS" set forth above.

**REQUEST FOR PRODUCTION NO. 1:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, Enterasys.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the Enterasys Patents, or any aspects of their respective prosecution histories.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the named inventors of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, the existence or subject matter of the present action.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and tangible things in your possession, custody, or control that constitute Board of Director meeting minutes, or materials provided to any Director, that pertain to Enterasys, the Enterasys Patents, or the existence or subject matter of the present action.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications between Foundry on the one hand, and Enterasys, Cabletron, or DEC on the other hand.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and Extreme Networks, Inc. on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any actual or contemplated joint defense agreement between Foundry and Extreme Networks, Inc. pertaining to the present action.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and any other person or entity on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how any of the Foundry Products support, enable, or implement the VLAN Standards, or whether or how they can be configured to do so.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that data packet is either determined or not determined to be a Default VLAN port.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter or otherwise prevent any data packet received through one of the port based Default VLAN ports contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data packet received through one of the port based Default VLAN ports.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that broadcast message is either determined or not determined to be a Default VLAN port.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard, or otherwise prevent any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how any of the Foundry Products allow for, or can be configured to allow for, a port based Default VLAN to be formed on a Hub.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN-IDs are or can be used in any of the Foundry Products in relation to any port based VLAN ports, and/or in relation to any data packets received on such ports.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the receiving port.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made as to the source and/or destination of any data packet received through one of the port based VLAN ports contained in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a data packet received through

one of the port based VLAN ports contained in any of the Foundry Products in circumstances where the VLAN-ID associated with the source host and/or end station of that packet is determined to be different from the VLAN-ID associated with the destination of that packet.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the VLAN-ID contained in that tagged packet.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports contained in any of the Foundry Products gets untagged.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how protocol identifiers are or can be assigned to any of the port based VLAN-IDs used in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data packet received through one of the port based VLAN ports.

**REQUEST FOR PRODUCTION NO. 26:**

     All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the VLAN-ID contained in the tagged packet.

**REQUEST FOR PRODUCTION NO. 27:**

     All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products perform VLAN Tagging by replacing a redundant information field contained within a data packet with a VLAN-ID.

**REQUEST FOR PRODUCTION NO. 28:**

     All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to what VLAN-ID is associated with a particular data packet and/or with the source host and/or end station of that data packet.

**REQUEST FOR PRODUCTION NO. 29:**

     All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how in any of the Foundry Products a determination as to the VLAN-ID associated with the source host of a broadcast, multicast, or destination unknown data packet affects, impacts, or relates to the handling of, and/or the forwarding or filtering decisions made relative to, such a data packet.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, location, programming interface, or use of any tables or other data structures contained in any of the Foundry Products involved in the mapping of VLAN-IDs to associated hosts, end stations, and/or to associated ports.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to broadcast, multicast, or destination unknown data packets.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged broadcast, multicast, or destination unknown data packet in any of the Foundry Products gets untagged.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard, or otherwise prevent transmission of any broadcast, multicast, or destination unknown packet received in any of the Foundry Products in circumstances where none of its potential destination ports are determined to be associated with the same VLAN-ID that is associated with its source host and/or end station.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a broadcast, multicast, or destination unknown data packet in any of the Foundry Products in circumstances where that packet is of a protocol not supported by the switch that receives it.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products are or can be used in conjunction with a logical multicast channel formed by physical links for carrying multicast traffic that establish point-to-point connections between switches.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying or explaining the criteria or bases on which VLAN-IDs are assigned in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products maintain status tables or other status data structures reflecting whether ports associated with a particular VLAN are in a state of enablement or disablement.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Simple Network Management Protocol ("SNMP") messages to maintain any VLAN mapping tables or other mapping data structures.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and tangible things in your possession, custody, or control that reflect, concern, or refer or relate to establishing whether or how any of the Foundry Products support, enable, or implement the IGMP Standards, or whether or how they can be configured to do so.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to whether a received packet is a Multicast Control Packet.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to the intended destination for any received Multicast Control Packet.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Multicast Control Packets to identify or determine the multicast group memberships of any hosts, end stations, and/or ports.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, programming interface, or use of any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use information learned or determined from received Multicast Control Packets to populate, de-populate, and/or update any multicast forwarding tables or other multicast forwarding data structures.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the port on which a Multicast Control Packet is received with any identified multicast group, and/or with any host and/or end station that is a member of such a group.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to the source host and/or end station of any received Multicast Control Packet.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the source host and/or end station of any received Multicast Control Packet with any identified multicast group, and/or with any port associated with such a group.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to whether a received data packet has a multicast group as a destination address.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use data contained in any multicast forwarding tables or other multicast forwarding data structures to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet that has a multicast group as a destination address.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet with a multicast group destination address in circumstances where any multicast forwarding tables or other

multicast forwarding data structures contained in any of the Foundry Products lack any data associated with that multicast group.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how the enablement or disablement of IGMP features in any of the Foundry Products affects whether received data packets with multicast group destination addresses will be flooded within a VLAN or on a network-wide basis.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how a Second Internal Header is applied to any data packet in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the content of any Second Internal Header that gets applied to any data packet in any of the Foundry Products including, but not limited to, a specific identification of the types of information and/or fields that are contained in any such Second Internal Header.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets applied to any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any local source and/or destination addresses contained in any Second Internal Header applied to any data packet in any of the Foundry Products are translated or derived from the unique source and/or destination addresses contained in the First Header of any such packet.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet in any of the Foundry Products based upon the content of its Second Internal Header.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how a Second Internal Header get removed from any data packet in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets removed from any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Second Internal Header applied to any data packet in any of the Foundry Products

contains link numbers which serve to locally identify or name any network segments or links.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) sufficient to identify the number of binary digits (*i.e.*, bits) that

comprise any local source and/or destination addresses contained in any Second Internal

Header applied to any data packet in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) sufficient to establish whether any of the Foundry Products are

capable of handling Fiber Distributed Data Interface ("FDDI") links.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Second Internal Header applied to any data packet in any of the Foundry Products

contains a field or fields that specify a service class or queue number for that data packet.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Second Internal Header applied to any data packet in any of the Foundry Products

contains a field or fields that specify a protocol class for that data packet.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Second Internal Header applied to any data packet in any of the Foundry Products

contains a field or fields that indicate the status of local network congestion.

**REQUEST FOR PRODUCTION NO. 65:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to establishing whether

or how any of the Foundry Products support, enable, or implement the MPLS Standards, or

whether or how they can be configured to do so.

**REQUEST FOR PRODUCTION NO. 66:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Routing Algorithm employed by any of the Foundry Products can be used to calculate

packet routes for all received packets regardless of the multiple different Routing Protocol

Suites to which such packets may conform.

**REQUEST FOR PRODUCTION NO. 67:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Routing Algorithm employed by any of the Foundry Products can be used to calculate

packet routes for all received packets without the need to convert the destination address of any

packet to an addressing convention associated with a Routing Protocol Suite different from the

one to which that packet conforms.

**REQUEST FOR PRODUCTION NO. 68:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Routing Algorithm employed by any of the Foundry Products that supports multiple

Routing Protocols can make use of information contained in any Link State Packets in performing its calculations of packet routes.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to perform an MPLS Encapsulation on a data packet.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to remove a data packet from an MPLS Encapsulation.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to how it is determined in any of the Foundry Products which Routing Protocol to use when performing an MPLS Encapsulation on a data packet.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying which Routing Protocol Suites any of the Foundry Products are capable of supporting.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Routing Protocol can be used in any of the Foundry Products to determine if an

MPLS Encapsulation should be performed on a data packet.

**REQUEST FOR PRODUCTION NO. 74:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or

how any Routing Protocol can be used in any of the Foundry Products to determine multiple

routes along which a data packet can be sent.

**REQUEST FOR PRODUCTION NO. 75:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to the functionality,

architecture, and/or configurability of Foundry's IronWare MPLS Software and PROM.

**REQUEST FOR PRODUCTION NO. 76:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) sufficient to identify by name and model number the chips

and/or chipsets used in each of the Foundry Products including, but not limited to, a specific

identification of the chips that perform switching and/or routing functions such as packet

classification, filtering, encapsulation, and/or forwarding.

**REQUEST FOR PRODUCTION NO. 77:**

      All documents and tangible things in your possession, custody, or control that

constitute functional, hardware, and/or architectural specifications for any of the chips that

perform switching and/or routing functions in any of the Foundry Products such as packet

classification, filtering, encapsulation, and/or forwarding.

**REQUEST FOR PRODUCTION NO. 78:**

      All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to any comparisons or

contrasts drawn between the functionality, architectures, and/or configurability of Foundry's IronCore, JetCore, and/or Terathon chipsets.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect the architecture and/or functional design of any of the chips and/or chipsets used in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any indemnifications that Foundry has been provided by any supplier of chips used in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any non-disclosure agreements that Foundry has entered into with any supplier of chips used in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify by name and version number the operating system software that has run in each of the Foundry Products at any and all times during the Damages Period.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify where within each of the Foundry Products its operating system software physically resides.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify what memory devices are contained in each of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how Foundry's network management software -- including its IronView Network Management software -- can be used to configure VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any constructions or interpretations of any claim(s) of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of your officers, directors, employees, or consultants concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of any third parties concerning the actual or potential infringement or non-infringement, validity or invalidity; or enforceability or unenforceability of any claim(s) of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any legal opinion (including opinion letters or memoranda) concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 90:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to comparisons or contrasts drawn between the VLAN Standards, the IGMP Standards, or the MPLS Standards on the one hand, and the scope of any claim(s) of any of the Enterasys Patents on the other hand.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to claim constructions that Foundry has served or filed in any other patent infringement litigations to which it has been a party that involve patents covering networking-related devices or methods.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any inventive activity, public knowledge or use, patent, printed publication, or other prior art reference that you contend invalidates -- whether standing alone or in combination with any other reference -- any claim(s) of any of the Enterasys Patents within the meaning of 35 U.S.C. §§ 102 or 103.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any patentability or state of the art search, literature search, patentability or state of the art opinion, validity search, validity opinion,

enforceability opinion, and/or infringement opinion related to the alleged inventions described in the Enterasys Patents or any counterparts or continuations thereof, including, but not limited to, all search reports and opinions, and all patents, publications, and other references identified in such searches and opinions.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to references cited by or to the USPTO or any foreign patent office during the prosecution of any of the Enterasys Patents or any counterparts or continuations thereof.

**REQUEST FOR PRODUCTION NO. 95:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any secondary consideration of non-obviousness (including, but not limited to, commercial success, long felt need, and industry acquiescence) of the subject matter of any claim(s) of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and tangible things in your possession, custody, or control upon which Defendant intends to rely to establish the level of ordinary skill in the art to which any of the Enterasys Patents pertain.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and tangible things in your possession, custody, or control sufficient to establish when and how Foundry first became aware of the existence of each of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and tangible things in your possession, custody, or control that constitute any unpublished patent applications assigned to Foundry, and/or portions of their prosecution histories, that reference or cite to any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any explanations, instructions, directions, or training that Foundry has provided or made available to any of its customers pertaining to how to install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any information known to Foundry concerning how in practice any of its customers have used or configured any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products that such customers have purchased or licensed.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and tangible things in your possession, custody, or control that constitute or reflect indemnifications provided by Foundry to any of its customers against potential patent infringement claims brought by third parties targeting the use of any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 102:**

All documents and tangible things in your possession, custody, or control sufficient to identify each of Foundry's customers and which of the Foundry Products that each such customer has purchased or licensed.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and tangible things in your possession, custody, or control sufficient to identify the first date of sale (and if applicable the last date of sale) of each of the Foundry Products that have been sold or licensed at any or all times during the Damages Period.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any standard or extended hardware warranties and/or software warranties that Foundry has provided to its customers that cover any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and tangible things in your possession, custody, or control that constitute any standard or extended service contracts that Foundry has provided to its customers that cover any of the Foundry Products.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any tests or customer demonstrations undertaken by Foundry in which the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products have been used within a network environment.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and tangible things in your possession, custody, or control sufficient to identify which of the Foundry Products that Foundry itself has used in the networks employed at any of its own facilities.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any VLAN Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any IGMP Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any MPLS Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any actual or potential efforts to design-around any claim(s) of any of the Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and tangible things in your possession, custody, or control that constitute insurance policies that actually or potentially provide coverage to Foundry for any of the liabilities, costs, or expenses arising from this action.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to Foundry's policies or practices with respect to the retention, destruction, and/or disposition of documents and tangible things (including electronic data) at any time during the Damages Period.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and tangible things in your possession, custody, or control that constitute organizational charts or other documents from which it is possible to ascertain the

identities, titles, and reporting relationships of all officers, directors, and engineering

employees of Foundry at any and all times during the Damages Period.

**REQUEST FOR PRODUCTION NO. 115:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that one or more claims

of the Enterasys Patents are invalid.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is

stopped from asserting certain of its claim constructions in this action as the result of any

disclaimers or surrenders of subject matter made by the patentees when prosecuting any of the

Enterasys Patents.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred

from asserting infringement of one or more claims of the Enterasys Patents as the result of the

patentees having committed prosecution laches.

**REQUEST FOR PRODUCTION NO. 118:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred

from asserting infringement of one or more claims of the Enterasys Patents as the result of

having unclean hands.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred

from asserting infringement of one or more claims of the Enterasys Patents pursuant to the principles of waiver and/or equitable estoppel.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Foundry cannot be liable for infringement under 35 U.S.C. §§ 271(b) or (c) on grounds that some or all of the Foundry Products are capable of substantial non-infringing uses.

Dated:  March 3, 2006

Respectfully served,

ENTERASYS NETWORKS, INC.

By its attorneys,

Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna (BBO No. 644556)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

Of Counsel:
A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street, N.W.
Washington, DC  20006
Tel. (202) 775-0725

35028732

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on March 3, 2006, I caused the attached *Plaintiff Enterasys Networks, Inc.'s First Set Of Requests For The Production Of Documents And Tangible Things To Defendant Foundry Networks, Inc.* to be served as indicated below by hand delivery or overnight Federal Express upon Defendant's counsel of record at the following addresses:

### By Hand Delivery

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600

### By Federal Express

William L. Anthony, Jr., Esq.
I. Neel Chatterjee, Esq.*
Michael F. Heafey, Esq.
Raymis H. Kim, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Dated:  March 3, 2006

_____
Marc N. Henschke

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ENTERASYS NETWORKS, INC,

        Plaintiff,

    v.

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,

        Defendants.

Civil Action No. 05-CV-11298 (DPW)

**DEFENDANT FOUNDRY NETWORKS, INC.'S RESPONSES**
**AND OBJECTIONS TO PLAINTIFF ENTERASYS NETWORKS, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-120)**

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

of the District of Massachusetts, defendant Foundry Networks, Inc. ("Foundry") hereby responds

and objects to plaintiff Enterasys Networks, Inc.'s ("Enterasys") First Set of Requests for

Production of Documents ("Requests").

**GENERAL RESPONSES AND OBJECTIONS**

        Foundry has not completed its discovery, investigation, research, and trial preparation.

The following responses and objections are based on information reasonably available to

Foundry as of the date of this response.  Foundry expressly reserves the right to supplement the

following responses and objections, and to change any and all answers therein as additional facts

are ascertained, analyses are made, legal research is completed, contentions are made, or as a

result of the court's legal determination of issues, including without limitation, the construction

of the claims.  Foundry therefore reserves the right, at any time, to revise, amend, correct,

supplement, modify or clarify its objections and responses, or production made pursuant thereto,

although it does not undertake to do so except to the extent required by Federal Rules of Civil

Procedure 26(e).

Foundry's responses and objections are made without in any way waiving or intending to

waive, but on the contrary preserving and intending to preserve:

> 1.     All questions as to competency, relevancy, materiality, privilege, and
>
> admissibility as evidence for any purpose of the responses or subject matter
>
> thereof, in any subsequent proceeding in or the trial of this or any other action;
>
> 2.     The right to object on any ground to the use of said responses and
>
> objections, or the subject matter thereof, in any subsequent proceeding in or the
>
> trial of this or any other action; and
>
> 3.     The right to object on any ground at any time to other interrogatories,
>
> requests for production, requests for admission, or other discovery procedures
>
> involving or relating to the subject matter of these requests.

Foundry sets forth below its General Objections to the requests.  These General

Objections apply to each and every Request, whether or not they are specifically set forth in the

responses and objections to each.

1.     Foundry objects to the Requests to the extent that they are overly broad, unduly

burdensome, oppressive, and/or designed solely to harass Foundry.

2.     Foundry objects to the Request to the extent that they seek documents and things

not relevant to and/or reasonably calculated to lead to the discovery of admissible evidence.

3.     Foundry objects to these Requests to the extent that they seek information

protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other

applicable privilege or immunity.  The inadvertent production of any privileged information does

not signify any intent by Foundry to waive any applicable privileges.

4.      Foundry objects to these Requests to the extent that they seek production of "all documents" responsive to request categories on the grounds that such requests are overly broad and unduly burdensome.  Subject to these objections, Foundry will use reasonable diligence to locate documents in its own files, based on an examination of those files reasonably expected to yield responsive documents.  As used in these responses, the phrase "all documents" or phrases of similar import, should be understood to mean those documents Foundry and its counsel are able to locate using reasonable diligence and judgment concerning the whereabouts of responsive documents.  Such phraseology should not be construed as a representation that each and every document in the possession of Foundry has been examined in connection with these responses or any production pursuant thereto.

5.      Any documents identified below are being produced solely for the purpose of this action, and may not be used in any other action.  For every document produced, Foundry reserves its right to interpose at trial all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections that would exclude the information from evidence.

