# United States District Court
# District of Massachusetts

ENTERASYS NETWORKS, INC.,

    v.                               CIVIL ACTION NO. 2005-11298-DPW

FOUNDRY NETWORKS, INC.,
EXTREME NETWORKS, INC.,
    Defendants.

## ORDER ON
## FOUNDRY NETWORKS, INC.'S
## MOTION TO COMPEL ANSWERS
## TO INTERROGATORIES NOS. 2 AND 3
## FROM ENTERASYS NETWORKS, INC. (#36)

COLLINGS, U.S.M.J.

    After hearing, the Court takes the following action on Foundry Networks, Inc.'s Motion to Compel Answers to Interrogatories Nos. 2 and 3 from Enterasys Networks, Inc. (#36):

    With respect to Interrogatory #2, the objections contained in the first paragraph of the response are OVERRULED. The objections set forth in the

second paragraph are SUSTAINED in part and otherwise OVERRULED. The plaintiff shall not be required to provide a claim chart before the deadline set by Judge Woodlock for producing such a chart. However, the defendants are entitled to know at this time which of their products (or class of products) are alleged to infringe what claims of what patents held by plaintiff and a brief statement as to the reasons why the products are alleged to infringe.

Since plaintiff avers that this information is, in fact, provided in its answer to Interrogatory #1, the answer to which is incorporated by reference into the answer to Interrogatory #2, the Court shall craft its Order with reference to Interrogatory #1.

First, the objections set forth in the first two paragraphs of the response to Interrogatory #1 are OVERRULED.

Second, the motion to compel is ALLOWED to the extent that the plaintiff is ORDERED to provide a complete list[1] of each of the patents which it claims the defendants infringed and the specific claims of each of the patents defendants are alleged to have infringed. This list shall be complete as of the

---

[1] The Court (and the defendants) would not know whether what is set forth in response to Interrogatory #1 is a complete list because it is prefaced by the words "[s]ubject to and without waiving its objections...". There is no way to know whether responsive information is being withheld on the basis of the objections. This is a similar problem to the one which plaintiff identified in how defendants responded to plaintiff's document request.

present time and shall be supplemented promptly if necessary during the discovery period.

Third, the motion to compel is ALLOWED to the extent that the plaintiff is ORDERED to identify the products which Enterasys asserts infringe the patents, identify what products are alleged to infringe which specific claims of which patents, and provide a brief statement as to the reasons why the plaintiff asserts that each product infringes a certain claim or claims.  Individual products need not be separately identified if a product line can be identified and each product in the product line infringes the same claims of the same patents in the same manner.  The answer which plaintiff provides shall be complete as of the present time and shall be supplemented promptly if necessary during the discovery period.

The motion to compel a further answer to Interrogatory # 3 is DENIED.

The plaintiff is ORDERED to provide the further answers *on or before the close of business on Monday, July 17, 2006.*

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 26, 2006.