# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ENTERASYS NETWORKS, INC., | ) | Civil Action No: 05-CV-11298 (DPW) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOUNDRY NETWORKS, INC , | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT EXTREME NETWORKS, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Enterasys Networks, Inc. ("Enterasys" or "Plaintiff") hereby responds and objects to the First Set Of Interrogatories served by Defendant Extreme Networks, Inc. ("Extreme" or "Defendant") on or about March 6, 2006.

**GENERAL RESPONSE**

Enterasys, based upon its current knowledge, understanding, and belief concerning the information available to it as of the date on which these Responses are made, responds and objects as set forth below to Extreme's First Set of Interrogatories. These Responses, while based on diligent investigation by Enterasys and its counsel, reflect only the current state of Enterasys' knowledge, understanding, and belief respecting the matters about which inquiry was made. Enterasys has not completed its investigation of the facts relating to this case, its discovery in this action, nor its preparation for trial. As this action proceeds, Enterasys anticipates that further facts may be discovered, and without in any way obligating itself to do so,

Extreme on March 3, 2006.

9.    Enterasys objects to the "Instructions" contained in Extreme's interrogatories insofar as they purport to require the production of a privilege log with a level of detail which exceeds that mandated by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

## SPECIFIC RESPONSES AND OBJECTIONS

Enterasys hereby incorporates its General Response and General Objections set forth above into its Specific Responses and Objections set forth below.

## INTERROGATORY NO. 1:

Separately for each asserted claim of each of the patents in suit, identify:

(a)    each Extreme Networks product that Enterasys alleges infringes each such claim;

(b)    explain in detail Enterasys' contentions as to how each such product allegedly infringes each such claim;

(c)    provide a claim chart identifying specifically where each element or limitation of each asserted claim is found within each such product;

(d)    state all bases for Enterasys's contention that the element or limitation is found within the product;

(e)    provide an explanation of whether such alleged infringement is literal or under the doctrine of equivalents;

(f)    specify whether Enterasys contends that there is any alleged liability under each of 35 U.S.C. § 271(a), § 271(b), § 271(c), § 271(f) and/or § 271(g);

(g)    provide an explanation of how 35 U.S.C. § 112, 116 is satisfied if applicable,

4

including the identity of the function and any corresponding structure in the specification;

(h)    identify each person whose acts or omissions allegedly give rise to Extreme Networks' alleged liability; and

(i)    identify each document and person upon which Enterasys may rely in support of its infringement contentions.

## RESPONSE TO INTERROGATORY NO. 1:

Enterasys objects to this Interrogatory on grounds that it calls for information that is protected from disclosure by the attorney-client privilege and/or by the work product doctrine; that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery of admissible evidence. Enterasys further objects to this Interrogatory on grounds that it contravenes the Court's Scheduling Order entered in this case on November 18, 2005 by purporting to require that Enterasys determine and identify at this premature juncture which claims of the patents-in-suit that it is intending to assert.

Enterasys will further respond to this Interrogatory on or after July 17, 2006.

## INTERROGATORY NO. 2:

Separately for each asserted claim of each of the patents in suit, identify the respective date of conception and date of reduction to practice of that claim, both actual and constructive, and describe any and all diligence between such conception and reduction to practice, including the identity of all documents and things that Enterasys may contend corroborates such dates and diligence, and the identity of each person who Enterasys contends can corroborate such dates and diligence.

5

## RESPONSE TO INTERROGATORY NO. 2:

Enterasys objects to this Interrogatory on grounds that it calls for information that is protected from disclosure by the attorney-client privilege and/or by the work product doctrine; that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery of admissible evidence. Enterasys further objects to this Interrogatory on grounds that it contravenes the Court's Scheduling Order entered in this case on November 18, 2005 by purporting to require that Enterasys determine and identify at this premature juncture which claims of the patents-in-suit that it is intending to assert

Enterasys will further respond to this Interrogatory on or after July 17, 2006.

