UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EXTREME NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 05-11298-DPW |

## JOINT MOTION OF EXTREME NETWORKS, INC. AND ENTERASYS, INC. TO MODIFY THE SCHEDULING ORDER

Defendant Extreme Networks, Inc. ("Extreme") and Plaintiff Enterasys Networks, Inc. ("Enterasys") jointly move to modify the Court's Scheduling Order of June 27, 2006 (Docket #60). Defendant Foundry Networks, Inc. ("Foundry") does not oppose this motion. Further time is needed to complete necessary discovery, including document discovery and depositions of key inventors and other witnesses, and prepare the papers required under the Scheduling Order.

This case involves six patents, with sixteen different inventors, dating back into the early 1990's. Despite diligent efforts, the parties have not yet completed document discovery. Further, completing discovery in this case is complicated by the fact that substantial information is in the hands of third parties. The patents themselves, with one exception, originated at companies other than Enterasys or its predecessor, Cabletron, and only one of the sixteen named inventors is employed by any party to this action.[1] Accordingly, Enterasys is apparently not in possession of many documents that Defendants believe are necessary to the preparation of their

---

[1] Pursuant to the Court's Order of October 26, 2006, Enterasys filed an affidavit of Marc N. Henschke (the "Henschke Affidavit") on November 30, 2006, which lays out in some detail the challenges the parties are facing in obtaining documents and information from third parties relating to the claimed inventions. Because this affidavit contains information Enterasys considers highly confidential, the affidavit was filed under seal. The moving parties refer the Court generally to the Henschke Affidavit as support for the background facts set forth herein.

defense, including certain invention records relating to the patents-in-suit and documents describing products that practice or embody the claimed inventions.

By way of example, counsel for Enterasys has been informed that all technical documentation, data, business and financial information relating to historical DEC products was transferred to DNPG in September, 2000. Counsel for DNPG, however, has represented that the only information in its possession is electronic data on an outdated VAX computer system. See Affidavit of Emily E. Smith-Lee ("Smith-Lee Aff."), ¶5. Counsel for all three parties are working jointly with a computer expert to determine the most feasible way to identify and retrieve relevant data, but have not yet been able to access the data. Id., ¶6. Document discovery is also outstanding from other third parties likely to have key information, specifically Hewlett-Packard, which purchased the assets of the company at which four of the six patents originated, and Standard Microsystems Corporation, the company at which one of the six patents originated.

In addition, only one of the sixteen named inventors is currently employed by any party to this action. Accordingly, virtually all of the depositions of key witnesses require third party discovery. The parties are currently negotiating deposition dates with counsel for the respective witnesses. Due to witness availability, the majority of the currently planned depositions, including six of the named inventors, will not be able to take place until at least January, 2007. See Smith-Lee Aff., ¶7-8.

Finally, document discovery among the parties is not yet complete. Enterasys is in the process of completing its search of electronic records for responsive documents, and preparing for production documents identified by Defendants' counsel from Enterasys' off-site storage facility. Id., ¶9-10. Extreme, in turn, is in the process of completing the last stage of its search for responsive electronic documents. Id., ¶11. Both parties expect their production to be

complete, or substantially complete, by the end of December, 2006. Id., ¶9-11.

For the reasons set forth above, and in order to allow a fair opportunity for all parties to review and assimilate the documents that have not yet been produced, prepare for and take critical depositions, and prepare the papers required under the Scheduling Order, Extreme and Enterasys request that each of the dates in the Scheduling Order be extended by 90 days, as set forth below.

| Existing Deadline | New Deadline |
| --- | --- |
| **December 15, 2006** - Enterasys to serve claim construction charts identifying asserted claims and products accused of literal or doctrine of equivalents infringement. | **Already served by Enterasys on November 30, pursuant to the Court's Order dated October 26, 2006** |
| **January 16, 2007**- Defendants to serve invalidity contentions identifying each asserted item of prior art and the basis on which it anticipates or renders obvious each asserted patent claim. | **Monday, April 16, 2007** |
| **January 30, 2007**- Defendants to serve responsive claim construction charts identifying which claim elements they admit are present in any accused products, and as to all other claim elements their basis for denying that said elements are present. | **Monday, April 30, 2007** |
| **February 13, 2007**- Simultaneous exchange of preliminary proposed constructions for the claim elements that each party contends should be construed by the Court. | **Monday, May 14, 2007** |
| **February 17, 2007**- Defendants to provide notice of intention to rely upon opinions of counsel to potentially avoid willful infringement findings. | **Thursday, May 17, 2007** |
| **March 7, 2007**- Parties to file joint claim construction statement providing shared constructions of claim elements on which the parties agree, and alternative proposed constructions of disputed claim elements. | **Thursday, June 7, 2007** |

| Existing Deadline | New Deadline |
|---|---|
| **March 12, 2007**- Beginning of Phase II fact discovery encompassing all issues including those issues addressed during Phase I. | **Tuesday, June 12, 2007** |
| **March 27, 2007**- Deadline for all parties to file their opening claim construction briefs. | **Wednesday, June 27, 2007** |
| **April 24, 2007**- Deadline for all parties to file their claim construction reply briefs. | **Tuesday, July 24, 2007** |
| **May 14-16, 2007**- Markman claim construction. | **September 10-12, 2007** |

Dated:  December 8, 2006						EXTREME NETWORKS, INC.

By its attorneys,


 /s/ Emily Smith-Lee
Emily Smith-Lee (BB0# 634223)

Terrence P. McMahon
Vera M. Elson
David H. Dolkas
Firasat M. Ali
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

Christopher D. Bright
McDermott Will & Emery LLP
18191 Von Karman Ave.
Suite 400
Irvine, CA 92612-7107
(949) 851-0633

Peter L. Resnik (BBO# 417180)
Emily Smith-Lee (BB0# 634223)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts  02109-1775
(617) 535-4000
MCDERMOTT WILL & EMERY LLP

ENTERASYS, INC.
By its attorneys

 /s/ Marc N. Henschke
Marc N. Henschke (BBO #    )
800 Boylston Street
25th Floor
Boston, MA 02199
(617) 859--2784
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 8, 2006.

|  | /s/ Emily Smith-Lee |
|--|--|
|  | Emily Smith-Lee |

BS199 1525239-1 065994 0016