UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ENTERASYS NETWORKS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**EXTREME NETWORKS, INC.,**<br><br>Defendant. | Civil Action No. 05-11298-DPW |

### AFFIDAVIT OF EMILY E. SMITH-LEE IN SUPPORT OF THE JOINT MOTION OF ENTERASYS, INC. AND EXTREME NETWORKS, INC. TO AMEND THE SCHEDULING ORDER

I, Emily E. Smith-Lee, hereby declare under penalties of perjury as follows:

1. I am a partner in the law firm of McDermott Will & Emery, LLP, 28 State Street, Boston, Massachusetts, and I make this affidavit in support of the joint motion of Plaintiff Enterasys, Inc. and Defendant Extreme Networks, Inc. to amend the current Scheduling Order.

2. I was admitted to the Massachusetts Bar in 1996, and have been a member in good standing since that time. I am also admitted to the United States District Court for the District of Massachusetts.

3. Counsel for Enterasys has informed Defendants that (i) only one of the six patents-in-suit originated at Enterasys' predecessor, Cabletron; (ii) the original records relating to the other five patents are likely to be largely if not entirely in possession of third parties, including DNPG, LLC, Hewlett Packard, and/or Standard Microsystems Corporation; and (iii) only one of the sixteen named inventors is currently an employee of Enterasys, and the

remaining inventors were either never employed by Enterasys or Cabletron, or were so employed for only a brief period of time.

4. After being informed that relevant documents were likely in the possession of DNPG, LLC, I caused a subpoena to be served on DNPG requesting production of relevant documents. Enterasys and Foundry subsequently also served subpoenas on DNPG.

5. Counsel for DNPG, Matthew Johnson, Esq., has informed me and counsel for the other parties that DNPG is not in fact in possession of any hard copy documents from the relevant time period, and that the only data DNPG acquired from Enterasys/Cabletron was an old VAX computer system. Counsel for DNPG has further informed me that, while DNPG has an employee who knows how to access information on the VAX system, they do not believe they have the capability to identify and reproduce responsive documents from that system.

6. Counsel for all three parties have conferred with respect to the DNPG data, and are working jointly with a computer expert to determine the most efficient and effective way to identify and reproduce any responsive data on the VAX system.

7. Seven individuals likely to have relevant information, including three named inventors, have been identified as current employees of Cisco Systems, Inc. Defendants have requested depositions for each of these witnesses, and I have been working with counsel for Cisco to schedule these depositions. Two individuals are available for deposition in the month of December, but I have been told that the remaining individuals will not be available until at least January, 2007, if not later.

8. Three additional named inventors have been served with subpoenas in Massachusetts, and will be represented at their depositions by counsel for Enterasys. Counsel for

Enterasys has informed me that these individuals, as well, likely will not be available until at least January, 2007.

9. In November, 2006, counsel for Extreme and Foundry visited Enterasys' off-site storage facility in New Hampshire, and reviewed over 600 boxes of documents. The Defendants selected potentially relevant and responsive documents for copying. I have been informed by counsel for Enterasys that these copies will be ready to produce sometime in December, 2006.

10. By agreement of all three parties, Enterasys is also conducting further searches of its electronic records, using search terms provided by the Defendants. I have been informed by counsel for Enterasys that these searches are continuing, and that responsive documents will be produced on a rolling basis beginning in December, 2006.

11. Extreme has largely completed its document production, but is in the process of finalizing its search of electronic records. We expect to produce any responsive documents resulting from this search in December, 2006.

12. Counsel for Foundry has confirmed that Foundry dos not oppose the motion to amend the scheduling order.

I declare under the pains and penalties of perjury that the foregoing statements are true.

*/s/* Emily E. Smith-Lee
Emily E. Smith-Lee

Dated: December 8, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 8, 2006.

|  | /s/ Emily E. Smith-Lee |
|---|---|
|  | Emily E. Smith-Lee |

BST99 1525362-1.065994.0016