## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC, <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. <br><br> and <br><br> EXTREME NETWORKS, INC., <br><br> Defendants. | Civil Action No. 05-CV-11298 (DPW) <br><br> **ORAL ARGUMENT REQUESTED** |

**FOUNDRY NETWORKS, INC.'S MOTION FOR EXTENSION OF DEADLINE RELATING TO WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER**

Under the current schedule, Defendant Foundry Networks, Inc. ("Foundry") is required to provide notice of its intention to rely upon opinions of counsel to potentially avoid a finding of willful infringement by May 17, 2007, thereby waiving privilege over certain communications relating to the opinions. Foundry hereby requests an extension of that deadline because (1) the Federal Circuit will soon be ruling on the scope of the resulting waiver of privilege; (2) the ruling may affect Foundry's decision about whether to rely on opinions of counsel; and (3) an extension will cause no prejudice to the Court or the other parties.

On January 26, 2007, the Federal Circuit agreed to decide, *en banc*, the proper scope and subject matter of the privilege waiver resulting from a defendant's reliance on opinions of counsel in connection with the issue of willfulness in a patent case. *In re Seagate Technology, Inc.*, Order on Misc. Docket No. 830 [Exh. A]. Foundry's own decision about whether to rely on

opinions of counsel may well depend on the outcome of that case. Until *Seagate* is decided, and any appeals to the U.S. Supreme Court are resolved, Foundry has no way of knowing the full extent of any waiver of privilege. That uncertainty presents Foundry with an unfair dilemma because the *Seagate* ruling may have dramatic consequences. For example, if the Federal Circuit or Supreme Court decides that the waiver extends to communications between a patent defendant and its trial counsel – an issue that the *Seagate* court has agreed to decide – Foundry would be extremely prejudiced by a premature decision to waive the privilege.

This hardship on Foundry can easily be avoided without prejudice to the Court or the other parties by extending the deadline for Foundry to decide whether to rely on opinions of counsel. Foundry's decision will have no impact on any issue in this case other than willful infringement and the amount of damages. In particular, it will have no impact on the upcoming claim construction proceedings. Because a trial date has not been set and damages discovery has not even started, there will be plenty of time for Plaintiff Enterasys Networks, Inc. ("Enterasys") to take discovery related to opinions of counsel (if necessary) after the *Seagate* ruling issues. Indeed, Enterasys may benefit from an extension because the *Seagate* case may resolve issues regarding the scope of the waiver that otherwise would be disputed in this case, requiring the expenditure of time and money by the parties and this Court.

Accordingly, Foundry asks that the Court extend the due date for Foundry to decide whether to rely upon opinions of counsel in connection with its defense to willful infringement, from May 17, 2007, until 10 days after the deadline for appealing the Federal Circuit's decision in *Seagate* to the U.S. Supreme Court has passed, or if an appeal to the Supreme Court is made, until 10 days after the Supreme Court issues its ruling on the case, subject to further modification by the Court if merited by changing circumstances.

## I. FOUNDRY SHOULD NOT HAVE TO DECIDE WHETHER TO RELY ON OPINIONS OF COUNSEL UNTIL IT KNOWS THE SCOPE OF THE RESULTING WAIVER OF PRIVILEGE

In patent cases, it is every accused defendant's dilemma to decide whether to waive the attorney-client privilege by relying on opinions of counsel in defense to a charge of willful patent infringement. The issue has created a quandary in the legal community, because courts around the country have had various thoughts as to the scope of any waiver – whether it attaches to trial counsel, whether it goes beyond the limited subject matter of the opinion letters, and whether it is subject to any temporal limitations.

