UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                    )
ENTERASYS NETWORKS, INC.,           )   Civil Action No: 05-CV-11298 (DPW)
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
FOUNDRY NETWORKS, INC. AND          )
EXTREME NETWORKS, INC.,             )
                                    )
            Defendants.             )
_____)


**PLAINTIFF ENTERASYS NETWORKS, INC.'S MEMORANDUM
IN OPPOSITION TO DEFENDANT FOUNDRY NETWORKS, INC.'S
MOTION FOR EXTENSION OF DEADLINE RELATING TO
WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING
FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER**

Plaintiff Enterasys Networks, Inc. ("Enterasys") respectfully submits this memorandum in opposition to Defendant Foundry Networks, Inc.'s ("Foundry's") Motion For Extension Of Deadline Relating To Waiver Of Attorney-Client Privilege Because Of Pending Federal Circuit En Banc Case Concerning Scope Of Waiver, ("Mot.") filed with the Court on April 18, 2007.

**PRELIMINARY STATEMENT**

Foundry seeks to extend -- to some unspecified future date -- the May 17, 2007 deadline set forth in the Court's Scheduling Order by which it must provide notice of whether it intends to rely upon opinions of counsel as a defense to Enterasys' allegations of willful infringement. The sole basis for Foundry's request to delay indefinitely its obligations under the Scheduling Order is the fact the Federal Circuit recently agreed to hear an appeal of a

district court order finding that the privilege waiver resulting from a reliance on opinions of counsel in defense of a claim of willful infringement can sometimes extend to communications with trial counsel. *See In re Seagate Tech., LLC,* 2007 U.S. App. LEXIS 2457 (Fed. Cir. Jan. 26, 2007). Foundry's overreaching request ignores the truism that an appellate court can issue rulings at any time that may or may not alter the legal landscape relative to a particular issue. But that mere potentiality does not -- and cannot -- dictate that district courts should delay cases or handle them in an inefficient manner by imposing unspecified, contingent deadlines while awaiting future appellate decisions in unrelated cases that may be of no consequence. Moreover, Foundry's logic begs the question as to where a court should draw the line given that a party could make Foundry's argument at any point in any case with respect to any issue. Delaying deadlines while awaiting potential changes in the law would result in innumerable delays in cases such as this one to the obvious detriment of the parties and the Court.

In addition to the slippery slope nature of Foundry's argument, from a practical standpoint for this case Foundry's request would severely prejudice Enterasys' ability to conduct discovery within the discovery period and go to trial in a timely manner. Here, Foundry is asking that the deadline for declaring its reliance on opinions of counsel be indefinitely delayed until *Seagate* has resulted in a final unappealable judgment, which almost certainly will take place after the close of all discovery in this case, and quite possibly after this case has been resolved in its entirety. Indeed, the briefing period has not yet even closed in the *Seagate* matter, and the Federal Circuit has yet to schedule oral argument. Even if the case were to be heard by the Federal Circuit this year, the court would likely not issue a ruling until the end of the year or early 2008, at the earliest. In addition, there is also a strong probability that the Federal Circuit's decision will be appealed to the U.S. Supreme Court.

Even if the Supreme Court ultimately declines to accept the case, the briefing phases for the petition for certiorari will alone take several months. Of course, if the Supreme Court accepts the case it could add additional months and potentially years to the appeals process.

Moreover, despite Foundry's unsupported statements to the contrary, the delay Foundry is requesting would also severely prejudice Enterasys because of the relationship that exists between willful infringement allegations and the other issues at play in this case. As this Court and many others have recognized, the issue of willful infringement is inextricably entwined with issues of liability, as well as damages. Therefore, if Foundry intends to rely upon opinions of counsel to defend against claims of willful infringement, Enterasys needs to discover information relating to that assertion sooner rather than later. This matter is proceeding apace under the Court's Scheduling Order, which establishes phased discovery with the first phase covering topics such as invalidity and infringement, and the second phase serving as further clean-up in addition to introducing damages-related discovery. The second phase commences on June 12, 2007, and the Court has set a claim construction hearing for October 15, 2007. If Foundry's indefinite delay were instituted, Enterasys would be forced to conduct piece-meal discovery and ultimately a series of piece-meal trials without any end in sight, thereby placing it at a significant disadvantage while awaiting a decision which may not be final for several years.

