UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., | Civil Action No: 05-CV-11298 (DPW) |
| Plaintiff, | |
| v. | **ORAL ARGUMENT** |
| | **REQUESTED** |
| FOUNDRY NETWORKS, INC. AND EXTREME NETWORKS, INC., | |
| Defendants. | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S MOTION FOR AN ORDER PRECLUDING DEFENDANT FOUNDRY NETWORKS, INC. FROM OBTAINING OR USING THE AFFIRMATIVE ASSISTANCE OF KENNETH VIRGILE IN ITS DEFENSE AGAINST THE '022 PATENT IN SUIT**

Plaintiff Enterasys Networks, Inc. ("Enterasys") moves the Court for an Order precluding Defendant Foundry Networks, Inc. ("Foundry") from obtaining or using the affirmative assistance of Kenneth Virgile in its defense against patent infringement claims with respect to U.S. Patent No. 6,539,022 (the "'022 Patent"). As grounds, Enterasys States:

1. Mr. Virgile signed a patent assignment agreement with Enterasys' predecessors that created continuing obligations to assist Enterasys with enforcing the '022 patent. Despite Foundry's knowledge of this assignment agreement, Foundry and its counsel entered into a contractual consulting agreement with Mr. Virgile to actively oppose Enterasys' efforts to enforce the '022 patent in this case. By assisting Foundry's defense as a hired consultant, Mr. Virgile is breaching his contractual obligation to assist Enterasys in its enforcement of the '022 patent and Foundry is facilitating that breach.

2.      Mr. Virgile also signed a confidential/non-disclosure agreement ("NDA") with Enterasys' predecessors. The consulting relationship between Mr. Virgile and Foundry or its counsel poses the danger of improper disclosure of confidential information.

3.      As the sole inventor of the '022 patent, Mr. Virgile possesses unique information pertaining to attorney-client communications that occurred during the prosecution of the grandfather patent that ultimately led to the issuance of the '022 patent. The consulting relationship between Mr. Virgile and Foundry or its counsel poses the danger of improper disclosure of privileged information. Proskauer Rose, LLP ("Proskauer Rose"), Foundry's counsel of record in this litigation, is well aware of these potential dangers because Proskauer Rose screened-off two of its attorneys that are privy to Enterasys' privileged information.

4.      The doctrine of assignor estoppel precludes Mr. Virgile from working with Foundry to prevent enforcement of the '022 patent.

For the foregoing reasons, as well as the reasons set forth in the accompanying memorandum, Enterasys respectfully requests that the Court preclude Foundry from obtaining or using affirmative assistance performed by Mr. Virgile in its defense against the '022 patent.

**REQUEST FOR ORAL ARGUMENT**

Enterasys requests a hearing to be set for the purposes of oral argument regarding this motion.

**COMPLIANCE WITH MASSACHUSETTS LOCAL RULE 37.1**

Pursuant to Massachusetts District Court Local Rule 37.1, the parties conducted a meet-and-confer teleconference on May 15, 2007, in a good faith attempt to narrow the areas of disagreement regarding Foundry's and/or its counsel's consulting agreement with Mr. Virgile.

Marc Henschke and Christopher Sullivan represented Enterasys, while Steven Bauer represented Foundry.

| | |
|---|---|
| Dated:  May 16, 2007 | Respectfully submitted, |
| | ENTERASYS NETWORKS, INC. |
| | By its attorneys, |
| | /s/ Christopher P. Sullivan_____ <br> Christopher P. Sullivan, Esq. (BBO No. 485120) <br> Marc N. Henschke, Esq. (BBO No. 636146) <br> Alan E. McKenna (BBO No. 644556) <br> William J. Rocha (BBO No. 657924) <br> Robins, Kaplan, Miller & Ciresi L.L.P. <br> 800 Boylston Street, 25th Floor <br> Boston, MA 02199 <br> Tel. (617) 267-2300 |

Of Counsel:

A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Robins, Kaplan, Miller & Ciresi L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
Robins, Kaplan, Miller & Ciresi L.L.P.
1801 K Street, N.W.
Washington, DC  20006
Tel. (202) 775-0725

35039269

CERTIFICATE OF SERVICE

   I, William J. Rocha, hereby certify that on May 16, 2007, I caused a true and correct copy of the attached *Plaintiff Enterasys Networks, Inc.'s Motion For An Order Precluding Defendant Foundry Networks, Inc. From Obtaining Or Using The Affirmative Assistance Of Kenneth Virgile In Its Defense Against The '022 Patent In Suit* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**
William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**
Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
McDermott, Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
McDermott, Will & Emery LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
McDermott, Will & Emery LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  May 16, 2007        /s/ William J. Rocha
                William J. Rocha