## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| —————————————————————— | ) | |
| ENTERASYS NETWORKS, INC., | ) | Civil Action No: 05-CV-11298 (DPW) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FOUNDRY NETWORKS, INC. AND | ) | |
| EXTREME NETWORKS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————————————— | ) | |

### MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANT EXTREME NETWORKS, INC.'S MOTION TO REDUCE TO A MANAGEABLE NUMBER THE PATENT CLAIMS AT ISSUE IN THIS CASE

Plaintiff Enterasys Networks, Inc. ("Enterasys") respectfully requests leave to file the short Sur-Reply Brief and accompanying Declaration Of Marc N. Henschke -- attached hereto as Exhibits A and B respectively -- in further opposition to Defendant Extreme Networks, Inc.'s ("Extreme's") Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case (the "Claims Reduction Motion") (Document No. 86) previously filed with the Court on March 30, 2007.

As grounds for its present motion requesting leave, Enterasys states as follows:

1.      Subsequent to the completion of briefing by the parties on Extreme's pending Claims Reduction Motion, it became apparent that certain factual representations that Extreme had made to the Court concerning the status of its document production efforts in this case both in its Reply Brief (Document No. 91), and in the attached supporting Declaration of Steven Walker (the "Walker Declaration"), were incorrect.

2.    By way of background, one of the principal arguments raised by Enterasys in opposition to the pending Claims Reduction Motion in that it would be premature and unfair to require Enterasys to make final decisions about dropping patent claims on an *uninformed basis* occasioned by Extreme's failure to have produced many of the key technical documents that Enterasys needs to review as a precursor to making intelligent claims reduction decisions. Accordingly, Enterasys has sought to reserve the right to assert a few additional dependent claims per patent at a future date, if necessary, once Extreme has finally complied with its discovery obligations by producing to Enterasys all responsive technical documents.

3.    On April 11, 2007, Extreme filed a Reply Brief with the Court in which it argued that Enterasys was "simply wrong" to suggest that Extreme had thus far failed to produce many of its key technical documents in the case. In support of this argument, Extreme cited to the accompanying Walker Declaration which made factual representations to the Court that Extreme had already produced *all* technical documents responsive to Enterasys' discovery requests, including "all of the follow-up technical documentation relating to the accused products that Enterasys had requested in meet-and-confers with, and letters to, Extreme."

4.    But in the first two weeks of May, 2007 -- several weeks *after* the Reply Brief and Walker Declaration were filed -- Extreme made three supplemental document productions consisting of over 150 key technical documents (numbering almost 14,000 pages) that had never previously been produced to Enterasys. Many of these technical documents fall into exactly the categories of materials that Enterasys has been pursuing for months from Extreme through discovery letters and meet-and-confers. Moreover, certain of these materials are among the most critically important technical documents in the entire case which Extreme itself is now expressly relying upon as the basis for its non-infringement contentions. In other words, Extreme filed its

present Motion seeking to force Enterasys to make decisions about dropping asserted patent claims while simultaneously having failed to produce the technical documents which it considered the most important to making assessments about whether its accused products are infringing. Extreme has also now indicated an intention to produce still further technical documents in the future on a rolling basis.

5.      In light of these events, it is clear that the factual representations that Extreme made to the Court in its Reply Brief and the Walker Declaration were incorrect. On May 16, 2007, Enterasys sent a letter to Extreme asking that Extreme voluntarily take steps to withdraw or correct these representation so that the Court would not be presented with an inaccurate and misleading record that could potentially impact its resolution of the pending Claims Reduction Motion. But Extreme has declined to take any such steps, and accordingly Enterasys now seeks leave to file the attached Sur-Reply as its only available means for correcting and clarifying the record.

For the foregoing reasons, Enterasys respectfully requests leave to file the Sur-Reply Brief and supporting Declaration attached hereto as Exhibits A and B.


Dated:  June 5, 2006                          Respectfully submitted,

                                              ENTERASYS NETWORKS, INC.

