UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC.,

Plaintiff,

v.

EXTREME NETWORKS, INC.,

Defendant.

Civil Action No. 05-11298-DPW

## EXTREME NETWORKS, INC.'S OPPOSITION TO PROPOSED SUR-REPLY BRIEF OF ENTERASYS NETWORKS, INC. IN OPPOSITION TO EXTREME NETWORKS, INC.'S MOTION TO REDUCE TO A MANAGEABLE NUMBER THE PATENT CLAIMS AT ISSUE IN THIS CASE

Defendant Extreme Networks, Inc. ("Extreme") opposes Plaintiff Enterasys Networks, Inc.'s ("Enterasys") proposed Sur-Reply in opposition to Extreme Networks, Inc.'s motion to reduce to a manageable number the patent claims at issue in this case.

Enterasys does not need any additional discovery from Extreme to reduce to a manageable number the asserted claims at issue. This case has been pending since June 2005 – for about two years – and Enterasys has had months of discovery and has received hundreds of thousands of pages of core technical documents, including documents describing the structure, function and operation of its accused products. Important deadlines are now approaching. Claim construction briefs are due in just 19 days (June 27) and a *Markman* hearing is scheduled for October 15-17. Enterasys currently asserts a total of 30 claims from the six patents, and purports to reserve the "right" to "reinstitute" other claims. It is impractical and burdensome to go to trial on so many claims. It is time for Enterasys to decide the claims that it truly intends to pursue at trial in this litigation.

The fact that Extreme produced additional documents in early May 2007 is no excuse to

avoid reducing the claims, and Enterasys' contention that other "critical technical documents" are still missing is simply an effort to delay. Enterasys has had, for quite some time, core technical documents describing how Extreme's products work. Indeed, over sixteen months ago, at the November 3, 2005 scheduling hearing, the Court admonished Enterasys that it should limit the number of asserted claims and that Enterasys, as the plaintiff, should know what claims it intends to try.

## ARGUMENT

### 1. ENTERASYS DOES NOT NEED ANY ADDITIONAL EXTREME TECHNICAL DOCUMENTS TO REDUCE ITS CLAIMS TO A MANAGEABLE NUMBER

Enterasys' claim that Extreme's key technical documents were not produced until after Extreme filed its Reply Brief and the Walker Declaration is incorrect. Extreme has produced numerous technical documents (as has Enterasys) during the last several months. By April 2, 2007, Extreme had produced some 381,199 pages of documents, including key technical documents, including some documents Enterasys now claims that have not been produced (*e.g.* technical documents relating to chipsets called "Triumph" and "Inferno").

Despite this, Enterasys has repeatedly tried to blame Extreme for its refusal to reduce its claims. For example, after Extreme filed this motion, Enterasys raised various grounds supposedly to explain its refusal: (1) Extreme's alleged failure to disclose its invalidity contentions, (2) Extreme's alleged failure to disclose its non-infringement contentions, (3) Enterasys' alleged lack of knowledge of various Extreme products, and (4) Extreme's alleged failure to identify witnesses or confirm dates for Rule 30(b)(6) depositions. *See* April 4, 2007 letter from Henschke to Walker. (Faced with this motion, Enterasys nevertheless partially, but still, insufficiently, reduced the number of claims asserted, albeit with so many reservations as to render the reduction practically meaningless.)

Extreme has rebutted Enterasys' allegations in its responsive letters. Moreover, on April 16 and April 30, respectively, Extreme served its invalidity and non-infringement claim charts to Enterasys in accordance with the Court-ordered schedule, describing in substantial detail why Enterasys' asserted claims are invalid and why Extreme's products do not infringe. Enterasys, still refused to reduce its claims, stating:

> "it now has become clear that the invalidity contentions that Extreme served on April 16, 2007 are deficient in several significant respects ... Please be advised that as a result of these various deficiencies described above, it is no longer feasible for Enterasys to be able to identify the claims that it wishes to reinstitute by today." (April 30, 2007 Letter from Marc Henschke to Steven Walker)

Enterasys thus failed to comply with its own representation regarding claims to be "reinstituted." Further, Extreme's invalidity contentions were not deficient, and in fact included more than sufficient information to clearly identify each item of prior art and how each claim element is disclosed therein. More importantly, Enterasys can evaluate prior art on its own without Extreme detailing its significance and Enterasys never needed these charts to reduce its claims.

Enterasys now alleges that it cannot reduce its claims because some technical documents were produced after the Reply Brief and Walker Declaration. It is correct that Extreme produced third-party (Broadcom and Alphanet) documents in early May 2007. These documents were produced promptly after Extreme identified them as relevant, located them, and obtained cooperation from the third parties to produce them. However, much of the information in these Broadcom and Alphanet documents already was produced to Enterasys in many other documents long before Extreme filed this motion. Enterasys' understanding of the products should have been satisfied by the numerous descriptive technical documents that Extreme had produced months prior to filing this motion. Lastly, Extreme also produced all the documents specifically identified by Enterasys (in a February 12, 2007 letter) prior to filing its Reply Brief. Extreme's

Reply Brief and Walker Declaration which confirm these circumstances, were accurate.

Accordingly, Extreme respectively requests that its motion be granted.

Dated: June 8, 2007                               EXTREME NETWORKS, INC.

                                                  By its attorneys,

                                                  _____/s/ Firasat Ali_____
                                                  Firasat M. Ali (admitted *Pro Hac Vice*)

                                                  Terrence P. McMahon
                                                  Vera M. Elson
                                                  Dave Dolkas
                                                  David Larson
                                                  McDermott Will & Emery LLP
                                                  3150 Porter Drive
                                                  Palo Alto, CA 94304-1212
                                                  (650) 813-5000

                                                  Christopher D. Bright
                                                  McDermott Will & Emery LLP
                                                  18191 Von Karman Ave.
                                                  Suite 400
                                                  Irvine, CA 92612-7107
                                                  (949) 851-0633

                                                  Peter L. Resnik (BBO# 417180)
                                                  McDermott Will & Emery LLP
                                                  28 State Street
                                                  Boston, Massachusetts 02109-1775
                                                  (617) 535-4000

## Certificate of Service

I, Denise Martone, hereby certify that on June 8, 2007, I caused the attached Opposition to Proposed Sur-Reply Brief of Enterasys Networks, Inc. in Opposition to Extreme Networks, Inc.'s Motion to Reduce to a Manageable Number the Patent Claims at Issue in This Case to be served by first class mail and electronic filing on the following:

Marc N. Henschke
Alan E. McKenna
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, Suite 2500
Boston, MA  02199

Christopher P. Sullivan
Nicole Morris
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2600 One Atlanta Plaza
950 E. Paces Ferry Road
Atlanta, GA  30326

Brian H. VanderZanden
Fabio E. Marino
I. Neel Chatterjee
Matthew H. Poppe
Sanjeet K. Dutta
William L. Anthony, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015

Steven M. Bauer
Jeremy P. Oczek
John W. Pint
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA  02110

_____
Denise Martone

MPK 127805-6 065994 0016