## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC.,

       Plaintiff,

       v.

       Civil Action No. 05-11298-DPW

EXTREME NETWORKS, INC.,

       Defendant.

## EXTREME NETWORKS, INC.'S JOINDER IN (1) FOUNDRY NETWORK, INC.'S MOTION FOR EXTENSION OF DEADLINE RELATING TO WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER AND (2) FOUNDRY NETWORK, INC.'S MOTION FOR PROTECTIVE ORDER TO STAY THE DEADLINE TO DECIDE WHETHER TO RELY UPON OPINIONS OF COUNSEL IN CONNECTION WITH ITS DEFENSE TO WILLFUL INFRINGEMENT

Defendant Extreme Networks, Inc. ("Extreme") hereby joins in two of Foundry

Networks, Inc.'s ("Foundry") motions: (1) Motion for Extension of Deadline Relating to Waiver

of Attorney-Client Privilege Because of Pending Federal Circuit *en banc* Case Concerning Scope

of Waiver and (2) Motion for Protective Order to Stay the Deadline to Decide Whether to Rely

Upon Opinions of Counsel in Connection with its Defense to Willful Infringement. Neither

motion has been set for hearing.

On April 18, 2007, Foundry filed its motion for extension of deadline relating to waiver

of attorney-client privilege (*See* Docket No. 92). This motion seeks an extension due to

uncertainty regarding the proper scope and subject matter of the privilege waiver resulting from a

defendant's reliance on opinions of counsel in connection with the issue of willfulness in a patent

case. The Federal Circuit, in *In re Seagate Technology , Inc.* [Exhibit A to Foundry's motion]

decided on January 26, 2007, *en banc*, to decide this issue of waiver resulting from a defendant's

reliance on opinions of counsel. Foundry filed its motion on the grounds that the ruling in *In re Seagate Technology, Inc.* may affect its decision whether to rely on opinions of counsel. The issues raised in Foundry's motion are equally applicable to Extreme. Further, all parties in this case will benefit from the extension of deadline for deciding whether to rely on opinions of counsel because the *Seagate* case may resolve issues regarding scope of waiver that otherwise would be disputed in this case. Therefore, to preserve judicial efficiency, time and money by resolving these issues at one time, Extreme seeks to join Foundry's motion. Extreme joins in Foundry's arguments, and Enterasys has had a full opportunity to respond to those arguments; therefore, no further briefing is necessary. (Ex. Nos. A-D)[1]

Foundry also filed a motion for protective order to stay the deadline to decide whether to rely upon opinions of counsel in connection with its defense to willful infringement. (See Docket No. 102). Foundry explained that it filed this motion for protective order on May 16, 2007, out of an abundance of caution, to stay the May 17, 2007 deadline for deciding whether to disclose any opinions of counsel until this Court has ruled on its Motion for Extension (Docket No. 92).

The issues raised in Foundry's Motion for Protective Order (Docket No. 102) also are equally applicable to Extreme. Therefore, to preserve judicial efficiency, time and money by resolving these identical issues at one time, Extreme seeks to join Foundry's motion. Extreme

---

[1] Ex. A: Foundry's Motion for Extension of Deadline Relating to Waiver of Attorney-Client Privilege because of pending Federal Circuit *en banc* case concerning scope of waiver.
Ex. B: Enterasys' Plaintiff Enterasys Networks, Inc.'s Memorandum in Opposition to Defendant Foundry Networks, Inc.'s Motion for Extension of Deadline Relating to Waiver of Attorney-Client-Privilege Because of Pending Federal *En Banc* Case Concerning Scope of Waiver.
Ex. C: Assented Motion for Leave to file a Reply Brief in Support of Foundry's Motion for Extension of Deadline Relating to Waiver of Attorney-Client-Privilege Because of Pending Federal Circuit *En Banc* Case Concerning Scope of Waiver.
Ex. D: Foundry's Reply Brief in Support of its Motion for Extension of Deadline to Waiver of Attorney-Client-Privilege Because of Pending Federal Circuit *En Banc* Case Concerning Scope of Waiver.

joins in Foundry's arguments, as submitted in Foundry's papers, and no further briefing is necessary. (Ex. Nos. E)[2]

In accordance with Local Rules 7.1 and 37.1, Extreme corresponded with Enterasys Networks, Inc. ("Enterasys") on June 5, 2007 (Ex. F, Letter from Firasat Ali to Marc Henschke) and met-and-conferred by telephone on June 6, 2007 in an attempt to resolve any issues concerning Extreme's Joinder to Foundry's motions. Enterasys objects to Extreme's joining of Foundry's motions and the parties were unable to reach a compromise.

For the foregoing reasons, Extreme respectfully requests that Extreme's Joinder in both of Foundry's motions be granted and Extreme be allowed to participate in any hearing related to the subject matter of Foundry's motions.

---

[2] Ex. E: Foundry's motion for protective order to stay the deadline to decide whether to rely upon opinions of counsel in connection with its defense to willful infringement

Dated: June 8, 2007                     EXTREME NETWORKS, INC.

                                        By its attorneys,


                                        _____/s/ Firasat Ali_____
                                        Firasat M. Ali (admitted *Pro Hac Vice*)

                                        Terrence P. McMahon
                                        Vera M. Elson
                                        Dave Dolkas
                                        David Larson
                                        McDermott Will & Emery LLP
                                        3150 Porter Drive
                                        Palo Alto, CA 94304-1212
                                        (650) 813-5000

                                        Christopher D. Bright
                                        McDermott Will & Emery LLP
                                        18191 Von Karman Ave.
                                        Suite 400
                                        Irvine, CA 92612-7107
                                        (949) 851-0633

                                        Peter L. Resnik (BBO# 417180)
                                        McDermott Will & Emery LLP
                                        28 State Street
                                        Boston, Massachusetts  02109-1775
                                        (617) 535-4000
                                        MCDERMOTT WILL & EMERY LLP


## Certificate Pursuant To Rule 7.1

The undersigned counsel hereby certifies that counsel for the parties have conferred in an attempt
to resolve or narrow the issues presented by this Joinder, and that counsel for plaintiff Enterasys
would not agree to Extreme's joining of Foundry's motions.

                                        ___/s/  Firasat Ali_____
                                        Firasat M. Ali (admitted *Pro Hac Vice*)

MPK 127868-2 065994 0016

**Certificate of Service**

I, Denise Martone, hereby certify that on June 8, 2007, I caused the attached Joinder in (1) Foundry Networks, Inc.'s Motion for Extension of Deadline Relating to Waiver of Attorney-Client Privilege and (2) Foundry Network, Inc.'s Motion for Protective Order to Stay the Deadline to Decide Whether to Rely Upon Opinions of Counsel in Connection with its Defense to Willful Infringement, to be served by first class mail and electronic filing on the following:

Marc N. Henschke
Alan E. McKenna
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 Boylston Street, Suite 2500
Boston, MA  02199

Christopher P. Sullivan
Nicole Morris
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2600 One Atlanta Plaza
950 E. Paces Ferry Road
Atlanta, GA 30326

Brian H. VanderZanden
Fabio E. Marino
I. Neel Chatterjee
Matthew H. Poppe
Sanjeet K. Dutta
William L. Anthony, Jr.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015

Steven M. Bauer
Jeremy P. Oczek
John W. Pint
PROSKAUER ROSE LLP
One International Place, 22nd Floor
Boston, MA  02110

Denise Martone

MPK 127868-2 065994 0016

# EXHIBIT A

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC,

      Plaintiff,

    v.

FOUNDRY NETWORKS, INC.

and

EXTREME NETWORKS, INC.,

      Defendants.

Civil Action No. 05-CV-11298 (DPW)

**ORAL ARGUMENT REQUESTED**

### FOUNDRY NETWORKS, INC.'S MOTION FOR EXTENSION OF DEADLINE RELATING TO WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER

Under the current schedule, Defendant Foundry Networks, Inc. ("Foundry") is required to provide notice of its intention to rely upon opinions of counsel to potentially avoid a finding of willful infringement by May 17, 2007, thereby waiving privilege over certain communications relating to the opinions. Foundry hereby requests an extension of that deadline because (1) the Federal Circuit will soon be ruling on the scope of the resulting waiver of privilege; (2) the ruling may affect Foundry's decision about whether to rely on opinions of counsel; and (3) an extension will cause no prejudice to the Court or the other parties.

