UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|   |   |
|---|---|
| ENTERASYS NETWORKS, INC., | Civil Action No: 05-CV-11298 (DPW) |
| Plaintiff, | |
| v. | |
| FOUNDRY NETWORKS, INC. AND EXTREME NETWORKS, INC., | |
| Defendants. | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S OPPOSITION TO
DEFENDANT FOUNDRY NETWORKS, INC.'S MOTION TO COMPEL THE
PRODUCTION OF INVENTION RECORDS**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................................................... 1

II.   ARGUMENT............................................................................................................................ 2

THE COURT SHOULD DENY FOUNDRY'S PRESENT MOTION TO COMPEL IN ITS ENTIRETY BECAUSE ENTERASYS IS PROPERLY WITHHOLDING PRODUCTION OF THE '205 AND '173 INVENTION RECORDS ON GROUNDS OF ATTORNEY-CLIENT PRIVILEGE ............................. 2

    A.   Enterasys Has Repeatedly Met Its Intitial Burden Of Providing The Predicate Facts Necessary To Show That The Attorney-Client Privilege Attaches To The Invention Records ...................................................... 2

    B.   Enterasys Should Not Be Required To Waive The Attorney-Client Privilege Because It Has Expressly Indicated That It Is Not Relying Upon The Invention Records To Prove Earlier Conception Or Reduction to Practice Dates........................................................................................................ 4

        1.   Invention Dates For The '205 Patent........................................................... 4

        2.   Invention Dates For The '173 Patent........................................................... 5

    C.   Enterasys Has Not Waived The Attorney-Client Privilege Applicable To The Invention Records By Complying With The Court Order Of October 26, 2006 Requiring It To Disclose All Known Factual Information Pertaining To Potential Invention Dates................................................................ 6

III.  CONCLUSION........................................................................................................................ 9

# I.
# INTRODUCTION

Plaintiff Enterasys Networks, Inc. ("Enterasys") opposes Defendant Foundry Networks, Inc.'s ("Foundry") Motion to Compel the Production of Invention Records that are protected by the attorney-client privilege, a privilege which Enterasys has not waived for either U.S. Patent No. 5,251,205 ("the '205 patent") or U.S. Patent No. 5,390,173 ("the '173 patent"), and further, because Enterasys is not relying on these documents to prove pre-application dates of conception or reduction to practice for either invention.

This issue has previously been before this Court on a motion to compel interrogatory answers brought by Defendant Extreme Networks, Inc. ("Extreme") in September 2006. At that time, this Court ordered Enterasys to supplement its interrogatory answers to provide all information in its possession regarding conception or reduction to practice dates as well as a declaration by Plaintiff's counsel regarding its efforts to obtain invention records. In response to that Court Order, Enterasys supplied Defendants with its Third Supplemental Answers to Interrogatories ("Third Supplemental Answers") and filed with the Court the Declaration of Marc N. Henschke Regarding the Status of Efforts to Locate Inventive Records Undertaken by Plaintiff Enterasys Networks ("Henschke Declaration") which detailed Enterasys' efforts to obtain documentation with respect to invention dates.

In both the Supplemental Answer to Interrogatories and the Henschke Declaration, Enterasys explained that it is *not* relying on the '205 invention records to prove an earlier creation date, and that if no other direct evidence could be found to corroborate the earlier creation dates referenced in the invention records, Enterasys would rely on the application filing date. Additionally, these responses also indicated that Enterasys is *not* relying on the invention records for an earlier creation date for the '173 patent, but designated by Bates numbers the

1

previously produced documents it would use as evidence for the conception or reduction to practice date.

Foundry alleges that Enterasys is arguing that the documents are only privileged "*for now*," but Enterasys has no intention of waiving the privilege and is not relying on these documents as evidence, an intention which has been made clear to Defendants on numerous occasions. The attorney-client privilege applies to protect these invention records from production, and this Court should not compel Enterasys to produce them.

