**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
)
ENTERASYS NETWORKS, INC.,             )         Civil Action No: 05-CV-11298 (DPW)
)
Plaintiff,             )
)
v.                                    )         **[Leave To File Granted By**
)         **Court Order Dated June 8, 2007]**
FOUNDRY NETWORKS, INC. AND            )
EXTREME NETWORKS, INC.,               )
)
Defendants.             )
_____)

<u>**SUR-REPLY BRIEF OF ENTERASYS NETWORKS, INC. IN OPPOSITION TO**</u>
<u>**DEFENDANT EXTREME NETWORKS, INC.'S MOTION TO REDUCE TO A**</u>
<u>**MANAGEABLE NUMBER THE PATENT CLAIMS AT ISSUE IN THIS CASE**</u>

On March 30, 2007, Defendant Extreme Networks, Inc. ("Extreme") filed its currently

pending Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case

(the "Claims Reduction Motion") (Document No. 86). In further support of this Motion, on April

11, 2007, Extreme filed a Reply Brief that attached the supporting Declaration Of Steven Walker

(the "Walker Declaration") (Document No. 91). Subsequent to these filings, it became apparent

that certain factual representations made by Extreme to the Court in both its Reply Brief and the

Walker Declaration concerning the status of its document production efforts in this case were

incorrect. Because these incorrect representations could potentially impact how the Court decides

to resolve the pending Claims Reduction Motion, Plaintiff Enterasys Networks, Inc.

("Enterasys") wrote to Extreme requesting that it voluntarily take steps to withdraw or correct

them. Extreme has declined to do so. Accordingly, Enterasys now submits this Sur-Reply Brief

as its only available means for correcting and clarifying the record.

By way of background, ever since serving its initial set of document requests more than fourteen months ago in March of 2006, Enterasys has been impeded by Extreme's ongoing failure to produce many of the key technical documents that are needed for showing precisely how Extreme's accused product features operate. Indeed, Enterasys has been forced to expend enormous amounts of time and energy on a discovery letter writing campaign, as well as one series of meet-and-confers, aimed at trying to chase Extreme down to obtain these critical and long overdue documents.

At least two key categories of technical documents that Extreme has failed to produce have been a special focus of Enterasys' follow-up discovery efforts for the past several months. First, Enterasys has repeatedly notified Extreme in writing about its failure to have produced all responsive "hardware specification" documents. See, e.g., (Hensch. Decl. at Exhs. 1 and 2).[1] Second, Enterasys has likewise made several written requests of Extreme to produce all withheld and responsive technical documents relating to the switching and routing chipsets used in its accused products, most especially Inferno and Triumph chipsets as well as those manufactured by Broadcom. See, e.g., (Id. at Exhs. 2 and 3). By way of example, in a letter dated October 31, 2006, Enterasys specifically requested the following: "With respect to Extreme's accused Broadcom chipsets in particular, we are most interested in [any withheld] information relating to the following chips: 5645, 5670, 5673, 5695, 5674, and 5675." (Id. at Exh. 4).

Against this background, on March 30, 2007, Extreme filed its currently pending Claim Reduction Motion seeking to force Enterasys to immediately drop nearly all of its asserted patent claims in this case by imposing an artificial limit of no more than two or three claims per patent. In response, one of Enterasys' principal opposition arguments has been that it is premature and

---

[1] As used herein, the term "Hensch. Decl." is a reference to the Declaration Of Marc N. Henschke In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case, filed concurrently herewith under separate cover.

unfair to require Enterasys to drop patent claim on an *uninformed basis* occasioned by Extreme's failure to have produced many of the key technical documents that Enterasys would first need to review as a precursor to making intelligent claims reduction decisions. Thus, the questions of whether and when Extreme has actually provided Enterasys with the critical technical documents needed for refining its infringement positions are of central importance to the arguments before the Court on Extreme's pending Motion.

On April 11, 2007, Extreme filed a Reply Brief in support of its pending Motion that was accompanied by the Walker Declaration. In this Reply Brief, Extreme argued to the Court that Enterasys was "simply wrong" to contend that "Extreme had failed to produce critical technical documents" in this case. (Rep. Br., p. 2). Extreme supported these arguments by citing to the Walker Declaration which made the following factual representations to the Court:

> Extreme has provided all of the follow-up technical documentation relating to the accused products that Enterasys has requested in meet-and-confers with, and letters to, Extreme.

