IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. and EXTREME NETWORKS, INC., <br><br> Defendants. | Civil No.: 05-11298 (DPW) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

TO:   The Senior Master of the Queen's Bench Division
      Room 120
      Royal Courts of Justice
      Strand
      London WC2 2LL
      England

FROM: The Honorable Douglas P. Woodlock, District Court Judge
      United States District Court for the District of Massachusetts

In accordance with Article 3 of The Hague Convention of 18th March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("The Hague Convention"), the undersigned hereby respectfully requests an order (1) requiring the testimonies of the following named individuals: Mr Graham Cobb and Mr Peter Higginson who are resident within your

jurisdiction and whose respective testimonies are intended to be given and used in the trial of this action; and (2) the production of certain documents referred to in Exhibit A (the "Documents") by each of the aforementioned individuals. This Request is made for the purposes of the trial of the above cause of action, which is presently pending before the Judicial District Court of Massachusetts and is necessary in the interests of justice and for the purpose of a full and fair determination at trial of the matters in issue amongst the parties in the pending proceedings.

I. **To whom the executed request is to be returned and requesting judicial authority:**

> Office of the Clerk
> United States District Court for the District of Massachusetts
> 1 Courthouse Way, Suite 2300
> Boston, MA  02210
> Tel. (617) 748-9152
> United States of America

II. **Identity and address of the individuals to be examined, by and through their designated representative or representatives, having personal knowledge of the subject matter areas identified:**

> 1. Graham Cobb
>    Castle Bank
>    Milton Road
>    Shipton-under-Wychwood
>    Chipping Norton
>    Oxfordshire OX7 6BD
>    Tel: 01993 830 775
>
> 2. Peter Higginson
>    9 Wentworth House
>    46 Village Road
>    Enfield EN1  2EF
>    Tel: 020 8360 6167

### III. The Parties and their Attorneys:

(a) Plaintiff: Enterasys Networks, Inc. is a United States corporation organised under the laws of the State of Massachusetts, having its principal place of business at 50 Minuteman Road, Andover, MA 01810, United States of America. Enterasys Networks, Inc. is represented by Christopher P. Sullivan, Esq. and Marc N. Henschke, Esq. of the firm of Robins, Kaplan, Miller & Ciresi LLP located at 800 Boylston Street, 25th Floor, Boston MA 02199, United States of America.

(b) Defendants:

(i) Foundry Networks, Inc. is a United States corporation organised under the laws of the State of California, having its principal place of business at 4980 Great America Highway, Santa Clara, CA 95054, United States of America. Foundry Networks, Inc. is represented by William L. Anthony Jr., Esq., Fabio Marino, Esq., I. Neel Chatterjee, Esq., and Matthew H. Poppe, Esq. of the firm of Orrick, Herrington & Sutcliffe LLP located at 1000 Marsh Road, Menlo Park, CA 94025, United States of America and Steven M. Bauer, Esq., and Jeremy Oczek, Esq. of the firm Proskauer Rose LLP located at 1 International Place, Boston, MA 02110, United States of America.

(ii) Extreme Networks, Inc. is a United States corporation organised under the laws of the State of California, having its principal place of business at 3585 Monroe Street, Santa Clara, CA 95051, United States of America. Extreme Networks, Inc. is represented by Peter Resnik, Esq. and Emily Smith-Lee, Esq. of the firm of McDermott, Will & Emery, LLP located at 28 State Street, Boston MA 02109, United States of America.

## IV. Nature and Purpose of the Proceedings:

The proceedings for which evidence is required is a civil action filed by Enterasys Networks, Inc. in the District Court of Massachusetts. Enterasys has asserted infringement of US Patent Nos. 5,251,205, 5,390,173, 6,128,665, 6,147,995, 6,539,022, and 6,560,236 by defendants Foundry Networks, Inc.'s ("Foundry") and Extreme Networks, Inc.'s lines of networking products. Foundry has asserted a number of defences to Enterasys's claims, including the defences of invalidity, noninfringement, marking, estoppel, laches, unclean hands, and standing. This action commenced on 21 June 2005, and the parties are actively pursuing discovery to support their respective claims and defences in those proceedings. In order to assist in this process and to obtain evidence crucial to those proceedings we require the examination of the two individuals, Messrs. Cobb and Higginson referred to above.

## V. Evidence to be Obtained:

Messrs. Cobb and Higginson are named inventors of US Patent No. 6,560,236, which is at suit in this litigation. In particular, Foundry seeks their testimony and production of any relevant documents (whether digital or hard copy format) relating to the claims and defences related to this patent.

## VI. Subject Matter of Requested Testimonies

(a) Foundry seeks to depose each of Messrs. Cobb and Higginson regarding the precise nature of their respective involvement in connection with the preparation and submission of the application that resulted in a granted patent and their respective understanding of the invention claimed therein. Specifically, Foundry seeks to learn the involvement of each inventor

in the conception, diligence, and reduction to practice of the claimed invention, their contributions to the invention and the drafting of the patent, all relevant prior art, and their understanding of the scope of the claims. (Foundry does not seek to learn the substance of any privileged confidential communications to, from, or with an attorney that were made for the purpose of requesting or receiving legal advice.)

(b) Foundry also seeks documents (whether digital or hard copy format) from Messrs. Cobb and Higginson relating to the conception, diligence, and reduction to practice of the claimed invention, their contributions to the invention and the drafting of the patent, all relevant prior art, and their understanding of the scope of the claims.

