UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| Plaintiff, ) | |
| v. ) | |
| FOUNDRY NETWORKS, INC. AND ) EXTREME NETWORKS, INC., ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. ) | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S MOTION FOR
PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Enterasys Networks, Inc. ("Enterasys") hereby moves for protection from this Court precluding depositions sought by Foundry Networks, Inc. ("Foundry") in its subpoenas of third-party witnesses Peter Newman and Floyd Ross. Foundry has improperly scheduled these depositions in contravention of the Rule 16 Scheduling Order of this Court requiring the parties to work cooperatively to avoid unreasonably burdening third-party deponents, and has refused to reschedule the depositions for dates convenient for Enterasys' counsel. As grounds for its present motion, Enterasys states as follows:

1.  The Court's Supplemental Scheduling Order dated February 11, 2006, states that the "parties will work together in good faith . . . to avoid unreasonably burdening third-party deponents or repetitive depositions of party witnesses" and that "[b]oth Defendants will cooperate in the scheduling and taking of joint depositions."

2.  Despite the Scheduling Order's requirement that the parties work cooperatively, Foundry privately contacted the prior art witnesses Peter Newman and Floyd Ross and

negotiated unilaterally convenient dates for their depositions, and then issued subpoenas ordering those witnesses to be present on the dates they negotiated, which occur just two days before and four days after the *Markman* Opening Claim Construction Briefs are due in this case. Further, Foundry brought these witnesses under their control by entering into a consulting agreement with Mr. Ross and agreeing to compensate Mr. Newman for his time.

3. Because Mr. Newman and Mr. Ross are testifying regarding prior art, they are potentially critically important to the Plaintiff's case in that their testimony could be used by the Defendants to attempt to invalidate the patents-in-suit.

4. Enterasys informed Foundry that they were not available on the dates for which the witnesses were subpoenaed, but offered widespread availability later in September and beyond. Despite the fact that there are no pending deadlines requiring these depositions to go forward immediately, Foundry has refused to reschedule them to mutually convenient future dates.

5. Enterasys asks that these depositions be rescheduled for no earlier than the third or fourth weeks of September, 2007.

Accordingly, as set forth more fully in Enterasys' memorandum of law in support of this motion, Enterasys respectfully requests that the Court grant its Motion for Protective Order.

## REQUEST FOR ORAL ARGUMENT

Enterasys requests a hearing to be set for the purposes of oral argument regarding this motion.

## COMPLIANCE WITH MASSACHUSETTS LOCAL RULE 37.1

Pursuant to Massachusetts District Court Local Rule 37.1, the parties made a good faith attempt to narrow the areas of disagreement regarding the scheduling of depositions of Mr. Floyd Ross and Mr. Peter Newman.

Dated: August 10, 2007

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

/s/Marc N. Henschke
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna, Esq. (BBO No. 644556)
William J. Rocha, Esq. (BBO No. 657924)
Rebecca A. MacDowell, Esq. (BBO No. 666860)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

A. James Anderson, Esq. (*pro hac vice*)
Marla R. Butler, Esq. (*pro hac vice*)
Anna R. Carr, Esq. (*pro hac vice*)
Nicole N. Morris, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1386
Tel. (404) 760-4300

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on August 10, 2007, I caused the attached *Plaintiff's Motion for Protective Order* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
Proskauer Rose LLP
One International Place
Boston, MA  02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
McDermott, Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
McDermott, Will & Emery LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
McDermott, Will & Emery LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  August 10, 2007                    /s/Marc N. Henschke

BN1 35040521.1