UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUNDRY NETWORKS, INC. AND ) | **ORAL ARGUMENT REQUESTED** |
| EXTREME NETWORKS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Plaintiff Enterasys Networks, Inc. ("Enterasys") seeks this Court's protection from Defendant Foundry Networks, Inc. ("Foundry")'s Notices of Depositions of Floyd Ross and Peter Newman, scheduled for August 15, 2007 and August 21, 2007 respectively. Foundry unilaterally contacted these third-party witnesses to schedule their depositions for these dates, and failed to consult Enterasys at all with respect to availability despite a Court Order requiring the parties to "work together in good faith" to schedule third-party depositions.

Once Enterasys' counsel learned of these scheduled depositions, counsel contacted counsel for Foundry to inform counsel of the scheduling issues and to request that the depositions be rescheduled to mutually convenient dates anytime after mid-September. Counsel for Foundry, however, refused to reschedule these depositions for dates on which Enterasys' counsel is available. Foundry's unwillingness to cooperate is especially puzzling as there is nothing urgent about these depositions and there are no pending deadlines requiring these depositions to occur sooner rather than later. Furthermore, as these witnesses are testifying about

1

prior art, they are potentially critical to Enterasys' case in that Foundry may use information from these depositions in attempting to invalidate the patents-in-suit.

Foundry's unilateral actions in attempting to schedule these third-party depositions are clearly in violation of the Court's Rule 16 Scheduling Order ("Scheduling Order"), and this Court should order Foundry to cooperate with Enterasys to reschedule these depositions for mutually convenient dates for all parties. Alternatively, and if the Court decides to allow the depositions to proceed as scheduled, Enterasys respectfully requests that the Court issue an Order that the witnesses be produced at a later date for cross-examination by Enterasys, as they are under Foundry's control due to Foundry's admitted consulting agreement with Mr. Ross and compensation of Mr. Newman for his time.

## I.  FACTUAL BACKGROUND

### A.  This Court's February 11, 2006 Supplemental Scheduling Order Requiring Parties to Work Together in Scheduling Third-Party Depositions

On February 11, 2006 this Court issued a Supplemental Scheduling Order ("Scheduling Order") regarding Deposition Limits and Joint Depositions. (MacDowell Decl. at Exh. 1).[1] That Order requires the parties to

> work together in good faith to agree on the appropriate amount of time for each deposition on a deposition-by-deposition basis and to avoid unreasonably burdening third-party deponents or repetitive depositions of party witnesses . . . Both Defendants will cooperate in the scheduling and taking of joint depositions.

(Id. at Exh. 1).

### B.  Foundry's History of Refusing to Abide By the Scheduling Order By Unilaterally Scheduling Third-Party Depositions Without Cooperating With Enterasys

---

[1] As used herein the term "MacDowell Decl." is a reference to the *Declaration of Rebecca A. MacDowell in Support of Plaintiff Enterasys Networks, Inc.'s Motion for Protective Order* dated August 10, 2007, filed concurrently herewith under separate cover.

With previous inventor-witnesses Dr. Eric C. Rosen, Ms. Carol Iturralde, and Mr. George Varghese, Foundry contacted the inventors and the inventors' counsel directly without notifying Enterasys. Foundry then negotiated dates for their depositions with the witnesses and their counsel, and subsequently served subpoenas, which were the first notices Enterasys had that the depositions were being scheduled. When Enterasys' counsel contacted Foundry's counsel to inform them that the scheduled dates on the subpoenas were inconvenient and request that the depositions be rescheduled for mutually convenient dates, Enterasys was informed that counsel would have to attend the depositions or risk losing the opportunity to depose those witnesses. In several discussions, Enterasys' counsel reminded Foundry's counsel of their obligation to "work together in good faith" to schedule third-party witness depositions, but was unsuccessful in convincing Foundry to reschedule these depositions for dates which were suitable for all parties.

C. **Foundry Has Again Disregarded the Court's Order by Subpoenaing Prior Art Witnesses Peter Newman and Floyd Ross for Depositions Without Consulting With Enterasys' Counsel**

On July 13 and July 26, 2007, Foundry subpoenaed third-parties Peter Newman and Floyd Ross, scheduled for August 21, 2007 and August 15, 2007, respectively. (MacDowell Decl. at Exhs. 2 and 3). Opening Claim Construction Briefs in this case are due August 17, 2007, and Claim Construction Reply Briefs are due September 14, 2007. (*See* the Court's Order dated July 3, 2007 granting *Motion to Amend Scheduling Order*.) Subsequently, Enterasys contacted Foundry's counsel to determine if the scheduled dates were simply placeholders, with the actual deposition dates to be worked out by the parties in conjunction with the third-party witnesses' availability. (MacDowell Decl. at Exh. 4). On July 31, 2007, Foundry's counsel confirmed that counsel intended for the depositions to go forward on the scheduled dates. (MacDowell Decl. at Exh. 5). On August 1, 2007, Foundry's counsel also informed Enterasys,

for the first time, that Foundry had consulting agreements with Mr. Newman and Mr. Ross, the "third-party witnesses" in question. (MacDowell Decl. at ¶ 3 and Exh. 6). Both "third-party witnesses" are named on the face of some of the patents-in-suit, and Foundry had subpoenaed documents relating to Mr. Ross as early as April 9, 2007. (MacDowell Decl. at Exhs. 7, 8, 9).

