UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ENTERASYS NETWORKS, INC, <br><br> Plaintiff, <br><br> v. <br><br> FOUNDRY NETWORKS, INC. <br> and <br> EXTREME NETWORKS, INC., <br><br> Defendants. | Civil Action No. 05-CV-11298 (DPW) |

**ASSENTED-TO MOTION BY DEFENDANTS TO STAY
PROCEEDINGS IN VIEW OF PENDING PATENT REEXAMINATIONS**

Defendants Foundry Networks, Inc. and Extreme Networks, Inc. (collectively, "Defendants") respectfully move this Court for a stay of the present litigation in view of the pending patent reexaminations of five of the patents-in-suit. Defendants have met and conferred with plaintiff Enterasys Networks, Inc. ("Enterasys"), and Enterasys has assented to the relief sought by the present motion.

Beginning in late March 2007, Foundry filed *ex parte* requests for reexamination with the U.S. Patent Office for five of the patents-in-suit, and did so at or close to the same time it served its invalidity contentions on Enterasys, on April 16, 2007.

In the past few months, and most as recently as July 26, 2007, the Patent Office has granted each of these five reexamination requests, because it has determined that there are "*substantial new question[s] of patentability*" based on numerous prior art references, many of which were not previously disclosed to the Patent Office by the patent applicants.

As it now stands, twenty-two of the thirty asserted claims are being reexamined. A stay is warranted to ensure judicial resources are conserved, as the claims under reexamination will likely change or be cancelled. *In fact, according to Patent Office statistics, close to three quarters of all patent reexaminations result in the amendment or cancellation of claims.*

In addition, the Supreme Court's recent decision in *KSR v. Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007), raises the bar for Enterasys to meet its burden during reexamination that its patent claims are non-obvious and, therefore, patentable. This is an excellent reason for the Court to stay the present case, because *KSR* – as the new law on patent obviousness – makes it even *more* likely that the patent claims will not survive reexamination.

Given that none of the claims at issue in this case have yet been construed by this Court, a stay makes sense now because the time-consuming and costly work that the parties and the Court will have to devote to preparing for a three-day *Markman* hearing (scheduled for October 15-17) will likely have to be undone and redone in light of the Patent Office's reexaminations.

All expert discovery remains to be taken in this case, including depositions of all the technical and damages experts on both sides and the preparation of the initial and rebuttal expert reports. Not only would *cancelled* claims render the work of experts worthless, but any *amended* claims will require expert reports and testimony to be redone to conform to any changes in claim language, which would be a significant waste of resources. Furthermore, no date for the close of discovery and no trial date have been set.

Enterasys will not be unduly prejudiced or disadvantaged if this action is stayed. A narrowing of the issues for trial benefits all parties. Moreover, Plaintiff, through its counsel, has told Defendants that it will assent to the relief sought by the present motion.

Defendants, therefore, respectfully request that the Court stay the present case until the issuance of the last Certificate of Reexamination issued by the Patent Office pursuant to 37 C.F.R. 1.570(a) for the five Enterasys patents in reexamination (U.S. Patent Nos. 6,539,022; 6,560,236; 5,390,173; 6,147,995; and 5,251,205).

Defendants' reasons for filing this motion are set forth in Defendants' accompanying Memorandum of Law filed herewith.

### REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court issue an Order:

1) Staying the above-captioned action until the issuance of the last Certificate of Reexamination issued by the U.S. Patent Office pursuant to 37 C.F.R. 1.570(a) for the five Enterasys patents in reexamination (U.S. Patent Nos. 6,539,022; 6,560,236; 5,390,173; 6,147,995; and 5,251,205); and

2) Providing such other and further relief as this Court deems just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for Defendants hereby certify that, before filing this motion, counsel for the parties conferred regarding the subject of this motion, and that counsel for Enterasys, Marc N. Henschke, Esq., has assented to the relief sought by the present motion.[1]

---

[1] At the request of Enterasys, if the Court grants the relief requested herein by Defendants, Defendants agree not file any additional *ex parte* reexamination requests for U.S. Patent Nos. 6,539,022, 6,560,236, 5,390,173, 6,147,995, and 5,251,205 based on prior art disclosed to date by Defendants' in this case, although Foundry and Extreme would have the right to file additional *ex parte* reexamination requests for U.S. Patent Nos. 6,539,022, 6,560,236, 5,390,173, 6,147,995, and 5,251,205 based on any newly identified prior art.

Dated: August 28, 2007

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| DEFENDANT FOUNDRY NETWORKS, INC. | DEFENDANT EXTREME NETWORKS, INC. |
| By Its Attorneys, | By Its Attorneys, |
| */s/ Steven M. Bauer* | */s/ David. L. Larson (by permission)* |
| Steven M. Bauer (BBO #542531)<br>Jeremy P. Oczek (BBO #647509)<br>John W. Pint (BBO #660548)<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA  02110-2600<br>Telephone:     (617) 526-9600<br>Facsimile:      (617) 526-9899<br><br>William L. Anthony, Jr. *(pro hac vice)*<br>Fabio E. Marino *(pro hac vice)*<br>I. Neel Chatterjee *(pro hac vice)*<br>Matthew H. Poppe *(pro hac vice)*<br>Sanjeet K. Dutta *(pro hac vice)*<br>Brian H. VanderZanden *(pro hac vice)*<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Telephone:  (650) 614-7400<br>Facsimile:   (650) 614-7401 | Peter L. Resnik, Esq. (BBO #417180)<br>Emily E. Smith-Lee, Esq. (BBO #634223)<br>MCDERMOTT, WILL & EMERY LLP<br>28 State Street<br>Boston, MA 02109-1775<br>Telephone:     (617) 535-4000<br><br>Terrence P. McMahon, Esq. *(pro hac vice)*<br>Vera M. Elson, Esq. *(pro hac vice)*<br>David L. Larson, Esq. *(pro hac vice)*<br>Steven L. Walker, Esq. *(pro hac vice)*<br>Firasat M. Ali, Esq. *(pro hac vice)*<br>MCDERMOTT, WILL & EMERY LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Telephone:     (650) 813-5000 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed through the ECF system on August 28, 2007 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Steven M. Bauer*

Steven M. Bauer