**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| Plaintiff, ) | |
| v. ) | |
| FOUNDRY NETWORKS, INC. AND ) EXTREME NETWORKS, INC., ) | |
| Defendants. ) | |

### STATEMENT OF NON-OPPOSITION BY PLAINTIFF ENTERASYS NETWORKS, INC. TO DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS

Earlier today, Defendants Foundry Networks, Inc. ("Foundry") and Extreme Networks, Inc. ("Extreme") filed a joint motion requesting that these proceedings be stayed until such time as the U.S. Patent and Trademark Office (the "PTO") has resolved all of the *ex parte* reexamination petitions recently submitted by Foundry challenging the validity of five of the six patents-in-suit. See (Docket Nos. 134, 135). Defendants have correctly advised this Court that Plaintiff Enterasys Networks, Inc. ("Enterasys") does not oppose their request for a stay. However, while ultimately agreeing that a stay would be appropriate in light of the unique circumstances that have developed here, Enterasys provides this Statement of Non-Opposition to clarify for the record its own reasons for reaching this conclusion which differ from those presented in Defendants' moving papers.

It is Enterasys' belief that a stay will serve to simplify or eliminate many of the issues that would otherwise need to be tried in this case because, while it remains in place, all disputes between Enterasys and Extreme are likely to be resolved on a global basis as part of proceedings

currently venued in the Western District of Wisconsin (the "Wisconsin forum"). Indeed, on April 20, 2007, Extreme filed a retaliatory patent infringement action against Enterasys in the Wisconsin forum, which is reputed among the patent bar as having the fastest "rocket docket" in the nation. See (Docket No. 97). As things currently stand in Wisconsin, Extreme has asserted three patents against Enterasys, and Enterasys has counterclaimed by asserting three additional patents against Extreme. A *Markman* claim construction hearing on all asserted claims is scheduled to take place in the Wisconsin forum on October 5, 2007, and a firm trial date has been set for May 19, 2008. Given that in the present case the PTO is unlikely to complete its reexaminations of all of the patents-in-suit for approximately two years or more, it is probable that events in the Wisconsin forum will bring closure to at least the disputes between Enterasys and Extreme long before any stay entered herein has been lifted.[1]

In addition, Enterasys submits that it is presently being forced to expend finite resources simultaneously litigating in three separate venues, two of which are not of its own choosing. Indeed, not only has Extreme opened up a second front in the Wisconsin forum, but Foundry's recent filing of extraordinarily voluminous *ex parte* reexamination petitions with the PTO has created the equivalent of a third litigation front for Enterasys as well. In total, Foundry has filed nearly 4000 pages of prior art materials with the PTO, including over 550 pages of written arguments as to why the asserted claims of the patents-in-suit are purportedly invalid. The amount of time, effort, and resources required for Enterasys to respond to these unusually lengthy petitions is akin to participating in an entirely new and additional litigation. Moreover, once this reexamination process has begun, it must move forward to conclusion in the PTO and

---

[1] Notably, the opportunity to expeditiously pursue its claims for relief in the Wisconsin forum is critical to Enterasys' willingness to assent to Defendants' request to temporarily stay the present action. Accordingly, Enterasys expressly reserves its rights -- and declares its intentions -- to vigorously oppose any future attempts by Extreme or any other party to stay litigation pending in Wisconsin.

2

cannot be halted by Enterasys or even by Foundry itself. Accordingly, in a very real sense, entry of a stay in the present case will actually help to *prevent* prejudice to Enterasys by ensuring that this litigation will ultimately be decided on the basis of its merits rather than as a function of potential resource constraints.

Finally, despite agreeing with Defendants that a stay would be appropriate here owing to the unique circumstances discussed above, Enterasys parts company with Defendants over certain aspects of the reasoning and legal analysis presented in their moving papers. In sum, Enterasys identifies its principal areas of disagreement with Defendants as the following:

First, based upon the outcomes of numerous cases decided both within and without this District, Enterasys does not believe that Defendants are correct to argue that as a general matter the courts have adopted "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." See (Mem., p. 3).

Second, Enterasys does not share in Defendants' assessment that as a result of the PTO reexamination proceedings, its asserted patent claims are necessarily "likely [to] change or be canceled." See (Mem., pp. 1, 7). Defendants' assessment appears to be premised solely upon raw historical PTO reexamination statistics that have no direct applicability to the pioneering patents-in-suit asserted here, which have early priority dates and cover seminal data communications networking technologies.

Third, Enterasys views as entirely speculative Defendants' arguments about how the Supreme Court's recent decision in KSR International Co. v. Teleflex, Inc., 127 S. Ct. 1727 (2007) may or may not affect the PTO's future approach to performing obviousness analyses under 35 U.S.C. § 103. See (Mem., pp. 1-2, 8-9). The PTO has not yet issued any formal guidance on this issue, and its *informal* guidance has suggested that while the old "teaching /

3

suggestion / motivation" to combine test for obviousness is no longer to be rigidly applied, these considerations will continue to remain highly relevant and provide "helpful insight" in the context of any proper obviousness analysis.

    For all of the foregoing reasons, and subject to the foregoing clarifications for the record, Enterasys confirms its non-opposition to Defendants' pending motion for a temporary stay of these proceedings.

Dated:  August 28, 2007                  Respectfully submitted,

                                            ENTERASYS NETWORKS, INC.

                                            By its attorneys,

                                            /s/ Marc N. Henschke
                                            Christopher P. Sullivan, Esq. (BBO No.485120)
                                            Marc N. Henschke, Esq. (BBO No. 636146)
                                            Alan E. McKenna, Esq. (BBO No. 644556)
                                            William J. Rocha, Esq. (BBO No. 657924)
                                            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                            800 Boylston Street, 25th Floor
                                            Boston, MA  02199
                                            Tel. (617) 267-2300

                                            A. James Anderson, Esq. (*pro hac vice*)
                                            Marla R. Butler, Esq. (*pro hac vice*)
                                            Anna R. Carr, Esq. (*pro hac vice*)
                                            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                            2600 One Atlanta Plaza
                                            950 East Paces Ferry Road N.E.
                                            Atlanta, GA  30326-1386
                                            Tel. (404) 760-4300

BN1: 35040853

**CERTIFICATE OF SERVICE**

      I, Marc N. Henschke, hereby certify that on August 28, 2007, I caused a true and correct copy of the attached *Statement Of Non-Opposition By Plaintiff Enterasys Networks, Inc. To Defendants' Joint Motion To Stay Proceedings* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600

**Counsel for Defendant Extreme Networks, Inc.:**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  August 28, 2007          /s/ Marc N. Henschke
                                        MARC N. HENSCHKE