6.      Foundry objects to these Requests to the extent that they purport to require Foundry to do anything beyond that which is required by the Federal Rules of Civil Procedure and other applicable law.  In particular, Foundry objects to these Requests on the basis that the produced documents "be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such documents or tangible things are responsive...." Foundry shall produce documents or tangible things as they are kept in the usual course of business.

7.      Foundry objects to each and every Request that uses the terms defined in Local Rule 26.5 to the extent that the request purports to use these terms differently than as defined in

the Local Rule.  Foundry will strictly construe all requests using the definitions provided in the Local Rules.

8.      Foundry objects to these Requests to the extent the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other sources that are more convenient, less burdensome, or less expensive.  Foundry also objects to these requests for production to the extent the burden or expense of discovery sought outweighs the likely benefit.

9.      Foundry objects to any requirement in these Requests that Foundry identify or produce any privileged document generated after the filing of this lawsuit, or that reflects a pre-filing investigation.  Such material is clearly privileged, and it is unduly burdensome to require the inclusion of such material in any privilege log.

10.      Foundry objects to these Requests to the extent that they seek disclosure of information protected by the rights of privacy of third-party non-litigants and/or seek disclosure of information subject to confidentiality agreements or protective orders.

11.      Foundry objects to these Requests to the extent that they are premature as seeking documents and things beyond the scope of the first phase of discovery, which was limited by the Court to issues of infringement and validity of the patent-in-suit.

12.      Foundry objects to the Requests to the extent that they are vague, ambiguous, and/or confusing in that it fails to describe with reasonable particularity the documents and things sought.

13.      Foundry objects to the Request to the extent that they seek documents and things already in Enterasys' possession and/or information that is readily available to Enterasys. Foundry further objects to the Requests to the extent that the Requests seek documents and things that are equally available to Enterasys through other sources, on grounds that such Requests subject Foundry to unreasonable and undue burden and expense.

14.    Foundry objects to the Requests to the extent that they seek documents and things not in Foundry's possession, custody, or control, or documents and things not owned by or belonging to Foundry, or documents and things that are subject to a non-disclosure obligation pursuant to a confidentiality agreement with a third party.  Foundry further objects to the Requests to the extent that they require a search of Foundry's files that do not reasonably relate to one or more of the specific document production requests contained in the Requests.

15.    Foundry objects to the Requests to the extent that they seek documents and things outside the relevant time period.

16.    Foundry objects to the Requests to the extent that they seek to define terms and/or characterize the evidence in this matter.  To the extent that Foundry adopts any terms used in the Requests, such adoption is specifically limited to these objections and/or responses, or production made pursuant thereto.

17.    Foundry expressly reserves all objections as to relevance, authenticity and/or admissibility of any information disclosed in its objections and/or responses, or production made pursuant thereto.

18.    Nothing herein shall be construed as an admission by Foundry with respect to the admissibility of any characterization contained in the Request.  Foundry's willingness to provide documents and things in response to the Request is not a concession that the subject matter of the particular document request is discoverable, relevant to this action, or admissible as evidence.

19.    Foundry's statement that it will produce documents is not a representation that such documents exist, but only that a reasonably diligent search for such documents, notwithstanding any objections and to the extent the request is understood, will take place.  If any responsive non-privileged, non-work product documents exist to which no objection has

been made, are found to exist and have not yet been produced, such documents will be produced to Enterasys.

20.     Foundry objects to Enterasys' definition of the term "Meeting" as overbroad and unduly burdensome.

21.     Foundry objects to Enterasys' definition of the term "Agreement" as overbroad and unduly burdensome. Foundry objects to the term "Agreement" to the extent it purports to encompass information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

22.     Foundry objects to Enterasys' definition of the term "Negotiate" as overbroad and unduly burdensome. Foundry objects to the term "Negotiate" to the extent it purports to encompass information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

23.     Foundry objects to Enterasys' definition of "Foundry" to the extent that Enterasys purports to extend these Requests to cover information outside the possession, custody or control of Foundry Networks, Inc.  Foundry further objects to the definition of "Foundry" to the extent that it includes Foundry's parent companies, affiliates or subsidiaries.  No Foundry parent company, affiliate or subsidiary is a party to this lawsuit, and requests directed to a parent company, affiliate or subsidiary would not be relevant to the claim or defenses of a party in this case.  Foundry will interpret these terms as referring only to defendant Foundry Networks, Inc., and will respond only on behalf of Foundry Networks, Inc.  Foundry further objects to the definition of "Foundry" to the extent that it includes Foundry's attorneys, and, as such, seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

24.     Foundry objects to the definition of the term "Damages Period" as overly broad and unduly burdensome.  Foundry further object to the these Requests to the extent they seek information and/or documents during the "Damages Period" from June 21, 1999 to the present.  Enterasys' claims for damages for Foundry's alleged infringement of the patents in suit are limited to the period Foundry had actual notice of that alleged infringement, in accordance with 35 U.S.C. § 287(a).

25.     Foundry objects to these Requests to the extent they seek information and/or documents concerning "Foundry Products" from June 21, 1999 to the present.  Enterasys' claims for damages for Foundry's alleged infringement of the patents in suit are limited to the period Foundry had actual notice of that alleged infringement, in accordance with 35 U.S.C. § 287(a).

26.     Foundry further objects to the term "Foundry Products" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence.  Until Enterasys identifies the basis for its allegations of infringement, Foundry cannot fully determine relevance. On that basis, Foundry objects to the definition of Foundry Products as not relevant or likely to lead to admissible evidence.

27.     Foundry further objects to the term "Foundry Technical Documents" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence.

28.     Until such time as Enterasys discloses and/or clarifies the nature of the relationship between any standard listed in Enterasys' discovery requests and the claims asserted by Enterasys in this litigation, Foundry objects to any discovery referring to such standards as

vague and ambiguous, and as seeking irrelevant evidence not likely to lead to admissible evidence.

29.    Foundry objects to the term "VLAN" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "VLAN" as vague and ambiguous.

30.    Foundry further to the term "Default VLAN" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "Default VLAN" as vague and ambiguous.

31.    Foundry objects to the term "VLAN-ID" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "VLAN-ID" as vague and ambiguous.

32.    Foundry objects to the term "VLAN Tagging" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "VLAN Tagging" as vague and ambiguous.

33.    Foundry objects to Enterasys' definition of the term "Routing Algorithm" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

34.    Foundry objects to Enterasys' definition of the term "Routing Protocol" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

35.    Foundry objects to Enterasys' definition of the term "Routing Protocol Suite" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

36.     Foundry objects to Enterasys' definition of the term "VLAN Standard Activities" as overbroad and unduly burdensome.

37.     Foundry objects to Enterasys' definition of the term "IGMP Standard Activates" as overbroad and unduly burdensome.

38.     Foundry objects to Enterasys' definition of the term "MPLS Standard Activities" as overbroad and unduly burdensome.

39.     The presence or absence of any general or specific objection does not mean that Foundry does not object on any other grounds.

The foregoing General Objections are incorporated by reference into the following responses, as though fully set forth therein, even though not specifically referred to in such response.

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, Enterasys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the Enterasys Patents, or any aspects of their respective prosecution histories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the named inventors of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Foundry objects to the phrase "subject matter of the present action" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and tangible things in your possession, custody, or control that constitute Board of Director meeting minutes, or materials provided to any Director, that pertain to Enterasys, the Enterasys Patents, or the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Foundry objects to the phrases "meeting minutes" "materials provided to any Director," and "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications between Foundry on the one hand, and Enterasys, Cabletron, or DEC on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and Extreme Networks, Inc. on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Foundry objects to the phrase "subject matter of the present action" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege, joint defense/common interest privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 8:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any actual or contemplated joint defense agreement between Foundry and Extreme Networks, Inc. pertaining to the present action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege, joint defense/common interest privilege, and/or the work product doctrine.

## REQUEST FOR PRODUCTION NO. 9:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and any other person or entity on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Foundry further objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege, joint defense/common interest privilege

and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how

any of the Foundry Products support, enable, or implement the VLAN Standards, or whether or

how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Foundry objects to the phrases "support, enable, or implement" and "can be configured"

as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly

burdensome, harassing and not reasonably calculated to lead to the discovery of admissible

information.  By its overbreadth, the Request includes documents which are not relevant to any

claim or defense of any party to this litigation, or for which the burden or expense of the

proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features

of Foundry products and the basis for its infringement allegations.  Without an identification of

the accused features for the products, Foundry cannot fully assess the relevance of this request,

and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

relevant information.  Foundry objects to this request to the extent that it seeks information

protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that data packet is either determined or not determined to be a Default VLAN port.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Foundry objects to the phrases " handling of, and/or the forwarding or filtering decisions," "any data packet received through," "port based Default VLAN ports," "destination port," and "either determined or not determined" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request

to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter or otherwise prevent any data packet received through one of the port based Default VLAN ports contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Foundry objects to the phrases "filter or otherwise prevent," "any data packet received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data

packet received through one of the port based Default VLAN ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Foundry objects to this request as overbroad and unduly burdensome.  Foundry further

objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN

Tagging), "any data packet received through" and "port based Default VLAN ports" as vague

and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information.  By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations.  Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 14:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that broadcast message is either determined or not determined to be a Default VLAN port.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Foundry further objects to the phrases "any broadcast message received through," "port based Default VLAN ports," and "either determined or not determined" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard, or otherwise prevent any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Foundry objects to the phrases "filter, discard, or otherwise prevent," "any broadcast message received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how any of the Foundry Products allow for, or can be configured to allow for, a port based Default VLAN to be formed on a Hub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Foundry objects to the phrase "allow for, or can be configured to allow for" and "port-based VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN-IDs are or can be used in any of the Foundry Products in relation to any port based VLAN ports, and/or in relation to any data packets received on such ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Foundry objects to the phrases "designation" (in Enterasys' definition of VLAN-IDs), "port based VLAN ports," and "data packets received " as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Foundry further objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the receiving port.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made as to the source and/or destination of any data packet received through one of the port based VLAN ports contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a data packet received through one of the port based VLAN ports contained in any of the Foundry Products in circumstances where the VLAN-ID associated with the source host and/or end station of that packet is determined to be different from the VLAN-ID associated with the destination of that packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," "designation" (in Enterasys' definition of VLAN-ID), "host and/or end-station," and "determined to be different" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the VLAN-ID contained in that tagged packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port," "flooded to all other ports," and "designation" (in Enterasys' definition of VLAN-ID), as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 23:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports contained in any of the Foundry Products gets untagged.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port," and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 24:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

protocol identifiers are or can be assigned to any of the port based VLAN-IDs used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Foundry objects to the phrases "protocol identifiers," "port-based VLAN-IDs," and "designation" (in Enterasys' definition of VLAN-ID), as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data packet received through one of the port based VLAN ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "any data packet received through" and "port based VLAN ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the VLAN-ID contained in the tagged packet.

-30-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Foundry objects to the phrases "tagged multicast packet," "port based VLAN ports," "flooded to all other ports" and "designation" (in Enterasys' definition of VLAN-ID), as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products perform VLAN Tagging by replacing a redundant information field contained within a data packet with a VLAN-ID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "redundant information field" and "designation" (in Enterasys' definition of a VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to what VLAN-ID is associated with a particular data packet and/or with the source host and/or end station of that data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Foundry objects to the phrases "determinations," "designation" (in Enterasys' definition of VLAN-ID), and "host and/or end station" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how in any of the Foundry Products a determination as to the VLAN-ID associated with the source host of a broadcast, multicast, or destination unknown data packet affects, impacts, or relates to the handling of, and/or the forwarding or filtering decisions made relative to, such a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Foundry objects to the phrases "determination," "designation" (in Enterasys' definition of VLAN-ID), and "broadcast, multicast, or destination unknown data packet" and "affects, impacts, or relates to the handling of, and/or the forwarding or filtering decisions made relative to" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, location, programming interface, or use of any tables or other data structures contained in any of the Foundry Products involved in the mapping of VLAN-IDs to associated hosts, end stations, and/or to associated ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Foundry objects to the phrases "content, nature, population, location, programming interface, or use," " tables or other data structures," "mapping," and "designation" (in Enterasys' definition of VLAN-ID), and "associated hosts, end stations, and/or to associated ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to broadcast, multicast, or destination unknown data packets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Foundry objects to the phrases "inserting a field in a packet" (in Enterasys' definition of VLAN-Tagging) and " broadcast, multicast, or destination unknown data packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged broadcast, multicast, or destination unknown data packet in any of the Foundry Products gets untagged.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 32</u>:**

Foundry objects to the phrases "broadcast, multicast, or destination unknown data packets" and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard, or otherwise prevent transmission of any broadcast, multicast, or destination unknown packet received in any of the Foundry Products in circumstances where none of its potential destination ports are determined to be associated with the same VLAN-ID that is associated with its source host and/or end station.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Foundry objects to the phrases "filter, discard, or otherwise prevent transmission," "broadcast, multicast, or destination unknown packet received," "potential destination ports are determined to be associated," and "designation" (in Enterasys' definition of VLAN-ID), and "associated with its source host and/or end station" as vague and ambiguous. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a broadcast, multicast, or destination

unknown data packet in any of the Foundry Products in circumstances where that packet is of a protocol not supported by the switch that receives it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Foundry objects to the phrases "filter handling of, and/or the forwarding or filtering decisions made relative to," " broadcast, multicast, or destination unknown data packet," and "packet is of a protocol not supported by the switch that receives it" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products are or can be used in conjunction with a logical multicast channel

formed by physical links for carrying multicast traffic that establish point-to-point connections

between switches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Foundry objects to the phrases "logical multicast channel formed by physical links," and

"carrying multicast traffic that establish point-to-point connections between switches" as vague

and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information.  By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations.  Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to identifying or

explaining the criteria or bases on which VLAN-IDs are assigned in any of the Foundry

Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Foundry objects to the phrases "to identifying or explaining the criteria or bases," and "designate" (in Enterasys' definition of VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products maintain status tables or other status data structures reflecting whether ports associated with a particular VLAN are in a state of enablement or disablement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Foundry objects to the phrases "maintain status tables or other status data structures," "ports associated with a particular VLAN" and "state of enablement or disablement" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Simple Network Management Protocol ("SNMP") messages to maintain any VLAN mapping tables or other mapping data structures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Foundry objects to the phrase "maintain any VLAN mapping tables or other mapping data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and tangible things in your possession, custody, or control that reflect, concern, or refer or relate to establishing whether or how any of the Foundry Products support, enable, or implement the IGMP Standards, or whether or how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Foundry objects to the phrase "enable, or implement the IGMP Standards" and "configured to do so" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of

admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to whether a received packet is a Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Foundry objects to the phrases "determinations are made" and "received packet" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to the intended destination for any received Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Foundry objects to the phrases "determinations are made" and "intended destination" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Multicast Control Packets to identify or determine the multicast group memberships of any hosts, end stations, and/or ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Foundry objects to the phrases "to identify or determine the multicast group memberships" and "hosts, end stations, and/or ports" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, programming interface, or use of any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Foundry objects to the phrases "the content, nature, population, programming interface, or use" and "multicast forwarding tables or other multicast forwarding data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use information learned or determined from received Multicast Control Packets to populate, de-populate, and/or update any multicast forwarding tables or other multicast forwarding data structures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Foundry objects to the phrases "use information learned or determined from received Multicast Control Packets," "populate, de-populate, and/or update," and "multicast forwarding tables or other multicast forwarding data structures" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the port on which a Multicast Control Packet is received with any identified multicast group, and/or with any host and/or end station that is a member of such a group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Foundry objects to the phrases "multicast forwarding tables or other multicast forwarding data structures," "correlate, cross-reference, or associate the port on which a Multicast Control Packet is received," and "identified multicast group, and/or with any host and/or end station that is a member of such a group" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to the source host and/or end station of any received Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Foundry objects to the phrases "determinations are made," and "source host and/or end station of any received Multicast Control Packet," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 47:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the source host and/or end station of any received Multicast Control Packet with any identified multicast group, and/or with any port associated with such a group.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "correlate, cross-reference, or associate," "source host and/or end station of any received Multicast Control Packet" and "identified multicast group, and/or with any port associated with such a group," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

-51-

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to whether a received data packet has a multicast group as a destination address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Foundry objects to the phrases "determinations are made," and "received data packet has a multicast group as a destination address" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use data contained in any multicast forwarding tables or other multicast forwarding data structures to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet that has a multicast group as a destination address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet," and "multicast group as a destination address" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet with a multicast group destination address in circumstances where any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products lack any data associated with that multicast group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative to," "multicast group destination address," "multicast forwarding tables or other multicast forwarding data structures" and "any data associated with that multicast group" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how the enablement or disablement of IGMP features in any of the Foundry Products affects whether received data packets with multicast group destination addresses will be flooded within a VLAN or on a network-wide basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Foundry objects to the phrases "or disablement of IGMP features," "received data packets with multicast group destination addresses," and "will be flooded" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

a Second Internal Header is applied to any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Foundry objects to the phrases "or disablement of IGMP features," "received data

packets with multicast group destination addresses," and "will be flooded" as vague and

ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing

and not reasonably calculated to lead to the discovery of admissible information.  By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations.  Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 53:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the content of any Second Internal Header that gets applied to any data packet in any of the Foundry Products including, but not limited to, a specific identification of the types of information and/or fields that are contained in any such Second Internal Header.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Foundry objects to the phrases "identifying the content of any Second Internal Header," and "specific identification of the types of information and/or fields" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets applied to any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Foundry objects to the phrases "identifying the physical location," and "Second Internal Header gets applied to any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any local source and/or destination addresses contained in any Second Internal Header applied to any data packet in any of the Foundry Products are translated or derived from the unique source and/or destination addresses contained in the First Header of any such packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Foundry objects to the phrases "Second Internal Header applied to any data packet," and "or derived from the unique source and/or destination addresses contained in the First Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or

the forwarding or filtering decisions made relative to, any data packet in any of the Foundry Products based upon the content of its Second Internal Header.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

      Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative," and "content of its Second Internal Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

      Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 57:**

      All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how a Second Internal Header get removed from any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Foundry objects to the phrase "Second Internal Header get removed from any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets removed from any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Foundry objects to the phrase "Second Internal Header gets removed from any data packet" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains link numbers which serve to locally identify or name any network segments or links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Foundry objects to the phrases "any Second Internal Header applied to any data packet" and "locally identify or name any network segments or links" as vague and ambiguous.  Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify the number of binary digits (i.e., bits) that comprise any local source and/or destination addresses contained in any Second Internal Header applied to any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Foundry objects to the phrases "any local source and/or destination addresses" and "Second Internal Header applied to any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes

documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 61:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to establish whether any of the Foundry Products are capable of handling Fiber Distributed Data Interface ("FDDI") links.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Foundry objects to the phrases "capable of handling" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that specify a service class or queue number for that data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a service class or queue number" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 63:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that specify a protocol class for that data packet.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a protocol class" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that indicate the status of local network congestion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that indicate the status of local network congestion" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to establishing whether or how any of the Foundry Products support, enable, or implement the MPLS Standards, or whether or how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that indicate the status of local network congestion" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Algorithm employed by any of the Foundry Products can be used to calculate packet routes for all received packets regardless of the multiple different Routing Protocol Suites to which such packets may conform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Foundry objects to the phrase "calculate packet routes for all received packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Algorithm employed by any of the Foundry Products can be used to calculate packet routes for all received packets without the need to convert the destination address of any packet to an addressing convention associated with a Routing Protocol Suite different from the one to which that packet conforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Foundry objects to the phrases "calculate packet routes for all received packets" and "without the need to convert the destination address of any packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Algorithm employed by any of the Foundry Products that supports multiple Routing Protocols can make use of information contained in any Link State Packets in performing its calculations of packet routes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Foundry objects to the phrases "can make use of information contained in any Link State Packets in performing its calculations of packet routes" and "control packet" (in Enterasys' definition of Link State Packet) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to perform an MPLS Encapsulation on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Foundry objects to the phrases "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to remove a data packet from an MPLS Encapsulation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Foundry objects to the phrase "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to how it is determined in any of the Foundry Products which Routing Protocol to use when performing an MPLS Encapsulation on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying which Routing Protocol Suites any of the Foundry Products are capable of supporting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

any Routing Protocol can be used in any of the Foundry Products to determine if an MPLS

Encapsulation should be performed on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Foundry objects to the phrase "data area associated with a new and additional header" (in

Enterasys' definition of MPLS Encapsulation) as vague and ambiguous.  Foundry objects to this

request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead

to the discovery of admissible information.  By its overbreadth, the Request includes documents

which are not relevant to any claim or defense of any party to this litigation, or for which the

burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not

identified the accused features of Foundry products and the basis for its infringement allegations.

Without an identification of the accused features of the products, Foundry cannot fully assess the

relevance of this request, and on that basis, objects to the request as irrelevant and not likely to

lead to admissible and/or relevant information.  Foundry objects to this request to the extent that

it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

any Routing Protocol can be used in any of the Foundry Products to determine multiple routes

along which a data packet can be sent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Foundry objects to the phrase "determine multiple routes along which a data packet can be sent" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the functionality, architecture, and/or configurability of Foundry's IronWare MPLS Software and PROM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Foundry objects to the phrase "functionality, architecture, and/or configurability" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By

its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify by name and model number the chips and/or chipsets used in each of the Foundry Products including, but not limited to, a specific identification of the chips that perform switching and/or routing functions such as packet classification, filtering, encapsulation, and/or forwarding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Foundry objects to the phrase "switching and/or routing functions such as packet classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations.  Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 77:

All documents and tangible things in your possession, custody, or control that constitute

functional, hardware, and/or architectural specifications for any of the chips that perform

switching and/or routing functions in any of the Foundry Products such as packet classification,

filtering, encapsulation, and/or forwarding.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

Foundry objects to the phrases "functional, hardware, and/or architectural specifications"

and "packet classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous.

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not

reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to any comparisons or contrasts drawn between the functionality, architectures, and/or configurability of Foundry's IronCore, JetCore, and/or Terathon chipsets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Foundry objects to the phrase "comparisons or contrasts drawn between the functionality, architectures, and/or configurability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

-80-

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect the architecture and/or functional design of any of the chips and/or chipsets used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Foundry objects to the phrase "architecture and/or functional design" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any indemnifications that Foundry has been provided by any supplier of chips used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Foundry objects to the phrase "any indemnifications" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any non-disclosure agreements that Foundry has entered into with any supplier of chips used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Foundry objects to the phrase "non-disclosure agreements" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent it requires the disclosure of confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify by name and version number the operating system software that has run in each of the Foundry Products at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Foundry objects to the phrase "operating system software" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 83:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify where within each of the Foundry Products its operating system software physically resides.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Foundry objects to the phrase "operating system software physically resides" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify what memory devices are contained in each of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Foundry objects to the phrase "memory devices are contained" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how Foundry's network management software -- including its IronView Network Management software -- can be used to configure VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Foundry objects to the phrase "configure VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any constructions or interpretations of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Foundry objects to the phrase "constructions or interpretations" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this Request on the grounds that it is premature.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of your officers, directors, employees, or consultants concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Foundry objects to the phrases "communications, statements, or opinions of your officers, directors, employees, or consultants" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry further objects to this request on the grounds that it is premature, as the court has bifurcated discovery on these issues until a later date.  Foundry objects to this request to the extent it requires the disclosure of confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of any third parties concerning the actual or potential infringement or non-infringement, validity or invalidity; or enforceability or unenforceability of any claim(s) of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Foundry objects to the phrases "communications, statements, or opinions any third parties" and "actual or potential infringement or non-infringement; validity or invalidity; or

enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this request on the grounds that it is premature as the Court has bifurcated discovery on these issues until a later date..

**REQUEST FOR PRODUCTION NO. 89:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any legal opinion (including opinion letters or memoranda) concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Foundry objects to the phrases "legal opinion" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this request on the grounds that it is premature because the Court has bifurcated discovery on these issues until a later date.

## REQUEST FOR PRODUCTION NO. 90:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to comparisons or contrasts drawn between the VLAN Standards, the IGMP Standards, or the MPLS Standards on the one hand, and the scope of any claim(s) of any of the Enterasys Patents on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Foundry objects to the phrase "comparisons or contrasts drawn" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 91:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to claim constructions that Foundry has served or filed in any other patent infringement litigations to which it has been a party that involve patents covering networking-related devices or methods.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Foundry objects to the phrases "litigations" and "networking-related devices or methods" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any inventive activity, public knowledge or use, patent, printed publication, or other prior art reference that you contend invalidates -- whether standing alone or in combination with any other reference -- any claim(s) of any of the Enterasys Patents within the meaning of 35 U.S.C. §§ 102 or 103.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Foundry objects to the phrase "inventive activity, public knowledge or use, patent, printed publication" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any patentability or state of the art search, literature search, patentability or state of the art opinion, validity search, validity opinion, enforceability opinion, and/or infringement opinion related to the alleged inventions described in the Enterasys Patents or any counterparts or continuations thereof, including, but not limited to, all search reports and opinions, and all patents, publications, and other references identified in such searches and opinions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Foundry objects to the phrase "patentability or state of the art search, literature search, patentability or state of the art opinion, validity search, validity opinion, enforceability opinion, and/or infringement opinion" and "alleged invention" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.   To the extent that this request seeks opinions of counsel, this request is premature, as the Court has bifurcated discovery on that issue until a later date.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to references cited by or to the USPTO or any foreign patent office during the prosecution of any of the Enterasys Patents or any counterparts or continuations thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 95:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any secondary consideration of non-obviousness (including,

but not limited to, commercial success, long felt need, and industry acquiescence) of the subject matter of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Foundry objects to the phrase "secondary consideration of non-obviousness" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and tangible things in your possession, custody, or control upon which Defendant intends to rely to establish the level of ordinary skill in the art to which any of the Enterasys Patents pertain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Foundry objects to the phrase "level of ordinary skill in the art to which any of the
Enterasys Patents pertain" as vague and ambiguous.  Foundry objects to this request as it is
overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the
discovery of admissible information.  By its overbreadth, the Request includes documents which
are not relevant to any claim or defense of any party to this litigation, or for which the burden or
expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the
accused features of Foundry products and the basis for its infringement allegations.  Without an
identification of the accused features of the products, Foundry cannot fully assess the relevance
of this request, and on that basis, objects to the request as irrelevant and not likely to lead to
admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks
information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set
forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry
will search for, and if found, produce relevant, non-privileged, non-confidential documents since
June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and tangible things in your possession, custody, or control sufficient to
establish when and how Foundry first became aware of the existence of each of the Enterasys
Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and
not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth,
the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 98:

All documents and tangible things in your possession, custody, or control that constitute

any unpublished patent applications assigned to Foundry, and/or portions of their prosecution

histories, that reference or cite to any of the Enterasys Patents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Foundry objects to the phrase "unpublished patent applications" as vague and ambiguous.

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not

reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any explanations, instructions, directions, or training that Foundry has provided or made available to any of its customers pertaining to how to install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Foundry objects to the phrase "explanations, instructions, directions, or training" and "install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any information known to Foundry concerning how in practice any of its customers have used or configured any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products that such customers have purchased or licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Foundry objects to the phrase "any information known to Foundry" and "or configured any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and tangible things in your possession, custody, or control that constitute or reflect indemnifications provided by Foundry to any of its customers against potential patent infringement claims brought by third parties targeting the use of any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Foundry objects to the phrase "that constitute or reflect indemnifications" and "against potential patent infringement claims brought by third parties" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

**REQUEST FOR PRODUCTION NO. 102:**

All documents and tangible things in your possession, custody, or control sufficient to identify each of Foundry's customers and which of the Foundry Products that each such customer has purchased or licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and tangible things in your possession, custody, or control sufficient to identify the first date of sale (and if applicable the last date of sale) of each of the Foundry Products that have been sold or licensed at any or all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Foundry objects to the phrase "the first date of sale (and if applicable the last date of sale)" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information

protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any standard or extended hardware warranties and/or software warranties that Foundry has provided to its customers that cover any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Foundry objects to the phrase "standard or extended" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and tangible things in your possession, custody, or control that constitute any standard or extended service contracts that Foundry has provided to its customers that cover any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Foundry objects to the phrase "standard or extended service contracts" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any tests or customer demonstrations undertaken by Foundry in which the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products have been used within a network environment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Foundry objects to the phrases "tests or customer demonstrations," "features," and "network environment" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not

relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and tangible things in your possession, custody, or control sufficient to identify which of the Foundry Products that Foundry itself has used in the networks employed at any of its own facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Foundry objects to the phrases "networks employed at any of its own facilities" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that

cy

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any VLAN Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the VLAN Standards" (in Enterasys' definition of VLAN Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any IGMP Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the IGMP Standards" (in Enterasys' definition of IGMP Standards Activities) as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any MPLS Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the MPLS Standards" (in Enterasys' definition of MPLS Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any actual or potential efforts to design-around any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Foundry objects to the phrases "design-around any claim(s)" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and tangible things in your possession, custody, or control that constitute insurance policies that actually or potentially provide coverage to Foundry for any of the liabilities, costs, or expenses arising from this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Foundry objects to the phrases "insurance policies that actually or potentially provide coverage" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to Foundry's policies or practices with respect to the retention, destruction, and/or disposition of documents and tangible things (including electronic data) at any time during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Foundry objects to the phrases "Foundry's policies or practices" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing

and not reasonably calculated to lead to the discovery of admissible information.  By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations.  Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information.  Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

       Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 114:**

       All documents and tangible things in your possession, custody, or control that constitute

organizational charts or other documents from which it is possible to ascertain the identities,

titles, and reporting relationships of all officers, directors, and engineering employees of Foundry

at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

       Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 115:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that one or more claims of the Enterasys Patents are invalid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is stopped from asserting certain of its claim constructions in this action as the result of any disclaimers or surrenders of subject matter made by the patentees when prosecuting any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred from asserting infringement of one or more claims of the Enterasys Patents as the result of the patentees having committed prosecution laches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 118:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred from asserting infringement of one or more claims of the Enterasys Patents as the result of having unclean hands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred

from asserting infringement of one or more claims of the Enterasys Patents pursuant to the principles of waiver and/or equitable estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Foundry cannot be liable for infringement under 35 U.S.C. §§ 271(b) or (c) on grounds that some or all of the Foundry Products are capable of substantial non-infringing uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

-115-

infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

Dated:  April 3, 2006

DEFENDANT FOUNDRY NETWORKS, INC.

By Their Attorneys,

Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

William L. Anthony, Jr.
I. Neel Chatterjee
Michael F. Heafey
Sanjeet K. Dutta
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

## <u>CERTIFICATE OF SERVICE</u>

I, Jeremy P. Oczek, hereby certify that on April 3, 2006, I caused the attached Foundry Networks, Inc.'s Responses and Objections to Plaintiff Enterasys Networks, Inc.'s First Set of Request for Production of Documents to be served by upon counsel of record for Enterasys Networks, Inc. as follows in accordance with the service agreement among the parties:

*Via First Class Mail and E-Mail:*

Christopher P. Sullivan, Esq.
Marc N. Henschke, Esq.
Alan E. McKenna, Esq.
Jeremy C. McDiarmid, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA  02199
E-mail:  cpsullivan@rkmc.com
E-mail:  mnhenschke@rkmc.com
E-mail:  aemckenna@rkmc.com
E-mail:  jcmcdiarmid@rkmc.com

_____
Jeremy P. Oczek

**Exhibit 4**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC,

       Plaintiff,

   v.

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,

      Defendants.

Civil Action No. 05-CV-11298 (DPW)

## DEFENDANT FOUNDRY NETWORKS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF ENTERASYS NETWORKS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-120)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the District of Massachusetts, defendant Foundry Networks, Inc. ("Foundry") hereby responds and objects to plaintiff Enterasys Networks, Inc.'s ("Enterasys") First Set of Requests for Production of Documents ("Requests").

## GENERAL RESPONSES AND OBJECTIONS

Foundry has not completed its discovery, investigation, research, and trial preparation. The following responses and objections are based on information reasonably available to Foundry as of the date of this response. Foundry expressly reserves the right to supplement the following responses and objections, and to change any and all answers therein as additional facts are ascertained, analyses are made, legal research is completed, contentions are made, or as a result of the court's legal determination of issues, including without limitation, the construction of the claims. Foundry therefore reserves the right, at any time, to revise, amend, correct, supplement, modify or clarify its objections and responses, or production made pursuant thereto,

although it does not undertake to do so except to the extent required by Federal Rules of Civil Procedure 26(e).

Foundry's responses and objections are made without in any way waiving or intending to waive, but on the contrary preserving and intending to preserve:

1.    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in or the trial of this or any other action;

2.    The right to object on any ground to the use of said responses and objections, or the subject matter thereof, in any subsequent proceeding in or the trial of this or any other action; and

3.    The right to object on any ground at any time to other interrogatories, requests for production, requests for admission, or other discovery procedures involving or relating to the subject matter of these requests.

Foundry sets forth below its General Objections to the requests.  These General Objections apply to each and every Request, whether or not they are specifically set forth in the responses and objections to each.

1.    Foundry objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, and/or designed solely to harass Foundry.

2.    Foundry objects to the Request to the extent that they seek documents and things not relevant to and/or reasonably calculated to lead to the discovery of admissible evidence.

3.    Foundry objects to these Requests to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity.  The inadvertent production of any privileged information does not signify any intent by Foundry to waive any applicable privileges.

4.　　Foundry objects to these Requests to the extent that they seek production of "all documents" responsive to request categories on the grounds that such requests are overly broad and unduly burdensome.  Subject to these objections, Foundry will use reasonable diligence to locate documents in its own files, based on an examination of those files reasonably expected to yield responsive documents.  As used in these responses, the phrase "all documents" or phrases of similar import, should be understood to mean those documents Foundry and its counsel are able to locate using reasonable diligence and judgment concerning the whereabouts of responsive documents.  Such phraseology should not be construed as a representation that each and every document in the possession of Foundry has been examined in connection with these responses or any production pursuant thereto.

5.　　Any documents identified below are being produced solely for the purpose of this action, and may not be used in any other action.  For every document produced, Foundry reserves its right to interpose at trial all objections to competence, authenticity, relevance, materiality, propriety, admissibility and any and all other objections that would exclude the information from evidence.

6.　　Foundry objects to these Requests to the extent that they purport to require Foundry to do anything beyond that which is required by the Federal Rules of Civil Procedure and other applicable law.  In particular, Foundry objects to these Requests on the basis that the produced documents "be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such documents or tangible things are responsive...." Foundry shall produce documents or tangible things as they are kept in the usual course of business.

7.　　Foundry objects to each and every Request that uses the terms defined in Local Rule 26.5 to the extent that the request purports to use these terms differently than as defined in

the Local Rule.  Foundry will strictly construe all requests using the definitions provided in the Local Rules.

8.      Foundry objects to these Requests to the extent the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other sources that are more convenient, less burdensome, or less expensive.  Foundry also objects to these requests for production to the extent the burden or expense of discovery sought outweighs the likely benefit.