## INTERROGATORY NO. 3:

Separately for each asserted claim of each of the patents in suit, identify the product or thing that constituted the first embodiment of each claimed invention and identify when it was first offered for sale, first sold, first publicly used, first publicly disclosed, or first disclosed to anyone not an employee of the assignee of the patent containing the claim; identifying each person with knowledge of the offer for sale, sale, public use, public disclosure or disclosure to anyone not then an employee of the assignee of the patent containing the claim and the subject matter of each person's knowledge; and identify all documents and persons with information relating to such offer for sale, sale, public use, public disclosure or disclosure.

## RESPONSE TO INTERROGATORY NO. 3:

Enterasys objects to this Interrogatory on grounds that it calls for information that is protected from disclosure by the attorney-client privilege and/or by the work product doctrine;

6

# EXHIBIT B

# United States District Court
# District of Massachusetts

ENTERASYS NETWORKS, INC.,

    v.                                    CIVIL ACTION NO. 2005-11298-DPW

FOUNDRY NETWORKS, INC.,
EXTREME NETWORKS, INC.,
    Defendants.

## ORDER ON
## FOUNDRY NETWORKS, INC.'S
## MOTION TO COMPEL ANSWERS
## TO INTERROGATORIES NOS. 2 AND 3
## FROM ENTERASYS NETWORKS, INC. (#36)

COLLINGS, U.S.M.J.

    After hearing, the Court takes the following action on Foundry Networks,

Inc.'s Motion to Compel Answers to Interrogatories Nos. 2 and 3 from Enterasys

Networks, Inc. (#36):

    With respect to Interrogatory #2, the objections contained in the first

paragraph of the response are OVERRULED.  The objections set forth in the

second paragraph are SUSTAINED in part and otherwise OVERRULED. The plaintiff shall not be required to provide a claim chart before the deadline set by Judge Woodlock for producing such a chart. However, the defendants are entitled to know at this time which of their products (or class of products) are alleged to infringe what claims of what patents held by plaintiff and a brief statement as to the reasons why the products are alleged to infringe.

Since plaintiff avers that this information is, in fact, provided in its answer to Interrogatory #1, the answer to which is incorporated by reference into the answer to Interrogatory #2, the Court shall craft its Order with reference to Interrogatory #1.

First, the objections set forth in the first two paragraphs of the response to Interrogatory #1 are OVERRULED.

Second, the motion to compel is ALLOWED to the extent that the plaintiff is ORDERED to provide a complete list[1] of each of the patents which it claims the defendants infringed and the specific claims of each of the patents defendants are alleged to have infringed. This list shall be complete as of the

---

[1]

The Court (and the defendants) would not know whether what is set forth in response to Interrogatory #1 is a complete list because it is prefaced by the words "[s]ubject to and without waiving its objections...". There is no way to know whether responsive information is being withheld on the basis of the objections. This is a similar problem to the one which plaintiff identified in how defendants responded to plaintiff's document request.

present time and shall be supplemented promptly if necessary during the discovery period.

Third, the motion to compel is ALLOWED to the extent that the plaintiff is ORDERED to identify the products which Enterasys asserts infringe the patents, identify what products are alleged to infringe which specific claims of which patents, and provide a brief statement as to the reasons why the plaintiff asserts that each product infringes a certain claim or claims. Individual products need not be separately identified if a product line can be identified and each product in the product line infringes the same claims of the same patents in the same manner. The answer which plaintiff provides shall be complete as of the present time and shall be supplemented promptly if necessary during the discovery period.

The motion to compel a further answer to Interrogatory # 3 is DENIED.

The plaintiff is ORDERED to provide the further answers *on or before the close of business on Monday, July 17, 2006.*

*/s/ Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

June 26, 2006.

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC.,

Plaintiff,

v.

EXTREME NETWORKS, INC.,

Defendant.

Civil Action No. 05-12235-DPW

EXTREME NETWORKS, INC.'S
FIRST SET OF INTERROGATORIES TO ENTERASYS NETWORKS, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Extreme

Networks, Inc. ("Extreme Networks"), by its attorneys, hereby submits the following

interrogatories to plaintiff Enterasys Networks, Inc ("Enterasys") and requests that Enterasys

answer them separately and fully under oath, in writing, and signed by an officer making such

answer within thirty (30) days after service hereof. These interrogatories are continuing, and

Enterasys must supplement its responses.