The Federal Circuit, recently, in *In re EchoStar Communications Corp.* attempted to clarify the scope of the privilege waiver. 448 F.3d 1294, 1302 (Fed. Cir. 2006), *cert. denied* 127 S. Ct. 846 (2006). *EchoStar* was silent, however, regarding whether reliance on opinion letters provided by patent counsel results in a waiver of privilege with respect to communications between an accused infringer and its trial counsel.[1] Subsequent courts have decided this issue differently, with some imposing a broad waiver of privilege that extends to communications with trial counsel. Compare, e.g., *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 575-576 (E.D. Tex. 2006) (limiting waiver to subject matter of non-infringement opinion and declining to extend waiver to communications between trial counsel and in-house counsel where in-house counsel acted as a conduit between trial counsel and employees), with *Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F. Supp. 2d 46, 51, 53 (D.D.C. 2006) (holding privilege waiver to include invalidity, unenforceability, and noninfringement subject matter despite opinion letter

---

[1] The *EchoStar* court also "did not squarely address whether the waiver extends beyond the subject matter of the underlying opinion to include <u>all defenses</u> to willful infringement." *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 574-75 (E.D. Tex. 2006) (summarizing district court decisions on appropriate scope of the waiver post-*EchoStar*).

addressing only noninfringement and ordering defendant to produce post-opinion communications with trial counsel that question or contradict the opinion).

Most notably, the district court in *Convolve, Inc. v. Compaq Computer Corp.* ordered the defendants to

> *produce all documents, answers to interrogatories, and deposition testimony concerning communications between Seagate (or its in-house counsel) and any of its attorneys, including trial counsel, with respect to the subject of [opinion counsel's] opinions*, i.e., the infringement, validity, and enforcement of [the patents-in-suit]. The time period of the waiver runs from the time Seagate became aware of the patents at issue and continues until such time as Seagate's alleged infringement ends. Any communications between Seagate and its trial counsel concerning the subject matter of [opinion counsel's] opinions that also relate to trial strategy or planning shall be submitted for [the Court's] review.

224 F.R.D. 98, 105 (S.D.N.Y. 2004) (emphasis added). Thus, by making the relatively routine decision to rely upon opinions of counsel in defense to a charge of willful infringement, the defendant in *Convolve* suffered the unexpected consequence of having to show its adversary all of its confidential communications with trial counsel. Thus, all of its trial strategies and thought processes were ordered to be revealed — an obviously prejudicial result.

Of course, plaintiffs in cases throughout the country now seek a similarly broad waiver in all of their patent cases, and defendants are faced with the risk that waiving the privilege with respect to opinion counsel's advice will entail a further waiver of privilege with respect to trial counsel communications. Enterasys refused without elaboration Foundry's request for a joint extension of the schedule until the *Seagate* case is decided. Thus, Foundry is unaware of Enterasys' view of the proper scope of the waiver of privilege but expects Enterasys to take the most expansive scope permitted by district courts that have interpreted *EchoStar*.

Recognizing the importance of this issue, on January 26, 2007, the Federal Circuit, *sua sponte*, stated that it would decide, *en banc*, the proper scope of the privilege waiver as it regards

communications with trial counsel in response to defendant Seagate's Petition for a Writ of Mandamus in the *Convolve* litigation. *In re Seagate Technology, Inc.*, Order on Misc. Docket No. 830 [Exh. A]. Briefing on the Federal Circuit's order is to be completed by early May, 2007, with a hearing to be scheduled thereafter. [Exh. B at 1]. Assuming the court rules within five-to-six months of the briefing, Foundry believes the decision will be handed down before the *Markman* hearing in this case, which is currently scheduled for October 15, 16, and 17, 2007.

The current case schedule would require that Foundry decide whether to rely on opinions of counsel before the Federal Circuit rules on the scope of the resulting waiver of privilege. Consequently, if the case schedule is not adjusted, Foundry will be forced to make that decision without knowing the full scope of the waiver to which it may be subjected. For example, will the scope of waiver be consistent with the current law of this Court, which limits the waiver to the particular subject matter of the opinion, i.e., invalidity, unenforceability, *or* non-infringement? *Nitinol Med. Techs. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 217 (D. Mass. 2000). Or will the Federal Circuit impose a broader waiver, thereby exposing Foundry to consequences that are beyond its knowledge at this time? Should the Federal Circuit decide on a broad waiver, it is quite possible that Foundry would decide not to rely on opinions of counsel in this case, particularly in the light of recent case law holding that the absence of an opinion does not give rise to a presumption of willful infringement. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004).

"By asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies." *EchoStar*, 448

F.3d at 1303. Unfortunately, the full extent to which this principle remains true is now unclear. Until the *Seagate* court rules, Foundry should not be required to unwittingly waive privilege.