For these reasons, and for the reasons set forth more fully below, Foundry's motion for an extension of deadline relating to waiver of attorney-client privilege should be denied.

**ARGUMENT**

I. **Foundry's Motion Must Be Rejected Because It Seeks An Indefinite Extension Of A Key Scheduling Order Deadline Based Solely On The Speculative Possibility That The Federal Circuit Might Alter The Law Relating To Waiver Of Privilege**

In *Seagate*, the Federal Circuit will potentially decide, *inter alia*: (1) whether a party's assertion of the advice of counsel defense to willful infringement should extend waiver of the attorney-client privilege to communications with that party's trial counsel, *and* (2) whether the waiver extends beyond the subject matter of the underlying opinion to include all defenses to willful infringement. *Seagate,* 2007 U.S. App. LEXIS 2457, at *1-2. Foundry contends that an indefinite extension is warranted until that decision is made *and* it becomes final and non-appealable. Foundry requests this indefinite delay because it believes resolution of the *Seagate* appeal *might* have a dispositive effect with regard to the scope of the waiver in this case. But Foundry provides only a superficial discussion of the supposed dilemma that it faces in presently deciding whether to rely on opinion of counsel, and only conclusory statements about how it supposedly will be extremely prejudiced by a premature decision to waive the privilege. Furthermore, to follow Foundry's line of reasoning starts down a slippery slope that could eventually result in the Court delaying judicial proceedings based on conjecture and speculation about events upon which it has no control, such as the time frame and resolution of issues on appeal.

Indeed, courts routinely face situations where an unrelated case on appeal *might* have an important effect upon current litigation, but this does not and should not result in halting judicial proceedings indefinitely to await results. As a recent example, in *Teleflex, Inc. v. KSR Int. Co.,* 119 Fed. Appx. 282 (Fed. Cir. 2005), *cert. granted,* 126 S. Ct. 2965, 165 L. Ed. 2d 949 (2006), the Supreme Court agreed to review the Federal Circuit's patent law test for

nonobviousness. That case has by all accounts been viewed as significant because of the effect that any change to the obviousness test would have on the issues of the validity of current patents. Despite the uncertainty of future rulings and the significance of the issue, however, this court in *Amesbury Group, Inc. v. Caldwell Mfg. Co.*, 2006 U.S. Dist. LEXIS 80286 (D. Mass. Nov. 2, 2006) adhered to its obligations to follow current law:

> I recognize that the grant of certiorari in Teleflex ... may put in question the continuing vitality of the Federal Circuit's jurisprudence regarding the concept of obviousness. Nevertheless, it appears that the obviousness contention pressed by Caldwell can only get stronger if the Supreme Court were to reverse Teleflex. *In any event, for the time being, I have tried to analyze the obviousness claim in a manner faithful to current Federal Circuit jurisprudence*, including that found in Teleflex.

*Id*. at n.12. (Emphasis added).[1] Likewise, there is absolutely no reason for the Court to abandon this principal in the present case. Foundry may well face a difficult tactical decision in determining whether or not to rely on the advice of counsel defense, but this is certainly nothing unusual for counsel and parties in patent litigation when planning an attack or defense. Whether the Federal Circuit or Supreme Court may or may not alter the analysis of a certain legal issue at some indeterminable future date should not be grounds to push off such tactical decisions. Otherwise, a plaintiff's right to prosecute his/her case would be rendered meaningless if a defendant were allowed to delay and prolong court proceedings in this manner.

---

[1] On April 30, 2007, the Supreme Court partially modified the Federal Circuit's approach to the issue of obviousness, observing that "the obviousness analysis cannot be confined by a formalistic conception." *See Teleflex*, 2007 U.S. LEXIS 4745 (Apr. 30, 2007).