                                              By its attorneys,

                                                /s/ Marc N. Henschke
                                              Christopher P. Sullivan, Esq. (BBO No.485120)
                                              Marc N. Henschke, Esq. (BBO No. 636146)
                                              Alan E. McKenna, Esq. (BBO No. 644556)
                                              William J. Rocha, Esq. (BBO No. 657924)
                                              ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                              800 Boylston Street, 25th Floor
                                              Boston, MA 02199
                                              Tel. (617) 267-2300

<u>Of Counsel</u>:

A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Anna R. Carr, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC  20006-5409
Tel. (202) 775-0725

BN1: 35039567

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on June 5, 2007, I caused a true and correct copy of the attached *Motion For Leave To File A Sur-Reply In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

### Counsel for Defendant Extreme Networks, Inc.:

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

### Counsel for Defendant Extreme Networks, Inc.:

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  June 5, 2007                    /s/ Marc N. Henschke
                                        Marc N. Henschke

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

ENTERASYS NETWORKS, INC.,

Plaintiff,

v.

FOUNDRY NETWORKS, INC. AND
EXTREME NETWORKS, INC.,

Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No: 05-CV-11298 (DPW)

**SUR-REPLY BRIEF OF ENTERASYS NETWORKS, INC. IN OPPOSITION TO DEFENDANT EXTREME NETWORKS, INC.'S MOTION TO REDUCE TO A MANAGEABLE NUMBER THE PATENT CLAIMS AT ISSUE IN THIS CASE**

On March 30, 2007, Defendant Extreme Networks, Inc. ("Extreme") filed its currently pending Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case (the "Claims Reduction Motion") (Document No. 86). In further support of this Motion, on April 11, 2007, Extreme filed a Reply Brief that attached the supporting Declaration Of Steven Walker (the "Walker Declaration") (Document No. 91). Subsequent to these filings, it became apparent that certain factual representations made by Extreme to the Court in both its Reply Brief and the Walker Declaration concerning the status of its document production efforts in this case were incorrect. Because these incorrect representations could potentially impact how the Court decides to resolve the pending Claims Reduction Motion, Plaintiff Enterasys Networks, Inc. ("Enterasys") wrote to Extreme requesting that it voluntarily take steps to withdraw or correct them. Extreme has declined to do so. Accordingly, Enterasys now submits this Sur-Reply Brief as its only available means for correcting and clarifying the record.

By way of background, ever since serving its initial set of document requests more than fourteen months ago in March of 2006, Enterasys has been impeded by Extreme's ongoing failure to produce many of the key technical documents that are needed for showing precisely how Extreme's accused product features operate. Indeed, Enterasys has been forced to expend enormous amounts of time and energy on a discovery letter writing campaign, as well as one series of meet-and-confers, aimed at trying to chase Extreme down to obtain these critical and long overdue documents.

At least two key categories of technical documents that Extreme has failed to produce have been a special focus of Enterasys' follow-up discovery efforts for the past several months. First, Enterasys has repeatedly notified Extreme in writing about its failure to have produced all responsive "hardware specification" documents. See, e.g., (Hensch. Decl. at Exhs. 1 and 2).[1] Second, Enterasys has likewise made several written requests of Extreme to produce all withheld and responsive technical documents relating to the switching and routing chipsets used in its accused products, most especially Inferno and Triumph chipsets as well as those manufactured by Broadcom. See, e.g., (Id. at Exhs. 2 and 3). By way of example, in a letter dated October 31, 2006, Enterasys specifically requested the following: "With respect to Extreme's accused Broadcom chipsets in particular, we are most interested in [any withheld] information relating to the following chips: 5645, 5670, 5673, 5695, 5674, and 5675." (Id. at Exh. 4).