On January 26, 2007, the Federal Circuit agreed to decide, *en banc*, the proper scope and subject matter of the privilege waiver resulting from a defendant's reliance on opinions of counsel in connection with the issue of willfulness in a patent case. *In re Seagate Technology, Inc.*, Order on Misc. Docket No. 830 [Exh. A]. Foundry's own decision about whether to rely on

opinions of counsel may well depend on the outcome of that case. Until *Seagate* is decided, and any appeals to the U.S. Supreme Court are resolved, Foundry has no way of knowing the full extent of any waiver of privilege. That uncertainty presents Foundry with an unfair dilemma because the *Seagate* ruling may have dramatic consequences. For example, if the Federal Circuit or Supreme Court decides that the waiver extends to communications between a patent defendant and its trial counsel – an issue that the *Seagate* court has agreed to decide – Foundry would be extremely prejudiced by a premature decision to waive the privilege.

This hardship on Foundry can easily be avoided without prejudice to the Court or the other parties by extending the deadline for Foundry to decide whether to rely on opinions of counsel. Foundry's decision will have no impact on any issue in this case other than willful infringement and the amount of damages. In particular, it will have no impact on the upcoming claim construction proceedings. Because a trial date has not been set and damages discovery has not even started, there will be plenty of time for Plaintiff Enterasys Networks, Inc. ("Enterasys") to take discovery related to opinions of counsel (if necessary) after the *Seagate* ruling issues. Indeed, Enterasys may benefit from an extension because the *Seagate* case may resolve issues regarding the scope of the waiver that otherwise would be disputed in this case, requiring the expenditure of time and money by the parties and this Court.

Accordingly, Foundry asks that the Court extend the due date for Foundry to decide whether to rely upon opinions of counsel in connection with its defense to willful infringement, from May 17, 2007, until 10 days after the deadline for appealing the Federal Circuit's decision in *Seagate* to the U.S. Supreme Court has passed, or if an appeal to the Supreme Court is made, until 10 days after the Supreme Court issues its ruling on the case, subject to further modification by the Court if merited by changing circumstances.

-2-

## I.    FOUNDRY SHOULD NOT HAVE TO DECIDE WHETHER TO RELY ON OPINIONS OF COUNSEL UNTIL IT KNOWS THE SCOPE OF THE RESULTING WAIVER OF PRIVILEGE

In patent cases, it is every accused defendant's dilemma to decide whether to waive the attorney-client privilege by relying on opinions of counsel in defense to a charge of willful patent infringement. The issue has created a quandary in the legal community, because courts around the country have had various thoughts as to the scope of any waiver – whether it attaches to trial counsel, whether it goes beyond the limited subject matter of the opinion letters, and whether it is subject to any temporal limitations.

The Federal Circuit, recently, in *In re EchoStar Communications Corp.* attempted to clarify the scope of the privilege waiver. 448 F.3d 1294, 1302 (Fed. Cir. 2006), *cert. denied* 127 S. Ct. 846 (2006). *EchoStar* was silent, however, regarding whether reliance on opinion letters provided by patent counsel results in a waiver of privilege with respect to communications between an accused infringer and its trial counsel.[1]  Subsequent courts have decided this issue differently, with some imposing a broad waiver of privilege that extends to communications with trial counsel. Compare, e.g., *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 575-576 (E.D. Tex. 2006) (limiting waiver to subject matter of non-infringement opinion and declining to extend waiver to communications between trial counsel and in-house counsel where in-house counsel acted as a conduit between trial counsel and employees), with *Intex Recreation Corp. v. Team Worldwide Corp.*, 439 F. Supp. 2d 46, 51, 53 (D.D.C. 2006) (holding privilege waiver to include invalidity, unenforceability, and noninfringement subject matter despite opinion letter

---

[1] The *EchoStar* court also "did not squarely address whether the waiver extends beyond the subject matter of the underlying opinion to include *all defenses* to willful infringement." *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 574-75 (E.D. Tex. 2006) (summarizing district court decisions on appropriate scope of the waiver post-*EchoStar*).

addressing only noninfringement and ordering defendant to produce post-opinion communications with trial counsel that question or contradict the opinion).

Most notably, the district court in *Convolve, Inc. v. Compaq Computer Corp.* ordered the defendants to

> *produce all documents, answers to interrogatories, and deposition testimony concerning communications between Seagate (or its in-house counsel) and any of its attorneys, including trial counsel, with respect to the subject of [opinion counsel's] opinions*, i.e., the infringement, validity, and enforcement of [the patents-in-suit]. The time period of the waiver runs from the time Seagate became aware of the patents at issue and continues until such time as Seagate's alleged infringement ends. Any communications between Seagate and its trial counsel concerning the subject matter of [opinion counsel's] opinions that also relate to trial strategy or planning shall be submitted for [the Court's] review.

224 F.R.D. 98, 105 (S.D.N.Y. 2004) (emphasis added). Thus, by making the relatively routine decision to rely upon opinions of counsel in defense to a charge of willful infringement, the defendant in *Convolve* suffered the unexpected consequence of having to show its adversary all of its confidential communications with trial counsel. Thus, all of its trial strategies and thought processes were ordered to be revealed — an obviously prejudicial result.

Of course, plaintiffs in cases throughout the country now seek a similarly broad waiver in all of their patent cases, and defendants are faced with the risk that waiving the privilege with respect to opinion counsel's advice will entail a further waiver of privilege with respect to trial counsel communications. Enterasys refused without elaboration Foundry's request for a joint extension of the schedule until the *Seagate* case is decided. Thus, Foundry is unaware of Enterasys' view of the proper scope of the waiver of privilege but expects Enterasys to take the most expansive scope permitted by district courts that have interpreted *EchoStar*.

Recognizing the importance of this issue, on January 26, 2007, the Federal Circuit, *sua sponte*, stated that it would decide, *en banc*, the proper scope of the privilege waiver as it regards

-4-

communications with trial counsel in response to defendant Seagate's Petition for a Writ of Mandamus in the *Convolve* litigation. *In re Seagate Technology, Inc.*, Order on Misc. Docket No. 830 [Exh. A]. Briefing on the Federal Circuit's order is to be completed by early May, 2007, with a hearing to be scheduled thereafter. [Exh. B at 1]. Assuming the court rules within five-to-six months of the briefing, Foundry believes the decision will be handed down before the *Markman* hearing in this case, which is currently scheduled for October 15, 16, and 17, 2007.

The current case schedule would require that Foundry decide whether to rely on opinions of counsel before the Federal Circuit rules on the scope of the resulting waiver of privilege. Consequently, if the case schedule is not adjusted, Foundry will be forced to make that decision without knowing the full scope of the waiver to which it may be subjected. For example, will the scope of waiver be consistent with the current law of this Court, which limits the waiver to the particular subject matter of the opinion, i.e., invalidity, unenforceability, *or* non-infringement? *Nitinol Med. Techs. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 217 (D. Mass. 2000). Or will the Federal Circuit impose a broader waiver, thereby exposing Foundry to consequences that are beyond its knowledge at this time? Should the Federal Circuit decide on a broad waiver, it is quite possible that Foundry would decide not to rely on opinions of counsel in this case, particularly in the light of recent case law holding that the absence of an opinion does not give rise to a presumption of willful infringement. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1342 (Fed. Cir. 2004).

"By asserting the advice-of-counsel defense to a charge of willful infringement, the accused infringer and his or her attorney do not give their opponent unfettered discretion to rummage through all of their files and pillage all of their litigation strategies." *EchoStar*, 448

-5-

F.3d at 1303. Unfortunately, the full extent to which this principle remains true is now unclear.

Until the *Seagate* court rules, Foundry should not be required to unwittingly waive privilege.

## II.     EXTENDING THE DEADLINE WILL NOT ADVERSELY AFFECT OR PREJUDICE ENTERASYS OR THE COURT

Granting Foundry's motion will not prejudice Enterasys in any way, nor will it add to the

Court's burden. Indeed, the opposite is likely true.