## II.
## ARGUMENT

### THE COURT SHOULD DENY FOUNDRY'S PRESENT MOTION TO COMPEL IN ITS ENTIRETY BECAUSE ENTERASYS IS PROPERLY WITHHOLDING PRODUCTION OF THE '205 AND '173 INVENTION RECORDS ON GROUNDS OF ATTORNEY-CLIENT PRIVILEGE

A.  **Enterasys Has Repeatedly Met Its Intitial Burden Of Providing The Predicate Facts Necessary To Show That The Attorney-Client Privilege Attaches To The Invention Records**

There is no dispute that as a matter of Federal Circuit law, invention records are protected by the attorney-client privilege. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000). The test for attorney-client privilege with respect to invention disclosures is one that centers on "whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." Id. Enterasys' invention records are precisely the type of documents found to be inherently privileged in Spalding, and therefore are properly protected from discovery.

Plaintiff's counsel has explained precisely why the attorney-client privilege attaches in this case. Foundry maintains that Enterasys has failed to provide the requisite information to establish that the invention records are in fact privileged; however, this argument blatantly

2

ignores information repeatedly supplied by Plaintiff's counsel, most recently in a letter dated April 12, 2007, which Foundry attaches to its Motion as Exhibit D. Foundry alleges in its Motion that:

> Enterasys has not met its burden of proving that the invention records are protected by the attorney-client privilege … it has yet to provide details such as the date(s) of the submission(s), the name(s) of the in-house counsel to whom the submission(s) were made, the purpose of the submission(s), and whether the invention records were submitted or disclosed to anyone other than Digital's in-house counsel.

*Foundry Networks, Inc.'s Motion to Compel the Production of Patent Invention Records from Enterasys Networks, Inc.* ("*Foundry's Motion to Compel*"), p. 5-6.

In its April 12th letter, Plaintiff's counsel – for at least the third time – clearly and adequately describes the necessary details for a claim of attorney-client privilege for invention records:

> [I]t is clear from the face of the '205 invention records that: (i) on September 25, 1989, these records were submitted to Sue Goldman and Bob Stern who worked in conjunction with DEC's in-house Legal Department and its Distributed Systems Intellectual Property Committee; (ii) those records are accordingly stamped at the top of the first page with the legend "Received Law Dept."; and (iii) these records were submitted for the purposes of obtaining legal advice as to whether the claimed '205 inventions were in fact patentable, and to facilitate any efforts that DEC might undertake in terms of preparing and filing patent applications.
>
> [I]t is clear from the face of the '173 invention records that: (i) on July 8, 1992, these invention records were submitted to Deirdre Tyman and Sid Johnston who worked in conjunction with DEC's in-house Legal Department and its Distributed Systems Intellectual Property Committee; (ii) these records are accordingly stamped at the top of the first page with the legend "Received Law Dept."; and (iii) these records were submitted for the purposes of obtaining legal advice as to whether the claimed '173 inventions were in fact patentable, and to facilitate any efforts that DEC might undertake in terms of preparing and filing patent applications.

*Foundry's Motion to Compel*, Ex. D, p. 2. Despite the fact that Plaintiff's counsel has willingly provided this information to Foundry, its Motion to Compel ignores this fact in order to

3

baselessly argue that privilege has not been established. This Court should not compel the production of these invention records as the basis for attorney-client privilege has been clearly described on numerous occasions.

**B.     Enterasys Should Not Be Required To Waive The Attorney-Client Privilege Because It Has Expressly Indicated That It Is Not Relying Upon The Invention Records To Prove Earlier Conception Or Reduction to Practice Dates**

Enterasys is *not* relying on the invention records for the '173 and '205 patents as proof of earlier conception or reduction to practice dates. Enterasys did decide to rely on the invention records it possessed in the case of U.S. Patent No. 6,560,236 ("the '236 patent") as direct evidence of a pre-application date of conception or reduction to practice, and subsequently produced those records to the Defendants. Foundry acknowledges this fact in its own motion. *Foundry's Motion to Compel*, p. 4. Where Enterasys chose to use the invention records as evidence, it waived the attorney-client privilege and supplied them.

In the case of the '173 and '205 patents, Enterasys is not relying on those invention records, has explicitly explained as much to the Defendants, and continues to maintain that the attorney-client privilege applies to those documents. Enterasys is not trying to have it both ways with respect to the invention records, thus there is no reason for this Court to order the invention records for the '173 and '205 patents to be produced.