(Walker Decl. at ¶ 3).

But in the first two weeks of May -- several weeks *after* its Reply Brief and the Walker Declaration were filed -- Extreme made three supplemental document productions consisting of over 150 key technical documents (numbering almost 14,000 pages) that had never previously been provided to Enterasys. (Hensch. Decl. at ¶ 2 and Exhs. 5, 6, 7). Contrary to the representations made in the Walker Declaration, this supplemental production contained numerous "hardware specifications" of exactly the type that Enterasys had been demanding for months from Extreme in the above-referenced discovery letters. (Id.). Further contrary to the Walker Declaration, these supplemental productions also contained several thousand pages of technical documents relating to the Broadcom chipsets that had been the express focus of several other discovery letters likewise identified above. (Id.).

The critical importance of these long withheld documents cannot reasonably be disputed. Indeed, several of the documents contained in these supplemental productions are now the key documents that Extreme itself is relying upon as cited support for its non-infringement contentions in this case. (Hensch. Decl. at ¶ 3). In other words, Extreme filed its present Motion seeking to force Enterasys to make decisions about dropping asserted patent claims while simultaneously having failed to produce some of the very technical documents which it considers the most important to making assessments about whether its accused products are infringing. Moreover, given the timing of when Extreme served its non-infringement contentions on April 30, 2007, it would appear that Extreme was actively working with these withheld materials to formulate non-infringement positions at the very moment it was representing to the Court in the April 11th Walker Declaration that all responsive technical documents had already been produced.

Given these events, it is now clear that the factual representations made by Extreme to the Court in its Reply Brief and the Walker Declaration were incorrect. Because of their potential importance to arguments raised by the parties in connection with Extreme's pending Claims Reduction Motion, Enterasys wrote a letter to Extreme requesting that Extreme voluntarily take steps to withdraw or correct these misstatements with the Court well in advance of the scheduled June 11, 2007 hearing date. (Hensch. Decl. at ¶ 4). But Extreme has declined to do so, and instead takes the position that since other technical documents had been produced to Enterasys prior to the filing of the Walker Declaration, it is inconsequential that the Walker Declaration makes incorrect factual representations to the Court. (Id.).

Finally, based upon its reviews of Extreme's recent supplemental document productions, Enterasys has been able to identify what appear to be several other critical technical documents

that Extreme has not yet provided. (Exh. 8 to Hensch. Decl.). For its part, Extreme now indicates

that it may well be producing still further responsive technical documents on a rolling basis in

the future. (Hensch. Decl. at ¶ 4).

In its Claims Reduction Motion, Extreme has asked this Court to require Enterasys to

limit its asserted claims to 2-3 claims per patent. This request is clearly unreasonable for the

several reasons set forth in Enterasys' Opposition to that motion, including the fact that Extreme

has not provided -- and continues not to provide -- critical documents, despite Extreme's

misrepresentations to the contrary. For these reasons, Enterasys respectfully requests that

Extreme's Claims Reduction Motion be denied.


Dated:  June 5, 2007                          Respectfully submitted,

                                              ENTERASYS NETWORKS, INC.

                                              By its attorneys,


                                               /s/ Marc N. Henschke
                                              Christopher P. Sullivan, Esq. (BBO No.485120)
                                              Marc N. Henschke, Esq. (BBO No. 636146)
                                              Alan E. McKenna, Esq. (BBO No. 644556)
                                              William J. Rocha, Esq. (BBO No. 657924)
                                              ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                              800 Boylston Street, 25th Floor
                                              Boston, MA  02199
                                              Tel. (617) 267-2300
Of Counsel:
A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Anna R. Carr, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
Atlanta, GA  30326-1386
Tel. (404) 760-4300

Robert A. Auchter, Esq. *(pro hac vice)*
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1875 Eye Street, N.W., Suite 300
Washington, DC  20006-5409
Tel. (202) 775-0725

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on June 5, 2007, I caused a true and correct copy of the attached *Sur-Reply Brief Of Enterasys Networks, Inc. In Opposition To Defendant Extreme Networks, Inc.'s Motion To Reduce To A Manageable Number The Patent Claims At Issue In This Case* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  June 5, 2007                    /s/ Marc N. Henschke
                                        Marc N. Henschke