(c) Attached as Exhibit 1 is a list of particular documents which Foundry believes are in the possession, custody, or control of each of the above named individuals who Foundry wishes to depose. The basis for this belief lies in their status as named inventors of the patents and continuing employment in the computer technology industry.

## VII. Procedure Requested

(a) It has been explained to this Court that the powers of the English High Court of Justice to assist this Court's endeavours to obtain evidence in the United Kingdom are listed in Section 2 of the Evidence (Proceedings under Other Jurisdictions) Act of 1975, and that such assistance may not be provided, *inter alia*, when the evidence is sought to be used for pre-trial purposes leading to a train of inquiry which might produce direct evidence for the trial. In consideration of the evidence and arguments presented to this Court by the parties, this Court finds that the evidence requested is not being sought for reasons of mere pre-trial discovery, but is rather being sought to be used as proof in the actual trial in these proceedings.

(b) This Court has further determined that the depositions sought may be taken for use at trial in lieu of personal appearances by the witnesses. After reviewing the papers submitted in support of the motion for issuance of this Letter of Request, this Court is satisfied that this Request is necessary and convenient to produce evidence which will assist this Court in the resolution of certain of the issues to be decided at the trial of this matter.

(c) In order to assist Foundry in the process of securing the depositions of Mr. Graham Cobb and Mr. Peter Higginson, as well as in the deposition itself, Foundry has retained the following counsel from your jurisdiction:

> Justin Turner, Barrister at Law
> Three New Square Chambers
> 3 New Square
> Lincoln's Inn
> London WC2A 3RS
>
> and
>
> Karalyn Twinem and Maria Frangeskides, Solicitors at Law
> Orrick, Herrington & Sutcliffe
> Tower 42, Level 35
> 25 Old Broad Street
> London EC2N 1HQ

Foundry's United States counsel intends to conduct the questioning of the witness, under the supervision of Foundry's London counsel. Enterasys' United States counsel will attend the depositions and conduct questioning of each witness. Enterasys' United States counsel and Foundry's United States counsel will object to questions when necessary, to the extent permitted under the laws of the United Kingdom or other applicable laws. To the extent objections are not permitted, those objections shall be preserved and not waived.

Accordingly, this Court requests that each of the following named individuals – Mr. Graham Cobb and Mr. Peter Higginson – appear before a duly appointed examiner, then and there to make answer on his oath or affirmation, the questions put to him, the subject matter of which is identified above and that Counsel for Foundry be permitted to nominate a deposition officer/examiner or officers who is or are authorised to administer oaths or their equivalent by the laws of the United Kingdom. We further request that the deposition be recorded by video tape, and reduced to writing, and caused to be returned to Foundry under cover duly sealed.

Dated: _August 7_, 2007

_____
Honorable Douglas P. Woodlock
United States District Court Judge

## EXHIBIT 1

### Requested Documentation for Production

Mr. Graham Cobb and Mr. Peter Higginson are hereby requested to make available for inspection, or make copies thereof, of the documents and things listed below that are in their possession, custody, and control. However, Mr. Graham Cobb and Mr. Peter Higginson shall not disclose any documents or things that relate to any privileged confidential communications to, from, or with an attorney for the purpose of requesting or receiving legal advice.

1. All documents and things concerning the following patents: United States Patent Nos. 5,963,556 or 6,560,236 (hereinafter, the "VLAN Patents").

2. All documents and things concerning the technology to which the VLAN Patents relate.

3. All documents and things that are prior art to the VLAN Patents, including but not limited to, documents and things that were considered prior to the determination to file a patent application for the VLAN Patents and/or that were considered, discovered, or reviewed during prosecution of any of the VLAN Patents.

4. All documents and things concerning the subject matter to which the VLAN Patents relate, including, but not limited to, network devices supporting Virtual Local Area Networks (VLANs) that are described or claimed in the VLAN Patents.

5. All documentation relating to the conception, reduction to practice, or diligence in the reduction to practice of a network device supporting Virtual Local Area Networks (VLANs) that is described or claimed in the VLAN Patents.

6.  All documentation identifying or capable of identifying the contribution, discussion, or input of Mr. Graham Cobb, Mr. Peter Higginson or any other person in relation to the invention claimed in the VLAN Patents, including lab or engineering notebooks..

7.  All documentation reflecting the public use, sale, or offer for sale of any network device described or claimed in the VLAN Patents on or prior to October 22, 1996.

8.  All documentation describing any network device capable of supporting port-based VLANs on or prior to October 22, 1996.

9.  All documents and things in your possession, custody, or control concerning the determination to file a patent application for any of your patents either in the U.S. or internationally, including via the PCT, including, but not limited to, any patentability opinions or analyses, prior art analyses, or other activities undertaken to determine whether the subject matter of the VLAN Patents was patentable and/or whether any patent rights had been lost because of prior art, public use, or other divulgation of the subject matter of the VLAN Patents.

10. All documents and things concerning the conception, reduction to practice, and/or diligence in reducing to practice the inventions claimed in the VLAN Patents after conception, including, but not limited to, engineering notebooks, inventor notebooks, concepts papers, white papers, patent disclosures, invention disclosures, and/or prototypes.

11. A copy of the most recent curriculum vitae for each of Mr. Graham Cobb and Mr. Peter Higginson.