That evening, Enterasys sent Foundry a letter explaining that those dates were inconvenient for Enterasys and requesting a response from Foundry by the close of business on August 2, 2007 as to whether they would be amenable to rescheduling. (MacDowell Decl. at Exh. 10). On August 3, 2007, Foundry responded by letter that Mr. Newman's deposition could not be rescheduled, but that Mr. Ross' deposition could be rescheduled for August 23, 2007 if Enterasys was willing to reimburse Foundry for changing his non-refundable plane ticket. (MacDowell Decl. at Exh. 11).

On August 3, 2007, Foundry's counsel confirmed that Mr. Ross was a paid consultant of Foundry, and Mr. Newman was being compensated for his time. (MacDowell Decl. at ¶ 3). Additionally, Foundry submitted that while they would not attempt to prevent Enterasys from noticing the depositions of these witnesses on later dates, they could not guarantee that the parties would not "on their own" move to quash the subpoenas as being duplicative. (MacDowell Decl. at ¶ 3). Foundry indicated that Mr. Newman had chosen the date of his deposition, but admitted that he may be available on other dates if asked. (MacDowell Decl. at ¶ 4). Foundry continued to maintain that Mr. Ross could be rescheduled, but only if Enterasys reimbursed Foundry for the cost of changing the plane ticket to fly Mr. Ross from Pennsylvania to California for his deposition. (MacDowell Decl. at ¶ 5). Foundry suggested that Enterasys offer alternative dates for the depositions before moving for a protective order. (MacDowell Decl. at ¶ 5).

On the morning of August 6, 2007, Enterasys' counsel sent a letter to Foundry suggesting the depositions of Mr. Ross and Mr. Newman be rescheduled for the third and fourth weeks of September and requesting a response by close of business on August 6. (MacDowell Decl. at Exh. 12). Having received no response from Foundry, on August 7, 2007 Enterasys' counsel attempted to contact Foundry's counsel by phone, without success. (MacDowell Decl. at ¶ 7). By letter sent after close of business on August 7, 2007, Foundry's counsel: (i) restated its demand that it would only reschedule Mr. Ross' unilaterally-scheduled deposition if Enterasys paid for Mr. Ross' plane ticket to California; and (ii) indicated that Mr. Newman now apparently had additional availability but only in late August and early September. (MacDowell Decl. at Exh. 13).

## II.  ARGUMENT

Foundry's actions are completely inconsistent with their obligation pursuant to the Scheduling Order, which states that Foundry must "work together in good faith . . . to avoid unreasonably burdening third-party deponents or repetitive depositions of party witnesses." (MacDowell Decl. at Exh. 1). Foundry made no attempt to contact Enterasys, and thereby made no attempt whatsoever to determine counsel's availability for the depositions. Instead, counsel for Foundry chose to ignore counsel for Enterasys and to proceed to enter into agreements with the "third-party" witnesses (actually, Foundry's paid consultants) regarding when those depositions would take place. Additionally, Foundry decided to schedule those depositions for dates immediately preceding (August 15) and succeeding (August 21) the August 17, 2007 deadline for the filing of the parties' Opening Claim Construction Briefs.

Enterasys' first notification of the depositions came by way of the subpoenas issued to Mr. Newman and Mr. Ross on July 13, 2007 and July 26, 2007 respectively. Foundry did not

contact Enterasys to inform them that the dates listed on the subpoenas were firm dates, as opposed to placeholders for dates to be negotiated cooperatively by the parties. Furthermore, as one of the subpoenas was clearly deficient on its face (ordering Mr. Ross, a Pennsylvania resident, to appear in California for his deposition), Enterasys had no reason to believe that the depositions would in fact proceed as scheduled. It was only much later, when Foundry finally informed Enterasys that Mr. Ross was acting as its paid consultant, that it became clear why Mr. Ross would appear for his deposition in California. It remains to be seen, however, how this could possibly be the most convenient arrangement for the witness, whom Foundry purports to be so concerned about burdening.

Enterasys has repeatedly asked Foundry to comply with the Scheduling Order with respect to scheduling depositions of third-party witnesses. Through multiple explicit discussions with Foundry's counsel, Enterasys has requested that Foundry involve them in the determination of appropriate dates for the depositions of third-party witnesses. When Foundry privately scheduled the depositions of Dr. Rosen, Ms. Iturralde and Mr. Varghese, Enterasys raised its concerns about Foundry's practice of scheduling depositions without consulting all the parties who would need to be present, but Foundry has ignored Enterasys' recurring requests that they comply with the Order and work cooperatively. Instead, Foundry continues to deceptively further their own interests by working behind Enterasys' back to schedule depositions for the least possibly convenient times for Enterasys.