9.      Foundry objects to any requirement in these Requests that Foundry identify or produce any privileged document generated after the filing of this lawsuit, or that reflects a pre-filing investigation.  Such material is clearly privileged, and it is unduly burdensome to require the inclusion of such material in any privilege log.

10.      Foundry objects to these Requests to the extent that they seek disclosure of information protected by the rights of privacy of third-party non-litigants and/or seek disclosure of information subject to confidentiality agreements or protective orders.

11.      Foundry objects to these Requests to the extent that they are premature as seeking documents and things beyond the scope of the first phase of discovery, which was limited by the Court to issues of infringement and validity of the patent-in-suit.

12.      Foundry objects to the Requests to the extent that they are vague, ambiguous, and/or confusing in that it fails to describe with reasonable particularity the documents and things sought.

13.      Foundry objects to the Request to the extent that they seek documents and things already in Enterasys' possession and/or information that is readily available to Enterasys.  Foundry further objects to the Requests to the extent that the Requests seek documents and things that are equally available to Enterasys through other sources, on grounds that such Requests subject Foundry to unreasonable and undue burden and expense.

-4-

14.    Foundry objects to the Requests to the extent that they seek documents and things not in Foundry's possession, custody, or control, or documents and things not owned by or belonging to Foundry, or documents and things that are subject to a non-disclosure obligation pursuant to a confidentiality agreement with a third party. Foundry further objects to the Requests to the extent that they require a search of Foundry's files that do not reasonably relate to one or more of the specific document production requests contained in the Requests.

15.    Foundry objects to the Requests to the extent that they seek documents and things outside the relevant time period.

16.    Foundry objects to the Requests to the extent that they seek to define terms and/or characterize the evidence in this matter. To the extent that Foundry adopts any terms used in the Requests, such adoption is specifically limited to these objections and/or responses, or production made pursuant thereto.

17.    Foundry expressly reserves all objections as to relevance, authenticity and/or admissibility of any information disclosed in its objections and/or responses, or production made pursuant thereto.

18.    Nothing herein shall be construed as an admission by Foundry with respect to the admissibility of any characterization contained in the Request. Foundry's willingness to provide documents and things in response to the Request is not a concession that the subject matter of the particular document request is discoverable, relevant to this action, or admissible as evidence.

19.    Foundry's statement that it will produce documents is not a representation that such documents exist, but only that a reasonably diligent search for such documents, notwithstanding any objections and to the extent the request is understood, will take place. If any responsive non-privileged, non-work product documents exist to which no objection has

been made, are found to exist and have not yet been produced, such documents will be produced to Enterasys.

      20.      Foundry objects to Enterasys' definition of the term "Meeting" as overbroad and unduly burdensome.

      21.      Foundry objects to Enterasys' definition of the term "Agreement" as overbroad and unduly burdensome. Foundry objects to the term "Agreement" to the extent it purports to encompass information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

      22.      Foundry objects to Enterasys' definition of the term "Negotiate" as overbroad and unduly burdensome. Foundry objects to the term "Negotiate" to the extent it purports to encompass information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

      23.      Foundry objects to Enterasys' definition of "Foundry" to the extent that Enterasys purports to extend these Requests to cover information outside the possession, custody or control of Foundry Networks, Inc. Foundry further objects to the definition of "Foundry" to the extent that it includes Foundry's attorneys, and, as such, seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable restriction upon discovery.

      24.      Foundry objects to the definition of the term "Damages Period" as overly broad and unduly burdensome. Foundry further object to the these Requests to the extent they seek information and/or documents during the "Damages Period" from June 21, 1999 to the present. Enterasys' claims for damages for Foundry's alleged infringement of the patents in suit are limited to the period Foundry had actual notice of that alleged infringement, in accordance with 35 U.S.C. § 287(a).

25.     Foundry objects to these Requests to the extent they seek information and/or

documents concerning "Foundry Products" from June 21, 1999 to the present. Enterasys' claims

for damages for Foundry's alleged infringement of the patents in suit are limited to the period

Foundry had actual notice of that alleged infringement, in accordance with 35 U.S.C. § 287(a).

26.     Foundry further objects to the term "Foundry Products" as overbroad, rendering

each and every Request in which the term is used unduly burdensome, and as seeking

information not relevant to the issues in this case or reasonably calculated to lead to relevant

and/or admissible evidence.  Until Enterasys identifies the basis for its allegations of

infringement, Foundry cannot fully determine relevance. On that basis, Foundry objects to the

definition of Foundry Products as not relevant or likely to lead to admissible evidence.

27.     Foundry further objects to the term "Foundry Technical Documents" as

overbroad, rendering each and every Request in which the term is used unduly burdensome, and

as seeking information not relevant to the issues in this case or reasonably calculated to lead to

relevant and/or admissible evidence.

28.     Until such time as Enterasys discloses and/or clarifies the nature of the

relationship between any standard listed in Enterasys' discovery requests and the claims asserted

by Enterasys in this litigation, Foundry objects to any discovery referring to such standards as

vague and ambiguous, and as seeking irrelevant evidence not likely to lead to admissible

evidence.

29.     Foundry objects to the term "VLAN" as overbroad, rendering each and every

Request in which the term is used unduly burdensome, and as seeking information not relevant to

the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence.

Foundry further objects to the term "VLAN" as vague and ambiguous.

-7-

30.    Foundry further to the term "Default VLAN" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "Default VLAN" as vague and ambiguous.

31.    Foundry objects to the term "VLAN-ID" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "VLAN-ID" as vague and ambiguous.

32.    Foundry objects to the term "VLAN Tagging" as overbroad, rendering each and every Request in which the term is used unduly burdensome, and as seeking information not relevant to the issues in this case or reasonably calculated to lead to relevant and/or admissible evidence. Foundry further objects to the term "VLAN Tagging" as vague and ambiguous.

33.    Foundry objects to Enterasys' definition of the term "Routing Algorithm" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

34.    Foundry objects to Enterasys' definition of the term "Routing Protocol" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

35.    Foundry objects to Enterasys' definition of the term "Routing Protocol Suite" as overbroad and unduly burdensome. Foundry further objects to this term as vague and ambiguous.

36.    Foundry objects to Enterasys' definition of the term "VLAN Standard Activities" as overbroad and unduly burdensome.

37.    Foundry objects to Enterasys' definition of the term "IGMP Standard Activates" as overbroad and unduly burdensome.

38.    Foundry objects to Enterasys' definition of the term "MPLS Standard Activities" as overbroad and unduly burdensome.

39.     Foundry objects to all requests that are not limited as to time as unduly

burdensome and oppressive. Enterasys did not provide Foundry with notice prior to the filing of

this lawsuit on June 21, 2005. Accordingly, Foundry reserves the right to not produce

documents relating to Foundry products that did not exist prior to June 21, 2005, unless and until

Extreme provides a good faith basis for seeking such documents.

40.     The presence or absence of any general or specific objection does not mean that

Foundry does not object on any other grounds.

The foregoing General Objections are incorporated by reference into the following

responses, as though fully set forth therein, even though not specifically referred to in such

response.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All documents and tangible things in your possession, custody, or control that concern, or

refer or relate to, Enterasys.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Foundry objects to this request to the extent that it seeks information protected by the

attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

-9-

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found produce, non-privileged documents that are relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the Enterasys Patents, or any aspects of their respective prosecution histories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, any of the named inventors of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents that are relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and tangible things in your possession, custody, or control that concern, or refer or relate to, the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Foundry objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Foundry objects to this request to the extent that it seeks information protected by the

attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged documents that refer or relate to

any claim or defense asserted by a party in this case that are relevant to Phase I discovery.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and tangible things in your possession, custody, or control that constitute

Board of Director meeting minutes, or materials provided to any Director, that pertain to

Enterasys, the Enterasys Patents, or the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Foundry objects to the phrases "meeting minutes" "materials provided to any Director,"

and "subject matter of the present action" as vague and ambiguous. Foundry objects to this

request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead

to the discovery of admissible information. By its overbreadth, the Request includes documents

-13-

which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Foundry objects to the phrases "meeting minutes" "materials provided to any Director," and "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications between Foundry on the one hand, and Enterasys, Cabletron, or DEC on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 7:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and Extreme Networks, Inc. on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Foundry objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege, joint defense/common interest privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Foundry objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing

and not reasonably calculated to lead to the discovery of admissible information. By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege, joint defense/common interest privilege

and/or the work product doctrine.

   Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 8:**

   All documents and tangible things in your possession, custody, or control that constitute,

reflect, concern, or refer or relate to any actual or contemplated joint defense agreement between

Foundry and Extreme Networks, Inc. pertaining to the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

   Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Foundry objects to this request to the extent that it seeks information protected by the

attorney-client privilege, joint defense/common interest privilege, and/or the work product

doctrine.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to communications between Foundry on the one hand, and any other person or entity on the other hand, that pertain to Enterasys, the Enterasys Patents, the prosecution histories or inventors of the Enterasys Patents, or the existence or subject matter of the present action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Foundry further objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege, joint defense/common interest privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Foundry further objects to the phrase "subject matter of the present action" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege, joint defense/common interest privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how any of the Foundry Products support, enable, or implement the VLAN Standards, or whether or how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Foundry objects to the phrases "support, enable, or implement" and "can be configured" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features for the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

-19-

relevant information. Foundry objects to this request to the extent that it seeks information

protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Foundry objects to the phrases "support, enable, or implement" and "can be configured"

as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly

burdensome, harassing and not reasonably calculated to lead to the discovery of admissible

information. By its overbreadth, the Request includes documents which are not relevant to any

claim or defense of any party to this litigation, or for which the burden or expense of the

proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features

of Foundry products and the basis for its infringement allegations. Without an identification of

the accused features for the products, Foundry cannot fully assess the relevance of this request,

and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

relevant information. Foundry objects to this request to the extent that it seeks information

protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

-20-

**REQUEST FOR PRODUCTION NO. 11:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that data packet is either determined or not determined to be a Default VLAN port.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Foundry objects to the phrases " handling of, and/or the forwarding or filtering decisions," "any data packet received through," "port based Default VLAN ports," "destination port," and "either determined or not determined" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Foundry objects to the phrases " handling of, and/or the forwarding or filtering decisions," "any data packet received through," "port based Default VLAN ports," "destination port," and "either determined or not determined" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 12:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter or otherwise prevent any data packet received through one of the port based Default VLAN ports

-22-

contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Foundry objects to the phrases "filter or otherwise prevent," "any data packet received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Foundry objects to the phrases "filter or otherwise prevent," "any data packet received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the

-23-

discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data packet received through one of the port based Default VLAN ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Foundry objects to this request as overbroad and unduly burdensome. Foundry further objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "any data packet received through" and "port based Default VLAN ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Foundry objects to this request as overbroad and unduly burdensome. Foundry further objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "any data packet received through" and "port based Default VLAN ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products, including in circumstances where any destination port for that broadcast message is either determined or not determined to be a Default VLAN port.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Foundry further objects to the phrases "any broadcast message received through," "port based Default VLAN ports," and "either determined or not determined" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Foundry further objects to the phrases "any broadcast message received through," "port based Default VLAN ports," and "either determined or not determined" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

-27-

**REQUEST FOR PRODUCTION NO. 15:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard, or otherwise prevent any broadcast message received through one of the port based Default VLAN ports contained in any of the Foundry Products from being transmitted to any destination port associated with a VLAN other than the Default VLAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Foundry objects to the phrases "filter, discard, or otherwise prevent," "any broadcast message received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Foundry objects to the phrases "filter, discard, or otherwise prevent," "any broadcast message received through," "port based Default VLAN ports," "transmitted to any destination port," and "associated with a VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that concern, or refer or relate to, establishing whether or how any of the Foundry Products allow for, or can be configured to allow for, a port based Default VLAN to be formed on a Hub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Foundry objects to the phrase "allow for, or can be configured to allow for" and "port-based VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Foundry objects to the phrase "allow for, or can be configured to allow for" and "port-based VLAN" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an

-30-

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

VLAN-IDs are or can be used in any of the Foundry Products in relation to any port based

VLAN ports, and/or in relation to any data packets received on such ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Foundry objects to the phrases "designation" (in Enterasys' definition of VLAN-IDs),

"port based VLAN ports," and "data packets received " as vague and ambiguous.  Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably

calculated to lead to the discovery of admissible information.  By its overbreadth, the Request

includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations.  Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to

-31-

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Foundry objects to the phrases "designation" (in Enterasys' definition of VLAN-IDs), "port based VLAN ports," and "data packets received " as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

-32-

**REQUEST FOR PRODUCTION NO. 18:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Foundry further objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Foundry further objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast or other data packet received through one of the port based VLAN ports contained in any of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the receiving port.

-34-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.

-35-

Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

### REQUEST FOR PRODUCTION NO. 20:

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

determinations are made as to the source and/or destination of any data packet received through

one of the port based VLAN ports contained in any of the Foundry Products.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Foundry objects to the phrases "handling of, and/or the forwarding and filtering

decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably

calculated to lead to the discovery of admissible information. By its overbreadth, the Request

includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," and "multicast or other data packet received " as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a data packet received through one of the port based VLAN ports contained in any of the Foundry Products in circumstances where the VLAN-ID associated with the source host and/or end station of that packet is determined to be different from the VLAN-ID associated with the destination of that packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," "designation" (in Enterasys' definition of VLAN-ID), "host and/or end-station," and "determined to be different" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

-38-

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Foundry objects to the phrases "handling of, and/or the forwarding and filtering decisions," "designation" (in Enterasys' definition of VLAN-ID), "host and/or end-station," and "determined to be different" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports

contained in any of the Foundry Products is flooded to all other ports assigned with the same

VLAN-ID as the VLAN-ID contained in that tagged packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port,"

"flooded to all other ports," and "designation" (in Enterasys' definition of VLAN-ID), as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port,"

"flooded to all other ports," and "designation" (in Enterasys' definition of VLAN-ID), as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

-40-

its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged multicast packet received through a port other than one of the port based VLAN ports contained in any of the Foundry Products gets untagged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port," and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused

features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Foundry objects to the phrases "tagged multicast packet," "port-based VLAN port," and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how protocol identifiers are or can be assigned to any of the port based VLAN-IDs used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Foundry objects to the phrases "protocol identifiers," "port-based VLAN-IDs," and "designation" (in Enterasys' definition of VLAN-ID), as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Foundry objects to the phrases "protocol identifiers," "port-based VLAN-IDs," and "designation" (in Enterasys' definition of VLAN-ID), as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how VLAN Tagging occurs or may occur in any of the Foundry Products in relation to any data packet received through one of the port based VLAN ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "any data packet received through" and "port based VLAN ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO.25:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "any data packet received through" and "port based VLAN ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 26:

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

any tagged multicast packet received through one of the port based VLAN ports contained in any

of the Foundry Products is flooded to all other ports assigned with the same VLAN-ID as the

VLAN-ID contained in the tagged packet.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Foundry objects to the phrases "tagged multicast packet," "port based VLAN ports,"

"flooded to all other ports" and "designation" (in Enterasys' definition of VLAN-ID), as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Foundry objects to the phrases "tagged multicast packet," "port based VLAN ports,"

"flooded to all other ports" and "designation" (in Enterasys' definition of VLAN-ID), as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products perform VLAN Tagging by replacing a redundant information field contained within a data packet with a VLAN-ID.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "redundant information field" and "designation" (in Enterasys' definition of a VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Foundry objects to the phrases "inserting a field in a packet," (in Enterasys' definition of VLAN Tagging), "redundant information field" and "designation" (in Enterasys' definition of a VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to what VLAN-ID is associated with a particular data packet and/or with the source host and/or end station of that data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Foundry objects to the phrases "determinations," "designation" (in Enterasys' definition of VLAN-ID), and "host and/or end station" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Foundry objects to the phrases "determinations," "designation" (in Enterasys' definition of VLAN-ID), and "host and/or end station" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.

Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how in any of the Foundry Products a determination as to the VLAN-ID associated with the source host of a broadcast, multicast, or destination unknown data packet affects, impacts, or relates to the handling of, and/or the forwarding or filtering decisions made relative to, such a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Foundry objects to the phrases "determination," "designation" (in Enterasys' definition of VLAN-ID), and "broadcast, multicast, or destination unknown data packet" and "affects, impacts, or relates to the handling of, and/the forwarding or filtering decisions made relative to" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of

-51-

the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Foundry objects to the phrases "determination," "designation" (in Enterasys' definition of VLAN-ID), and "broadcast, multicast, or destination unknown data packet" and "affects, impacts, or relates to the handling of, and/or the forwarding or filtering decisions made relative to" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

-52-

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, location, programming interface, or use of any tables or other data structures contained in any of the Foundry Products involved in the mapping of VLAN-IDs to associated hosts, end stations, and/or to associated ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Foundry objects to the phrases "content, nature, population, location, programming interface, or use," " tables or other data structures," "mapping," and "designation" (in Enterasys' definition of VLAN-ID), and "associated hosts, end stations, and/or to associated ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Foundry objects to the phrases "content, nature, population, location, programming

interface, or use," " tables or other data structures," "mapping," and "designation" (in Enterasys'

definition of VLAN-ID), and "associated hosts, end stations, and/or to associated ports" as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

VLAN Tagging occurs or may occur in any of the Foundry Products in relation to broadcast, multicast, or destination unknown data packets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Foundry objects to the phrases "inserting a field in a packet" (in Enterasys' definition of VLAN-Tagging) and " broadcast, multicast, or destination unknown data packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Foundry objects to the phrases "inserting a field in a packet" (in Enterasys' definition of VLAN-Tagging) and " broadcast, multicast, or destination unknown data packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any tagged broadcast, multicast, or destination unknown data packet in any of the Foundry Products gets untagged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Foundry objects to the phrases "broadcast, multicast, or destination unknown data packets" and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused

features of Foundry products and the basis for its infringement allegations. Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Foundry objects to the phrases "broadcast, multicast, or destination unknown data

packets" and "untagged" as vague and ambiguous. Foundry objects to this request as it is overly

broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of

admissible information. By its overbreadth, the Request includes documents which are not

relevant to any claim or defense of any party to this litigation, or for which the burden or expense

of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused

features of Foundry products and the basis for its infringement allegations. Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to efforts to filter, discard,

or otherwise prevent transmission of any broadcast, multicast, or destination unknown packet

received in any of the Foundry Products in circumstances where none of its potential destination

ports are determined to be associated with the same VLAN-ID that is associated with its source

host and/or end station.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Foundry objects to the phrases "filter, discard, or otherwise prevent transmission,"

"broadcast, multicast, or destination unknown packet received," "potential destination ports are

determined to be associated," and "designation" (in Enterasys' definition of VLAN-ID), and

"associated with its source host and/or end station" as vague and ambiguous. Plaintiff has not

identified the accused features of Foundry products and the basis for its infringement allegations.