DEFINITIONS

As used herein and in all further discovery requests, unless specified otherwise, the terms

listed below shall be defined as follows:

1. "Enterasys," "you," and "your" means plaintiff Enterasys Networks, Inc , its

parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and acquired assets

or business units, and any present or former officers, directors, trustees, employees, agents,

representatives, attorneys, patent agents and/or all other persons acting, or purporting to act, on

6.    If Enterasys objects to any subpart of a request for information or objects to providing certain information requested, state Enterasys's objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

7    If any of the following requests for information cannot be responded to in full after exercising reasonable diligence to secure the information, please so state, supply the information for those portions Enterasys is able to answer, and supply whatever information Enterasys has concerning the portion which cannot be answered in full. If any answers are qualified in any particular respect, set forth the details of such qualification.

8.    To the extent that requests for information involve the identification of documents, all responsive documents, wherever located, in the possession, custody, or control of Enterasys, including any documents contained in any personal files of present or past employees of Enterasys, are included. Copies of documents that are not identical duplicates of the original document because of markings, handwritten notations, or other differences should be considered separate documents. English translations or partial translations of foreign language documents should also be considered separate documents.

9    Discovery requests are continuous in nature, and supplemental responses are required. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Enterasys is under a duty to seasonably amend a prior response to an interrogatory or request for production if Enterasys learns that the response is in some material respect incomplete or incorrect.

### INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each asserted claim of each of the patents in suit, identify:

8

(a) each Extreme Networks product that Enterasys alleges infringes each such claim;

(b) explain in detail Enterasys' contentions as to how each such product allegedly infringes each such claim;

(c) provide a claim chart identifying specifically where each element or limitation of each asserted claim is found within each such product;

(d) state all bases for Enterasys's contention that the element or limitation is found within the product;

(e) provide an explanation of whether such alleged infringement is literal or under the doctrine of equivalents;

(f) specify whether Enterasys contends that there is any alleged liability under each of 35 U.S.C. § 271(a), § 271(b), § 271(c), § 271(f) and/or § 271(g);

(g) provide an explanation of how 35 U.S.C. § 112, ¶ 6 is satisfied if applicable, including the identity of the function and any corresponding structure in the specification;

(h) identify each person whose acts or omissions allegedly give rise to Extreme Networks' alleged liability; and

(i) identify each document and person upon which Enterasys may rely in support of its infringement contentions.

**INTERROGATORY NO. 2:**

Separately for each asserted claim of each of the patents in suit, identify the respective date of conception and date of reduction to practice of that claim, both actual and constructive, and describe any and all diligence between such conception and reduction to practice, including the identity of all documents and things that Enterasys may contend corroborates such dates and

diligence, and the identity of each person who Enterasys contends can corroborate such dates and diligence.

**INTERROGATORY NO. 3:**

Separately for each asserted claim of each of the patents in suit, identify the product or thing that constituted the first embodiment of each claimed invention and identify when it was first offered for sale, first sold, first publicly used, first publicly disclosed, or first disclosed to anyone not an employee of the assignee of the patent containing the claim; identifying each person with knowledge of the offer for sale, sale, public use, public disclosure or disclosure to anyone not then an employee of the assignee of the patent containing the claim and the subject matter of each person's knowledge; and identify all documents and persons with information relating to such offer for sale, sale, public use, public disclosure or disclosure.

**INTERROGATORY NO. 4:**

Separately for each asserted claim of each of the patents in suit, describe the features or functions of the claim which Enterasys contends were novel and not disclosed or described in the prior art, and identify all documents that support this contention and all persons with knowledge relating to this contention.