## II. EXTENDING THE DEADLINE WILL NOT ADVERSELY AFFECT OR PREJUDICE ENTERASYS OR THE COURT

Granting Foundry's motion will not prejudice Enterasys in any way, nor will it add to the Court's burden. Indeed, the opposite is likely true.

Under the current schedule (Docket Entry 82), damages discovery does not even start until June 2007, and a *Markman* hearing to construe the claims-in-suit will not occur until October 2007. Beyond that, no further proceedings have been scheduled. In particular, there is no trial date. Current activity in the case includes preparation of non-infringement and invalidity contentions; inventor and other technical depositions; and third-party discovery related mainly to invalidity issues. The parties will soon commence claim construction proceedings, such as the preparation of a joint claim construction statement. For purposes of the ongoing discovery and other proceedings, Enterasys does not need to know whether Foundry will rely on opinions of counsel to defend against the charge of willful infringement. That issue is completely irrelevant to any proceedings taking place now or in the foreseeable future. *See, e.g., AVIA Group Int'l, Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569, at *4 (D. Or. Sept. 17, 1991) ("willfulness is not relevant to the issue of liability").

Thus, Enterasys will not be prejudiced by an order granting Foundry's motion. Indeed, Enterasys identified no prejudice during the parties' meet-and-confer discussions preceding this motion. Instead, Enterasys rejected Foundry's request without explanation.

It is likely, in fact, that Enterasys and the Court will be *benefited*, not harmed, by a postponement of willfulness discovery until after *Seagate* is decided. If Foundry is required to state now whether it is going to rely on an "opinion of counsel" defense, the parties will

undoubtedly embark on a series of discovery disputes related to the scope of the resulting waiver of privilege. The parties will spend time and money preparing discovery requests and responses, engaging in meet-and-confer correspondence and discussions, and preparing briefs. The Court's time will be taken up resolving these disputes. Yet the *Seagate* case is likely to resolve many of the issues over which the parties would be fighting. Indeed, as noted above, the ruling in that case could cause Foundry to refrain from asserting an "opinion of counsel" defense altogether, making such discovery completely unnecessary. Forcing the issue now would therefore cause harm to everyone involved.

      The delay associated with granting this motion should not be long. Foundry expects the *Seagate* opinion to be entered within the next several months. Assuming the Supreme Court does not grant review, discovery may be able to move forward on the "opinion of counsel" issue as early as the end of this year or the beginning of next year. Even if the Federal Circuit review process takes longer than expected, or the Supreme Court grants review, that should not pose a problem. Courts often defer discovery into a defendant's "opinion of counsel" defense until after summary judgment motions on liability issues, or even after a trial on liability issues, in order to avoid forcing the defendant to waive the attorney-client privilege unnecessarily. *See, e.g., AVIA Group Int'l*, 1991 WL 340569, at *3-*4 (bifurcating trials and staying discovery on opinions of counsel until after completion of liability trial); *Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02 Civ. 9290 BSJ THK, 2003 WL 21800981, at *3 (S.D.N.Y. Aug. 5, 2003) (staying discovery on opinions of counsel, and noting that such discovery would be unnecessary if defendant prevailed on summary judgment motion). Alternatively, if the Court later determines that further delay is not warranted, it can revise the schedule again at any time to require that Foundry decide whether to rely on opinions of counsel sooner rather than later.

## CONCLUSION

WHEREFORE, Foundry respectfully moves the Court to enter the following relief:

(1)  Extend the May 17, 2007 deadline for asserting the opinion-of-counsel defense until after the Federal Circuit issues a decision in the *Seagate* case and the Supreme Court either declines review of the Federal Circuit ruling or itself issues a decision on the waiver of privilege issues raised therein; and

(2)  Allow Foundry to wait until ten (10) days after the *Seagate* ruling becomes final to state whether it will assert an "opinion of counsel" defense, subject to further modification by the Court if merited by changing circumstances.

### Certification Pursuant to Local Rule 7.1

Counsel for Foundry hereby certifies that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and thereafter but were unable to reach agreement.

### Request for Oral Argument

Pursuant to Local Rule 7.1(D), Foundry respectfully requests oral argument on the issues discussed in this brief.

Dated:  April 18, 2007

Respectfully Submitted,

DEFENDANT FOUNDRY NETWORKS, INC.