II.  **Foundry Grossly Exaggerates The Uncertain State Of The Law Relating To Scope Of Waiver Of The Privilege As Shown By The Very Quote From The *Echostar* Case That It Relies Upon**

In its brief, Foundry attempts to paint a picture of great uncertainty in Federal Circuit case law relating to the scope of the privilege waiver at issue. A closer examination shows that this is an extreme exaggeration. In *In re Echostar Communications Corp.*, 448 F.3d 1294 (Fed. Cir. 2006) -- a case cited by Foundry in its brief -- the Federal Circuit directly addressed the scope of the waiver in the attorney-client privilege and work-product doctrine with respect to the issue of willful infringement. The court held that reliance on an opinion of counsel waives the attorney-client privilege and the work-product immunity as to the subject matter of the opinion. *Id*. at 1299. The court also determined that waiver extends to advice given after litigation begins, *id*. at 1302 n.4, although there is no waiver of un-communicated work product. *Id*. at 1303. The court did not expressly address whether the waiver extends to communications with trial counsel (the issue to perhaps be decided in *Seagate*), but the court did state that waiver applies to "any attorney-client communications relating to the same subject matter," and to advice and work product given after litigation has begun. *Id*. at 1299.

Downplaying this clear Federal Circuit precedent, Foundry seeks to support its assertions about the purportedly unsettled state of the law by pointing to one case from the Southern District of New York holding that the waiver also applied to trial counsel, *see Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 105 (S.D.N.Y. 2004), even though Foundry has acknowledged that there are other district courts that have not applied the waiver so broadly.[2] But Foundry does nothing to demonstrate a serious cause for concern that the Federal Circuit is going to adopt this lone holding, or that the Court is going to depart

---

[2] *See* Mot. at p. 3. *See also Ampex Corp. v. Eastman Kodak Co.*, 2006 U.S. Dist. LEXIS 48702 (D. Del. July 17, 2006).

from its prior statements in *Echostar*, quoted in Foundry's own moving papers, to the effect that: "[b]y asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies." *Echostar*, 448 F.3d at 1303. In short, Foundry exaggerates the decision-making dilemma it presently faces as a flimsy grounds for requesting indefinite delay in the case at bar.

### III.   Enterasys Will Be Unfairly Prejudiced If The Court Indefinitely Extends The Current Deadline In The Manner Requested By Foundry

#### A.   An Indefinite Extension Of The Notice Deadline Would Preclude Enterasys From Commencing And Completing Discovery Within A Reasonable Time Under The Scheduling Order

Foundry's argument that it should not have to decide whether to rely on opinions of counsel until after *Seagate* is decided in the Federal Circuit and all appeals have been exhausted should be rejected. (Mot., p. 3). The Federal Circuit has yet to schedule oral arguments and there is no indication as to when a decision will be handed down once the court does hear oral arguments, nor is there a time set in which the court must reach such a decision. While Foundry claims that a decision will be issued in *Seagate* "within the next several months," (Mot., p. 7), the current state of the proceedings clearly show that this is highly unlikely.

In contrast to the lengthy timetable in *Seagate*, here Phase II of fact discovery encompassing willful infringement evidence begins under the Scheduling Order on Tuesday, June 12, 2007. The *Markman* hearing is scheduled to begin on October 15, 2007, just six months from now. Under Foundry's proposal, Enterasys would be precluded from commencing willfulness discovery until well after the end of Phase II discovery and after the *Markman* hearing, placing Enterasys at an unfair disadvantage. Even in the unlikely event

that the Federal Circuit issues a ruling within the next few months, the *Seagate* litigants would have the right to appeal to the Supreme Court. Should the Supreme Court grant certiorari, reality dictates that several years might very well pass from the time of briefing until a final ruling is issued.[3] Thus, a decision to grant Foundry's motion under these circumstances would make it impossible for Enterasys to conduct or complete discovery within whatever time period the Court is likely to require here.[4]

> B. **Foundry's Request For An Indefinite Delay To Declare Its Intentions Regarding Opinions Of Counsel Would Prevent Enterasys From Completing Trial In A Timely Fashion**