Against this background, on March 30, 2007, Extreme filed its currently pending Claim Reduction Motion seeking to force Enterasys to immediately drop nearly all of its asserted patent claims in this case by imposing an artificial limit of no more than two or three claims per patent. In response, one of Enterasys' principal opposition arguments has been that it is premature and

---

[1]  As used herein, the term "Hensch. Decl." is a reference to the Declaration Of Marc N. Henschke In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case, filed concurrently herewith under separate cover.

2

unfair to require Enterasys to drop patent claim on an *uninformed basis* occasioned by Extreme's failure to have produced many of the key technical documents that Enterasys would first need to review as a precursor to making intelligent claims reduction decisions. Thus, the questions of whether and when Extreme has actually provided Enterasys with the critical technical documents needed for refining its infringement positions are of central importance to the arguments before the Court on Extreme's pending Motion.

On April 11, 2007, Extreme filed a Reply Brief in support of its pending Motion that was accompanied by the Walker Declaration. In this Reply Brief, Extreme argued to the Court that Enterasys was "simply wrong" to contend that "Extreme had failed to produce critical technical documents" in this case. (Rep. Br., p. 2). Extreme supported these arguments by citing to the Walker Declaration which made the following factual representations to the Court:

> Extreme has provided all of the follow-up technical documentation relating to the accused products that Enterasys has requested in meet-and-confers with, and letters to, Extreme.

(Walker Decl. at ¶ 3).

But in the first two weeks of May -- several weeks *after* its Reply Brief and the Walker Declaration were filed -- Extreme made three supplemental document productions consisting of over 150 key technical documents (numbering almost 14,000 pages) that had never previously been provided to Enterasys. (Hensch. Decl. at ¶ 2 and Exhs. 5, 6, 7). Contrary to the representations made in the Walker Declaration, this supplemental production contained numerous "hardware specifications" of exactly the type that Enterasys had been demanding for months from Extreme in the above-referenced discovery letters. (Id.). Further contrary to the Walker Declaration, these supplemental productions also contained several thousand pages of technical documents relating to the Broadcom chipsets that had been the express focus of several other discovery letters likewise identified above. (Id.).

The critical importance of these long withheld documents cannot reasonably be disputed. Indeed, several of the documents contained in these supplemental productions are now the key documents that Extreme itself is relying upon as cited support for its non-infringement contentions in this case. (Hensch. Decl. at ¶ 3). In other words, Extreme filed its present Motion seeking to force Enterasys to make decisions about dropping asserted patent claims while simultaneously having failed to produce some of the very technical documents which it considers the most important to making assessments about whether its accused products are infringing. Moreover, given the timing of when Extreme served its non-infringement contentions on April 30, 2007, it would appear that Extreme was actively working with these withheld materials to formulate non-infringement positions at the very moment it was representing to the Court in the April 11th Walker Declaration that all responsive technical documents had already been produced.

Given these events, it is now clear that the factual representations made by Extreme to the Court in its Reply Brief and the Walker Declaration were incorrect. Because of their potential importance to arguments raised by the parties in connection with Extreme's pending Claims Reduction Motion, Enterasys wrote a letter to Extreme requesting that Extreme voluntarily take steps to withdraw or correct these misstatements with the Court well in advance of the scheduled June 11, 2007 hearing date. (Hensch. Decl. at ¶ 4). But Extreme has declined to do so, and instead takes the position that since other technical documents had been produced to Enterasys prior to the filing of the Walker Declaration, it is inconsequential that the Walker Declaration makes incorrect factual representations to the Court. (Id.).

Finally, based upon its reviews of Extreme's recent supplemental document productions, Enterasys has been able to identify what appear to be several other critical technical documents

that Extreme has not yet provided. (Exh. 8 to Hensch. Decl.). For its part, Extreme now indicates

that it may well be producing still further responsive technical documents on a rolling basis in

the future. (Hensch. Decl. at ¶ 4).