Under the current schedule (Docket Entry 82), damages discovery does not even start

until June 2007, and a *Markman* hearing to construe the claims-in-suit will not occur until

October 2007. Beyond that, no further proceedings have been scheduled. In particular, there is

no trial date. Current activity in the case includes preparation of non-infringement and invalidity

contentions; inventor and other technical depositions; and third-party discovery related mainly to

invalidity issues. The parties will soon commence claim construction proceedings, such as the

preparation of a joint claim construction statement. For purposes of the ongoing discovery and

other proceedings, Enterasys does not need to know whether Foundry will rely on opinions of

counsel to defend against the charge of willful infringement. That issue is completely irrelevant

to any proceedings taking place now or in the foreseeable future. *See, e.g., AVIA Group Int'l,*

*Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569, at *4 (D. Or. Sept. 17, 1991) ("willfulness is

not relevant to the issue of liability").

Thus, Enterasys will not be prejudiced by an order granting Foundry's motion. Indeed,

Enterasys identified no prejudice during the parties' meet-and-confer discussions preceding this

motion. Instead, Enterasys rejected Foundry's request without explanation.

It is likely, in fact, that Enterasys and the Court will be *benefited*, not harmed, by a

postponement of willfulness discovery until after *Seagate* is decided. If Foundry is required to

state now whether it is going to rely on an "opinion of counsel" defense, the parties will

-6-

undoubtedly embark on a series of discovery disputes related to the scope of the resulting waiver of privilege. The parties will spend time and money preparing discovery requests and responses, engaging in meet-and-confer correspondence and discussions, and preparing briefs. The Court's time will be taken up resolving these disputes. Yet the *Seagate* case is likely to resolve many of the issues over which the parties would be fighting. Indeed, as noted above, the ruling in that case could cause Foundry to refrain from asserting an "opinion of counsel" defense altogether, making such discovery completely unnecessary. Forcing the issue now would therefore cause harm to everyone involved.

The delay associated with granting this motion should not be long. Foundry expects the *Seagate* opinion to be entered within the next several months. Assuming the Supreme Court does not grant review, discovery may be able to move forward on the "opinion of counsel" issue as early as the end of this year or the beginning of next year. Even if the Federal Circuit review process takes longer than expected, or the Supreme Court grants review, that should not pose a problem. Courts often defer discovery into a defendant's "opinion of counsel" defense until after summary judgment motions on liability issues, or even after a trial on liability issues, in order to avoid forcing the defendant to waive the attorney-client privilege unnecessarily. *See, e.g., AVIA Group Int'l*, 1991 WL 340569, at *3-*4 (bifurcating trials and staying discovery on opinions of counsel until after completion of liability trial); *Plasmanet, Inc. v. Apax Partners, Inc.*, No. 02 Civ. 9290 BSJ THK, 2003 WL 21800981, at *3 (S.D.N.Y. Aug. 5, 2003) (staying discovery on opinions of counsel, and noting that such discovery would be unnecessary if defendant prevailed on summary judgment motion). Alternatively, if the Court later determines that further delay is not warranted, it can revise the schedule again at any time to require that Foundry decide whether to rely on opinions of counsel sooner rather than later.

-7-

## CONCLUSION

WHEREFORE, Foundry respectfully moves the Court to enter the following relief:

(1)    Extend the May 17, 2007 deadline for asserting the opinion-of-counsel defense until after the Federal Circuit issues a decision in the *Seagate* case and the Supreme Court either declines review of the Federal Circuit ruling or itself issues a decision on the waiver of privilege issues raised therein; and

(2)    Allow Foundry to wait until ten (10) days after the *Seagate* ruling becomes final to state whether it will assert an "opinion of counsel" defense, subject to further modification by the Court if merited by changing circumstances.

### Certification Pursuant to Local Rule 7.1

Counsel for Foundry hereby certifies that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and thereafter but were unable to reach agreement.

### Request for Oral Argument

Pursuant to Local Rule 7.1(D), Foundry respectfully requests oral argument on the issues discussed in this brief.

Dated:  April 18, 2007

Respectfully Submitted,

DEFENDANT FOUNDRY NETWORKS, INC.

By Its Attorneys,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO #542531)
Jeremy P. Oczek (BBO #647509)
John W. Pint (BBO #660548)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone:  (617) 526-9600
Facsimile:   (617) 526-9899

William L. Anthony, Jr. (admitted pro hac vice)
I. Neel Chatterjee (admitted pro hac vice)
Fabio E. Marino (admitted pro hac vice)
Michael F. Heafey (BBO # 556931)
Sanjeet K. Dutta (admitted pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

## Certificate of Service

The undersigned hereby certifies that this document was filed through the ECF system on April 18, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Steven M. Bauer*
Steven M. Bauer

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ENTERASYS NETWORKS, INC., | ) | Civil Action No: 05-CV-11298 (DPW) |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| FOUNDRY NETWORKS, INC. AND | ) |  |
| EXTREME NETWORKS, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S MEMORANDUM
IN OPPOSITION TO DEFENDANT FOUNDRY NETWORKS, INC.'S
MOTION FOR EXTENSION OF DEADLINE RELATING TO
WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING
FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER**

Plaintiff Enterasys Networks, Inc. ("Enterasys") respectfully submits this

memorandum in opposition to Defendant Foundry Networks, Inc.'s ("Foundry's") Motion

For Extension Of Deadline Relating To Waiver Of Attorney-Client Privilege Because Of

Pending Federal Circuit En Banc Case Concerning Scope Of Waiver, ("Mot.") filed with the

Court on April 18, 2007.

**PRELIMINARY STATEMENT**

Foundry seeks to extend -- to some unspecified future date -- the May 17, 2007

deadline set forth in the Court's Scheduling Order by which it must provide notice of whether

it intends to rely upon opinions of counsel as a defense to Enterasys' allegations of willful

infringement. The sole basis for Foundry's request to delay indefinitely its obligations under

the Scheduling Order is the fact the Federal Circuit recently agreed to hear an appeal of a

district court order finding that the privilege waiver resulting from a reliance on opinions of

counsel in defense of a claim of willful infringement can sometimes extend to

communications with trial counsel. *See In re Seagate Tech., LLC,* 2007 U.S. App. LEXIS

2457 (Fed. Cir. Jan. 26, 2007). Foundry's overreaching request ignores the truism that an

appellate court can issue rulings at any time that may or may not alter the legal landscape

relative to a particular issue. But that mere potentiality does not -- and cannot -- dictate that

district courts should delay cases or handle them in an inefficient manner by imposing

unspecified, contingent deadlines while awaiting future appellate decisions in unrelated cases

that may be of no consequence. Moreover, Foundry's logic begs the question as to where a

court should draw the line given that a party could make Foundry's argument at any point in

any case with respect to any issue. Delaying deadlines while awaiting potential changes in the

law would result in innumerable delays in cases such as this one to the obvious detriment of

the parties and the Court.

 In addition to the slippery slope nature of Foundry's argument, from a practical

standpoint for this case Foundry's request would severely prejudice Enterasys' ability to

conduct discovery within the discovery period and go to trial in a timely manner. Here,

Foundry is asking that the deadline for declaring its reliance on opinions of counsel be

indefinitely delayed until *Seagate* has resulted in a final unappealable judgment, which

almost certainly will take place after the close of all discovery in this case, and quite possibly

after this case has been resolved in its entirety. Indeed, the briefing period has not yet even

closed in the *Seagate* matter, and the Federal Circuit has yet to schedule oral argument. Even

if the case were to be heard by the Federal Circuit this year, the court would likely not issue a

ruling until the end of the year or early 2008, at the earliest. In addition, there is also a strong

probability that the Federal Circuit's decision will be appealed to the U.S. Supreme Court.

- 2 -

Even if the Supreme Court ultimately declines to accept the case, the briefing phases for the petition for certiorari will alone take several months. Of course, if the Supreme Court accepts the case it could add additional months and potentially years to the appeals process.