**1.     Invention Dates For The '205 Patent**

Enterasys is prepared to rely upon the application filing date as the creation date for the '205 patent, and has explicitly stated on multiple occasions that it is not relying on the invention records to prove an earlier conception or reduction to practice date. Foundry makes much of the language used in the Third Supplemental Answers regarding Enterasys' *present* intention:

4

> Enterasys is withholding these invention records from production on grounds of attorney-client privilege and does not *presently intend* to rely upon them as direct evidence for establishing pre-application dates of conception or reduction to practice for the '205 invention.

*Foundry's Motion to Compel*, p. 4 (emphasis supplied); Ex. B, p. 11. Enterasys is attempting to find direct evidence corroborating earlier dates that may have been referenced in the invention records, but has repeatedly made clear that if direct evidence is not uncovered, Enterasys will use the application filing dates as creation dates. Enterasys' supplemental response to Foundry's Interrogatory No. 5 explains that:

> [t]o the extent that Enterasys is unable to obtain direct evidence to corroborate these actual conception and/or reduction to practice dates for the '205 inventions, Enterasys will rely upon the September 4, 1990 application filing date to establish a constructive conception and reduction to practice date for the '205 inventions.

*Foundry's Motion to Compel*, Ex. B, p. 12. At present, Enterasys has been unable to find any direct evidence of the earlier dates, therefore it is asserting the application filing date as the invention date for the '205 patent. Because Enterasys has asserted that it is not using the invention records to establish an earlier conception or reduction to practice date, and assured the Defendants that it will rely upon the filing date should there be no third-party documents that establish an earlier date, Enterasys should not be compelled to produce the '205 patent invention records, as they are privileged documents.

    **2.    Invention Dates For The '173 Patent**

Enterasys disclosed in its Third Supplemental Answers as well as the Henschke Declaration filed on November 30, 2006 that it would rely on a pre-application creation date. Enterasys has repeatedly assured Foundry that it will not use these invention records as evidence of earlier invention dates. Again, Foundry seems concerned by the language used in the Third Supplemental Answers:

5

> Enterasys is withholding these invention records from production on grounds of attorney-client privilege, and does not presently intend to rely upon them as direct evidence for establishing pre-application dates of conception or reduction to practice for the '173 inventions.

*Foundry's Motion to Compel*, Ex. B, p. 14. Enterasys further states in that answer that to the extent it is unable to sufficiently corroborate the earlier actual conception and/or reduction to practice dates for the '173 inventions, it will rely on the application filing date of October 22, 1992. Id.

In both the Third Supplemental Answers and the Henschke Declaration, Enterasys specifically referenced the documents it intended to rely upon as evidence for the earlier invention date for the '173 patent. In fact, Enterasys even identified these documents by the Bates numbers with which they had been marked when produced to the Defendants during discovery. *Foundry's Motion to Compel*, Ex. B, p. 12-13; *Henschke Declaration*, see Docket No. 81, ¶¶ 62-63. Foundry simply cannot claim that it has a right to the '173 invention records when it has been repeatedly informed of the basis for privilege, that Enterasys is not using the records as evidence of earlier invention dates, and Enterasys has both identified and produced the evidence that supports the earlier dates.

**C.    Enterasys Has Not Waived The Attorney-Client Privilege Applicable To The Invention Records By Complying With The Court Order Of October 26, 2006 Requiring It To Disclose All Known Factual Information Pertaining To Potential Invention Dates**

Invention records are "standard forms generally used by corporations as a means for inventors to disclose to the corporation's patent attorneys that an invention has been made and to initiate patent action . . . [including] such information as names of inventors, description and scope of invention, closest prior art, first date of conception and disclosure to others, dates of publication, etc." Spalding, 203 F.3d at 803 n.2. Foundry points out in its Motion that where the

6

"gist" or a summary of certain communications is revealed, a partial disclosure of the contents of the communication is effected, constituting a waiver of the privilege as to the entire communication. *Foundry's Motion to Compel,* p. 6-7. At no point in its Motion does Foundry allege that there has been any partial waiver of the contents of the '173 patent invention records. Foundry mistakenly argues that Enterasys' Third Supplemental Answers constitute a waiver of the attorney-client privilege as to the invention records for the '205 patent because information regarding the pre-application creation dates was revealed in those answers. However, information regarding such dates hardly constitutes the "gist" or a "summary" of the invention records, the purpose of which is to explain the invention's novelty and functionality.