The depositions of Mr. Newman and Mr. Ross are potentially of critical importance to Enterasys. Their testimony will likely be used by the Defendants in an attempt to invalidate some of the patents-in-suit. Foundry ignores the fact that there is no pressing need to conduct these depositions during the *Markman* briefing schedule. Foundry likewise ignores the facts that

it has known about these witnesses for years (both appear on the face of some of the patents-in-suit as authors of cited art) and there are no pending deadlines that would require the deposing of Mr. Ross and Mr. Newman before the middle of September. Foundry is at absolutely no disadvantage if these depositions are not pushed forward on the schedule Foundry unreasonably demands, with the possible exception of eliminating the undue burden they have attempted to place on Enterasys.

Particularly because the witnesses are under Foundry's control, as is the case here where Mr. Ross is admittedly serving as Foundry's consultant and Mr. Newman is being compensated for his time, it is doubtful that these depositions must take place on the dates Foundry has orchestrated without Enterasys' input, and especially egregious for Foundry to insist upon this. While Foundry's counsel has represented that they would not prevent Enterasys from subpoenaing these witnesses for different dates, they have also indicated that it is possible that the witnesses could "on their own" move to quash the subpoenas as being duplicative.

Not once during its decision-making process did Foundry offer Enterasys the opportunity to contribute to the discussion regarding possible deposition dates. When Enterasys raised the issue of a conflict created as a result of Foundry's one-sided decision to arrange these depositions immediately before and after the deadline for the opening *Markman* briefs, Foundry merely asserted that this was an insufficient reason for them to comply with their Court-ordered obligation to cooperate.

Enterasys is unable to conduct these depositions as currently scheduled. Mr. Ross and Mr. Newman will testify about highly technical issues involving the technology of the patents-in-suit. Enterasys cannot possibly prepare for and conduct meaningful cross-examination of these "third-party" witnesses retained by Foundry on the noticed dates because the individual attorneys

who are knowledgeable about the technical issues and topics to be discussed during the depositions are the same individuals who are currently embroiled in the drafting of the claim construction briefs, which are due on August 17, 2007. There have been voluminous document productions associated with these witnesses consisting of hundreds of pages that require critical review, and Enterasys' counsel needs adequate time to prepare for these vital depositions.

Foundry has given Enterasys no significant "counteroffer" with respect to the rescheduling of these deposition dates. Upon being informed that Enterasys was unavailable the weeks of August 13 and August 20, 2007, in large part due to the *Markman* briefing schedule, Foundry merely offered to move the deposition of Mr. Ross from the first week Enterasys was unavailable to the second week Enterasys was unavailable, and then, only on the condition that Enterasys pay to change Mr. Ross' plane ticket. Foundry's unwillingness to comply with its obligation to work in good faith with Enterasys to schedule these depositions, and then scheduling right around the claim construction deadline, is an obvious violation of the Court's Order and indicates a desire to unduly burden Enterasys. These actions are unreasonable, unnecessary, and serve only to unreasonably burden the third-party deponents by potentially subjecting them to multiple depositions.

Should these depositions go forward on August 15, 2007 and August 21, 2007 as Foundry has unilaterally attempted, the "third-party" witnesses at issue will be put in a position where they will have to appear a second time to be cross-examined by Enterasys' counsel. At the very least, if this Court should determine that the depositions can occur on the noticed dates, Enterasys requests that Foundry be ordered to produce these witnesses on dates when Enterasys' counsel is available for appropriate cross-examination.

### III.  CONCLUSION

For the foregoing reasons, Enterasys asks that this Court order Foundry to postpone the depositions of Peter Newman and Floyd Ross no earlier than the third and fourth weeks of September when Enterasys' counsel is able to attend, or, in the alternative, compel Foundry to produce these witnesses on another date when Enterasys is available to conduct a meaningful cross-examination.

Dated: August 10, 2007

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

/s/Marc N. Henschke
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna, Esq. (BBO No. 644556)
William J. Rocha, Esq. (BBO No.
Rebecca A. MacDowell, Esq. (BBO No. 666860)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

A. James Anderson, Esq. (*pro hac vice*)
Marla R. Butler, Esq. (*pro hac vice*)
Anna R. Carr, Esq. (*pro hac vice*)
Nicole N. Morris, Esq. (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1386
Tel. (404) 760-4300

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on August 10, 2007, I caused the attached *Plaintiff's Memorandum in Support of Motion for Protective Order* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
McDermott, Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
McDermott, Will & Emery LLP
28 State Street
Boston, MA 02109-1775

Christopher D. Bright, Esq.
McDermott, Will & Emery LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA 92612-7107

Dated: August 10, 2007                             /s/Marc N. Henschke

BN1 35040527.1