Without an identification of the accused features of the products, Foundry cannot fully assess the

relevance of this request, and on that basis, objects to the request as irrelevant and not likely to

lead to admissible and/or relevant information. Foundry objects to this request as it is overly

broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of

admissible information. By its overbreadth, the Request includes documents which are not

relevant to any claim or defense of any party to this litigation, or for which the burden or expense

of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the

extent that it seeks information protected by the attorney-client privilege and/or the work product

doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Foundry objects to the phrases "filter, discard, or otherwise prevent transmission," "broadcast, multicast, or destination unknown packet received," "potential destination ports are determined to be associated," and "designation" (in Enterasys' definition of VLAN-ID), and "associated with its source host and/or end station" as vague and ambiguous. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

-59-

**REQUEST FOR PRODUCTION NO. 34:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, a broadcast, multicast, or destination unknown data packet in any of the Foundry Products in circumstances where that packet is of a protocol not supported by the switch that receives it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Foundry objects to the phrases "filter handling of, and/or the forwarding or filtering decisions made relative to," " broadcast, multicast, or destination unknown data packet," and "packet is of a protocol not supported by the switch that receives it" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Foundry objects to the phrases "filter handling of, and/or the forwarding or filtering decisions made relative to," " broadcast, multicast, or destination unknown data packet," and "packet is of a protocol not supported by the switch that receives it" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products are or can be used in conjunction with a logical multicast channel formed by physical links for carrying multicast traffic that establish point-to-point connections between switches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Foundry objects to the phrases "logical multicast channel formed by physical links," and "carrying multicast traffic that establish point-to-point connections between switches" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Foundry objects to the phrases "logical multicast channel formed by physical links," and "carrying multicast traffic that establish point-to-point connections between switches" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying or explaining the criteria or bases on which VLAN-IDs are assigned in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Foundry objects to the phrases "to identifying or explaining the criteria or bases," and "designate" (in Enterasys' definition of VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot

-63-

fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Foundry objects to the phrases "to identifying or explaining the criteria or bases," and "designate" (in Enterasys' definition of VLAN-ID) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products maintain status tables or other status data structures reflecting whether ports associated with a particular VLAN are in a state of enablement or disablement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Foundry objects to the phrases "maintain status tables or other status data structures," "ports associated with a particular VLAN" and "state of enablement or disablement" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Foundry objects to the phrases "maintain status tables or other status data structures," "ports associated with a particular VLAN" and "state of enablement or disablement" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Simple Network Management Protocol ("SNMP") messages to maintain any VLAN mapping tables or other mapping data structures.

-66-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Foundry objects to the phrase "maintain any VLAN mapping tables or other mapping data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Foundry objects to the phrase "maintain any VLAN mapping tables or other mapping data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and tangible things in your possession, custody, or control that reflect, concern, or refer or relate to establishing whether or how any of the Foundry Products support, enable, or implement the IGMP Standards, or whether or how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Foundry objects to the phrase "enable, or implement the IGMP Standards" and "configured to do so" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Foundry objects to the phrase "enable, or implement the IGMP Standards" and "configured to do so" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

determinations are made in any of the Foundry Products as to whether a received packet is a Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Foundry objects to the phrases "determinations are made" and "received packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Foundry objects to the phrases "determinations are made" and "received packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

-70-

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

 Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 41:**

 All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

determinations are made in any of the Foundry Products as to the intended destination for any

received Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

 Foundry objects to the phrases "determinations are made" and "intended destination" as

vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Foundry objects to the phrases "determinations are made" and "intended destination" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use Multicast Control Packets to identify or determine the multicast group memberships of any hosts, end stations, and/or ports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Foundry objects to the phrases "to identify or determine the multicast group memberships" and "hosts, end stations, and/or ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Foundry objects to the phrases "to identify or determine the multicast group memberships" and "hosts, end stations, and/or ports" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the content, nature, population, programming interface, or use of any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Foundry objects to the phrases "the content, nature, population, programming interface, or use" and "multicast forwarding tables or other multicast forwarding data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Foundry objects to the phrases "the content, nature, population, programming interface, or use" and "multicast forwarding tables or other multicast forwarding data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

any of the Foundry Products use information learned or determined from received Multicast

Control Packets to populate, de-populate, and/or update any multicast forwarding tables or other

multicast forwarding data structures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Foundry objects to the phrases "use information learned or determined from received

Multicast Control Packets," "populate, de-populate, and/or update," and "multicast forwarding

tables or other multicast forwarding data structures" as vague and ambiguous. Foundry objects

to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated

to lead to the discovery of admissible information. By its overbreadth, the Request includes

documents which are not relevant to any claim or defense of any party to this litigation, or for

which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff

has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Foundry objects to the phrases "use information learned or determined from received Multicast Control Packets," "populate, de-populate, and/or update," and "multicast forwarding tables or other multicast forwarding data structures" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 45:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the port on which a Multicast Control Packet is received with any identified multicast group, and/or with any host and/or end station that is a member of such a group.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Foundry objects to the phrases "multicast forwarding tables or other multicast forwarding data structures," "correlate, cross-reference, or associate the port on which a Multicast Control Packet is received," and "identified multicast group, and/or with any host and/or end station that is a member of such a group" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Foundry objects to the phrases "multicast forwarding tables or other multicast forwarding

data structures," "correlate, cross-reference, or associate the port on which a Multicast Control

Packet is received," and "identified multicast group, and/or with any host and/or end station that

is a member of such a group" as vague and ambiguous.  Foundry objects to this request as it is

overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the

discovery of admissible information.  By its overbreadth, the Request includes documents which

are not relevant to any claim or defense of any party to this litigation, or for which the burden or

expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the

accused features of Foundry products and the basis for its infringement allegations.  Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to the source host and/or end station of any received Multicast Control Packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Foundry objects to the phrases "determinations are made," and "source host and/or end station of any received Multicast Control Packet," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Foundry objects to the phrases "determinations are made," and "source host and/or end station of any received Multicast Control Packet," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products correlate, cross-reference, or associate the source host and/or end station of any received Multicast Control Packet with any identified multicast group, and/or with any port associated with such a group.

-81-

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "correlate, cross-reference, or associate," "source host and/or end station of any received Multicast Control Packet" and "identified multicast group, and/or with any port associated with such a group," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "correlate, cross-reference, or associate," "source host and/or end station of any received Multicast Control Packet" and "identified multicast group, and/or with any port associated with such a group," as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the

discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how determinations are made in any of the Foundry Products as to whether a received data packet has a multicast group as a destination address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Foundry objects to the phrases "determinations are made," and "received data packet has a multicast group as a destination address" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not

identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Foundry objects to the phrases "determinations are made," and "received data packet has a multicast group as a destination address" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

## REQUEST FOR PRODUCTION NO. 49:

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any of the Foundry Products use data contained in any multicast forwarding tables or other multicast forwarding data structures to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet that has a multicast group as a destination address.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet," and "multicast group as a destination address" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Foundry objects to the phrases "any multicast forwarding tables or other multicast forwarding data structures," "to make determinations as to the handling of, and/or the forwarding or filtering of, any received data packet," and "multicast group as a destination address" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet with a multicast group destination address in circumstances where any multicast forwarding tables or other multicast forwarding data structures contained in any of the Foundry Products lack any data associated with that multicast group.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative to," "multicast group destination address," "multicast forwarding tables or other multicast forwarding data structures" and "any data associated with that multicast group" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative to," "multicast group destination address," "multicast forwarding tables or other multicast forwarding data structures" and "any data associated with that multicast group" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how the enablement or disablement of IGMP features in any of the Foundry Products affects whether

received data packets with multicast group destination addresses will be flooded within a VLAN or on a network-wide basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Foundry objects to the phrases "or disablement of IGMP features," "received data packets with multicast group destination addresses," and "will be flooded" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Foundry objects to the phrases "or disablement of IGMP features," "received data packets with multicast group destination addresses," and "will be flooded" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how a Second Internal Header is applied to any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Foundry objects to the phrases "or disablement of IGMP features," "received data packets with multicast group destination addresses," and "will be flooded" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Foundry objects to the phrases "or disablement of IGMP features," "received data packets with multicast group destination addresses," and "will be flooded" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the content of any Second Internal Header that gets applied to any data packet in any of the Foundry Products including, but not limited to, a specific identification of the types of information and/or fields that are contained in any such Second Internal Header.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Foundry objects to the phrases "identifying the content of any Second Internal Header," and "specific identification of the types of information and/or fields" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Foundry objects to the phrases "identifying the content of any Second Internal Header," and "specific identification of the types of information and/or fields" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets applied to

any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Foundry objects to the phrases "identifying the physical location," and "Second Internal Header gets applied to any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Foundry objects to the phrases "identifying the physical location," and "Second Internal Header gets applied to any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the

burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any local source and/or destination addresses contained in any Second Internal Header applied to any data packet in any of the Foundry Products are translated or derived from the unique source and/or destination addresses contained in the First Header of any such packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Foundry objects to the phrases "Second Internal Header applied to any data packet," and "or derived from the unique source and/or destination addresses contained in the First Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Foundry objects to the phrases "Second Internal Header applied to any data packet," and "or derived from the unique source and/or destination addresses contained in the First Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the handling of, and/or the forwarding or filtering decisions made relative to, any data packet in any of the Foundry Products based upon the content of its Second Internal Header.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative," and "content of its Second Internal Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Foundry objects to the phrases "handling of, and/or the forwarding or filtering decisions made relative," and "content of its Second Internal Header" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how a Second Internal Header get removed from any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Foundry objects to the phrase "Second Internal Header get removed from any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Foundry objects to the phrase "Second Internal Header get removed from any data packet" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 58:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying the physical location within any of the Foundry Products where any Second Internal Header gets removed from any data packet including, but not limited to, a specific identification of any chips within which such a process occurs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Foundry objects to the phrase "Second Internal Header gets removed from any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Foundry objects to the phrase "Second Internal Header gets removed from any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains link numbers which serve to locally identify or name any network segments or links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Foundry objects to the phrases "any Second Internal Header applied to any data packet" and "locally identify or name any network segments or links" as vague and ambiguous. Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Foundry objects to the phrases "any Second Internal Header applied to any data packet" and "locally identify or name any network segments or links" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

-102-

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) sufficient to identify the number of binary digits (i.e., bits) that

comprise any local source and/or destination addresses contained in any Second Internal Header

applied to any data packet in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Foundry objects to the phrases "any local source and/or destination addresses" and

"Second Internal Header applied to any data packet" as vague and ambiguous. Foundry objects

to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated

to lead to the discovery of admissible information. By its overbreadth, the Request includes

documents which are not relevant to any claim or defense of any party to this litigation, or for

which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff

has not identified the accused features of Foundry products and the basis for its infringement

allegations. Without an identification of the accused features of the products, Foundry cannot

fully assess the relevance of this request, and on that basis, objects to the request as irrelevant

and not likely to lead to admissible and/or relevant information. Foundry objects to this request

to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Foundry objects to the phrases "any local source and/or destination addresses" and "Second Internal Header applied to any data packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to establish whether any of the Foundry Products are capable of handling Fiber Distributed Data Interface ("FDDI") links.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Foundry objects to the phrases "capable of handling" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Foundry objects to the phrases "capable of handling" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request

includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that specify a service class or queue number for that data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a service class or queue number" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a service class or queue number" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that specify a protocol class for that data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a protocol class" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that specify a protocol class" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 64:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Second Internal Header applied to any data packet in any of the Foundry Products contains a field or fields that indicate the status of local network congestion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that indicate the status of local network congestion" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that indicate the status of local network congestion" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 65:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to establishing whether or

how any of the Foundry Products support, enable, or implement the MPLS Standards, or whether

or how they can be configured to do so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and

"field or fields that indicate the status of local network congestion" as vague and ambiguous.

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not

reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Foundry objects to the phrases "Second Internal Header applied to any data packet" and "field or fields that indicate the status of local network congestion" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 66:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Algorithm employed by any of the Foundry Products can be used to calculate packet routes for all received packets regardless of the multiple different Routing Protocol Suites to which such packets may conform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Foundry objects to the phrase "calculate packet routes for all received packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Foundry objects to the phrase "calculate packet routes for all received packets" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Algorithm employed by any of the Foundry Products can be used to calculate packet routes for all received packets without the need to convert the destination address of any packet to an addressing convention associated with a Routing Protocol Suite different from the one to which that packet conforms.

-114-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Foundry objects to the phrases "calculate packet routes for all received packets" and "without the need to convert the destination address of any packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Foundry objects to the phrases "calculate packet routes for all received packets" and "without the need to convert the destination address of any packet" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and tangible things in your possession, custody, or control (including

Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how

any Routing Algorithm employed by any of the Foundry Products that supports multiple Routing

Protocols can make use of information contained in any Link State Packets in performing its

calculations of packet routes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Foundry objects to the phrases "can make use of information contained in any Link State

Packets in performing its calculations of packet routes" and "control packet" (in Enterasys'

definition of Link State Packet) as vague and ambiguous. Foundry objects to this request as it is

overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the

discovery of admissible information. By its overbreadth, the Request includes documents which

are not relevant to any claim or defense of any party to this litigation, or for which the burden or

expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the

accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Foundry objects to the phrases "can make use of information contained in any Link State Packets in performing its calculations of packet routes" and "control packet" (in Enterasys' definition of Link State Packet) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

-117-

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to perform an MPLS Encapsulation on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Foundry objects to the phrases "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Foundry objects to the phrases "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, where, or how determinations are made in any of the Foundry Products to remove a data packet from an MPLS Encapsulation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Foundry objects to the phrase "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Foundry objects to the phrase "determinations are made" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to how it is determined in any of the Foundry Products which Routing Protocol to use when performing an MPLS Encapsulation on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused

-121-

features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to identifying which Routing Protocol Suites any of the Foundry Products are capable of supporting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Foundry objects to the phrase "how it is determined" and "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Protocol can be used in any of the Foundry Products to determine if an MPLS Encapsulation should be performed on a data packet.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Foundry objects to the phrase "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Foundry objects to the phrase "data area associated with a new and additional header" (in Enterasys' definition of MPLS Encapsulation) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.

Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how any Routing Protocol can be used in any of the Foundry Products to determine multiple routes along which a data packet can be sent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Foundry objects to the phrase "determine multiple routes along which a data packet can be sent" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

-126-

relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Foundry objects to the phrase "determine multiple routes along which a data packet can be sent" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 75:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to the functionality, architecture, and/or configurability of Foundry's IronWare MPLS Software and PROM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Foundry objects to the phrase "functionality, architecture, and/or configurability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Foundry objects to the phrase "functionality, architecture, and/or configurability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 76:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify by name and model number the chips and/or chipsets used in each of the Foundry Products including, but not limited to, a specific identification of the chips that perform switching and/or routing functions such as packet classification, filtering, encapsulation, and/or forwarding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Foundry objects to the phrase "switching and/or routing functions such as packet classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.
Plaintiff has not identified the accused features of Foundry products and the basis for its
infringement allegations. Without an identification of the accused features of the products,
Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request
as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to
this request to the extent that it seeks information protected by the attorney-client privilege
and/or the work product doctrine.

       Subject to and without waiver of these Preliminary Statement and General Objections set
forth above which are incorporated herein by reference, Foundry responds as follows: Foundry
will search for, and if found, produce relevant, non-privileged, non-confidential documents since
June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

       Foundry objects to the phrase "switching and/or routing functions such as packet
classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous. Foundry
objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably
calculated to lead to the discovery of admissible information. By its overbreadth, the Request
includes documents which are not relevant to any claim or defense of any party to this litigation,
or for which the burden or expense of the proposed discovery outweighs the likely benefit.
Plaintiff has not identified the accused features of Foundry products and the basis for its
infringement allegations. Without an identification of the accused features of the products,
Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request
as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to
this request to the extent that it seeks information protected by the attorney-client privilege
and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 77:**

All documents and tangible things in your possession, custody, or control that constitute functional, hardware, and/or architectural specifications for any of the chips that perform switching and/or routing functions in any of the Foundry Products such as packet classification, filtering, encapsulation, and/or forwarding.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Foundry objects to the phrases "functional, hardware, and/or architectural specifications" and "packet classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Foundry objects to the phrases "functional, hardware, and/or architectural specifications" and "packet classification, filtering, encapsulation, and/or forwarding" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to any comparisons or contrasts drawn between the functionality, architectures, and/or configurability of Foundry's IronCore, JetCore, and/or Terathon chipsets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Foundry objects to the phrase "comparisons or contrasts drawn between the functionality, architectures, and/or configurability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Foundry objects to the phrase "comparisons or contrasts drawn between the functionality, architectures, and/or configurability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an

-133-

identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 79:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect the architecture and/or functional design of any of the chips and/or chipsets used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Foundry objects to the phrase "architecture and/or functional design" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

-134-

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Foundry objects to the phrase "architecture and/or functional design" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any indemnifications that Foundry has been provided by any supplier of chips used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Foundry objects to the phrase "any indemnifications" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Foundry objects to the phrase "any indemnifications" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any non-disclosure agreements that Foundry has entered into with any supplier of chips used in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Foundry objects to the phrase "non-disclosure agreements" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent it requires the disclosure of confidential and/or proprietary information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Foundry objects to the phrase "non-disclosure agreements" and "any supplier of chips" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged documents pertaining to Foundry products that Enterasys has accused that are responsive to this Request and relevant to Phase I discovery.