**INTERROGATORY NO. 5:**

Identify and state the basis for Enterasys' contention concerning (1) the pertinent art for each of the patents in suit, (2) the level of ordinary skill in the art, and (3) any "objective evidence" or "secondary considerations" of non-obviousness of any of the claims of each Asserted Patent in accordance with, for example, *Graham v. John Deere Co* , 383 U.S. 1, 17 (1966), including, without limitation, commercial success, long-felt need, copying by others, attempts by others to solve the problems addressed by the patents in suit, and acceptance in the

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ENTERASYS NETWORKS, INC., | ) | Civil Action No: 05-CV-11298 (DPW) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| FOUNDRY NETWORKS, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## PLAINTIFF ENTERASYS NETWORKS, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT EXTREME NETWORKS, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Enterasys

Networks, Inc. ("Enterasys" or "Plaintiff") hereby supplements and corrects its initial responses

and objections to the First Set Of Interrogatories served by Defendant Extreme Networks, Inc.

("Extreme" or "Defendant") on or about March 6, 2006.

### GENERAL RESPONSE

Enterasys, based upon its current knowledge, understanding, and belief concerning the

information available to it as of the date on which these Responses are made, responds and

objects as set forth below to Extreme's First Set of Interrogatories. These Responses, while

based on diligent investigation by Enterasys and its counsel, reflect only the current state of

Enterasys' knowledge, understanding, and belief respecting the matters about which inquiry was

made. Enterasys has not completed its investigation of the facts relating to this case, its

discovery in this action, nor its preparation for trial. As this action proceeds, Enterasys

anticipates that further facts may be discovered, and without in any way obligating itself to do so,

9.    Enterasys objects to the "Instructions" contained in Extreme's interrogatories insofar as they purport to require the production of a privilege log with a level of detail which exceeds that mandated by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

## SPECIFIC RESPONSES AND OBJECTIONS

Enterasys hereby incorporates its General Response and General Objections set forth above into its Specific Responses and Objections set forth below.

## INTERROGATORY NO. 1:

Separately for each asserted claim of each of the patents in suit, identify:

(a)    each Extreme Networks product that Enterasys alleges infringes each such claim;

(b)    explain in detail Enterasys' contentions as to how each such product allegedly infringes each such claim;

(c)    provide a claim chart identifying specifically where each element or limitation of each asserted claim is found within each such product;

(d)    state all bases for Enterasys's contention that the element or limitation is found within the product;

(e)    provide an explanation of whether such alleged infringement is literal or under the doctrine of equivalents;

(f)    specify whether Enterasys contends that there is any alleged liability under each of 35 U.S.C. § 271(a), § 271(b), § 271(c), § 271(f) and/or § 271(g);

(g)    provide an explanation of how 35 U.S.C. § 112, 116 is satisfied if applicable, including the identity of the function and any corresponding structure in the specification;

(h)    identify each person whose acts or omissions allegedly give rise to Extreme

4

Networks' alleged liability; and

(i)    identify each document and person upon which Enterasys may rely in support of

its infringement contentions.

## RESPONSE TO INTERROGATORY NO. 1:

Enterasys objects to this Interrogatory on grounds that it calls for information that is

protected from disclosure by the attorney-client privilege and/or by the work product doctrine;

that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information

neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery

of admissible evidence.

Enterasys further objects to this Interrogatory as contrary to the Court's Scheduling Order

entered in this case on November 18, 2005 because it purports to require that Enterasys either

actually or effectively provide detailed claim construction charts identifying asserted claims and

accused products at this premature juncture of the case. Consistent with that Scheduling Order,

Enterasys is not required to, and accordingly will not, provide detailed claim construction charts

or their equivalents until July 17, 2006.

Subject to and without waiving its objections, Enterasys states that it is, and will be,

asserting at least the following patent claims in this case:

Claims 1, 5, 20 and 21 of U.S. Patent No. 5,251,205 (the "'205 patent").

Claims 1 and 10 of U.S. Patent No. 5,390,173 (the "'173 patent").

Claims 1 and 4 of U.S. Patent No. 6,128,665 (the "'665 patent").

Claims 1 and 25 of U.S. Patent No. 6,147,995 (the "'995 patent).