By Its Attorneys,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
John W. Pint (BBO #660548)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

William L. Anthony, Jr. (admitted pro hac vice)
I. Neel Chatterjee (admitted pro hac vice)
Fabio E. Marino (admitted pro hac vice)
Michael F. Heafey (BBO # 556931)
Sanjeet K. Dutta (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

### Certificate of Service

The undersigned hereby certifies that this document was filed through the ECF system on April 18, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Steven M. Bauer*
Steven M. Bauer

# **EXHIBIT A**

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 830

IN RE SEAGATE TECHNOLOGY, LLC,

                                                   Petitioner.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, NEWMAN, MAYER, LOURIE, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, Circuit Judges.

PER CURIAM.

O R D E R

This petition for writ of mandamus, having been reviewed by the Motions Panel, was thereafter referred to the circuit judges who are in regular active service and authorized to request a poll on whether to hear this matter en banc. A poll was requested, taken, and the court has decided sua sponte that the petition is appropriate for en banc consideration,

    IT IS ORDERED THAT:

    The parties are invited to address the following questions:

(1) Should a party's assertion of the advice of counsel defense to willful infringement extend waiver of the attorney-client privilege to communications with that party's trial counsel? See In re EchoStar Commc'n Corp., 448 F.3d 1294 (Fed. Cir. 2006).

(2) What is the effect of any such waiver on work-product immunity?

(3) Given the impact of the statutory duty of care standard announced in Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380 (Fed. Cir.

1983), on the issue of waiver of attorney-client privilege, should this court reconsider the decision in <u>Underwater Devices</u> and the duty of care standard itself?

This petition will be heard en banc on the basis of the new briefs addressing, inter alia, the issues set forth above. An original and thirty copies of all briefs shall be filed, and two copies served on opposing counsel. The Petitioner shall file a brief within thirty days from the date of the filing of this order. The brief from the Respondent is due thirty days thereafter; and any reply brief from the Petitioner is due ten days thereafter. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

Motions to file an amicus brief and to file a reply brief are denied as moot. The motion to vacate the temporary stay issued by this court is denied. MAYER, <u>Circuit Judge</u>, would grant the motion.

Briefs of amici curiae will be entertained in accordance with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29. Scheduling of oral argument, if any, will be resolved at a later date.

FOR THE COURT

January 26, 2007  
Date

/s/ Jan Horbaly  
Jan Horbaly  
Clerk

cc:   Brian E. Ferguson, Esq.  
      Debra Brown Steinberg, Esq.  
      Alison M. Tucher, Esq.  
      U.S.D.C. SD/NY, Clerk  
      U.S.D.C. SD/NY, Judge

M.830                                                                 2

# **EXHIBIT B**

Check Your Billing History    Change Client Code

# Case Details
## U.S. Court of Appeals for the Federal Circuit
**IN RE SEAGATE TECHNOLOGY**
**2006-M830**
**Case documents are not available for download**

Click Here for **Listing of Briefs**
Click Here To **Search Again**

| Date | History |
|---|---|
| 4/25/2007 | Due  **RED BRIEF** |
| 3/23/2007 | Appellant Principal Brief Filing Date |
| / / | Appellee or Cross Appellant Principal Brief Filing Date |
| / / | Appellant Reply Brief Filing Date |
| / / | Cross Appellant Reply Brief Filing Date |
| / / | Appendicies Filing Date |
| / / | Disposition: ; by |
| / / | Mandated on |
| >> | *Please Note: The briefs above are only the most current.* << |