Foundry's proposed timeline to provide notice of intent to rely on opinions of counsel to defend against Enterasys' allegation of willful infringement would leave the trial of this case in jeopardy. Under Foundry's proposal, the Court would be required to either stay discovery on the issue of willful infringement with no definite end date, severely undermining Enterasys' trial preparations, or *trifurcate* the trial and allow Foundry to withhold notice of its intent to rely on opinions of counsel until *after* the trial of liability and damages have been completed. Not knowing when a final decision in *Seagate* will be issued, it could be several years after trial before Enterasys is allowed its day in court with respect to the issue of willful infringement. Foundry's proposal is therefore unrealistic and highly prejudicial to Enterasys because it would undermine discovery and trial preparation on an issue that is particularly relevant to the current proceedings.

---

[3] The Supreme Court's term begins, by statute, in October. *See* www.supremecourt.us.gov. Therefore, even if the Federal Circuit were to issue a ruling this year, the Supreme Court would not hear the case until October 2008, at the earliest.

[4] Foundry argues in its motion that "[c]ourts *often* defer discovery into a defendant's 'opinions of counsel' defense until after summary judgment motion on liability, or even after a trial on liability issues." Mot. at p. 7 (emphasis added). Tellingly, however, Foundry could only find two unpublished decisions to cite in its brief in support of this dubious proposition, demonstrating that courts in fact *do not* frequently or "often" delay discovery on willfulness and opinions of counsel.

There is no basis for treating willful infringement as a separate stand-alone trial issue to be resolved long after trials on liability and/or damages issues have already been completed. To the contrary, willfulness issues have long been a staple of damages trials, and alternatively many courts have come to recognize that "[a] willfulness determination, that is, the defendant's state of mind when it infringed the patent, is a finding of fact *inextricably bound to the facts underlying the alleged infringement. … Undoubtedly, because willfulness is determined from the totality of the circumstances it is the reason why some courts prefer to include the issue of willfulness with the liability phase of a bifurcated trial.*" See *Nitinol Med. Techs., Inc. v. AGA Med. Corp.,* 135 F.Supp. 2d 212, 216 (D. Mass. 2000) (citations and quotations omitted) (emphasis added). *See also Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F.Supp. 1090, 1092 (N.D. Ga 1996) ("evidence of willful violation which would support enhanced damages 'is a finding of fact inextricably bound to the facts underlying the alleged infringement.'"); *Intellectual Property Dev. Corp. v. UA-Columbia Cablevision*, 34 U.S.P.Q.2d 1605, 1607 (S.D.N.Y. 1995) ("[d]efendants' request for a stay of discovery of privileged information related to willfulness until after the liability trial is impracticable as the issues of liability and willfulness closely intertwine."); *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F.Supp. 374, 375 (N.D. Ill. 1991) ("[t]he evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place.").

Here, Enterasys has put Foundry's willfulness at issue in this matter. The advice of counsel is therefore relevant, and Enterasys is entitled to know whether or not Foundry intends to raise it by the date set forth in the Scheduling Order. Foundry's attempt to postpone the deadline for it to provide notice of intent to rely on opinions of counsel to an indefinite

date would simply cause unnecessary delay and frustration to an orderly preparation and conclusion of trial.

## **CONCLUSION**

For the foregoing reasons, Enterasys respectfully requests that Foundry's present motion be denied in its entirety.

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

   /s/ Alan E. McKenna
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna (BBO No. 644556)
William J. Rocha (BBO No. 657924)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

Of Counsel:
A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC  20006
Tel. (202) 775-0725

Dated: May 2, 2007

35039028

## **CERTIFICATE OF SERVICE**

I, Pascale Guerrier, hereby certify that on May 2, 2007, I caused a true and correct copy of the attached *Plaintiff Enterasys Networks, Inc.'s Memorandum In Opposition To Defendant Foundry Networks, Inc.'s Motion For Extension Of Deadline Relating To Waiver Of Attorney-Client Privilege Because Of Pending Federal Circuit En Banc Case Concerning Scope Of Waiver* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Foundry Networks, Inc.**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Michael F. Heafey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
David H. Dolkas, Esq.
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  May 2, 2007                                                          /s/ Pascale Guerrier
                                                                                        Pascale Guerrier