In its Claims Reduction Motion, Extreme has asked this Court to require Enterasys to

limit its asserted claims to 2-3 claims per patent. This request is clearly unreasonable for the

several reasons set forth in Enterasys' Opposition to that motion, including the fact that Extreme

has not provided -- and continues not to provide -- critical documents, despite Extreme's

misrepresentations to the contrary. For these reasons, Enterasys respectfully requests that

Extreme's Claims Reduction Motion be denied.


Dated:  June 5, 2007                                 Respectfully submitted,

                                                     ENTERASYS NETWORKS, INC.

                                                     By its attorneys,


                                                     /s/ Marc N. Henschke
                                                     Christopher P. Sullivan, Esq. (BBO No.485120)
                                                     Marc N. Henschke, Esq. (BBO No. 636146)
                                                     Alan E. McKenna, Esq. (BBO No. 644556)
                                                     William J. Rocha, Esq. (BBO No. 657924)
                                                     ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                                     800 Boylston Street, 25th Floor
                                                     Boston, MA  02199
                                                     Tel. (617) 267-2300

Of Counsel:
A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Anna R. Carr, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA  30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC  20006-5409
Tel. (202) 775-0725

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on June 5, 2007, I caused a true and correct copy of the attached *Sur-Reply Brief Of Enterasys Networks, Inc. In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA 92612-7107

Dated: June 5, 2007              /s/ Marc N. Henschke
                                  Marc N. Henschke

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

_____

|  |  |  |
|---|---|---|
| ENTERASYS NETWORKS, INC., | ) | Civil Action No: 05-CV-11298 (DPW) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| FOUNDRY NETWORKS, INC. AND | ) |  |
| EXTREME NETWORKS, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

_____

### <u>DECLARATION OF MARC N. HENSCHKE IN OPPOSITION TO DEFENDANT EXTREME NETWORKS, INC.'S MOTION TO REDUCE TO A MANAGEABLE NUMBER THE PATENT CLAIMS AT ISSUE IN THIS CASE</u>

**I, MARC N. HENSCHKE**, declare as follows:

1.      I am an attorney with the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel of record for the named Plaintiff Enterasys Networks, Inc. ("Enterasys") in the above-referenced action. I submit this Declaration in support of Enterasys' Motion For Leave To File A Sur-Reply In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case, filed concurrently herewith under separate cover. I have personal knowledge of the facts stated herein and, if sworn as a witness, I could and would testify competently thereto.

2.      In early May of 2007, Extreme made three separate supplemental document productions to Enterasys that consisted of over 150 key technical documents (numbering almost 14,000 pages) that had never previously been provided in this case. Among these documents were the very types of "hardware specifications" and Broadcom chipset materials that Enterasys had been requesting from Extreme for several months by way of follow-up discovery

correspondence prompted by Extreme's failure to have provided them in response to Enterasys' initial document requests. Prior to these May 2007 supplemental productions, Extreme had represented to both Enterasys and to the Court that such documents did not exist and/or that they already had been produced.

3.      Several of the documents contained in Extreme's supplemental document productions from May of 2007 are critically important technical documents that Extreme itself is now relying upon in this case as cited support for the non-infringement contentions that it served on April 30, 2007. See, e.g., (381331-442; 382517-601; 381511-802; 381865-930; 382407-496; 400035-057; 400058-080; and 400001-34a).

4.      On May 16, 2007, I wrote a letter to counsel for Extreme requesting that Extreme voluntarily take steps to withdraw or correct its incorrect representations made to the Court well in advance of the scheduled June 11, 2007 hearing date. Extreme has declined to do so. Instead, on May 23, 2007, counsel for Extreme sent me a responsive letter indicating that because Extreme had in fact produced other technical documents to Enterasys prior to the filing of the Walker Declaration, it is inconsequential that the Walker Declaration makes incorrect factual representations to the Court. Moreover, Extreme's counsel also indicated in this May 23rd letter that Extreme may well be producing still further responsive technical documents on a rolling basis in the future.

5.      Attached hereto as Exhibit 1 is a true and correct copy of a letter from me to Firasat Ali, counsel for Extreme, dated October 10, 2006.