Moreover, despite Foundry's unsupported statements to the contrary, the delay Foundry is requesting would also severely prejudice Enterasys because of the relationship that exists between willful infringement allegations and the other issues at play in this case. As this Court and many others have recognized, the issue of willful infringement is inextricably entwined with issues of liability, as well as damages. Therefore, if Foundry intends to rely upon opinions of counsel to defend against claims of willful infringement, Enterasys needs to discover information relating to that assertion sooner rather than later. This matter is proceeding apace under the Court's Scheduling Order, which establishes phased discovery with the first phase covering topics such as invalidity and infringement, and the second phase serving as further clean-up in addition to introducing damages-related discovery. The second phase commences on June 12, 2007, and the Court has set a claim construction hearing for October 15, 2007. If Foundry's indefinite delay were instituted, Enterasys would be forced to conduct piece-meal discovery and ultimately a series of piece-meal trials without any end in sight, thereby placing it at a significant disadvantage while awaiting a decision which may not be final for several years.

For these reasons, and for the reasons set forth more fully below, Foundry's motion for an extension of deadline relating to waiver of attorney-client privilege should be denied.

## ARGUMENT

### I.    Foundry's Motion Must Be Rejected Because It Seeks An Indefinite Extension Of A Key Scheduling Order Deadline Based Solely On The Speculative Possibility That The Federal Circuit Might Alter The Law Relating To Waiver Of Privilege

In *Seagate*, the Federal Circuit will potentially decide, *inter alia*: (1) whether a party's assertion of the advice of counsel defense to willful infringement should extend waiver of the attorney-client privilege to communications with that party's trial counsel, *and* (2) whether the waiver extends beyond the subject matter of the underlying opinion to include all defenses to willful infringement. *Seagate*, 2007 U.S. App. LEXIS 2457, at *1-2. Foundry contends that an indefinite extension is warranted until that decision is made *and* it becomes final and non-appealable. Foundry requests this indefinite delay because it believes resolution of the *Seagate* appeal *might* have a dispositive effect with regard to the scope of the waiver in this case. But Foundry provides only a superficial discussion of the supposed dilemma that it faces in presently deciding whether to rely on opinion of counsel, and only conclusory statements about how it supposedly will be extremely prejudiced by a premature decision to waive the privilege. Furthermore, to follow Foundry's line of reasoning starts down a slippery slope that could eventually result in the Court delaying judicial proceedings based on conjecture and speculation about events upon which it has no control, such as the time frame and resolution of issues on appeal.

Indeed, courts routinely face situations where an unrelated case on appeal *might* have an important effect upon current litigation, but this does not and should not result in halting judicial proceedings indefinitely to await results. As a recent example, in *Teleflex, Inc. v. KSR Int. Co.*, 119 Fed. Appx. 282 (Fed. Cir. 2005), *cert. granted*, 126 S. Ct. 2965, 165 L. Ed. 2d 949 (2006), the Supreme Court agreed to review the Federal Circuit's patent law test for

- 4 -

nonobviousness. That case has by all accounts been viewed as significant because of the

effect that any change to the obviousness test would have on the issues of the validity of

current patents. Despite the uncertainty of future rulings and the significance of the issue,

however, this court in *Amesbury Group, Inc. v. Caldwell Mfg. Co.*, 2006 U.S. Dist. LEXIS

80286 (D. Mass. Nov. 2, 2006) adhered to its obligations to follow current law:

> I recognize that the grant of certiorari in Teleflex ... may put in question the
> continuing vitality of the Federal Circuit's jurisprudence regarding the concept
> of obviousness. Nevertheless, it appears that the obviousness contention
> pressed by Caldwell can only get stronger if the Supreme Court were to
> reverse Teleflex. *In any event, for the time being, I have tried to analyze the
> obviousness claim in a manner faithful to current Federal Circuit
> jurisprudence*, including that found in Teleflex.

*Id.* at n.12. (Emphasis added).[1] Likewise, there is absolutely no reason for the Court to

abandon this principal in the present case. Foundry may well face a difficult tactical decision

in determining whether or not to rely on the advice of counsel defense, but this is certainly

nothing unusual for counsel and parties in patent litigation when planning an attack or

defense. Whether the Federal Circuit or Supreme Court may or may not alter the analysis of a

certain legal issue at some indeterminable future date should not be grounds to push off such

tactical decisions. Otherwise, a plaintiff's right to prosecute his/her case would be rendered

meaningless if a defendant were allowed to delay and prolong court proceedings in this

manner.

---

[1] On April 30, 2007, the Supreme Court partially modified the Federal Circuit's approach to the issue of
obviousness, observing that "the obviousness analysis cannot be confined by a formalistic conception." *See
Teleflex*, 2007 U.S. LEXIS 4745 (Apr. 30, 2007).

II.     **Foundry Grossly Exaggerates The Uncertain State Of The Law Relating To
Scope Of Waiver Of The Privilege As Shown By The Very Quote From The
*Echostar* Case That It Relies Upon**

In its brief, Foundry attempts to paint a picture of great uncertainty in Federal Circuit

case law relating to the scope of the privilege waiver at issue. A closer examination shows

that this is an extreme exaggeration. In *In re Echostar Communications Corp.*, 448 F.3d 1294

(Fed. Cir. 2006) -- a case cited by Foundry in its brief -- the Federal Circuit directly addressed

the scope of the waiver in the attorney-client privilege and work-product doctrine with

respect to the issue of willful infringement. The court held that reliance on an opinion of

counsel waives the attorney-client privilege and the work-product immunity as to the subject

matter of the opinion. *Id.* at 1299. The court also determined that waiver extends to advice

given after litigation begins, *id.* at 1302 n.4, although there is no waiver of un-communicated

work product. *Id.* at 1303. The court did not expressly address whether the waiver extends to

communications with trial counsel (the issue to perhaps be decided in *Seagate*), but the court

did state that waiver applies to "any attorney-client communications relating to the same

subject matter," and to advice and work product given after litigation has begun. *Id.* at 1299.

Downplaying this clear Federal Circuit precedent, Foundry seeks to support its

assertions about the purportedly unsettled state of the law by pointing to one case from the

Southern District of New York holding that the waiver also applied to trial counsel, *see*

*Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 105 (S.D.N.Y. 2004), even

though Foundry has acknowledged that there are other district courts that have not applied the

waiver so broadly.[2] But Foundry does nothing to demonstrate a serious cause for concern that

the Federal Circuit is going to adopt this lone holding, or that the Court is going to depart

---

[2] *See* Mot. at p. 3. *See also Ampex Corp. v. Eastman Kodak Co.*, 2006 U.S. Dist. LEXIS 48702 (D. Del. July 17,
2006).

- 6 -

from its prior statements in *Echostar*, quoted in Foundry's own moving papers, to the effect

that: "[b]y asserting the advice-of-counsel defense to a charge of willful infringement, the

accused infringer and his or her attorney do not give their opponent unfettered discretion to

rummage through all of their files and pillage all of their litigation strategies." *Echostar*, 448

F.3d at 1303. In short, Foundry exaggerates the decision-making dilemma it presently faces

as a flimsy grounds for requesting indefinite delay in the case at bar.

**III.    Enterasys Will Be Unfairly Prejudiced If The Court Indefinitely Extends The
          Current Deadline In The Manner Requested By Foundry**

   **A.    An Indefinite Extension Of The Notice Deadline Would Preclude
           Enterasys From Commencing And Completing Discovery Within A
           Reasonable Time Under The Scheduling Order**

Foundry's argument that it should not have to decide whether to rely on opinions of

counsel until after *Seagate* is decided in the Federal Circuit and all appeals have been

exhausted should be rejected. (Mot., p. 3). The Federal Circuit has yet to schedule oral

arguments and there is no indication as to when a decision will be handed down once the

court does hear oral arguments, nor is there a time set in which the court must reach such a

decision. While Foundry claims that a decision will be issued in *Seagate* "within the next

several months," (Mot., p. 7), the current state of the proceedings clearly show that this is

highly unlikely.