Foundry cites Malco Mfg. v. Elco Corp. for the proposition that where the "gist" of the content of an attorney-client privileged communication is revealed, privilege is waived. 307 F. Supp. 1177, 1179 (E.D. Pa. 1969). However, that same case goes on to hold that where an interrogatory seeks only the date of an investigation and the names of those involved, that type of information is discoverable while the substantive investigation documents remain privileged. Id. at 1180. The information regarding the dates of invention are all that have been revealed in this case; not even a hint of the substantive information regarding the invention itself has been disclosed. The names of the parties and dates of events that were the subject of the Court-ordered Third Supplemental Answers and Henschke Declaration simply do not operate as a waiver of the otherwise attorney-client privileged communications.

Furthermore, Enterasys revealed the known facts regarding dates contained in the invention records pursuant to an order from this Court. While the Third Supplemental Answers and Henschke Declaration do go into some detail regarding the conception and reduction to practice dates, that information was provided pursuant to the Court's October 26, 2006 Minute

7

Order. In order to avoid a finding of contempt for non-compliance with the Order (the result of which could very well have been the Court's deeming the attorney-client privilege waived), Enterasys revealed the specific information regarding dates from the invention records as the Court ordered.

In the Henschke Declaration, Enterasys explicitly noted that any waiver of privilege effected by the Declaration was made only for the purpose of compliance with the Court Order, and the waiver was limited to those parameters. *Henschke Decl.*, Docket No. 81, ¶ 3. Enterasys did not act voluntarily when revealing the specific information regarding the dates contained in the invention records. Were it the case that complying with the Minute Order constituted complete waiver of privilege, but failing to comply carried with it the threat of losing privilege, Enterasys would be in an impossible position. See, e.g., PYR Energy Corp. v. Samson Resources Co., 2007 U.S. Dist. LEXIS 8696, at *6 (E.D. Tex. Feb. 7, 2007) (finding failure to comply with court order warranted the sanction of deeming any privilege waived). Compliance with a Court Order cannot be held to constitute waiver of otherwise attorney-client privileged communications. See, e.g., Laxalt v. McClatchy, 116 F.R.D. 438, 454 (D. Nev. 1986) (justice required that privilege was not waived and disclosure not required when a deponent was compelled by court order to use a privileged document to refresh her recollection).

In addition, Foundry does not claim in its Motion, nor can there be any argument whatsoever that privilege has been waived with respect to the '173 patent invention records, as none of the information contained therein has been revealed in either the Henschke Declaration or the Third Supplemental Answers. Instead, information regarding conception and reduction to practice dates for the '173 patent has been disclosed from documents already produced to Defendants' counsel, and those documents have been identified by their corresponding Bates

8

numbers.  Therefore, there is no basis for compelling production of the '173 patent invention records.

## III.
## CONCLUSION

For the foregoing reasons, Enterasys respectfully requests that this Court deny Foundry's Motion to Compel the Production of Invention Records related to the '173 and '205 patents.

Dated:  June 8, 2007                                Respectfully submitted,


                                                    ENTERASYS NETWORKS, INC.

                                                    By its attorneys,

                                                    /s/ Marc N. Henschke
                                                    Christopher P. Sullivan, Esq. (BBO No.485120)
                                                    Marc N. Henschke, Esq. (BBO No. 636146)
                                                    Alan E. McKenna, Esq. (BBO No. 644556)
                                                    William J. Rocha, Esq. (BBO No. 657924)
                                                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                                    800 Boylston Street, 25th Floor
                                                    Boston, MA 02199
                                                    Tel. (617) 267-2300

Of Counsel:

A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Anna R. Carr, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC  20006
Tel. (202) 775-0725

**CERTIFICATE OF SERVICE**

      I, Marc N. Henschke, hereby certify that on June 8, 2007, I caused a true and correct copy of the attached *Plaintiff Enterasys Networks, Inc.'s Opposition To Defendant Foundry Networks, Inc.'s Motion To Compel The Production Of Invention Records* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Foundry Networks, Inc.**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Michael F. Heafey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.*
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  June 8, 2007                          /s/ Marc N. Henschke
                                                                    MARC N. HENSCHKE