**REQUEST FOR PRODUCTION NO. 82:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify by name and version number the operating system software that has run in each of the Foundry Products at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Foundry objects to the phrase "operating system software" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Foundry objects to the phrase "operating system software" as vague and ambiguous.

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not

reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 83:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify where within each of the Foundry Products its operating system software physically resides.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Foundry objects to the phrase "operating system software physically resides" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Foundry objects to the phrase "operating system software physically resides" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 84:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) sufficient to identify what memory devices are contained in each of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Foundry objects to the phrase "memory devices are contained" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Foundry objects to the phrase "memory devices are contained" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 85:**

All documents and tangible things in your possession, custody, or control (including Foundry Technical Documents) that reflect, concern, or refer or relate to whether, when, or how Foundry's network management software -- including its IronView Network Management software – can be used to configure VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Foundry objects to the phrase "configure VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

-143-

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Foundry objects to the phrase "configure VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 86:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any constructions or interpretations of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Foundry objects to the phrase "constructions or interpretations" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this Request on the grounds that it is premature.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Foundry objects to the phrase "constructions or interpretations" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine. Foundry further objects to this Request on the grounds that it is premature.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 87:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of your officers, directors, employees, or consultants concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Foundry objects to the phrases "communications, statements, or opinions of your officers, directors, employees, or consultants" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request,

and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

relevant information. Foundry further objects to this request on the grounds that it is premature,

as the court has bifurcated discovery on these issues until a later date. Foundry objects to this

request to the extent it requires the disclosure of confidential and/or proprietary information.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Foundry objects to the phrases "communications, statements, or opinions of your officers,

directors, employees, or consultants" and "actual or potential infringement or non-infringement;

validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably

calculated to lead to the discovery of admissible information. By its overbreadth, the Request

includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Foundry objects to this request to the extent that it seeks information protected by the attorney-

client privilege and/or the work product doctrine. Plaintiff has not identified the accused features

of Foundry products and the basis for its infringement allegations. Without an identification of

the accused features of the products, Foundry cannot fully assess the relevance of this request,

and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or

relevant information. Foundry further objects to this request on the grounds that it is premature,

as the court has bifurcated discovery on these issues until a later date.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 88:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any communications, statements, or opinions of any third parties concerning the actual or potential infringement or non-infringement, validity or invalidity; or enforceability or unenforceability of any claim(s) of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Foundry objects to the phrases "communications, statements, or opinions any third parties" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this request on the grounds that it is premature as the Court has bifurcated discovery on these issues until a later date.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Foundry objects to the phrases "communications, statements, or opinions any third parties" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it

is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry further objects to this request on the grounds that it is premature as the Court has bifurcated discovery on these issues until a later date.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 89:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any legal opinion (including opinion letters or memoranda) concerning the actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability of any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Foundry objects to the phrases "legal opinion" and "actual or potential infringement or non-infringement; validity or invalidity; or enforceability or unenforceability" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing

and not reasonably calculated to lead to the discovery of admissible information. By its

overbreadth, the Request includes documents which are not relevant to any claim or defense of

any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine. Foundry further objects to this

request on the grounds that it is premature because the Court has bifurcated discovery on these

issues until a later date.

## REQUEST FOR PRODUCTION NO. 90:

All documents and tangible things in your possession, custody, or control that constitute,

reflect, concern, or refer or relate to comparisons or contrasts drawn between the VLAN

Standards, the IGMP Standards, or the MPLS Standards on the one hand, and the scope of any

claim(s) of any of the Enterasys Patents on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Foundry objects to the phrase "comparisons or contrasts drawn" as vague and ambiguous.

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not

reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the

Request includes documents which are not relevant to any claim or defense of any party to this

litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Foundry objects to the phrase "comparisons or contrasts drawn" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 91:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to claim constructions that Foundry has served or filed in any other patent infringement litigations to which it has been a party that involve patents covering networking-related devices or methods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Foundry objects to the phrases "litigations" and "networking-related devices or methods" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 92:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any inventive activity, public knowledge or use, patent, printed publication, or other prior art reference that you contend invalidates -- whether standing alone or in combination with any other reference -- any claim(s) of any of the Enterasys Patents within the meaning of 35 U.S.C. §§ 102 or 103.

-152-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Foundry objects to the phrase "inventive activity, public knowledge or use, patent,
printed publication" as vague and ambiguous.  Foundry objects to this request as it is overly
broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of
admissible information.  By its overbreadth, the Request includes documents which are not
relevant to any claim or defense of any party to this litigation, or for which the burden or expense
of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused
features of Foundry products and the basis for its infringement allegations.  Without an
identification of the accused features of the products, Foundry cannot fully assess the relevance
of this request, and on that basis, objects to the request as irrelevant and not likely to lead to
admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks
information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set
forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry
will search for, and if found, produce relevant, non-privileged, non-confidential documents since
June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Foundry objects to the phrase "inventive activity, public knowledge or use, patent,
printed publication" as vague and ambiguous.  Foundry objects to this request as it is overly
broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of
admissible information.  By its overbreadth, the Request includes documents which are not
relevant to any claim or defense of any party to this litigation, or for which the burden or expense
of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused
features of Foundry products and the basis for its infringement allegations.  Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 93:**

All documents and tangible things in your possession, custody, or control that constitute,

reflect, concern, or refer or relate to any patentability or state of the art search, literature search,

patentability or state of the art opinion, validity search, validity opinion, enforceability opinion,

and/or infringement opinion related to the alleged inventions described in the Enterasys Patents

or any counterparts or continuations thereof, including, but not limited to, all search reports and

opinions, and all patents, publications, and other references identified in such searches and

opinions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Foundry objects to the phrase "patentability or state of the art search, literature search,

patentability or state of the art opinion, validity search, validity opinion, enforceability opinion,

and/or infringement opinion" and "alleged invention" as vague and ambiguous. Foundry objects

to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated

to lead to the discovery of admissible information. By its overbreadth, the Request includes

documents which are not relevant to any claim or defense of any party to this litigation, or for

which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff

has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. To the extent that this request seeks opinions of counsel, this request is premature, as the Court has bifurcated discovery on that issue until a later date.

**REQUEST FOR PRODUCTION NO. 94:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to references cited by or to the USPTO or any foreign patent office during the prosecution of any of the Enterasys Patents or any counterparts or continuations thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 95:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any secondary consideration of non-obviousness (including, but not limited to, commercial success, long felt need, and industry acquiescence) of the subject matter of any claim(s) of any of the Enterasys Patents.

-156-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Foundry objects to the phrase "secondary consideration of non-obviousness" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Foundry objects to the phrase "secondary consideration of non-obviousness" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 96:**

All documents and tangible things in your possession, custody, or control upon which Defendant intends to rely to establish the level of ordinary skill in the art to which any of the Enterasys Patents pertain.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Foundry objects to the phrase "level of ordinary skill in the art to which any of the Enterasys Patents pertain" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Foundry objects to the phrase "level of ordinary skill in the art to which any of the Enterasys Patents pertain" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 97:**

All documents and tangible things in your possession, custody, or control sufficient to establish when and how Foundry first became aware of the existence of each of the Enterasys Patents.

-159-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 98:**

All documents and tangible things in your possession, custody, or control that constitute any unpublished patent applications assigned to Foundry, and/or portions of their prosecution histories, that reference or cite to any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Foundry objects to the phrase "unpublished patent applications" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST FOR PRODUCTION NO. 99:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any explanations, instructions, directions, or training that Foundry has provided or made available to any of its customers pertaining to how to install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Foundry objects to the phrase "explanations, instructions, directions, or training" and "install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Foundry objects to the phrase "explanations, instructions, directions, or training" and "install, use, configure, and/or repair any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 100:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any information known to Foundry concerning how in practice any of its customers have used or configured any of the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry Products that such customers have purchased or licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Foundry objects to the phrase "any information known to Foundry" and "or configured any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Foundry objects to the phrase "any information known to Foundry" and "or configured any of the VLAN, IGMP snooping, and/or MPLS features" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 101:**

All documents and tangible things in your possession, custody, or control that constitute

or reflect indemnifications provided by Foundry to any of its customers against potential patent

infringement claims brought by third parties targeting the use of any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Foundry objects to the phrase "that constitute or reflect indemnifications" and "against

potential patent infringement claims brought by third parties" as vague and ambiguous. Foundry

objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably

calculated to lead to the discovery of admissible information. By its overbreadth, the Request

includes documents which are not relevant to any claim or defense of any party to this litigation,

or for which the burden or expense of the proposed discovery outweighs the likely benefit.

Foundry objects to this request to the extent that it seeks information protected by the attorney-

client privilege and/or the work product doctrine. Plaintiff has not identified the accused features

of Foundry products and the basis for its infringement allegations. Without an identification of

the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

**REQUEST FOR PRODUCTION NO. 102:**

All documents and tangible things in your possession, custody, or control sufficient to identify each of Foundry's customers and which of the Foundry Products that each such customer has purchased or licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 103:**

All documents and tangible things in your possession, custody, or control sufficient to identify the first date of sale (and if applicable the last date of sale) of each of the Foundry Products that have been sold or licensed at any or all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Foundry objects to the phrase "the first date of sale (and if applicable the last date of sale)" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible

information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 104:**

All documents and tangible things in your possession, custody, or control that constitute or reflect any standard or extended hardware warranties and/or software warranties that Foundry has provided to its customers that cover any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Foundry objects to the phrase "standard or extended" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.  Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and tangible things in your possession, custody, or control that constitute any standard or extended service contracts that Foundry has provided to its customers that cover any of the Foundry Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Foundry objects to the phrase "standard or extended service contracts" as vague and ambiguous.  Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine. Foundry objects to this request as premature as it seeks documents related to damages that have been portioned to Phase II of discovery.

**REQUEST FOR PRODUCTION NO. 106:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any tests or customer demonstrations undertaken by Foundry

in which the VLAN, IGMP snooping, and/or MPLS features contained in any of the Foundry

Products have been used within a network environment.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Foundry objects to the phrases "tests or customer demonstrations," "features," and

"network environment" as vague and ambiguous.  Foundry objects to this request as it is overly

broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of

admissible information.  By its overbreadth, the Request includes documents which are not

relevant to any claim or defense of any party to this litigation, or for which the burden or expense

of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused

features of Foundry products and the basis for its infringement allegations.  Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since

June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Foundry objects to the phrases "tests or customer demonstrations," "features," and

"network environment" as vague and ambiguous.  Foundry objects to this request as it is overly

broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of

admissible information.  By its overbreadth, the Request includes documents which are not

relevant to any claim or defense of any party to this litigation, or for which the burden or expense

of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused

features of Foundry products and the basis for its infringement allegations. Without an

identification of the accused features of the products, Foundry cannot fully assess the relevance

of this request, and on that basis, objects to the request as irrelevant and not likely to lead to

admissible and/or relevant information. Foundry objects to this request to the extent that it seeks

information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and tangible things in your possession, custody, or control sufficient to

identify which of the Foundry Products that Foundry itself has used in the networks employed at

any of its own facilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Foundry objects to the phrases "networks employed at any of its own facilities" as vague

and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome,

harassing and not reasonably calculated to lead to the discovery of admissible information. By

its overbreadth, the Request includes documents which are not relevant to any claim or defense

of any party to this litigation, or for which the burden or expense of the proposed discovery

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Foundry objects to the phrases "networks employed at any of its own facilities" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any VLAN Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the VLAN Standards" (in Enterasys' definition of VLAN Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the VLAN Standards" (in Enterasys' definition of

VLAN Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any IGMP Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the IGMP Standards" (in Enterasys' definition of IGMP Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which

are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the IGMP Standards" (in Enterasys' definition of IGMP Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any MPLS Standards Activities undertaken by representatives of DEC, Cabletron, Enterasys, or Foundry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the MPLS Standards" (in Enterasys' definition of MPLS Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Foundry objects to the phrases "activities undertaken in connection with the development, approval and/or issuance of the MPLS Standards" (in Enterasys' definition of MPLS Standards Activities) as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to any actual or potential efforts to design-around any claim(s) of any of the Enterasys Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Foundry objects to the phrases "design-around any claim(s)" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Foundry objects to the phrases "design-around any claim(s)" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and tangible things in your possession, custody, or control that constitute insurance policies that actually or potentially provide coverage to Foundry for any of the liabilities, costs, or expenses arising from this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Foundry objects to the phrases "insurance policies that actually or potentially provide coverage" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

-178-

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Foundry objects to the phrases "insurance policies that actually or potentially provide coverage" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, or refer or relate to Foundry's policies or practices with respect to the retention,

destruction, and/or disposition of documents and tangible things (including electronic data) at any time during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Foundry objects to the phrases "Foundry's policies or practices" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Foundry objects to the phrases "Foundry's policies or practices" as vague and ambiguous. Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery

-180-

outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry

products and the basis for its infringement allegations. Without an identification of the accused

features of the products, Foundry cannot fully assess the relevance of this request, and on that

basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant

information. Foundry objects to this request to the extent that it seeks information protected by

the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and tangible things in your possession, custody, or control that constitute

organizational charts or other documents from which it is possible to ascertain the identities,

titles, and reporting relationships of all officers, directors, and engineering employees of Foundry

at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 115:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that one or more claims of the Enterasys Patents are invalid.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit.  Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations.  Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.  Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows:  Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information.  By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is stopped

from asserting certain of its claim constructions in this action as the result of any disclaimers or

surrenders of subject matter made by the patentees when prosecuting any of the Enterasys

Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 116:

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

-185-

**REQUEST FOR PRODUCTION NO. 117:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred from asserting infringement of one or more claims of the Enterasys Patents as the result of the patentees having committed prosecution laches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to

this request to the extent that it seeks information protected by the attorney-client privilege

and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set

forth above which are incorporated herein by reference, Foundry responds as follows: Foundry

will search for, and if found, produce non-privileged documents relevant to Phase I discovery

from which information requested by this request may be obtained.

### REQUEST FOR PRODUCTION NO. 118:

All documents and tangible things in your possession, custody, or control relevant to

proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred

from asserting infringement of one or more claims of the Enterasys Patents as the result of

having unclean hands.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 119:

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and

not reasonably calculated to lead to the discovery of admissible information. By its overbreadth,

the Request includes documents which are not relevant to any claim or defense of any party to

this litigation, or for which the burden or expense of the proposed discovery outweighs the likely

benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its

infringement allegations. Without an identification of the accused features of the products,

Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request

as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 119:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Enterasys is barred from asserting infringement of one or more claims of the Enterasys Patents pursuant to the principles of waiver and/or equitable estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

**REQUEST FOR PRODUCTION NO. 120:**

All documents and tangible things in your possession, custody, or control relevant to proving or disproving the affirmative defense asserted in your Answer that Foundry cannot be liable for infringement under 35 U.S.C. §§ 271(b) or (c) on grounds that some or all of the Foundry Products are capable of substantial non-infringing uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of these Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce relevant, non-privileged, non-confidential documents since June 2005 to present from which information requested by this request may be obtained.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Foundry objects to this request as it is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible information. By its overbreadth, the Request includes documents which are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Plaintiff has not identified the accused features of Foundry products and the basis for its infringement allegations. Without an identification of the accused features of the products, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information. Foundry objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the Preliminary Statement and General Objections set forth above which are incorporated herein by reference, Foundry responds as follows: Foundry will search for, and if found, produce non-privileged documents relevant to Phase I discovery from which information requested by this request may be obtained.

Dated: May 24, 2006

DEFENDANT FOUNDRY NETWORKS, INC.

By Their Attorneys,


*Sanjeet Dutta*
_____
Steven M. Bauer
Jeremy P. Oczek
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

William L. Anthony, Jr.
I. Neel Chatterjee
Michael F. Heafey
Sanjeet K. Dutta
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

## CERTIFICATE OF SERVICE

    I, Rita Hernandez, hereby certify that on May 24, 2006, I caused the attached Foundry Networks, Inc.'s Supplemental Responses and Objections to Plaintiff Enterasys Networks, Inc.'s First Set of Requests For Production of Documents (Nos. 1-120) to be served upon counsel of record for Enterasys Networks, Inc. as follows in accordance with the service agreement among the parties:

***Via First Class Mail and E-Mail:***

Christopher P. Sullivan, Esq.
Marc N. Henschke, Esq.
Alan E. McKenna, Esq.
Jeremy C. McDiarmid, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA  02199
E-mail:  cpsullivan@rkmc.com
E-mail:  mnhenschke@rkmc.com
E-mail:  aemckenna@rkmc.com
E-mail:  jcmcdiarmid@rkmc.com

_____
Rita Hernandez

US_WEST:260023727.2

**Exhibit 5**

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

May 1, 2006

*VIA E-MAIL (PDF ATTACHMENT)*

Jeremy P. Oczek, Esq.
Proskauer Rose, LLP
One International Place
Boston, MA 02110

Re: *Enterasys Networks v. Foundry Networks and Extreme Networks*
  *Civ. Act. No. 05-11298-DPW (D. Mass)*
  **Our File No.:  070610.0001**

Dear Jeremy:

Set forth below are what we view as the principal problems and deficiencies with the responses to Enterasys' first set of document requests that were served by Foundry on April 3, 2006. We request an immediate telephonic meet-and-confer in the hope that the parties can successfully resolve these issues without the need for judicial intervention. Please be advised, however, that in the event that these issues cannot be satisfactorily resolved, Enterasys will be left with no choice but to file a motion to compel with the Court.