Claims 1, 6, 14 and 20 of U.S. Patent No. 6,539,022 (the "'022 patent).

Claims 1 and 15 of U.S. Patent No. 6,560,236 (the "'236 patent").

5

Enterasys expressly reserves the right to add additional asserted claims to the above list at the time it provides claim construction charts on July 17, 2006, or at any time thereafter, as evidence and events may warrant.

Enterasys is, and will be, accusing of infringing one or more of the asserted claims listed above every Extreme product sold or licensed during the relevant damages period belonging to any of the following product families: (i) Summit; (ii) BlackDiamond; (iii) Alpine; and (iv) any software used in connection with any accused feature contained in any product from these families including, but not necessarily limited to, ExtremeWare software and ISM software.

Enterasys is, and will be, asserting that one or more of the claims listed above read on the following accused features contained in some or all of the accused products listed above:

The asserted claims of the '205 patent read on Multi-Protocol Label Switching ("MPLS") features as that term is used in Extreme's own technical and marketing literature. These claims also more generally read on features involving any routing algorithm that can be used to calculate packet routes for all received packets regardless of the multiple different routing protocol suites (e.g., the TCP/IP protocol suite; the OSI protocol suite; etc.) to which such packets may conform, and without the need to convert the destination address of any packet to an addressing convention associated with a routing protocol suite different from the one to which that packet conforms.

The asserted claims of the '173 patent read on features that add a second internal header to a data packet that consists of a field or fields that contain local source and/or destination addresses that have been translated or derived from the typically longer unique network source and/or destination addresses (e.g., MAC addresses) contained in a first header.

The asserted claims of the '665, '995, and '236 patents read on VLAN features, including IEEE 802.1Q VLANs, port-based VLANs, MAC-based VLANs, protocol-based VLANs, and

6

default VLANs as those terms are used in Extreme's own technical and marketing literature.

The asserted claims of the '022 patent read on IGMP snooping features, including RFC 1112 IGMP features, RFC 2236 IGMP features, and RFC 3376 IGMP features as those terms are used in Extreme's own technical and marketing literature.

Enterasys is alleging direct infringement by accused Extreme products under 35 U.S.C. §271(a) relative to the asserted claims listed above that are directed to "a network bridge," "a port based default VLAN," "a computer program product," or "a computer-readable storage medium comprising program instructions."

Enterasys is principally alleging inducement of infringement and contributory infringement by accused Extreme products under 35 U.S.C. §271(b) and (c) relative to the asserted claims listed above that are directed to a "network of information handling devices" or a "packet data communications network." In these instances, the direct infringers are Extreme's customers. However, Enterasys may also allege direct infringement against Extreme relative to such claims to the extent that the evidence shows that Extreme has used accused products in networks present at its own facilities, has tested accused products in a network environment, or has demonstrated accused products in a network environment for customers or others.

Enterasys will supplement or correct its response to this Interrogatory, if necessary, at an appropriate interval of this case in a manner consistent with the requirements of Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 2:**

Separately for each asserted claim of each of the patents in suit, identify the respective date of conception and date of reduction to practice of that claim, both actual and constructive, and describe any and all diligence between such conception and reduction to practice, including

the identity of all documents and things that Enterasys may contend corroborates such dates and diligence, and the identity of each person who Enterasys contends can corroborate such dates and diligence.

## RESPONSE TO INTERROGATORY NO. 2:

Enterasys objects to this Interrogatory on grounds that it calls for information that is protected from disclosure by the attorney-client privilege and/or by the work product doctrine; that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery of admissible evidence.

Enterasys further objects to this Interrogatory on grounds that it incorporates by reference Interrogatory No. 1 above which is contrary to the Court's Scheduling Order entered in this case on November 18, 2005 because it purports to require that Enterasys either actually or effectively provide detailed claim construction charts identifying asserted claims and accused products at this premature juncture of the case. Consistent with that Scheduling Order, Enterasys is not required to, and accordingly will not, provide detailed claim construction charts or their equivalents until July 17, 2006.