| | - - - - -**Notice to Users of PACER**- - - - - |
|---|---|
| --- | **Entry Numbers** may be different due to upgrades made recently to the case management system. |
| --- | >> **Please Note: Motions & Actions Filed are listed first. Entries are listed last.**<< |
| 3/22/2007 | **MOTION:** Entry 43 :by Other - Motion of American Intellectual Property Law Association for Leave to File Amicus Curiae Brief. **SERVICE :** by on 12:00:00 AM |
| 3/22/2007 | **ACTION:** Entry 61 :Granted. |
| 3/21/2007 | **MOTION:** Entry 50 :by Other - Motion for leave to fiile brief of the American Bar Association as amicus curiae. (Amicus curiae brief submitted w/motion) **SERVICE :** by Mail on 3/21/2007 |
| 3/23/2007 | **ACTION:** Entry 77 :Granted. |
| 3/21/2007 | **MOTION:** Entry 49 :by Other - Motion for leave to file amici curiae brief. **SERVICE :** by Mail on 3/20/2007 |
| 3/23/2007 | **ACTION:** Entry 84 :Granted. |
| 3/21/2007 | **MOTION:** Entry 48 :by Other - Motion for leave to file amici brief of Adobe Systems Incorporated, et al. **SERVICE :** by Mail on 3/21/2007 |
| 3/23/2007 | **ACTION:** Entry 76 :Granted. |
| 3/21/2007 | **MOTION:** Entry 47 :by Other - Motion of Securities Industry and Financial Markets Association and The Financial Services Roundtable for leave to file brief as amici curiae. (Amici brief submitted w/motion) **SERVICE :** by Mail on 3/20/2007 |
| 3/23/2007 | **ACTION:** Entry 81 :Granted. |

| | |
|---|---|
| 3/21/2007 | **MOTION:** Entry 46 :by Other - Motion for leave to file a brief as amicus curiae. (Amicus curiae brief submitted w/motion) **SERVICE :** by Mail on 3/20/2007 |
| 3/23/2007 | **ACTION:** Entry 75 :Granted. |
| 3/21/2007 | **MOTION:** Entry 45 :by Other - Motion for leave to file brief of behalf of Pharmaceutical Research and Manufactures of America as amicus curiae. (Amicus curiae brief submitted w/motion) **SERVICE :** by Mail on 3/21/2007 |
| 3/23/2007 | **ACTION:** Entry 78 :Granted. |
| 3/21/2007 | **MOTION:** Entry 42 :by Other - Motion for leave to file amicus brief in support of petition for writ of mandamus. (briefs rec'd w/motion) **SERVICE :** by Mail on 3/21/2007 |
| 3/22/2007 | **ACTION:** Entry 60 :Granted. |
| 3/21/2007 | **MOTION:** Entry 41 :by Other - Motion of Echostar Communications Corporation and BEA Systems, Inc. for Leave to File The Enclosed Brief of Amici Curiae. **SERVICE :** by Mail on 3/21/2007 |
| 3/22/2007 | **ACTION:** Entry 59 :Granted. |
| 3/21/2007 | **MOTION:** Entry 38 :by Other - Motion by Biotechnology Industry Organization for Leave to File Amicus Curiae Brief in Support Petitioner [briefs received with motion] **SERVICE :** by Not on 3/21/2007 |
| 3/22/2007 | **ACTION:** Entry 56 :Granted. |
| 3/20/2007 | **MOTION:** Entry 53 :by Other - Motion for leave to file brief amicus curiae of the Philadelphia Intellectual Property Law Association. (Amicus curiae brief submitted w/motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/23/2007 | **ACTION:** Entry 80 :Granted. |
| 3/20/2007 | **MOTION:** Entry 51 :by Other - Motion for leave to file amicus curiae brief. (brief rec'd w/motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/23/2007 | **ACTION:** Entry 83 :Granted. |
| 3/20/2007 | **MOTION:** Entry 44 :by Other - Motion for leave to file brief amicus curiae. (briefs rec'd w/motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/22/2007 | **ACTION:** Entry 62 :Granted. |
| 3/20/2007 | **MOTION:** Entry 40 :by Other - Motion for leave to file amicus curiae brief in support of neither party. (brief rec'd w/motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/22/2007 | **ACTION:** Entry 58 :Granted. |
| 3/19/2007 | **MOTION:** Entry 52 :by Other - Motion for leave to file amicus brief in support of neither party. (briefs rec'd w/motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/23/2007 | **ACTION:** Entry 82 :Granted. |
| 3/19/2007 | **MOTION:** Entry 39 :by Other - Motion for leave to file amicus curiae brief. **SERVICE :** by Mail |