6.      Attached hereto as Exhibit 2 is a true and correct copy of a letter from me to Emily Smith-Lee, counsel for Extreme, dated October 27, 2006.

7.      Attached hereto as Exhibit 3 is a true and correct copy of a letter from me to Firasat Ali, counsel for Extreme, dated November 8, 2006.

8.      Attached hereto as Exhibit 4 is a true and correct copy of a letter from me to Emily Smith-Lee, counsel for Extreme, dated October 31, 2006.

9.      Attached hereto as Exhibit 5 is a true and correct copy of a letter to me from Sabrina Johnson, a legal assistant to counsel for Extreme, dated May 1, 2007.

10.     Attached hereto as Exhibit 6 is a true and correct copy of a letter to me from Sabrina Johnson, a legal assistant to counsel for Extreme, dated May 7, 2007.

11.     Attached hereto as Exhibit 7 is a true and correct copy of a letter to me from Sabrina Johnson, a legal assistant to counsel for Extreme, dated May 10, 2007.

12.     Attached hereto as Exhibit 8 is a true and correct copy of a letter from me to Firasat Ali, counsel for Extreme, dated May 21, 2007.


I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this 5th day of June, 2007 at Boston, Massachusetts.

/s/ Marc N. Henschke
MARC N. HENSCHKE

BN1: 35039569

3

## <u>CERTIFICATE OF SERVICE</u>

I, Marc N. Henschke, hereby certify that on June 5, 2007, I caused a true and correct copy of the attached *Declaration of Marc N. Henschke In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**<u>Counsel for Defendant Extreme Networks, Inc.:</u>**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**<u>Counsel for Defendant Extreme Networks, Inc.:</u>**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  June 5, 2007              /s/ Marc N. Henschke_____
                                 Marc N. Henschke

# Exhibit 1

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

October 10, 2006

***VIA E-MAIL (PDF ATTACHMENT)***

Firasat M. Ali, Esq.
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Re: ***Enterasys Networks v. Foundry Networks and Extreme Networks***
***Civ. Act. No. 05-11298-DPW (D. Mass)***
**Our File No.:  070610.0001**

Dear Firasat:

On June 12, 2006, your colleague, David Dolkas, informed us in writing that "Extreme expects to complete its production [of documents to Enterasys by] ... not later than mid-July." Our review of Extreme's document productions to date suggests, however, that these productions are still not even close to complete some three months later than your projected deadline.

In particular, conspicuously absent from Extreme's productions to date are many of the key engineering and technical documents -- most notably confidential hardware specifications -- that would show precisely how its accused products operate.  As you are aware, Enterasys needs these documents in order to be able to fully detail the evidentiary bases for its infringement contentions.

Our previous letters and phone calls to you addressing this issue have been met with no response.  Accordingly, we ask that you please contact us as soon as possible to discuss the question of when Extreme will complete its discovery productions.

Sincerely,

*Marc N. Henschke*

Marc N. Henschke

MNH:nah
cc:    Vera M. Elson, Esq. (*VIA FIRST CLASS MAIL & E-MAIL*)
       David H. Dolkas, Esq. (*VIA E-MAIL*)
       Christopher D. Bright, Esq. (*VIA E-MAIL*)
       George Huggins, Jr. (*VIA E-MAIL*)
       T. Nation (*VIA E-MAIL*)

35034716

# Exhibit 2

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW
MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

October 27, 2006

***VIA E-MAIL (PDF ATTACHMENT)***

Emily E. Smith-Lee, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA  02109-1775

Re: ***Enterasys Networks v. Foundry Networks and Extreme Networks***
***Civ. Act. No. 05-11298-DPW (D. Mass)***
**Our File No.:  070610.0001**

Dear Emily:

We were very surprised by your representation yesterday that Extreme believes it has produced all of the key technical documents responsive to Enterasys' document requests related to showing precisely how its accused product features operate.  Indeed, despite the fact that Enterasys' document requests were served in the first week of March of 2006, our review of Extreme's document productions to date suggests that many of these key technical documents still have yet to be produced.