In contrast to the lengthy timetable in *Seagate*, here Phase II of fact discovery

encompassing willful infringement evidence begins under the Scheduling Order on Tuesday,

June 12, 2007. The *Markman* hearing is scheduled to begin on October 15, 2007, just six

months from now. Under Foundry's proposal, Enterasys would be precluded from

commencing willfulness discovery until well after the end of Phase II discovery and after the

*Markman* hearing, placing Enterasys at an unfair disadvantage. Even in the unlikely event

- 7 -

that the Federal Circuit issues a ruling within the next few months, the *Seagate* litigants

would have the right to appeal to the Supreme Court. Should the Supreme Court grant

certiorari, reality dictates that several years might very well pass from the time of briefing

until a final ruling is issued.[3] Thus, a decision to grant Foundry's motion under these

circumstances would make it impossible for Enterasys to conduct or complete discovery

within whatever time period the Court is likely to require here.[4]

### B.    Foundry's Request For An Indefinite Delay To Declare Its Intentions Regarding Opinions Of Counsel Would Prevent Enterasys From Completing Trial In A Timely Fashion

Foundry's proposed timeline to provide notice of intent to rely on opinions of counsel

to defend against Enterasys' allegation of willful infringement would leave the trial of this

case in jeopardy. Under Foundry's proposal, the Court would be required to either stay

discovery on the issue of willful infringement with no definite end date, severely undermining

Enterasys' trial preparations, or *trifurcate* the trial and allow Foundry to withhold notice of its

intent to rely on opinions of counsel until *after* the trial of liability and damages have been

completed. Not knowing when a final decision in *Seagate* will be issued, it could be several

years after trial before Enterasys is allowed its day in court with respect to the issue of willful

infringement. Foundry's proposal is therefore unrealistic and highly prejudicial to Enterasys

because it would undermine discovery and trial preparation on an issue that is particularly

relevant to the current proceedings.

---

[3] The Supreme Court's term begins, by statute, in October. *See* www.supremecourt.us.gov. Therefore, even if the Federal Circuit were to issue a ruling this year, the Supreme Court would not hear the case until October 2008, at the earliest.

[4] Foundry argues in its motion that "[c]ourts *often* defer discovery into a defendant's 'opinions of counsel' defense until after summary judgment motion on liability, or even after a trial on liability issues." Mot. at p. 7 (emphasis added). Tellingly, however, Foundry could only find two unpublished decisions to cite in its brief in support of this dubious proposition, demonstrating that courts in fact *do not* frequently or "often" delay discovery on willfulness and opinions of counsel.

There is no basis for treating willful infringement as a separate stand-alone trial issue to be resolved long after trials on liability and/or damages issues have already been completed. To the contrary, willfulness issues have long been a staple of damages trials, and alternatively many courts have come to recognize that "[a] willfulness determination, that is, the defendant's state of mind when it infringed the patent, is a finding of fact *inextricably bound to the facts underlying the alleged infringement.* ... Undoubtedly, *because willfulness is determined from the totality of the circumstances it is the reason why some courts prefer to include the issue of willfulness with the liability phase of a bifurcated trial.*" *See Nitinol Med. Techs., Inc. v. AGA Med. Corp.,* 135 F.Supp. 2d 212, 216 (D. Mass. 2000) (citations and quotations omitted) (emphasis added). *See also Home Elevators, Inc. v. Millar Elevator Serv. Co.,* 933 F.Supp. 1090, 1092 (N.D. Ga 1996) ("evidence of willful violation which would support enhanced damages 'is a finding of fact inextricably bound to the facts underlying the alleged infringement.'"); *Intellectual Property Dev. Corp. v. UA-Columbia Cablevision,* 34 U.S.P.Q.2d 1605, 1607 (S.D.N.Y. 1995) ("[d]efendants' request for a stay of discovery of privileged information related to willfulness until after the liability trial is impracticable as the issues of liability and willfulness closely intertwine."); *Keyes Fibre Co. v. Packaging Corp. of Am.,* 763 F.Supp. 374, 375 (N.D. Ill. 1991) ("[t]he evidence relating to [defendant's] state of mind when it committed the infringement, which is clearly relevant to damages, cannot be neatly separated from the underlying liability issue of whether the patent was infringed upon in the first place.").

Here, Enterasys has put Foundry's willfulness at issue in this matter. The advice of counsel is therefore relevant, and Enterasys is entitled to know whether or not Foundry intends to raise it by the date set forth in the Scheduling Order. Foundry's attempt to postpone the deadline for it to provide notice of intent to rely on opinions of counsel to an indefinite

- 9 -

date would simply cause unnecessary delay and frustration to an orderly preparation and conclusion of trial.

## CONCLUSION

For the foregoing reasons, Enterasys respectfully requests that Foundry's present motion be denied in its entirety.

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

   /s/ Alan E. McKenna
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna (BBO No. 644556)
William J. Rocha (BBO No. 657924)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

Of Counsel:
A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC 20006
Tel. (202) 775-0725

Dated: May 2, 2007

35039028

- 10 -

## CERTIFICATE OF SERVICE

I, Pascale Guerrier, hereby certify that on May 2, 2007, I caused a true and correct copy of the attached *Plaintiff Enterasys Networks, Inc.'s Memorandum In Opposition To Defendant Foundry Networks, Inc.'s Motion For Extension Of Deadline Relating To Waiver Of Attorney-Client Privilege Because Of Pending Federal Circuit En Banc Case Concerning Scope Of Waiver* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

### Counsel for Defendant Foundry Networks, Inc.

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Michael F. Heafey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

### Counsel for Defendant Extreme Networks, Inc.

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
David H. Dolkas, Esq.
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA 94303-1212

Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA 92612-7107

Dated: May 2, 2007                        /s/ Pascale Guerrier
                                          Pascale Guerrier

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC,

        Plaintiff,

        v.

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,
        Defendants.

CIVIL ACTION NO. 05-CV-11298 (DPW)

## ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF FOUNDRY'S MOTION FOR EXTENSION OF DEADLINE RELATING TO WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER

Defendant Foundry Networks, Inc. ("Foundry") respectfully files this assented-to motion

for leave to file a reply brief in support of its Motion for Extension of Deadline Relating to

Waiver of Attorney-Client Privilege Because of Pending Federal Circuit En Banc Case

Concerning Scope of Waiver (Docket 92). A copy of the Reply Foundry intends to file is

attached as Exhibit 1.

Counsel for Plaintiff Enterasys Networks, Inc. ("Enterasys") has assented to Foundry's

filing of this reply brief.

As grounds for this motion, a reply brief is necessary to address new issues raised in

Enterasys' Opposition, and to clarify the record for the Court.

WHEREFORE, Foundry respectfully requests that the Court grant this assented-to

motion to file a reply brief in support of its Motion for Extension of Deadline Relating to Waiver

of Attorney-Client Privilege Because of Pending Federal Circuit En Banc Case Concerning

Scope of Waiver.

Dated: May 9, 2007

Respectfully submitted,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
Jeremy P. Oczek (BBO# 647509)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Facsimile:  (617) 526-9899

William Anthony, Jr.*
I. Neel Chatterjee*
Fabio E. Marino*
Matthew H. Poppe*
Michael F. Heafey (BBO# 556931)
Sanjeet K. Dutta*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

* Admitted *Pro Hac Vice*

ATTORNEYS FOR DEFENDANT
FOUNDRY NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system on May 9, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Steven M. Bauer
Steven M. Bauer

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENTERASYS NETWORKS, INC, <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and <br> EXTREME NETWORKS, INC., <br> Defendants. | Civil Action No. 05-CV-11298 (DPW) <br><br> **MOTION [DOCKET NO. 96] FOR <br> LEAVE TO FILE REPLY BRIEF <br> GRANTED ON MAY 29, 2007** |

## FOUNDRY NETWORKS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXTENSION OF DEADLINE RELATING TO WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE OF PENDING FEDERAL CIRCUIT EN BANC CASE CONCERNING SCOPE OF WAIVER

Defendant Foundry Networks, Inc. ("Foundry"), in accordance with Local Rule 7.1,[1]

respectfully submits this reply brief in support of its Motion for Extension of Deadline Relating

to Waiver of Attorney-Client Privilege Because of Pending Federal Circuit En Banc Case

Concerning Scope of Waiver (Docket 92).

Foundry submits this reply brief to address new arguments made by plaintiff Enterasys

Networks, Inc. ("Enterasys") in its opposition (Docket 95). Enterasys has assented to the filing

of this reply.