### Deficiencies Relating To Foundry's General Responses

The following are problems and deficiencies that generally apply to most or all of Foundry's responses to Enterasys' first set of document requests.

First, in every response in which Foundry has agreed to produce documents, Foundry states that it will produce only those document that it deems to be "relevant," as opposed to producing the totality of *responsive* documents. In this regard, Enterasys has no way of knowing what unilateral and subjective determinations Foundry may be making about what it considers as "relevant." Accordingly, please describe in detail every instance in which Foundry is withholding otherwise responsive documents on grounds of their purported irrelevance, or alternatively confirm in writing that there are in fact no responsive documents being withheld by Foundry on this basis.

Second, throughout its responses, Foundry states that it will produce responsive documents only to the extent that they are "non-confidential" in nature. As you are doubtless aware, the parties are currently negotiating a Stipulated Protective Order Regarding The Treatment Of Confidential Information that will soon be filed with the Court. Please confirm in writing that upon the Court's entry of any such Protective Order, Foundry will *sua sponte* withdraw all of its confidentiality objections without the need for Enterasys to take any further action, and that thereafter Foundry will no longer continue to withhold any responsive documents on the basis of these confidentiality objections.

Jeremy P. Oczek, Esq.
May 1, 2006
Page 2

Third, please confirm in writing that upon the Court's entry of the above-referenced Protective Order, Foundry will also *sua sponte* withdraw its current objections to producing any responsive documents or information that may be subject to confidentiality agreements or protective orders with third parties other than the litigants in this case.

Fourth, there is *absolutely no good faith basis* for Foundry's asserted refusal throughout its responses to produce any responsive documents or information generated prior to the June 21, 2005 date on which this case was filed. Indeed, even were Foundry to (wrongly) take the position that Enterasys is not entitled to recover damages on any pre-suit sales of accused Foundry products, that would in no way logically justify a refusal to produce responsive documents or information generated prior to the time when suit was filed. For example, if documents created in the 2003 addressed relevant technologies later used in accused Foundry products sold subsequent to June 21, 2005, it is undeniable that such documents would have to be produced.

More egregiously still, Foundry improperly asserts this same "filing date" objection with respect to Enterasys document requests that are not even directed to accused Foundry products. By way of limited example, in response to Request No. 2 which targets documents in Foundry's possession that concern the patents-in-suit or their prosecution histories, it is irrefutable that the production of such documents is required irrespective of whether they were generated *prior to* or after June 21, 2005. Accordingly, please confirm in writing that Foundry is now agreeing to withdraw in its entirety its objections to producing otherwise responsive documents or information created prior to the time when suit was filed, and that Foundry will no longer continue to withhold responsive documents on this basis.

Fifth, in nearly all of its responses, Foundry asserts an "irrelevance" objection on grounds that Enterasys purportedly "has not identified the accused features of Foundry products." See, e.g., (Response Nos. 10-101, 106-120). As you must be aware, however, Enterasys has in fact expressly identified the accused features of Foundry products in its first supplemental response to Foundry's interrogatories served on April 26, 2006. Accordingly, please confirm in writing that Foundry is now agreeing to withdraw this particular irrelevance objection, and that Foundry will no longer continue to withhold any responsive documents based upon the assertion that it is unaware of what product features Enterasys is accusing of infringement.

Sixth, Foundry is apparently refusing to provide any documents relating to the categories of industry standards specifically identified in Enterasys' document requests. According to Foundry, these document requests are fatally "vague," "ambiguous," and "irrelevant" absent Enterasys clarifying how such standards may relate to the patents-in-suit. By way of clarification, Enterasys hereby asserts that significant overlap appears to exist between the subject matter of the '205 patent and the specified "MPLS Standards;" between the '665, '995, and '236 patents and the specified "VLAN Standards;" and between the '022 patent and the specified "IGMP Standards." In view of this clarification, please confirm in writing that Foundry is now agreeing to withdraw its objections to producing standards-related documents,

Jeremy P. Oczek, Esq.
May 1, 2006
Page 3

and that Foundry will no longer continue to withhold any responsive standards-related materials on the basis of these vagueness, ambiguity, or irrelevancy objections.

Seventh, Foundry objects to virtually every technical term used throughout Enterasys' document requests as being unintelligibly "vague and ambiguous." Foundry raises these objections despite the facts that these terms are precisely defined in the "Definitions" section of Enterasys' document requests, are commonly used and understood in the networking industry, and are likewise employed by Foundry itself in its own technical and product marketing literature. Please describe in detail every instance in which Foundry is withholding potentially responsive documents on grounds that it is unsure as to the meaning of any technical term used in Enterasys' document requests, and we will thereafter provide you with whatever further explanations may be necessary to allow Foundry to make responsiveness determinations.[1] Alternatively, please confirm in writing that Foundry is not in fact withholding any potentially responsive documents owing to its purported uncertainty as to the meaning of any technical terms used by Enterasys.

Eighth, Foundry has *absolutely no good faith basis* for refusing to at least identify -- and to list on a privilege log -- all responsive documents for which it is asserting privilege that relate to any pre-filing investigation concerning Enterasys, the patents-in-suit, and/or other related patents. Indeed, unless these documents are identified by Foundry, Enterasys would have no way of learning that they even exist, much less have the opportunity to assess whether Foundry's assertion of privilege with respect thereto is legitimate. Accordingly, please confirm in writing that Foundry is now agreeing to properly identify and list on a privilege log all responsive documents relating to any pre-suit investigations.

Ninth, Foundry appears to be taking the position that it is refusing to produce any responsive documents that may be located at one of its "parent companies, affiliates or subsidiaries." Please be advised that there are many circumstances in which the law would consider such documents to be within Foundry's own possession, custody, or control such that their production would be required. Accordingly, in order for Enterasys to assess whether those circumstances apply here, please describe in detail every instance in which Foundry is or may be withholding otherwise responsive documents on grounds that they are located at a parent company, affiliate, or subsidiary. Alternatively, please confirm in writing that no responsive documents are being withheld by Foundry on this basis.

## Deficiencies Relating To Foundry's Specific Responses

The following are further problems and deficiencies in addition to the general ones described above that apply to certain of Foundry's specific responses to Enterasys' first set of document requests.

---

[1] Please be advised that if Foundry unreasonably persists in claiming not to understand the meaning of precisely defined and commonly understood technical terms relevant to the networking industry, we will notice a Rule 30(b)(6) deposition directed at testing the veracity of this asserted lack of comprehension.

Jeremy P. Oczek, Esq.
May 1, 2006
Page 4

## Response No. 4

Without any good faith basis, Foundry refuses to produce materials responsive to Request No. 4 which calls for documents that refer or relate to the existence or subject matter of the present action. It goes without saying that nothing could be more self-evidently relevant to the present action than documents that concern the existence or subject matter of the present action. To the extent that Foundry is claiming that the phrase "subject matter of the present action" is vague and ambiguous, Enterasys hereby states that whenever that phrase appears in its document requests, it is meant to refer to any claim or defense asserted by a party in this case. Please confirm in writing that Foundry is now agreeing to produce all documents in its possession, custody, or control responsive to Request No. 4.

## Response No. 8

Without any good faith basis, Foundry refuses to produce any Joint Defense Agreement ("JDA") that it may have executed in this case with co-defendant Extreme responsive to Request No. 8. As a matter of law, JDAs do not give rise to an independent basis for privilege, and are not themselves privileged. Moreover, Enterasys has the right to review the terms of any such JDA to assess whether or not Foundry may have waived its ability to assert attorney-client or work product privileges with respect to materials that it may have shared with Extreme in the course of this litigation. Please confirm in writing that Foundry is now agreeing to produce any JDA in its possession, custody, or control responsive to Request No. 8.

## Response No. 81

Without any good faith basis, Foundry refuses to produce any Non-Disclosure Agreements ("NDAs") responsive to Request No. 81 that it may have executed with suppliers of the chips used in its accused products. As noted above, given the fact that Foundry has asserted a general objection to producing responsive documents to the extent that they may be subject to such NDAs, Enterasys has every right to review the terms of these NDAs in order to assess the legitimacy of Foundry's general objection. Please confirm in writing that Foundry is now agreeing to produce all NDAs in its possession, custody, or control responsive to Request No. 81.

## Response Nos. 87 and 88

Without any good faith basis, Foundry refuses to produce any communications, statements, or opinions made by its officers, directors, employees, consultants, or third parties concerning the actual or potential infringement, validity, or enforceability of the patents-in-suit in response to Request Nos. 87 and/or 88. The relevance of such documents cannot reasonably be questioned given that they would relate directly to the claims and defenses raised by the parties in this case. Indeed, Foundry has acknowledged their relevance by asking for the same categories of documents in its own document requests served on Enterasys. See, e.g., (Foundry Document Request Nos. 9, 20, 32-33, 40, 106, 142, 256, 266-67). Moreover, Foundry's suggestion that these documents would be outside the scope of Phase I fact discovery is

Jeremy P. Oczek, Esq.
May 1, 2006
Page 5

demonstrably incorrect because Phase I by its express terms covers "non-willful infringement, invalidity, and unenforceability issues." Please confirm in writing that Foundry is now agreeing to produce all documents in its possession, custody, or control responsive to Request Nos. 87 and 88.

**Response No. 91**

Without any good faith basis, Foundry refuses to disclose claim constructions for networking-related patents responsive to Request No. 91 that it has served or filed in other litigations. These claim constructions would be relevant to the extent that they cover subject matter that overlaps with any of the patents-in-suit. Moreover, such materials would be relevant to assessing Foundry's assertions throughout its discovery responses that it is unable to comprehend the meanings of numerous technical terms commonly used in the networking industry. Please confirm in writing that Foundry is now agreeing to produce all documents in its possession, custody, or control responsive to Request No. 91.

**Response No. 98**

Without any good faith basis, Foundry refuses to produce any of its unpublished patent applications that reference or cite to any of the patents-in-suit in response to Request No. 98. By helping to establish the dates by which Foundry knew of the existence of the patents-in-suit, these applications could clearly be relevant to Enterasys' allegations in this case of infringement by inducement and/or contributory infringement. Moreover, they could likewise be relevant to infringement and/or invalidity issues to the extent that Foundry has in any way interpreted or commented upon the scope of any of the patents-in-suit as part of the prosecution histories for its unpublished patent applications. Please confirm in writing that Foundry is now agreeing to produce all documents in its possession, custody, or control responsive to Request No. 98.

**Response No. 101**

Without any good faith basis, Foundry refuses to produce any indemnities that it may have provided to its customers relating to their use of Foundry products in response to Request No. 101. These documents could well be relevant to Phase I fact discovery issues by providing insight into what Foundry views as the relationship between the products that it sells or licenses and any allegations of direct infringement made against its customers by third parties such as Enterasys. Please confirm in writing that Foundry is now agreeing to produce all indemnities in its possession, custody, or control responsive to Request No. 101.

**Response No. 102**

Without any good faith basis, Foundry refuses to produce documents sufficient to identify its customers, and the accused Foundry products that each of these customers has purchased or licensed, in response to Request No. 102. Such documents would clearly be relevant to infringement issues within the scope of Phase I fact discovery. Indeed, because Enterasys is charging Foundry with infringement by inducement and/or with contributory

Jeremy P. Oczek, Esq.
May 1, 2006
Page 6

infringement under several of the asserted patent claims, it will be necessary to establish that Foundry's customers are direct infringers relative to these asserted claims. Obviously, it will not be possible for Enterasys to prove direct infringement by Foundry's customers absent knowing the identities of those customers and the Foundry products that they are using. Please confirm in writing that Foundry is now agreeing to produce all documents in its possession, custody, or control responsive to Request No. 102. Alternatively, if Foundry intends to persist in withholding responsive materials, please provide us with a written stipulation in which Foundry acknowledges that all of its customers are direct infringers to the extent that any of Foundry's accused products are found to embody, or to be capable of practicing, any of the inventions covered by any of Enterasys' asserted patent claims.

**Response No. 103**

Without any good faith basis, Foundry refuses to produce documents sufficient to establish the first and last sales dates of each of its accused products in response to Request No. 103. Such documents are clearly relevant to infringement issues within the scope of Phase I fact discovery because they will allow for determinations as to which of these products have been sold during the relevant damages period, and accordingly which of these products will need to be the subject of claim construction charts prepared by the parties and infringement rulings made by the Court. Please confirm in writing that Foundry is agreeing to produce all documents in its possession, custody, or control responsive to Request No. 103.

Please let us know the soonest dates and times that you -- or the appropriate point person at Proskauer or Orrick -- are available to conduct a telephonic meet-and-confer to address the issues raised by this letter. I am generally available to speak with you today or any other day this week. Time is of the essence, and we note that considerable delay in resolving these issues has already been occasioned by your earlier refusal to meet-and-confer with me during our April 20th telephone call in which you asserted your "unpreparedness" and demanded that all of Enterasys' discovery concerns first be set forth in writing.

We look forward to hearing from you.

Sincerely,

Marc N. Henschke

MNH:nah
cc:    I. Neel Chatterjee, Esq. (*VIA FIRST CLASS MAIL & EMAIL*)
       K. Mudurian (*VIA EMAIL*)
       Y. Steinberg (*VIA EMAIL*)

35031050

# Exhibit 6

# PROSKAUER ROSE LLP

One International Place
Boston, MA  02110-2600
Telephone 617.526.9600
Fax 617.526.9899

NEW YORK
LOS ANGELES
WASHINGTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

**Jeremy P. Oczek**
Attorney at Law

Direct Dial 617-526-9651
joczek@proskauer.com

May 17, 2006

<u>**Via E-mail**</u>

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA   02199

**Re:     Enterasys Networks, Inc. v. Foundry Networks, Inc.** *et al.*
**Civil Action No. 05-11298-DPW**

Dear Marc:

      This letter is a follow-up to our May 8, 2006 meet and confer teleconference regarding Foundry's responses and objections to Enterasys' first set of document requests.

      As we told you, Foundry has produced over 57,000 pages of documents to Enterasys, including product guides and technical information from Foundry's website and prior art references.  However, until Enterasys clearly sets forth its infringement theories, Foundry cannot fully comply with Enterasys' discovery requests and assess their relevance or likelihood to lead to admissible evidence.  This deficiency is the subject of Foundry's Motion to Compel that is pending before the Court.  Given Enterasys recalcitrance to set forth its basis for accusing Foundry of infringement of six patents-in-suit in detail and, indeed, Enterasys' failure to provide any meaningful discovery in this case, Foundry cannot further respond to Enterasys' extensive document requests.

<u>Foundry's General Responses to Enterasys' Document Requests</u>

      The numbered paragraphs below correspond to the nine substantive paragraphs in the first section of your May 1, 2006 letter.  In the future, you may want to consider numbering paragraphs in any letters regarding discovery matters so that it is easier to respond.

      1.     We told you that Foundry is only obligated to produce relevant, non-privileged documents that are responsive to Enterasys' document requests, subject to any objections made by Foundry.  Indeed, Federal Rule 26(b)(1) only allows Enterasys to seek relevant documents from Foundry:  "Parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action . . ." (emphasis added).  You were unable to provide any authority to support your improper demand that Foundry must provide any

PROSKAUER ROSE LLP

Marc N. Henschke, Esq.
May 17, 2006
Page 2


document that might somehow be responsive to a Enterasys request, whether the document is
relevant or not.  To show how untenable Enterasys' position is here, consider Request No. 1,
which asks for Foundry to produce "[a]ll documents and tangible things in your possession,
custody, or control that concern, or refer or relate to, Enterasys."  Under Enterasys' position, if
Foundry had a copy of telephone book that listed Enterasys, Foundry would be required to
produce that telephone book.  The Federal Rules only allow Enterasys to seek relevant
documents from Foundry.

        2.      We will modify our responses to Enterasys' document requests accordingly now
that the Stipulated Protective Order has been finalized by the parties.

        3.      We will modify our responses to Enterasys' document requests accordingly now
that the Stipulated Protective Order has been finalized by the parties, and since Paragraph 21
governs the disclosure of non-party material.

        4.      Enterasys has admitted that the first notice of the patent-in-suits to Foundry was
the filing of this suit, June 21, 2005.  Moreover, Enterasys refuses to tell Foundry at this stage of
the case if any of Enterasys' products have been marked the number of any of the patent-in-suits
in any manner pursuant to 35 U.S.C. § 287.  See Enterasys' Response to Interrogatory No. 7.
Therefore, Foundry is not obligated to produce any documents generated prior to the June 21,
2005 date on which the case was filed.  Nonetheless, we told you that Foundry would produce
relevant, non-privileged documents generated prior to the June 21, 2005 that are responsive to
Enterasys' document requests, but that we would maintain our objection to certain of Enterasys'
document requests.  We will modify our responses to Enterasys' document requests accordingly.