Subject to and without waiving its objections, Enterasys provides the following information concerning the dates of invention for the patents-in-suit:

For U.S. Patent No. 5,251,205 (the "'205 patent"), the date of conception was not later than April of 1989 and the date of first reduction to practice was not later than July of 1989. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege.

For U.S. Patent No. 5,390,173 (the "'173 patent"), the dates of conception and first

8

reduction to practice were not later than July of 1991. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege.

For U.S. Patent No. 6,128,665 (the "'665 patent"), the constructive conception and first reduction to practice dates were not later than December 30, 1996.

For U.S. Patent No. 6,147,995 (the "'995 patent") the constructive conception and first reduction to practice dates were not later than November 15, 1995.

For U.S. Patent No. 6,539,022 (the "'022 patent"), the constructive conception and first reduction to practice dates were not later than April 25, 1995.

For U.S. Patent No. 6,560,236 (the "'236 patent"), the date of conception was not later than March of 1992 and the date of first reduction to practice was not later than November of 1992. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege.

Enterasys is presently unaware of any persons other than the named inventors for each of the respective patents-in-suit as having been involved in these inventive activities, or as being able to serve as corroborating witnesses. These issues remain under investigation by Enterasys, and Enterasys expects to discover additional information about these issues from discovery in this case, including from third party discovery.

Enterasys will supplement or correct its response to this Interrogatory, if necessary, at an appropriate interval of this case in a manner consistent with the requirements of Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 3:**

Separately for each asserted claim of each of the patents in suit, identify the product or

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUNDRY NETWORKS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF ENTERASYS NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT EXTREME NETWORKS, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Enterasys

Networks, Inc. ("Enterasys" or "Plaintiff") hereby supplements and corrects its previous

responses and objections to the First Set Of Interrogatories served by Defendant Extreme

Networks, Inc. ("Extreme" or "Defendant") on or about March 6, 2006.

### GENERAL RESPONSE

Enterasys, based upon its current knowledge, understanding, and belief concerning the

information available to it as of the date on which these Responses are made, responds and

objects as set forth below to Extreme's First Set of Interrogatories. These Responses, while

based on diligent investigation by Enterasys and its counsel, reflect only the current state of

Enterasys' knowledge, understanding, and belief respecting the matters about which inquiry was

made. Enterasys has not completed its investigation of the facts relating to this case, its

discovery in this action, nor its preparation for trial. As this action proceeds, Enterasys

anticipates that further facts may be discovered, and without in any way obligating itself to do so,

9.    Enterasys objects to the "Instructions" contained in Extreme's interrogatories insofar as they purport to require the production of a privilege log with a level of detail which exceeds that mandated by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

## SPECIFIC RESPONSES AND OBJECTIONS

Enterasys hereby incorporates its General Response and General Objections set forth above into its Specific Responses and Objections set forth below.

## INTERROGATORY NO. 1:

Separately for each asserted claim of each of the patents in suit, identify:

(a)    each Extreme Networks product that Enterasys alleges infringes each such claim;

(b)    explain in detail Enterasys' contentions as to how each such product allegedly infringes each such claim;

(c)    provide a claim chart identifying specifically where each element or limitation of each asserted claim is found within each such product;

(d)    state all bases for Enterasys's contention that the element or limitation is found within the product;

(e)    provide an explanation of whether such alleged infringement is literal or under the doctrine of equivalents;

(f)    specify whether Enterasys contends that there is any alleged liability under each of 35 U.S.C. § 271(a), § 271(b), § 271(c), § 271(f) and/or § 271(g);

(g)    provide an explanation of how 35 U.S.C. § 112, 116 is satisfied if applicable, including the identity of the function and any corresponding structure in the specification;

(h)    identify each person whose acts or omissions allegedly give rise to Extreme

4

Networks' alleged liability; and

(i)    identify each document and person upon which Enterasys may rely in support of its infringement contentions.