| Date | Entry |
|---|---|
| | on 3/19/2007 |
| 3/22/2007 | **ACTION:** Entry 57 :Granted. |
| 3/19/2007 | **MOTION:** Entry 37 :by Other - Motion for leave to file amicus curiae brief in support of neither party and in support of reversal. **SERVICE :** by Mail on 3/19/2007 |
| 3/22/2007 | **ACTION:** Entry 55 :Granted. |
| 3/19/2007 | **MOTION:** Entry 36 :by Other - Motion for leave to file EnBanc brief amicus curiae in support of neither party. (brief rec'd/w motion) **SERVICE :** by Mail on 3/19/2007 |
| 3/22/2007 | **ACTION:** Entry 54 :Granted. |
| 3/16/2007 | **MOTION:** Entry 32 :by Other - Motion for leave to file Amicus Curiae brief in support of neither party. **SERVICE :** by Mail on 3/16/2007 |
| 3/21/2007 | **ACTION:** Entry 35 :Granted. |
| 3/16/2007 | **MOTION:** Entry 31 :by Other - Motion for leave to file brief Amici Curiae in support of petitioner. (brief rec'd w/motion) **SERVICE :** by Mail on 3/16/2007 |
| 3/21/2007 | **ACTION:** Entry 33 :Granted. |
| 3/16/2007 | **MOTION:** Entry 30 :by Other - Motion for leave to file Amicus Curiae brief in support of Petitioner in support of reversal. (Briefs rec'd w/motion) **SERVICE :** by Mail on 3/14/2007 |
| 3/21/2007 | **ACTION:** Entry 34 :Granted. |
| 2/1/2007 | **MOTION:** Entry 24 :by Petitioner - Motion for extension of time to file principal briefs (requesting a 14 day extension of time for all brief due dates listed in the order of 1/26/07). **SERVICE :** by Mail on 2/1/2007 |
| 2/5/2007 | **ACTION:** Entry 25 :Motion granted. The blue brief is due 3/12/07. |
| 10/23/2006 . | **MOTION:** Entry 12 :by Petitioner - Motion for leave to file reply brief re. writ of mandamus. **SERVICE :** by Mail on 10/23/2006 <br> **REPLY 1:** 11/3/2006 , Entry # 15 |
| 1/26/2007 | **ACTION:** Entry 20 :Denied as moot. |
| 10/17/2006 . . | **MOTION:** Entry 9 :by Respondent - Motion to vacate a stay order obtained by Seagate Technology. **SERVICE :** by Fax on 10/16/2006 <br> **REPLY 1:** 10/23/2006 , Entry # 11 <br> **REPLY 2:** 11/3/2006 , Entry # 14 |
| 1/26/2007 | **ACTION:** Entry 19 :Denied. |
| 10/13/2006 . | **MOTION:** Entry 8 :by Other - Motion for leave to file brief as amicus curiae. (brief rec'd w/motion) **SERVICE :** by Mail on 10/13/2006 <br> **REPLY 1:** 10/30/2006 , Entry # 13 |
| 1/26/2007 | **ACTION:** Entry 18 :Denied as moot. |
| 9/29/2006 | **MOTION:** Entry 3 :by Petitioner - Petitioner Seagate Technology LLC's Motion for Stay of Discovery Orders compelling disclosure of privileged communications of trial counsel pending resolution of Seagate's Petition for Writ of Mandamus. **SERVICE :** by Mail on 9/29/2006 |