Most notably, Extreme appears *not* to have produced the core technical hardware specification documents for three out of the four switching and routing chipsets used in its accused products -- *viz.*, the Broadcom, Inferno, and Triumph chipsets.  For each of those chipsets, we would expect that Extreme is in possession of documents similar in nature to what it has thus far produced only relative to its Genesis chipsets.  See, e.g., EXT00071635-858.

In addition, the following is a partial list of what appear to be highly relevant and responsive technical documents which are explicitly cross-referenced in materials produced by Extreme, but which themselves have not been produced:

ExtremeWare 7.0 Functional Specification by Dee Vig et al., Oct. 2002
Pahlmeyer Functional Specification, by J. Kruszewski
Aspen Diagnostics Functional Specification by K. Frick, Oct. 2004
Jaguar L3 Design Specification by Tae-eun Kim, Jun-2005
Hardware L3 Implementation, by K. Heron, July 2005
ACL System Architecture by A. Oumanski, July 2005
Mariner Theory of Operations, May, 2002
Triumph Specification by Aaron et al., Nov. 2002

Emily E. Smith-Lee, Esq.
October 27, 2006
Page 2

      Spurr I/O Module Functional Specification by Leath and Abourjeily, Jan. 2003
      Douglas I/O Module Functional Specification by Rubi et al., Jan. 2003
      Genesis Secret Decoder

Note that our review of Extreme's document productions remain ongoing, and we may well be able to identify other missing documents to add to this list in the future.

      As you are aware, the Court has ordered Enterasys to serve its preliminary claim charts by November 30, 2006. Absent having the above documents in hand with sufficient time to analyze them, any infringement analysis that Enterasys presents in these claim charts will necessarily be incomplete.

      We look forward to hearing from you with respect to these matters, and stress that time is of the essence.

                    Sincerely,

                    Marc N. Henschke

MNH:nah
cc:     Vera M. Elson, Esq. (*VIA FIRST CLASS MAIL & E-MAIL*)
        Firasat M. Ali, Esq. (*VIA E-MAIL*)
        David H. Dolkas, Esq. (*VIA E-MAIL*)
        Christopher D. Bright, Esq. (*VIA E-MAIL*)
        George Huggins, Jr. (*VIA E-MAIL*)
        T. Nation (*VIA E-MAIL*)

35035125

# Exhibit 3

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

November 8, 2006

*VIA E-MAIL (PDF ATTACHMENT)*

Firasat M. Ali, Esq.
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

> Re: *Enterasys Networks v. Foundry Networks and Extreme Networks*
>    *Civ. Act. No. 05-11298-DPW (D. Mass)*
>    **Our File No.:  070610.0001**

Dear Firasat:

The documents cited in your November 2, 2006 letter to me do nothing to alleviate our concerns about Extreme's failure to have produced sufficiently detailed technical information relating to its Broadcom, Inferno, and Triumph chipsets of the type identified in my previous letters to Emily Smith-Lee of October 27 and 31, 2006.

Far from constituting detailed technical documents on par with what Extreme has produced for its Genesis chipsets, two of the five documents you cite are 2-page marketing documents. Moreover, the Broadcom document that you cite appears to be completely irrelevant in that it addresses a chip that is not at issue in this case given that it was not identified in Extreme's interrogatory responses as one of the Broadcom switching and routing chips present in its accused products.

We again ask that Extreme please provide Enterasys with technical documents relating to its Broadcom, Inferno, and Triumph chipsets that are comparably detailed to the Genesis chipset materials that Extreme has previously produced. We look forward to hearing from you with respect to these matters, and again stress that time is of the essence given the impending due date for Enterasys' claim charts.