---

[1]     Local Rule 7.1(b)(3) states: "All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court." This Court has allowed parties to file replies with leave of Court. *See, e.g., Radford Trust v. First Unum Life Ins. Co. of America*, 399 F.Supp.2d 3 (D. Mass. 2005) (granting request for leave to file a response to an opposition brief) (Young, C.J.); *Murphy v. Ford Motor Co.*, 170 F.R.D. 82 (D. Mass. 1997) (granting motion for leave to file a reply brief) (Gorton, J.).

## I.    INTRODUCTION

Enterasys provides no good reason to deny Foundry's motion. Extending the deadline for Foundry to decide whether to waive the privilege with respect to opinions of counsel it may have obtained will serve the beneficial purpose of preserving the privilege without harming Enterasys or the Court in any way. Enterasys' opposition distorts the issues and mischaracterizes the likely impact of granting Foundry's motion in several significant ways:

1)    Foundry's motion is not predicated on an uncertain, hoped-for future change in the law. Rather, the Federal Circuit has agreed to clarify with certainty the scope of the waiver of attorney-client privilege in the *Seagate* case.

2)    The scope of the privilege waiver is not analogous to the proper test for obviousness (or other substantive patent law issues). Once privilege has been waived, the waiver cannot be revoked. If the *Seagate* court adopts a broad waiver rule, Foundry will be stuck with the consequences if it has been forced to decide whether to produce opinions of counsel before the *Seagate* decision is announced. By contrast, if a court conducts proceedings using an incorrect obviousness or other legal standard, those proceedings can be repeated later using the correct standard if there is an intervening change or clarification of law. Thus, the two situations are fundamentally different.

3)    Since no trial date has been set, extending the deadline will not jeopardize Enterasys' ability to prepare for trial in this case. Enterasys has not shown how opinions of Foundry's counsel could possibly affect other aspects of ongoing discovery or claim construction proceedings. The technical documents and prior art underlying any opinion Foundry may rely upon have already been produced to Enterasys, so Enterasys has the full ability to evaluate and test Foundry's non-infringement and invalidity positions.

4)    Granting Foundry's motion will not delay trial or other proceedings. If the *Seagate* case takes too long to resolve, the Court can modify its order at any time to require that Foundry decide whether to rely on opinions of counsel. The mere possibility that the *Seagate* proceedings will not be quickly resolved does not justify arbitrarily requiring that Foundry waive privilege at this early date.

5)    Enterasys talks out of both sides of its mouth on the issue of whether the law on the scope of the privilege waiver is settled. In one paragraph Enterasys suggests that the waiver would cover trial counsel communications, while in another paragraph Enterasys suggests the opposite. If Enterasys truly believes that "Foundry exaggerates the decision-making dilemma it presently faces," then why won't Enterasys eliminate that dilemma altogether by stipulating to a narrow waiver of privilege if Foundry produces opinions of counsel?

For these reasons, Foundry's motion is well-founded and neither the parties nor the Court will be prejudiced or inconvenienced if Foundry's motion is granted.

**1.    Granting Foundry's Motion Will Not Cause Any Undue Delay**

In contrast to what Enterasys argues in its opposition, Foundry does not seek an indefinite extension of time based on a hoped-for, potential change in the law. Rather, the *Seagate* court has already announced it will definitively set forth the scope of the waiver of privilege resulting from reliance on opinions of counsel, and a decision in that case can be expected to issue in a reasonable amount of time.

Enterasys forebodingly warns that "Foundry's proposed timeline . . . would leave the trial of this case in jeopardy." Opp. at 8. Enterasys conveniently omits that no trial date has been set for this case, and therefore, the "jeopardy" is vastly overstated. As noted below, if the case proceeds to a point where trial is approaching and the *Seagate* case has not been finally resolved,

-3-

the Court can always revisit the question of when Foundry should have to decide about relying

on opinions of counsel. At the moment, however, there is no basis for concern that granting

Foundry's motion will delay or interfere with the trial date.

Furthermore, Enterasys exaggerates the amount of time it will take for the *Seagate* case

to be decided. First, Enterasys incorrectly states that a hearing date has not been set in *Seagate*.

In fact, the Federal Circuit has set a hearing date of June 7, 2007 — less than a month from now.

*See* Exhibit A. Based on the Federal Circuit's standard practice, an *en banc* decision should

issue just a few months after that, well before this case will approach the close of discovery,[2]

summary judgment proceedings, or trial. Enterasys argues that the Supreme Court may grant

certiorari, which allegedly could delay a final resolution of *Seagate* for years. However,

Enterasys ignores the possibility that the Supreme Court will decline to grant certiorari in

*Seagate*, just as it declined to grant certiorari in *In re EchoStar Communications Corp. See* 127

S. Ct. 846 (2006). In the unlikely event that certiorari is granted, this Court can revisit the issue

of whether Foundry may continue to defer its decision about whether to rely on opinions of

counsel. However, there is no reason to impose on Foundry the extreme burden of waiving the

attorney-client privilege based on a mere possibility that the Supreme Court will take the unusual

step of agreeing to review the *Seagate* decision.

---

[2]     Enterasys claims that granting Foundry's motion will preclude Enterasys from pursuing
willfulness discovery "until well after the end of Phase II discovery . . . ." Opp. at 7. However,
the Court has not established an end date for Phase II discovery (or Phase I discovery, for that
matter). Moreover, granting Foundry's motion would not stop Enterasys from pursuing other
discovery related to the issue of willful infringement. It would only delay the date on which
Enterasys would gain access to any opinions of counsel Foundry may have obtained (and which
Foundry may ultimately decide not to disclose at all).

**2.    Unlike Substantive Patent Law Issues, Attorney-Client Privilege Cannot Be
Revisited Or Un-waived Retroactively**

Enterasys' opposition improperly argues that uncertainty surrounding the proper test for

obviousness (or other substantive issues in patent cases) is equivalent to the uncertainty

surrounding the scope of waiver of attorney-client privilege.[3]  However, the two situations are

drastically different.  Conducting proceedings using the incorrect obviousness standard would

not cause the parties to suffer irreparable harm.  At worst, doing so might entail some amount of

waste if proceedings had to be repeated using the correct standard.  Indeed, the quote from the

*Amesbury* case in Enterasys' opposition notes that the accused infringer's position in that case

could only improve upon a change in the obviousness test if the Supreme Court lowered the bar

for proving a patent obvious, which is exactly what happened in the *KSR* case.  *See* Opp. at 5;

*KSR Int'l Co. v. Teleflex Inc.*, __ U.S. __, 2007 WL 1237837 (Apr. 30, 2007).

Here, however, Foundry's position might substantially deteriorate if the Federal Circuit

decides that relying on opinions of counsel as part of a defense to willful infringement results in

a broad waiver of privilege, including communications with trial counsel or communications

relating to defenses not addressed by the opinions of counsel.  Moreover, unlike obviousness,

once privilege has been waived over certain communications or opinions, the privilege cannot be

---

[3]    Although the Supreme Court decided *KSR International Co. v. Teleflex, Inc.* on April 30,
2007, which substantially changed the test for proving a patent is obvious, Enterasys' opposition
relegates the case to a footnote and mischaracterizes the decision as a partial modification of the
obviousness doctrine.  Indeed, as a result of the *KSR* case, courts are being asked to revisit the
issue of obviousness to reassess whether a patent is obvious under the new test.  *See* Exhibit B
(noting that the Court of Appeals for the Federal Circuit will address on appeal a validity finding
of the district court, with possibility of a remand).  Courts that did not defer the question until the
*KSR* decision was handed down are being asked to address the issue now.  Here, Foundry is
seeking to save the parties and the Court time later by deferring the disclosure of opinions until
the law is clear, so that the issue need not be revisited or the Court's docket cluttered with
motions regarding the scope of discovery to which Enterasys is entitled under the appropriately-
defined waiver.

un-waived. Enterasys will not be able to un-see the privileged materials Foundry is required to produce. Because of this uncertainty, Foundry is in a seemingly intractable predicament. For at least this reason, Foundry should not be required to waive privilege until it knows more precisely what the scope of the waiver will be.