        5.      We will modify our responses to Enterasys' document requests accordingly in
light of the fact that Enterasys has generally identified accused features in its letter of April 26,
2006.  However, Foundry maintains its objection that it cannot fully comply with Enterasys'
document requests until Enterasys clearly sets forth its infringement theories.

        6.      We told you that we remain unclear as to the nature of the relationship between
any standard listed in Enterasys' document requests and the claims asserted by Enterasys in this
litigation.  It is on this basis that Foundry objects to any discovery referring to such standards as
being vague and ambiguous.  We decline to remove our objection at this time.  Rather, Foundry
seeks clarification as to the adoption of these standards by Enterasys so that we may comply with
Enterasys' document requests appropriately.  For example, Enterasys wants Foundry to produce
all documents regarding IEEE Standard 802.1Q, without having articulated in any way what part
of that standard, if any, is covered by the patents-in-suit.  As another example, Enterasys wants
Foundry to produce all documents relating to RFC 1112 which dates back to 1989, well before
the earliest filing date of any of the patents-in-suit.  Because Enterasys refuses to tell Foundry
anything about its infringement theories in this case, as it was obligated to do by Foundry's

**PROSKAUER ROSE LLP**

Marc N. Henschke, Esq.
May 17, 2006
Page 3

interrogatories, it is impossible for Foundry to assess the relevancy of Enterasys' demand that
Foundry produce all documents related to standards.

7.    We told you that Enterasys is apparently misunderstanding our objections to
certain of Enterasys' terms in its documents requests.  It is not Foundry's alleged lack of
understanding of networking terms and definitions that drives its objection to terms such as
"VLAN," "default VLAN," and "VLAN tagging" as being overbroad, vague and ambiguous.
Rather, we remain unclear as to the breadth and meaning of these terms *as understood by
Enterasys*.  While the "Definitions" section of Enterasys' document request does set forth
definitions for a subset of the terms employed throughout Enterasys' document request, we
continue to seek clarification as to the terms we have included in our general objections.  We
have not, as you contend, withheld "potentially responsive documents on grounds that [we are]
unsure as to the meaning of any technical term."  To the contrary, Foundry seeks clarification as
to the adoption and use of these terms *by Enterasys*.

8.    We told you that Foundry maintains its objection to any requirement in Enterasys'
document request that "Foundry identify or produce any privileged document generated after the
filing of this lawsuit, or that reflects a pre-filing investigation."  Given that Rule 11 requires a
party to make a factual investigation that is reasonable under the circumstances before filing a
complaint, we are unclear as to the relevance of your request for documents "that relate to any
pre-filing investigation" on Foundry's part at this juncture in the case.

9.    Foundry is only obligated to produce documents within its possession, custody, or
control.  Foundry does not have any parent companies, so we will modify our responses to
Enterasys' document requests accordingly.  However, Foundry maintains its objection to
producing any documents that are located at any affiliates or subsidiaries since it is not obligated
to do so by the Federal Rules.

<u>Foundry's Specific Responses to Enterasys' Document Requests</u>

1.    <u>Response No. 4</u> – We will modify the response to Enterasys' request no. 4 given
Enterasys' clarification as to the meaning of the phrase "subject matter of the present action" to
mean "any claim or defense asserted by a party in this case."

2.    <u>Response No. 8</u> – At this time, Foundry declines to remove its objections to
Enterasys' request no. 8 for "[a]ll documents and tangible things … that constitute, reflect,
concern, or refer or relate to any actual or contemplated joint defense agreement between
Foundry and Extreme Networks, Inc. pertaining to the present action" on the grounds that such
information is protected by the attorney-client privilege, joint defense/common interest privilege,
and/or work product doctrine.  During our meet and confer, we asked that you provide us with

PROSKAUER ROSE LLP

Marc N. Henschke, Esq.
May 17, 2006
Page 4

case law to support your assertion that such joint defense-related information is not privileged, and you declined to do so.

       3.    <u>Response No. 81</u> – We will modify the response to Enterasys' request no. 81 accordingly now that Stipulated Protective Order has been finalized by the parties, and since Paragraph 21 governs the disclosure of non-party material.

       4.    <u>Responses Nos. 87 and 88</u> – We will modify the response to Enterasys' requests nos. 87 and 88. We told you that if there are any relevant documents that are responsive to these requests, such documents are likely privileged and/or protected by work product.

       5.    <u>Response No. 91</u> – Foundry declines to remove its objection to Enterasys' request for production No. 91 to the extent that such information is protected by the attorney-client privilege and/or the work product doctrine, and in light of Enterasys' continued refusal to identify the claims of each patent-in-suit that Enterasys believes cover Foundry's products, to provide a corresponding list of accused features of Foundry products, and to fully describe the basis for its infringement allegations.

       6.    <u>Response No. 98</u> – At this time, Foundry declines to remove its objections to Enterasys' request no. 98. Foundry's unpublished patent applications are not relevant to any claim or defense of any party to this litigation, or for which the burden or expense of the proposed discovery outweighs the likely benefit. Furthermore, Enterasys refuses to identify the basis for its infringement allegations. Without an identification of Enterasys' infringement theories, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

       7.    <u>Response No. 101</u> – At this time, Foundry declines to remove its objections to Enterasys' request no. 101. Any indemnities that Foundry may have provided its customers, if relevant at all, would only be relevant to Phase II of discovery. Furthermore, Enterasys refuses to identify the basis for its infringement allegations. Without an identification of Enterasys' infringement theories, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

       8.    <u>Response No. 102</u> – At this time, Foundry declines to remove its objections to Enterasys' request no. 102. An identification of Foundry's customers, if relevant at all, would only be relevant to Phase II of discovery. Furthermore, Enterasys refuses to identify the basis for its infringement allegations. Without an identification of Enterasys' infringement theories, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

**PROSKAUER ROSE LLP**

Marc N. Henschke, Esq.
May 17, 2006
Page 5


9.      <u>Response No. 103</u> – At this time, Foundry declines to remove its objections to Enterasys' request no. 103.  The first and last dates of sale of the accused products, if relevant at all, would only be relevant to Phase II of discovery.  Furthermore, Enterasys refuses to identify the basis for its infringement allegations.  Without an identification of Enterasys' infringement theories, Foundry cannot fully assess the relevance of this request, and on that basis, objects to the request as irrelevant and not likely to lead to admissible and/or relevant information.

Finally, we told you that we would supplement our responses to Enterays' document requests by May 24.  We are in receipt of your letter objecting to this date.  We will try to provide our supplemental responses sooner than May 24.  However, your suggestion that Enterasys will drag its heels on its discovery obligations in the meantime is improper and in violation of the Federal Rules.

Please note that to the extent that Enterasys has any further issues or concerns with any of the responses set forth above, we are willing to have a meet and confer at a mutually convenient date and time.

Very truly yours,

Jeremy P. Oczek

# Exhibit 7

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

May 25, 2006

*VIA E-MAIL (PDF ATTACHMENT)*

Sanjeet K. Dutta, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re: *Enterasys Networks v. Foundry Networks and Extreme Networks*
   *Civ. Act. No. 05-11298-DPW (D. Mass)*
   **Our File No.: 070610.0001**

Dear Sanjeet:

    We are in receipt of Foundry's supplemental responses to Enterasys' first set of document requests served by e-mail last night.

    Unfortunately, these supplemental responses fail to clarify Foundry's stance on certain of the key issues discussed in our recent meet-and-confer sessions. Thus, as best we understand it, Foundry is currently taking the following positions:

    1)    Foundry is refusing to produce any non-publicly available documents responsive to Enterasys' document requests unless and until Enterasys first provides claim charts/infringement analyses;

    2)    Foundry is refusing to produce any documents relating to accused product models sold only prior to June 21, 2005;

    3)    Foundry is refusing to produce any documents relating to new Foundry products such as its MLX series that first came to market at a time subsequent to June 21, 2005. (Note that this position is expressly asserted at p. 9, ¶ 39 of Foundry's supplemental responses); and

    4)    Foundry does in fact have subsidiaries or affiliates at which responsive documents are located, but Foundry is refusing to produce such documents on grounds that as a matter of law they are outside of its "possession, custody, or control."

A T L A N T A   B O S T O N

Sanjeet K. Dutta, Esq.
May 25, 2006
Page 2


      Unless we hear otherwise from you before the close of business tomorrow (Friday), we will assume that our understandings set forth above are accurate and Enterasys will take appropriate action.

                      Sincerely,

                      Marc N. Henschke

MNH:nah

cc:    I. Neel Chatterjee, Esq. (*VIA FIRST CLASS MAIL & EMAIL*)
       Jeremy P. Oczek, Esq. (*VIA EMAIL*)
       K. Mudurian (*VIA EMAIL*)
       Y. Steinberg (*VIA EMAIL*)

35031700

# Exhibit 8



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel* 650-614-7400
*fax* 650-614-7401
WWW.ORRICK.COM

May 26, 2006

**Via E-mail**

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA 02199

**Re:   Enterasys Networks, Inc. v. Foundry Networks, Inc. *et al.***
         **Civil Action No. 05-11298-DPW**

Dear Marc:

        I am in receipt of your letter of May 25, 2006 seeking clarification of Foundry's
Supplemental Responses to Enterasys' First Set of Document Requests.

        1)    Foundry has produced thousands of pages of documents, including technical
information relating to the accused products that are publicly available. Enterasys has not
identified the accused features of Foundry products and the basis for its infringement allegations.
The product information is information that is readily ascertainable. Without any specificity
provided by Enterasys as to its infringement allegations, a search of Foundry's internal records is
not practicable. It is for this reason that further discovery on Foundry's products should not
occur until Enterasys has put forth its infringement theory. *See, e.g., Network Caching
Technologies, L.L.C. v. Novell Inc.*, 67 U.S.P.Q.2d 1034 (N.D. Cal. 2002)

        For example, Enterasys' First Supplemental Responses to Foundry's First Set of
Interrogatories states that "asserted claims of the '205 patent read on Multi-Protocol Label
Switching ("MPLS") features as that term is used in Foundry's own technical and marketing
literature." Enterasys, however, has not explained its basis for asserting that the '205 patent
reads on MPLS, when MPLS appears nowhere in the patent. The MPLS Standard alone is very
long and complicated. It also continually evolves. Enterasys has done nothing to shed light on
why it believes MPLS, as implemented by Foundry, infringes.

        Without an identification of the accused features for the products, Foundry cannot
accurately assess whether its non-public documents would be responsive to Enterasys' document
requests. Foundry continues to comply with its discovery obligations and search for responsive
documents (both public and non-public), but will not be able to produce all responsive
documents until Enterasys provides additional details as to its basis for alleging infringement
(and as requested in Foundry's Interrogatories).



ORRICK

Marc N. Henschke, Esq.
May 26, 2006
Page 2

2)    Foundry has produced documents relating to each product Enterasys has accused. Beyond the accused products, Foundry will not produce documents relating to products sold only prior to June 21, 2005.

3)    Foundry will produce publicly available documents related to its MLX series. As stated in Foundry's supplemental responses of May 25, 2006: "Enterasys did not provide Foundry with notice prior to the filing of this lawsuit on June 21, 2005. Accordingly, Foundry reserves the right to not produce documents relating to Foundry products that did not exist prior to June 21, 2005, unless and until Extreme provides a good faith basis for seeking such documents."

4)    Foundry will search for and produce documents identified by the search that is responsive to Enterasys' discovery requests that may exist at a subsidiary of Foundry.

If you have any questions, please do not hesitate to contact me.

Best regards,

Sanjeet Dutta

Sanjeet Dutta

# Exhibit 9

05/26/2006 19:29 FAX                    ORRICK                          ☑002/008

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN              DISTRICT OF              CALIFORNIA

Enterasys Networks, Inc.                    **SUBPOENA IN A CIVIL CASE**

       v.                           Case Number:[1] 05-11298
                                            U.S.D.C, District of Massachusetts
Foundry Networks, Inc. and Extreme Networks, Inc.

**TO:**    **Cisco Systems, Inc.**
      **Attention: Legal Department**
      **170 West Tasman Drive**
      **San Jose, CA 95134**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP. 1000 Marsh Road, Menlo Park, CA 94025-1015 | June 13, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*      Attorney for Defendant | May 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael F. Heafey, Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025-1015, Phone Number: (650) 614-7645

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

~~AO88~~ AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A – DOCUMENTS TO BE PRODUCED

### Category I – For the time period prior to May 1995, please produce:

1.  Documents sufficient to identify and describe the operation of all Cisco switches that implemented IGMP snooping in May 1995 or earlier.

   a)  By the term "IGMP," we mean the Internet Group Management Protocol (IGMP), defined in, for example, Request for Comments (RFC) 1112 which specifies how a host can register with a router to receive specific multicast traffic.

   b)  By the term "IGMP snooping," we mean any feature that allows a device (including, for example, a bridge, switch, or any layer 2 device) to "listen in," eavesdrop on, monitor, examine, and/or process IGMP communications (including, for example, IGMP messages sent by a host and a router).

   c)  By the term "Cisco switches," we mean any device (including, for example, bridges, switches) that performed network interconnection at Layer 2 (according to the International Organization for Standardization) which was made or sold by Cisco Systems, Inc. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries.

2.  Prior versions (dated May 1995 or earlier) of the document attached as Exhibit 1, Document ID 10559, entitled "Cisco – Multicast in a Campus Network: CGMP and IGMP Snooping." (This document is marked with the following copyright notice: "All contents are Copyright © 1992-2005 Cisco Systems, Inc.")

### Category II – For the time period prior to January 1997, please produce:

1.  Documents sufficient to identify and describe the operation of all Cisco switches that implemented port-based default VLANs in January 1997 or earlier.

   a)  By the term "VLANs," we mean virtual local area networks.

   b)  By the term "port-based," we mean associated with a collection of switch ports on one or more switches across a hub.

   c)  By the term "default," we mean the initial configuration of the VLAN ports including, for example, when it is shipped to the customer.

   d)  By the term "Cisco switches," we mean any device (including, for example, bridges or switches) that performed network interconnection at Layer 2 (according to the International Organization for Standardization) which was made or sold by Cisco Systems, Inc. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries.

2.   Prior versions (dated December 1996 or earlier) of the documents attached as:

    a)   <u>Exhibit 2</u>, entitled "Virtual LAN Communications," printed Dec. 9, 1996;

    b)   <u>Exhibit 3</u>, entitled "Cisco VLAN Roadmap," printed Dec. 9, 1996; and

    c)   <u>Exhibit 4</u>, entitled "VLANs and Routers," printed Dec. 9, 1996.

3.   Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "Switched Internetwork Management Applications" made or sold by Cisco Systems, Inc. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries in January 1997 or earlier, including:

    a)   VlanDirector;

    b)   CiscoView; and

    c)   TrafficDirector; and

    d)   Inter Switch Link (ISL) protocol.

**<u>Category III – For the time period prior to January 1997, please produce:</u>**

1.   Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "Catalyst" switches made or sold by Cisco Systems, Inc. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries in January 1997 or earlier, including the following Cisco products:

    a)   Catalyst 5000 Switching System;

    b)   Catalyst 3000 Family Stackable Switching System (3000 and 3200);

    c)   Catalyst 2900 Fast Ethernet Switching System;

    d)   Catalyst 2600 Token Ring Switch;

    e)   Catalyst 2000/2800 Workgroup Switching Family;

    f)   Catalyst 1900/2820 Workgroup Switching Family;

    g)   Catalyst 1800 Token Ring Switch;

    h)   Catalyst 1600 Token Ring Workgroup Switch;

    i)   Catalyst 1200 Workgroup Switch; and

      j)       LightStream 1010 and 2020 ATM Switches.

2.     Documents (including purchase orders, invoices, and sales records) sufficient to show that the products identified in item 1 of Category III were sold prior to January 1997.

3.     Documents (including price quotations, and responses to requests for quotations) sufficient to show that the products identified in items 1 of Category III were offered for sale prior to January 1997.

US_WEST:23080597.2

1    WILLIAM L. ANTHONY (STATE BAR NO. 106908)
     I. NEEL CHATTERJEE (STATE BAR NO. 173985)
2    MICHAEL F. HEAFEY (STATE BAR NO. 153499)
     SANJEET K. DUTTA (STATE BAR NO. 203463)
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA 94025
     Telephone:    650-614-7400
5    Facsimile:    650-614-7401

6    Attorneys for Defendant
     FOUNDRY NETWORKS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   ENTERASYS NETWORKS, INC.,           Case No. 05-11298
                                          (U.S.D.C District of Massachusetts)
12            Plaintiff,
                                          **DECLARATION OF SERVICE**
13       v.

14   FOUNDRY NETWORKS, INC. and
     EXTREME NETWORKS, INC.
15
              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                          DECLARATION OF SERVICE
                                          05-11298
                                          U.S.D.C DISTRICT OF MASSACHUSETTS

## DECLARATION OF SERVICE

I am more than eighteen years old and not a party to this action. My place of employment and business address is 1000 Marsh Road, Menlo Park, CA 94025.

On May 26, 2006, I delivered to the below listed individuals the following documents:

1.     **SUBPOENA IN A CIVIL CASE;**

| | |
|---|---|
| ☒ | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on May 26, 2006. |
| ☒ | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on May 26, 2006. |
| ☐ | By causing personal delivery by MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |

**Christopher P. Sullivan, Esq.**
**Marc N. Henschke, Esq.**
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone:   (617) 267-2300
**Facsimile:   (617) 267-8288**

**Attorneys For Plaintiff**
**ENTERASYS NETWORKS, INC.**


Executed on May 26, 2006, at Menlo Park, California. I declare under penalty of perjury that the foregoing is true and correct.

_____
                                    Abby Ako-Nai