**RESPONSE TO INTERROGATORY NO. 1:**

As an initial matter, Enterasys objects to this Interrogatory as contrary to the Court's Amended Scheduling Order entered in this case on June 27, 2006 because it purports to require that Enterasys either actually or effectively provide detailed claim construction charts containing element-by-element comparisons of the claim language of the patents-in-suit with the accused Extreme products at this premature juncture of the case. Consistent with the Amended Scheduling Order, Enterasys is not required to, and accordingly will not, provide detailed claim construction charts or their equivalents until December 15, 2006.

Moreover, Enterasys further objects because, by its Order entered on June 26, 2006, the Court has already expressly ruled that Extreme is not presently entitled to the information that this Interrogatory is requesting. Indeed, the Court's Order denied in part Foundry's motion to compel (joined by Extreme) insofar as it sought the immediate production by Enterasys of detailed claim construction charts containing element-by-element comparisons of the claim language with the accused Extreme products. As Magistrate Collings clearly stated in the Order, Enterasys "shall not be required to provide a claim chart before the deadline set by Judge Woodlock for providing such a chart." That deadline is December 15, 2006.

Magistrate Collings' Order expressly holds that to meet its present obligations in responding to this Interrogatory, Enterasys need only "identify what [Extreme] products are alleged to infringe which specific claims of which patents, and provide a brief statement as to the reasons why ... [Enterasys] asserts that each product infringes a certain claim or claims."

5

Enterasys now provides all of this required information in the chart attached hereto as Exhibit A, and Enterasys additionally identifies therein the accused Extreme product features on a claim-specific basis. Enterasys is also presently accusing of infringement any Extreme software that provides relevant functionality for the accused product features identified in Exhibit A including, but not limited to, the software disclosed by Extreme in its "Response To Interrogatory No. 7" served on June 19, 2006.

Enterasys is alleging direct infringement by accused Extreme products under 35 U.S.C. §271(a) relative to the asserted apparatus claims identified in Exhibit A that are directed to "a network bridge," "a port based default VLAN," "a computer program product," or "a computer-readable storage medium comprising program instructions."

Enterasys is principally alleging inducement of infringement and contributory infringement by accused Extreme products under 35 U.S.C. §271(b) and (c) relative to the asserted method claims identified in Exhibit A, and also relative to the asserted apparatus claims identified in Exhibit A that are directed to a "network of information handling devices" or a "packet data communications network." In these instances, the direct infringers are Extreme's customers. However, Enterasys may also allege direct infringement against Extreme relative to such claims to the extent that the evidence shows that Extreme has used accused products in networks present at its own facilities, has tested accused products in a network environment, or has demonstrated accused products in a network environment for customers or others.

The information provided in Exhibit A is necessarily preliminary in nature given that the parties are currently in the early stages of discovery in this case, and especially given that Extreme has heretofore failed in bad faith to produce any non-publicly available technical documents responsive to Enterasys' document requests that would show in greater and more precise detail

6

how its accused products and product features operate. Accordingly, Enterasys expressly reserves the right to add or drop asserted claims and/or accused products from the list provided in Exhibit A at the time it provides its claim construction charts on December 15, 2006, or at any time thereafter, as evidence and events may warrant. Given the current stage of discovery, Enterasys lacks information sufficient to respond to subparts (h) and (i) of this Interrogatory.

Enterasys will supplement or correct its response to this Interrogatory, if necessary, at an appropriate interval of this case in a manner consistent with the requirements of Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 2:**

Separately for each asserted claim of each of the patents in suit, identify the respective date of conception and date of reduction to practice of that claim, both actual and constructive, and describe any and all diligence between such conception and reduction to practice, including the identity of all documents and things that Enterasys may contend corroborates such dates and diligence, and the identity of each person who Enterasys contends can corroborate such dates and diligence.

**RESPONSE TO INTERROGATORY NO. 2:**

Enterasys objects to this Interrogatory on grounds that it calls for information that is protected from disclosure by the attorney-client privilege and/or by the work product doctrine; that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery of admissible evidence. Enterasys further objects to this Interrogatory on grounds that it has not yet made a final determination as to what will be its "asserted claim[s]" in this case.