| | |
|---|---|
| 9/29/2006 | **ACTION:** Entry 22 :Granted. |
| 9/29/2006 | **MOTION:** Entry 2 :by Petitioner - Seagate Technology LLC's Petition for Writ of Mandamus to Vacate Discovery Orders compelling disclosure of privileged Communications of Trial Counsel. |
| | **SERVICE :** by Mail on 9/29/2006 |
| . | **REPLY 1:** 10/17/2006 , Entry # 10 |
| . | **REPLY 2:** 11/7/2006 , Entry # 16 |
| . | **>> Entries for Case Number: 2006-M830 <<** |
| Entry 102 : | 4/3/2007 :  Notice of Rejection: The Entry of appearance of Rachael Lea Leventhal (on behalf of amicus curiae Intellectual Property Owneres Association) , received on 03/21/2007 is rejected; counsel is not a member of the bar of this court. |
| . | **SERVICE :** by Court on 4/3/2007 |
| Entry 101 : | 4/3/2007 :  Notice of Rejection: The Entry of Appearance of Karen J. Mathis (on behalf of amicus curiae American Bar Association), received on 03/21/2007 is rejected; counsel is not a memeber of the bar of this court. |
| . | **SERVICE :** by Court on 4/3/2007 |
| Entry 100 : | 4/3/2007 :  Notice of Rejection: The Entry of Appearance of Deanna L. Kwong (on behalf of amicus curiae Pharmaceutical Research and Manufacturers of America), received on 03/21/2007 is rejected; counsel is not a member of the bar of this court. |
| . | **SERVICE :** by Court on 4/3/2007 |
| Entry 97 : | 3/27/2007 :  Certificate of Interest received from Amicus Curiae (Philadelphia Intellectual Property Law Assoc) |
| . | **SERVICE :** by Mail on 3/26/2007 |
| Entry 98 : | 3/23/2007 :  Certificate of Interest from the amici curiae Adobe Systems Incorporated, Apple Inc., Dell Inc., Intel Corporation, Micron Technology, SAP AG, Time Warner Inc., and Yahoo! Inc. |
| . | **SERVICE :** by Mail on 3/21/2007 |
| Entry 79 : | 3/23/2007 :  Certificate of Interest from the amicus curiae TiVo Inc. |
| . | **SERVICE :** by Mail on 3/20/2007 |
| Entry 99 : | 3/22/2007 :  Certificate of Interest from the Amicus Curiae San Diego Intellectual Property Law Association. |
| Entry 64 : | 3/22/2007 :  Certificate of Interest received by Amicus Curiae American Intellectual Property Law Assocation. |
| . | **SERVICE :** by Mail on 3/19/2007 |
| Entry 63 : | 3/22/2007 :  Certificate of Interest recieved by Amicus Curiae Federal Circuit Bar Association. |
| . | **SERVICE :** by Mail on 3/15/2007 |
| Entry 65 : | 3/16/2007 :  Certificate of Interest received by Petitioner (Seagate). |
| . | **SERVICE :** by Mail on 3/16/2007 |
| Entry 28 : | 3/13/2007 :  Notice to counsel Brian E. Ferguson: The record of this case indicates that a certificate of interest has not been filed for petitioner Seagate Technology. You must submit a completed certificate of interest pursuant to FCR 47.4 within 10 days. |

| | |
|---|---|
| . | **SERVICE :** by Court on 3/13/2007 |
| **Entry** 26 : | 2/27/2007 :  Notice of rejection: Entries of appearance for American Intellectual Property Law Association, as amicus curiae, received 2/22/07, cannot be filed. A motion for leave to file or consent of the parties is required, pursuant to Rule 29. |
| . | **SERVICE :** by Court on 2/27/2007 |
| **Entry** 21 : | 1/26/2007 :  ORDERED: The court, sua sponte, has decided that the petition is appropraite for en banc consideration. Briefing schedule set out in this order. The parties are invited to address 3 questions. Amici should follow Rule 29. By: Ct.- En Banc. |
| . | **SERVICE :** by Court on 1/26/2007 |
| **Entry** 7 : | 10/12/2006 :  Petitioner Seagate's errata to its September 29, 2006 Motion for stay. (sent to ssa) |
| . | **SERVICE :** by Mail on 10/12/2006 |
| **Entry** 6 : | 10/4/2006 :  Certificate of Interest from the respondent Convolve, Inc. |
| . | **SERVICE :** by Mail on 10/3/2006 |
| **Entry** 5 : | 10/4/2006 :  Certificate of Interest from the respondent Massachusetts Institute of Technology. |
| . | **SERVICE :** by Mail on 10/3/2006 |
| **Entry** 4 : | 9/29/2006 :  ORDERED: Convolve and Massachusetts Institute of Tech to respond no later than 10/16/06. Orders temporarily stayed, pending court's receipt of response and until ordered otherwise. By: Motions Panel. Judge: Bryson |
| . | **SERVICE :** by Mail on 9/29/2006 |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/06/2007 16:54:41 | | | |
| **PACER Login:** | pr1358 | **Client Code:** | 28035/002/7480j.pint |
| **Description:** | dkt detail | **Search Criteria:** | 2006-M830 |
| **Billable Pages:** | 3 | **Cost:** | 0.21 |