Sincerely,

Marc N. Henschke

MNH:nah
cc:    Vera M. Elson, Esq. (*VIA FIRST CLASS MAIL & E-MAIL*)
       David H. Dolkas, Esq. (*VIA E-MAIL*)
       Christopher D. Bright, Esq. (*VIA E-MAIL*)
       George Huggins, Jr. (*VIA E-MAIL*)
       T. Nation (*VIA E-MAIL*)
35035364

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

# Exhibit 4

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
617-859-2784
mnhenschke@rkmc.com

October 31, 2006

*VIA E-MAIL (PDF ATTACHMENT)*

Emily E. Smith-Lee, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109-1775

Re: *Enterasys Networks v. Foundry Networks and Extreme Networks*
*Civ. Act. No. 05-11298-DPW (D. Mass)*
**Our File No.: 070610.0001**

Dear Emily:

Further to my letter to you dated October 27, 2006, here are some additional examples of useful documents that Extreme has thus far produced relative to *only* its Genesis chipsets: EXT00072123-208; EXT00066758-791; and EXT00071859-72082. As previously explained, missing from Extreme's productions to date are documents at a similar level of detail relating to its other accused Broadcom, Inferno, and Triumph chipsets.

With respect to Extreme's accused Broadcom chipsets in particular, we are most interested in information relating to the following chips: 5645, 5670, 5690, 5673, 5695, 5674, and 5675. Please note that if Extreme is in possession of responsive documents relating to the Broadcom chipsets which it is withholding from production on the basis of NDAs or other confidentiality concerns, please confirm this immediately so that Enterasys can take appropriate action to enforce the requirements of the parties' Protective Order.

We look forward to hearing from you with respect to these matters, and again stress that time is of the essence given the impending due date for Enterasys' claim charts.

Sincerely,

Marc N. Henschke

MNH:nah
cc:    Vera M. Elson, Esq. (*VIA FIRST CLASS MAIL & E-MAIL*)
       Firasat M. Ali, Esq. (*VIA E-MAIL*)
       David H. Dolkas, Esq. (*VIA E-MAIL*)
       Christopher D. Bright, Esq. (*VIA E-MAIL*)
       George Huggins, Jr. (*VIA E-MAIL*)
       T. Nation (*VIA E-MAIL*)
35035180

ATLANTA  BOSTON

# Exhibit 5

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Sabrina Johnson
(650) 813-5085
sjohnson@mwe.com

May 1, 2007

VIA FEDERAL EXPRESS AND EMAIL

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
Prudential Tower
800 Boylston Street, 25th Floor
Boston, MA 02199
mnhenschke@rkmc.com

**Re:**    *Enterasys Networks v. Extreme Networks,* **Civil Action No. 05-12235 (D. Mass.)**

Dear Marc:

Enclosed please find CD volumes EXT50-52 of data containing production numbers
EXT00381200 through EXT00392663.  The CDs include OCR, IPRO and Opticon load files.

If you have questions and/or comments concerning this matter, please do not hesitate to contact
me.

Best regards,

Sabrina M. Johnson
Legal Assistant

Enclosure

cc:    Alen E. McKenna, Esq. (By Email)
       David H. Dolkas, Esq (By Email)
       Christopher D. Bright, Esq (By Email)

MPK 126074-1.065994.0016

# Exhibit 6

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Sabrina Johnson
(650) 813-5085
sjohnson@mwe.com

May 7, 2007

VIA FEDERAL EXPRESS AND EMAIL

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
Prudential Tower
800 Boylston Street, 25th Floor
Boston, MA 02199
mnhenschke@rkmc.com

**Re:**   *Enterasys Networks v. Extreme Networks,* **Civil Action No. 05-12235 (D. Mass.)**

Dear Marc:

Enclosed please find CD volume EXT53 of data containing production numbers EXT00392664 through EXT00394069 and EXT00400001 through EXT00400080A.  The CD includes OCR, IPRO and Opticon load files.