**3.    No Trial Date Has Been Set and There Is No Relationship Between Opinion Letters and Other Discovery, So Enterasys' Trial Preparation Would Not Jeopardized by an Order Granting Foundry's Motion**

Enterasys argues in its opposition that "a decision to grant Foundry's motion…would make it impossible for Enterasys to conduct or complete discovery within whatever time period the Court is likely to require here." Opp. at 8. However, Enterasys fails to explain why this would be true. It relies solely on observations in several district court cases that infringement and willfulness issues are often intertwined — observations that apply to trial, not discovery, and with which other courts disagree. Enterasys ignores all the discovery that has already occurred up until now, and it offers no facts to support its conclusory claim that extending the schedule would hinder its ability to "conduct or complete discovery." Accordingly, Enterasys' argument should be rejected.

To the extent that Foundry has received any opinions, the documents and prior art underlying those opinions have already been produced to Enterasys. In addition, Foundry has provided Enterasys with its non-infringement and invalidity contentions, and has completed or substantially completed its document production related to liability issues. Thus, Enterasys is not inhibited from continuing discovery and preparation for trial based on facts underlying any opinions of counsel. Enterasys fails to explain how a delay in receiving any Foundry opinions of counsel would actually interfere with its ability to pursue other discovery.

In arguing that a delay in the production of opinion letters will adversely affect its other discovery efforts, Enterasys relies solely on cursory statements that willfulness is intertwined

-6-

with issues of liability and damages. As an initial matter, some courts disagree that those issues

are interrelated. *See, e.g., AVIA Group Int'l, Inc. v. Nike, Inc.*, No. 91-326-JU, 1991 WL 340569,

\*4 (D. Or. Sept. 17, 1991) ("willfulness is not relevant to the issue of liability"); *Read Corp. v.

Portec, Inc.*, 970 F.2d 816, 828 (Fed. Cir. 1992) ("Willfulness is a determination as to a state of

mind."). In addition, the cases on which Enterasys relies all relate primarily to whether liability

and willfulness issues should be *tried* together, not to how discovery should be conducted. *See,

e.g., Nitinol Med. Techs., Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 216 (D. Mass. 2000)

(noting that "some courts" like to try liability and willfulness issues together). They express a

concern that conducting separate trials on infringement and willfulness would require duplication

of witness testimony and other evidence. *See, e.g, Keyes Fibre Co. v. Packaging Corp. of Am.*,

763 F. Supp. 374, 375 (N.D. Ill. 1991). To the extent those cases address discovery, they only

address whether to stay willfulness discovery completely pending the completion of a trial on

liability issues. *See id.* Foundry is not asking for such a stay. It only wants to delay having to

waive the privilege with respect to any opinions of counsel it may have obtained until after the

*Seagate* case is decided. It would be premature for the Court to address trial bifurcation issues at

this time.[4]  In addition, none of the cases cited by Enterasys states that a plaintiff will be

---

[4]      Foundry may well seek a separate trial on willfulness issues at the appropriate time. As
Foundry discussed in its opening brief, several courts have adopted that approach. *See* Opening
Brf. at 7. Those courts believe that any concern about duplication of evidence is far outweighed
by the harm of requiring a defendant to waive the privilege with respect to its opinions of
counsel regarding patents that may be found invalid or not infringed. *See, e.g., AVIA Group
Int'l, Inc. v. Nike, Inc.*, 1991 WL 340569, \*3-\*4 (D. Or. Sept. 17, 1991); *Plasmanet, Inc. v. Apax
Partners, Inc.*, No. 02 Civ. 9290 BSJ THK, 2003 WL 21800981, \*3 (S.D.N.Y. Aug. 5, 2003).
Indeed, the Federal Circuit itself has recommended bifurcation as a way to avoid imposing on a
defendant the need to choose between preserving the attorney-client privilege and defending
itself against a charge of willful infringement:

> Proper resolution of the dilemma of an accused infringer who must choose
> between the lawful assertion of the attorney-client privilege and avoidance of a
> willfulness finding if infringement is found, is of great importance not only to the

hindered in pursuing discovery on infringement issues if it is denied early access to the

defendant's opinion letters. That proposition is simply untrue.

Enterasys does not dispute that ordering disclosure of Foundry's opinions of counsel now

would lead to unnecessary disputes over the scope of the privilege waiver. Thus, requiring early

disclosure would actually distract the parties away from focusing on liability issues and would

create an additional burden on this Court. In addition, the Court's *Markman* order may influence

Foundry's decision on whether to waive privilege over opinions of counsel because the Court's

construction of the asserted claims may affect the reasonableness of the opinion and Foundry's

reliance thereon.

For these reasons, granting Foundry's motion will not have an adverse impact on other

discovery or trial preparation activities and will actually help the parties move the rest of the case

forward and spare the Court from unnecessary and burdensome discovery disputes.

**4.      Foundry Has Not Overstated the Uncertainty in the Law or the Resulting Dilemma
         It Faces Regarding Whether to Disclose Opinions of Counsel and Waive Privilege**

Enterasys' final argument is that Foundry "exaggerates the uncertain state of the law

relating to [the] scope of waiver of the privilege." Opp. at 6. Several facts show this is not true.

---

parties but to the fundamental values sought to be preserved by the attorney-client
privilege. An accused infringer, therefore, should not, without the trial court's
careful consideration, be forced to choose between waiving the privilege in order
to protect itself from a willfulness finding, in which case it may risk prejudicing
itself on the question of liability, and maintaining the privilege, in which case it
may risk being found to be a willful infringer if liability is found. Trial courts
thus should give serious consideration to a separate trial on willfulness whenever
the particular attorney-client communications, once inspected by the court *in
camera*, reveal that the defendant is indeed confronted with this dilemma. While
our court has recognized that refusal of a separate trial will not require reversal in
every case involving attorney client communications bearing on willfulness, we
have suggested the advisability of separate trials in appropriate cases."

*Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991). However, there is no
need to decide that issue at this time as the present motion raises a separate and distinct issue.

First, Enterasys acknowledges that at least one district court has held that disclosing opinions of counsel leads to a broad waiver of privilege that applies even to communications between the defendant and its trial counsel. Opp. at 6; *Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 105 (S.D.N.Y. 2004). Enterasys argues that there is no "serious cause for concern that the Federal Circuit is going to adopt this lone holding," Opp. at 6. To the contrary, there also is no guarantee that the Federal Circuit will *not* adopt the *Convolve* court's position. In fact, Enterasys *completely ignores* the procedural history of the *Seagate* case, which resulted from an appeal of the *Convolve* court's ruling by one of the defendants in that case on the scope of the waiver. *See* Exhibit C at 1, n.1. The fact that the lower court ruled in that manner creates a substantial risk that the Federal Circuit will follow suit in deciding the *Seagate/Convolve* appeal.

Second, the Federal Circuit would not have granted *en banc* review in *Seagate* if it did not believe that the scope of the privilege waiver was an important and unsettled issue requiring the attention of the full court. *En banc* review is generally only permitted "to secure or maintain uniformity of the court's decisions" or where "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35; *see also* Fed. Cir. Rule 35.

Third, Enterasys' own brief refers to language in *In re Echostar Communications Corp.* in which the Federal Circuit stated that the waiver resulting from reliance on opinions of counsel applies to "any attorney-client communications relating to the same subject matter," 448 F.3d 1294, 1299 (Fed. Cir.), *cert. denied* 127 S. Ct. 846 (2006), which Enterasys has clearly cited for the purpose of suggesting that "any attorney-client communications" includes communications with trial counsel. Thus, despite Enterasys' efforts to lull Foundry and the Court into believing that Foundry has no cause for concern, Enterasys clearly intends to argue for a broad waiver of

privilege should Foundry announce that it intends to rely on opinions of counsel as part of its
defense against the charge of willful infringement.

Finally, at least one other court has recognized the burden to defendants of waiving
privilege under when the scope of that waiver is unsettled. Chief Judge Walker of the United
States District Court for the Northern of District of California recently issued an order almost
identical to the order Foundry seeks here on strikingly similar facts. *See 3Com Corp. v. D-Link
Sys., Inc.*, No. 03- 2177, slip op. (N.D. Cal. Apr. 27, 2007) (order granting extension of deadline
for disclosing reliance on opinions of counsel to avoid a charge of willful infringement based on
pending *Seagate* decision). A copy of the order is attached as Exhibit D. In *3Com*, the court
held that:

> So long as the scope of privilege waiver and the scope of the statutory duty of
> care remain unknown, defendants should not be required to produce otherwise
> privileged information. This is particularly true where the Federal Circuit is
> expected to clarify the law on these issues in a matter of months.