7

Subject to and without waiving its objections, Enterasys provides the following information concerning the dates of invention for the patents-in-suit:

For U.S. Patent No. 5,251,205 (the "'205 patent"), the date of conception was not later than April of 1989 and the date of first reduction to practice was not later than July of 1989. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege. At present, Enterasys has been able to locate no further information or documentation relevant to establishing these conception and reduction to practice dates other than the invention record itself. Such further information or documentation may be obtainable through third party discovery.

For U.S. Patent No. 5,390,173 (the "'173 patent"), the dates of conception and first reduction to practice were not later than July of 1991. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege. At present, Enterasys has been able to locate no further information or documentation relevant to establishing these conception and reduction to practice dates other than the invention record itself. Such further information or documentation may be obtainable through third party discovery.

For U.S. Patent No. 6,128,665 (the "'665 patent"), the constructive conception and first reduction to practice dates were not later than December 30, 1996. At present, Enterasys has been able to locate no information or documentation relevant to establishing actual conception and reduction to practice dates. Such information or documentation may be obtainable through third party discovery.

For U.S. Patent No. 6,147,995 (the "'995 patent") the constructive conception and first

8

reduction to practice dates were not later than November 15, 1995. At present, Enterasys has been able to locate no information or documentation relevant to establishing actual conception and reduction to practice dates. Such information or documentation may be obtainable through third party discovery.

For U.S. Patent No. 6,539,022 (the "'022 patent"), the constructive conception and first reduction to practice dates were not later than April 25, 1995. At present, Enterasys has been able to locate no information or documentation relevant to establishing actual conception and reduction to practice dates. Such information or documentation may be obtainable through third party discovery.

For U.S. Patent No. 6,560,236 (the "'236 patent"), the date of conception was not later than March of 1992 and the date of first reduction to practice was not later than November of 1992. Enterasys bases these dates upon information contained in the invention record which it presently intends to withhold from production on grounds of attorney-client privilege. At present, Enterasys has been able to locate no further information or documentation relevant to establishing these conception and reduction to practice dates other than the invention record itself. Such further information or documentation may be obtainable through third party discovery.

Enterasys is presently unaware of any persons other than the named inventors for each of the respective patents-in-suit as having been involved in these inventive activities, or as being able to serve as corroborating witnesses. These issues remain under investigation by Enterasys, and Enterasys expects to discover additional information about these issues from discovery in this case, including from third party discovery.

Enterasys will supplement or correct its response to this Interrogatory, if necessary, at an

appropriate interval of this case in a manner consistent with the requirements of Federal Rule of
Civil Procedure 26(e).

## INTERROGATORY NO. 3:

Separately for each asserted claim of each of the patents in suit, identify the product or
thing that constituted the first embodiment of each claimed invention and identify when it was
first offered for sale, first sold, first publicly used, first publicly disclosed, or first disclosed to
anyone not an employee of the assignee of the patent containing the claim; identifying each
person with knowledge of the offer for sale, sale, public use, public disclosure or disclosure to
anyone not then an employee of the assignee of the patent containing the claim and the subject
matter of each person's knowledge; and identify all documents and persons with information
relating to such offer for sale, sale, public use, public disclosure or disclosure.

## RESPONSE TO INTERROGATORY NO. 3:

Enterasys objects to this Interrogatory on grounds that it calls for information that is
protected from disclosure by the attorney-client privilege and/or by the work product doctrine;
that it is overly broad, unduly burdensome, vague, and ambiguous; and that it seeks information
neither relevant to a claim or defense of a party nor reasonably calculated to lead to the discovery
of admissible evidence.

Enterasys further objects to this Interrogatory on grounds that it is contrary to the Court's
Amended Scheduling Order entered in this case on June 27, 2006 because, in order to answer
portions thereof, Enterasys would have to either actually or effectively prepare detailed claim
charts construing the asserted patent claims at this premature juncture of the case. Consistent with
the Amended Scheduling Order, Enterasys need not prepare such detailed claim construction