If you have questions and/or comments concerning this matter, please do not hesitate to contact me.

Best regards,

Sabrina M. Johnson
Legal Assistant

Enclosure

cc:    Alen E. McKenna, Esq. (By Email)
       David H. Dolkas, Esq (By Email)
       Christopher D. Bright, Esq (By Email)

MPK 126332-1.065994.0016

# Exhibit 7

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Sabrina Johnson
(650) 813-5085
sjohnson@mwe.com

May 10, 2007

VIA FEDERAL EXPRESS AND EMAIL

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
Prudential Tower
800 Boylston Street, 25th Floor
Boston, MA 02199
mnhenschke@rkmc.com

**Re:**   *Enterasys Networks v. Extreme Networks,* **Civil Action No. 05-12235 (D. Mass.)**

Dear Marc:

Enclosed please find CD volume EXT54 of data containing production numbers EXT00394070 through EXT00394803 and EXT00400081 through EXT00400273.  The CD includes OCR, IPRO and Opticon load files.

If you have questions and/or comments concerning this matter, please do not hesitate to contact me.

Best regards,

Sabrina M. Johnson
Legal Assistant

Enclosure

cc:    Alen E. McKenna, Esq. (By Email)
       David H. Dolkas, Esq (By Email)
       Christopher D. Bright, Esq (By Email)
MPK 126528-1.065994.0016

U.S. practice conducted through McDermott Will & Emery LLP.

3150 Porter Drive  Palo Alto, California  94304-1212  Telephone: 650.813.5000  Facsimile: 650.813.5100  www.mwe.com

# Exhibit 8

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

MARC N. HENSCHKE
mnhenschke@rkmc.com
617-859-2784

May 21, 2007

*VIA E-MAIL (PDF ATTACHMENT)*
Firasat M. Ali, Esq.
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Re: *Enterasys Networks v. Foundry Networks and Extreme Networks*
*Civ. Act. No. 05-11298-DPW (D. Mass)*
**Our File No.:  070610.0001**

Dear Firasat:

Further to our recent exchanges about Extreme's production of technical documents in this case, we have noticed in our document review that cross-references are made to several other documents that appear to be highly relevant and responsive to Enterasys' document requests, but which have not yet been provided to us.

A partial list of these non-disclosed materials, along with citations to the documents in which they are cross-referenced, is set forth below:

(i)       "Genesis CPU Interface Specification" (EXT00351319);

(ii)      "Genesis Switch Functional Specification" (EXT00370412);

(iii)     "Pip Asic Specification" (EXT00370412) [for Genesis];

(iv)     "Kyle Specification" (EXT00066762);

(v)      "Chinook Specification" (EXT00066762);

(vi)     "Khatang Specification" (EXT00066762);

(vii)    "NS Switch Functional Specification" (EXT00370590) [Inferno];

(viii)   "Main Quake Specification" (EXT00370590) [Inferno];

(ix)     "Freckles Design Specification" (EXT00375148);

(x)      "Redwolf Design Specification" (EXT00375148); and

(xi)     "Gunslinger Design Specification" (EXT00375148).

Does Extreme have any basis for withholding production of the above materials? If not, when can Enterasys expect to receive them?

Firasat M. Ali, Esq.
May 21, 2007
Page 2

       Many thanks for your attention to this matter.

                            Sincerely,

                            Marc N. Henschke

MNH:nah

cc:      Vera M. Elson, Esq. (*VIA FIRST CLASS MAIL & E-MAIL*)
               David L. Larson, Esq. (*VIA E-MAIL*)
               Steven L. Walker, Esq. (*VIA E-MAIL*)
               Emily E. Smith-Lee, Esq. (*VIA E-MAIL*)
               Christopher D. Bright, Esq. (*VIA E-MAIL*)
               Richard Cheng (*VIA E-MAIL*)
               Sabrina M. Johnson (*VIA E-MAIL*)
               T. Nation (*VIA E-MAIL*)

35039398