*Id.* at 3.

It is, of course, within Enterasys' power to eliminate the uncertainty altogether. If it truly
believes that the outcome of *Seagate* is preordained, then Enterasys should be willing to enter
into a stipulation providing that, regardless of the outcome in *Seagate*, Foundry's production of
and reliance upon opinions of counsel in this case will not constitute a waiver of privilege with
respect to Foundry's communications with its trial counsel, and will not effect a waiver as to
topics not expressly addressed in any disclosed opinions of counsel. If Enterasys refuses to enter
into such a stipulation, that will prove the disingenuousness of its argument.

## CONCLUSION

For the foregoing reasons, Foundry respectfully requests that this Court grant Foundry's
motion (Docket 92).

Dated: May 29, 2007                     Respectfully submitted,


                                        /s/ Steven M. Bauer
                                        _____
                                        Steven M. Bauer (BBO# 542531)
                                        Jeremy P. Oczek (BBO# 647509)
                                        John W. Pint (BBO# 660548)
                                        PROSKAUER ROSE LLP
                                        One International Place
                                        Boston, MA 02110-2600
                                        Telephone: (617) 526-9600
                                        Facsimile: (617) 526-9899

                                        William Anthony, Jr.*
                                        I. Neel Chatterjee*
                                        Fabio E. Marino*
                                        Matthew H. Poppe*
                                        Michael F. Heafey (BBO# 556931)
                                        Sanjeet K. Dutta*
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        1000 Marsh Road
                                        Menlo Park, CA 94025
                                        Telephone: (650) 614-7400
                                        Facsimile: (650) 614-7401

                                        * Admitted *Pro Hac Vice*

                                        ATTORNEYS FOR DEFENDANT
                                        FOUNDRY NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system on May 29, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ Steven M. Bauer
                                        _____
                                        Steven M. Bauer

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ENTERASYS NETWORKS, INC,

     Plaintiff,

v.

     CIVIL ACTION NO. 05-CV-11298 (DPW)

FOUNDRY NETWORKS, INC. and
EXTREME NETWORKS, INC.,
     Defendants.

## DEFENDANT FOUNDRY NETWORKS, INC.'S MOTION FOR PROTECTIVE ORDER TO STAY THE DEADLINE TO DECIDE WHETHER TO RELY UPON OPINIONS OF COUNSEL IN CONNECTION WITH ITS DEFENSE TO WILLFUL INFRINGEMENT

Pursuant to Federal Rule of Civil Procedure 26(c)(2), Defendant Foundry Networks, Inc. ("Foundry") respectfully files this motion for a protective order to stay the deadline for Foundry to decide whether to rely upon opinions of counsel in connection with its defense to willful infringement. In support thereof, Foundry states as follows:

1.    The current deadline for the Defendants to provide notice to Enterasys of their intention to invoke the opinion of counsel defense is May 17, 2007. (*See* Docket No. 82.)

2.    On April 18, 2007, Foundry moved for an extension of the May 17, 2007 deadline pending the outcome of the Federal Circuit's pending *en banc* decision in the *Seagate Technology* case. (*See* Docket No. 92.) Enterasys filed an opposition on May 2, 2007. (*See* Docket No. 95.)

3.    The Court has not yet ruled on Foundry's Motion for Extension (Docket No. 92), and no hearing date for the motion has been scheduled. We understand from the Court's clerk that Judge Woodlock is currently unavailable out of the country.

4.    Since Foundry's Motion for Extension (Docket No. 92) is currently pending before the Court, Foundry's counsel asked Enterasys' counsel whether Enterasys agreed that the deadline for Foundry to decide whether to rely upon opinions of counsel was stayed until the Court decided Foundry's Motion for Extension (Docket No. 92). Despite Foundry's pending motion, Enterasys took the view that May 17, 2007 remained the operative deadline for Defendants to declare whether they will rely on opinions of counsel in this case.

5.    Accordingly, out of an abundance of caution, Foundry moves for a protective order under Federal Rule 26(c)(2) to stay the May 17, 2007 deadline for deciding whether to disclose any opinions of counsel until the Court has ruled on Foundry's Motion for Extension (Docket No. 92).

6.    Foundry incorporates by reference the arguments contained in:[1]  1) Foundry's Motion for Extension of Deadline Relating to Waiver of Attorney-Client Privilege Because of Pending Federal Circuit En Banc Case Concerning Scope of Waiver (Docket No. 92); and 2) Foundry's Assented-To Motion For Leave to File a Reply Brief in Support of Its Motion for Extension of Deadline Relating to Waiver of Attorney-Client Privilege Because of Pending Federal Circuit En Banc Case Concerning Scope of Waiver including Foundry's Proposed Reply Brief attached as Exhibit 1 (Docket No. 96).

WHEREFORE, Foundry respectfully requests that the Court issue a protective order providing one of the following forms of relief to Foundry:

(1)    Grant the relief sought by Foundry's Motion for Extension (Docket No. 92); or

(2)    Alternatively, if the Court denies the relief sought in Foundry's Motion for Extension (Docket No. 92), allow Foundry five (5) business days from such denial to disclose its intention of whether to rely upon any opinions of counsel.

---

[1] Pursuant to this Court's Electronic Case Filing Administrative Procedures, at L.3, dated January 1, 2006.

## Certification Pursuant to Local Rules 7.1 and 37.1

Counsel for Foundry hereby certifies that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion by e-mail on May 16, 2007 but were unable to reach agreement.

Dated: May 16, 2007                    Respectfully submitted,

*/s/ Steven M. Bauer*
Steven M. Bauer (BBO# 542531)
Jeremy P. Oczek (BBO# 647509)
John W. Pint (BBO# 660548)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899

William Anthony, Jr.*
I. Neel Chatterjee*
Fabio E. Marino*
Matthew H. Poppe*
Michael F. Heafey (BBO# 556931)
Sanjeet K. Dutta*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

* Admitted *Pro Hac Vice*

ATTORNEYS FOR DEFENDANT
FOUNDRY NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the ECF system on May 16, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Steven M. Bauer*
Steven M. Bauer

# EXHIBIT F

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Firasat Ali
Attorney at Law
Fali@mwe.com
650.813.5012

June 5, 2007

BY E-MAIL

Marc N. Henschke, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P.
Prudential Tower
800 Boylston Street, 25th Floor
Boston, MA 02199
mnhenschke@rkmc.com

Re:    *Enterasys Networks v. Extreme Networks*, Civil Action No. 05-12235 (D. Mass.)

Dear Marc:

I am writing to inform you that Extreme will be filing a Joinder to (1) Foundry Networks'
motion for protective order to stay the deadline to decide whether to reply upon opinions of
counsel in connection with its defense to willful infringement that was filed on May 16, 2007
and (2) Foundry Networks' motion for extension of deadline relating to waiver of attorney-client
privilege because of pending Federal Circuit *en banc* case concerning scope of waiver filed on
April 18, 2007.

In so doing, Extreme joins Foundry's motion to stay the May 17, 2007 deadline for deciding
whether to disclose any opinions of counsel until this court has ruled on Foundry's Motion for
Extension (Docket No. 92). Further, Extreme also joins Foundry in awaiting the Federal
Circuit's decision in the pending *en banc Seagate Technology* case, and any appeals of the
*Seagate* case to the Supreme Court, prior to deciding whether to reply upon opinions of counsel
in connection with its defense to willful infringement.

Please let us know by Wednesday, June 6, 2007 if you have any objections to Extreme's Joinder
in the above mentioned motions or participation at any hearing related thereto. We are available
to meet and confer on this issue any time today or tomorrow.

Sincerely,

*Firasat Ali*

Firasat M. Ali

cc:    Alan E. McKenna, Esq.  (By Email)
       Neel I. Chatterjee, Esq.  (By Email)
       Jeremy P. Oczek, Esq.  (By Email)
       Sanjeet K. Dutta, Esq.  (By Email)

MPK 127548-1.065994.0016