**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| ENTERASYS NETWORKS, INC., | ) Civil Action No: 05-CV-11298 (DPW) |
| Plaintiff, | ) |
| v. | ) |
| FOUNDRY NETWORKS, INC. AND EXTREME NETWORKS, INC., | ) |
| Defendants. | ) |

**ASSENTED-TO MOTION OF ENTERASYS NETWORKS, INC.'S FOR
LEAVE TO FILE SHORT REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER**

Plaintiff Enterasys Networks, Inc. ("Enterasys") hereby moves pursuant to Local Rule 7.1 for leave to file a short Reply Brief -- attached hereto as Exhibit A -- in support of its pending Motion For Protective Order (the "Motion").

As grounds for this request for leave, Enterasys states the following:

1. On August 10, 2007, Enterasys filed a Motion for Protective Order (Docket Entry No. 124).

2. On August 24, 2007, Foundry filed an Opposition (Docket Entry No. 133) to the Motion. In its Opposition, Foundry declared Enterasys' Motion to be moot.

3. Enterasys seeks to file the attached Reply Brief so as to have a full and fair opportunity to respond to Foundry's new position with respect to the mootness of the original motion, and to correct Foundry's factual misrepresentations. Enterasys' short Reply Brief will assist the Court in understanding the true nature of the dispute between the parties and assist the Court in resolving the issues presented by Enterasys' Motion.

    4.       Foundry assents to this Motion for Leave.

For the foregoing reasons, Enterasys respectfully requests that the Court grant it leave to file the attached Reply Brief in support of its pending Motion for Protective Order.

Dated: August 29, 2007                    Respectfully submitted,

                                                 ENTERASYS NETWORKS, INC.

                                                 By its attorneys,

/s/ Marc N. Henschke
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna (BBO No. 644556)
William J. Rocha, Esq. (BBO No. 657924)
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

<u>Of Counsel</u>:

A. James Anderson, Esq. *(pro hac vice)*
Marla R. Butler, Esq. *(pro hac vice)*
Anna R. Carr, Esq. *(pro hac vice)*
Robins, Kaplan, Miller & Ciresi L.L.P.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel. (404) 760-4300

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on August 29, 2007, I caused the attached *Motion for Leave to File Reply Brief In Support Of Motion For Protective Order* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Foundry Networks, Inc.**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Michael F. Heavey, Esq.
Sanjeet K. Dutta, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc.**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
David H. Dolkas, Esq.
MCDERMOTT, WILL & EMERY LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
MCDERMOTT, WILL & EMERY LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.*
MCDERMOTT, WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  August 29, 2007                    /s/ Marc N. Henschke
                                           Marc N. Henschke, Esq. (BBO No. 636146)

BN1 35040876.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ENTERASYS NETWORKS, INC., ) | Civil Action No: 05-CV-11298 (DPW) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FOUNDRY NETWORKS, INC. AND ) | |
| EXTREME NETWORKS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF ENTERASYS NETWORKS, INC.'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

On August 10, 2007, Plaintiff Enterasys Networks, Inc. ("Enterasys") filed a Motion for Protective Order relating to two third-party depositions (of Peter Newman and Floyd Ross), which Foundry Networks, Inc. ("Foundry") unilaterally noticed for August 21, 2007 and August 15, 2007 respectively (the "Motion"). As set forth in Enterasys' Motion, despite the fact that counsel for Enterasys repeatedly informed counsel for Foundry that it was unavailable on the unilaterally-selected dates--and despite the fact that this Court's Rule 16 Supplemental Scheduling Order (the "Scheduling Order") requires the parties to work cooperatively to schedule third-party depositions--Foundry refused to reschedule the depositions.[1]

Only after Enterasys filed its Motion did Foundry eventually agree to postpone the deposition of Floyd Ross (its paid consultant). Foundry, however, refused to reschedule the deposition of Peter Newman. Despite the fact that Enterasys' Motion was pending with this

---

[1] While the Court yesterday entered an Order to stay the case (Docket Entry No. 138), Enterasys is submitting this short reply brief to complete the record with respect to issues raised by its initial Motion. It is clear that at the time the stay is lifted and the case resumes, there will continue to be an ongoing issue of Foundry's refusal to abide by its obligations under the Scheduling Order. Accordingly, having a complete record before the Court on this issue should be of substantial benefit in swiftly resolving this matter at that time.

Court, Foundry went ahead with Mr. Newman's deposition on August 21, 2007 in California, thereby depriving this Court of the opportunity to resolve Enterasys' Motion and grant the relief sought by Enterasys. As a result of Mr. Newman's deposition, Enterasys has learned that Foundry was not entirely forthcoming with respect to the availability of this third-party witness; in fact, although Foundry claimed it was a matter of accommodating Mr. Newman in going forward on August 21, 2007, Mr. Newman testified that once he returned from vacation, he was available pretty much anytime for his deposition.

On August 24, 2007, Foundry filed an Opposition to Enterasys' Motion for Protective Order and Notice That Motion is Moot (the "Opposition"). Foundry's Opposition simply states that the Motion is moot. Enterasys submits this Reply Brief to inform the Court that Foundry's Opposition is inaccurate; the pending Motion for Protective Order is not moot. Among the still unresolved issues raised by Enterasys' Motion: (i) the appropriate method for scheduling third-party depositions, (including that of Floyd Ross); and (ii) whether Foundry should be barred from attempting to thwart Enterasys' efforts to notice Mr. Newman's deposition for a future date that is mutually convenient for him and the parties because Foundry went forward with Mr. Newman's deposition knowing that Enterasys was not prepared to question him substantively at that time.

**I.     RELEVANT NEW FACTS**

Following the filing of Enterasys' Motion for Protective Order, upon inquiry by Enterasys' counsel, Foundry informed Enterasys that the deposition of Floyd Ross was "off calendar," but the deposition of Peter Newman would go forward on August 21, 2007.

(MacDowell Sup. Decl. Exh. 1)[2]. When Enterasys later contacted Foundry's counsel to inquire as to whether they actually intended to conduct the deposition of Peter Newman despite the pending Motion for Protective Order, Foundry responded that it was going forward, and asked whether someone from Enterasys was planning to attend. (MacDowell Sup. Decl. Exh. 2). Enterasys informed Foundry, as it had on several previous occasions, that there was no one available with the appropriate technical knowledge to attend, but that someone from Enterasys would attend only to preserve the record and object. (MacDowell Sup. Decl. Exh. 3).

Enterasys was able to send one of its attorneys, Alan McKenna, to Foundry's counsel's offices in Menlo Park, CA to attend the deposition of Mr. Newman. As he had done on several prior occasions, Mr. McKenna informed Foundry's counsel that Enterasys remained unprepared to question Mr. Newman substantively about the technical issues to be covered by his deposition, and noted Enterasys' objections in that regard on the record.[3] (MacDowell Sup. Decl. Exh. 4 at pp. 6-7). Despite this, counsel for Foundry proceeded with the deposition, and questioned Mr. Newman regarding some of his previous work in the networking industry. Counsel for Enterasys questioned Mr. Newman only with respect to his availability for the deposition and some additional basic foundational questions (e.g., dates of prior publications authored by Mr. Newman). (MacDowell Sup. Decl. Exh. 4 at pp. 66-76).

Prior to the deposition, Foundry's counsel represented to counsel for Enterasys during the meet and confer process that Mr. Newman had himself chosen the date of August 21, 2007 for

---

[2] As used herein the term "MacDowell Sup. Decl." is a reference to the *Supplemental Declaration of Rebecca A. MacDowell in Support of Enterasys' Networks, Inc.'s Motion for Protective Order* dated August 29, 2007, filed concurrently herewith under separate cover.

[3] By Mr. McKenna: "I just want to note that Enterasys objects to this deposition, and as you and Mr. Vander[Z]anden are aware, Enterasys filed a motion for protective order on August 10th with the Court relating to the scheduling of this deposition, as Enterasys indicated it was unavailable and remains unprepared to question Mr. Newman substantively about the technical issues that we assume you are going to cover today. So I just want to note for the record Enterasys's objection and the pending motion and note that I am here to ask potentially some foundational questions but nothing substantive, and Enterasys intends to notice Mr. Newman's deposition on a future date that is convenient for all parties." (MacDowell Sup. Decl. Exh. 4 at pp. 6-7).

his deposition, and counsel indicated that Mr. Newman had very limited availability, thus requiring that the deposition take place on August 21st. At the deposition, Mr. Newman told a far different story. Mr. Newman testified that he first became aware that his deposition was to occur on August 21st when he received the subpoena issued to him by Foundry, on which Foundry designated the date of the deposition as August 21, 2007. (MacDowell Sup. Decl. Exh. 4 at p. 67). Furthermore, although Foundry indicated that only after its phone call with Enterasys on August 3, 2007 did it learn Mr. Newman had availability "at the end of August and in early September," Mr. Newman had in fact informed Foundry approximately four weeks prior to his deposition that he was available "pretty much anytime after [he] came back from vacation" and that he had returned from vacation the previous week. (MacDowell Sup. Decl. Exh. 5 and 4 at pp. 70-71).

After the deposition of Mr. Newman, Enterasys offered to withdraw its pending Motion for Protective Order if Foundry would agree to cooperate with respect to the future scheduling of Floyd Ross' deposition, and not to oppose a future attempt by Enterasys to subpoena and depose Mr. Newman. Foundry refused to agree to this proposal.

## II.     ARGUMENT

As detailed in Enterasys' Motion for Protective Order, Foundry has repeatedly ignored its obligation pursuant to the Court's Scheduling Order to work together in good faith to schedule depositions of third-parties. (MacDowell Decl. Exh. 1).[4] Foundry has now demonstrated a blatant disregard for the authority of this Court by depriving it of the opportunity to intervene with respect to the deposition of Mr. Newman by going forward with it in the face of a pending motion before the Court. Foundry cannot avoid its obligations under the Scheduling

---

[4] As used herein the term "MacDowell Decl." is a reference to the *Declaration of Rebecca A. MacDowell in Support of Plaintiff Enterasys Networks, Inc.'s Motion for Protective Order* filed August 10, 2007 (Docket Entry No. 126).

4

Order by plowing ahead with disputed discovery before this Court is able to determine the appropriate course of action.

Foundry's allegation that Enterasys' original motion is moot is inaccurate because the parties have not yet rescheduled the deposition of Mr. Ross, and, based on its unilateral conduct with Mr. Newman and the fact that it misrepresented his availability to counsel, it remains unclear whether Foundry will comply with its obligations with respect to the scheduling of Mr. Ross' deposition on a date that is mutually convenient for *all* parties. More generally, Enterasys is asking this Court to compel Foundry to comply with its Scheduling Order obligations to work cooperatively with Enterasys to schedule third-party depositions. Foundry continues to refuse to cooperate with Enterasys regarding the scheduling of Mr. Ross' deposition. It may be "off calendar" for now, but Foundry has refused to agree to reschedule that deposition for a date that is mutually convenient for all the parties. Therefore, Enterasys has a legitimate concern that Foundry will continue to defy its Scheduling Order obligations to work together in good faith with respect to scheduling depositions. Because this Court has not yet ruled with respect to the deposition of Mr. Ross, and the parties have yet to reschedule Mr. Ross' deposition, it follows that the Court be granted the opportunity to enforce the Scheduling Order.

In a surprising display of disrespect for opposing counsel and this Court, Foundry completely misrepresented the availability of the third-party witness Mr. Newman. At Mr. Newman's deposition, he testified that once he returned from his vacation, he had fairly widespread availability. While the amount of time he had to dedicate to being deposed was limited as a result of his full-time job, the date on which he spent that time was, in fact, negotiable. Foundry's counsel had indicated that to reschedule would somehow inconvenience Mr. Newman, when in fact, they knew that he was largely available over the coming months.

5

This type of maneuvering by Foundry suggests that the motivation behind refusing to cooperate with Enterasys' counsel regarding the scheduling of Mr. Newman's deposition was simply to deprive Enterasys of the opportunity to meaningfully cross-examine Mr. Newman by setting the deposition for a date on which a member of Enterasys' counsel with the appropriate technical knowledge could attend.

Foundry's Opposition attempts to construe Mr. McKenna's brief questioning of Mr. Newman as somehow substantive in nature. Mr. McKenna's questions of the witness involved basic background questions regarding the documents associated with his testimony, as well as the nature of Mr. Newman's availability and communications with Foundry's counsel. At that deposition, Mr. McKenna informed Foundry that:

> Enterasys objects to this deposition, and as you and Mr. Vander[Z]anden are aware . . . Enterasys indicated it was unavailable and remains unprepared to question Mr. Newman substantively about the technical issues that we assume you are going to cover today. . . . I just want to note for the record Enterasys's pending motion [for protective order] and note that I am here to ask potentially some foundational questions but nothing substantive, and Enterasys intends to notice Mr. Newman's deposition on a future date that is convenient for all parties.

(MacDowell Sup. Decl. Exh. 4 at pp.6-7). As Enterasys has maintained all along, the individuals most familiar with the technical aspects of Mr. Newman's testimony were unable to attend the deposition, and therefore Enterasys could not and did not meaningfully cross-examine Mr. Newman. For Foundry to allege that somehow Enterasys has "substantively" questioned Mr. Newman is simply baseless. This Court should not allow Foundry's deliberate mischaracterization of Enterasys' attendance at Mr. Newman's deposition to prevent it from addressing the real issue – Foundry's unwillingness to comply with its Scheduling Order obligations.

While Enterasys' request that the Court require Foundry to reschedule Mr. Newman's deposition cannot now be granted as a result of Foundry cavalierly ignoring the fact that there is a pending motion before this Court, Enterasys asks that this Court now at least prevent Foundry from opposing Enterasys in seeking the opportunity to depose Mr. Newman on a second date, when Enterasys can be prepared to substantively cross-examine him.

### III. CONCLUSION

For the foregoing reasons, Enterasys respectfully asks that this Court compel Foundry to comply with its obligations pursuant to the Scheduling Order by rescheduling the deposition of Floyd Ross for a mutually convenient time no earlier than the third week in September, and by preventing Foundry from opposing Enterasys in seeking to depose Peter Newman at a later date when Enterasys is prepared to substantively cross-examine him. Further, Enterasys asks that Foundry be compelled to comply with its obligations under the Scheduling Order in the future scheduling of third-party depositions.

Dated: August 29, 2007

Respectfully submitted,

ENTERASYS NETWORKS, INC.

By its attorneys,

/s/Marc N. Henschke
Christopher P. Sullivan, Esq. (BBO No.485120)
Marc N. Henschke, Esq. (BBO No. 636146)
Alan E. McKenna, Esq. (BBO No. 644556)
William J. Rocha, Esq. (BBO No. 657924)
Rebecca A. MacDowell, Esq. (BBO No. 666860)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel. (617) 267-2300

        A. James Anderson, Esq. (*pro hac vice*)
        Marla R. Butler, Esq. (*pro hac vice*)
        Anna R. Carr, Esq. (*pro hac vice*)
        Nicole N. Morris, Esq. (*pro hac vice*)
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
        2600 One Atlanta Plaza
        950 East Paces Ferry Road, N.E.
        Atlanta, GA  30326-1386
        Tel. (404) 760-4300

**CERTIFICATE OF SERVICE**

      I, Marc N. Henschke, hereby certify that on August 29, 2007, I caused the attached *Plaintiff's Reply in Support of Motion for Protective Order* to be served electronically pursuant to the Court's CM/ECF electronic filing system upon Defendants' respective counsel of record as indicated by asterisks below:

**Counsel for Defendant Extreme Networks, Inc.:**

William L. Anthony, Jr., Esq.*
I. Neel Chatterjee, Esq.*
Sanjeet K. Dutta, Esq.*
Matthew H. Poppe, Esq.*
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

Steven M. Bauer, Esq.*
Jeremy P. Oczek, Esq.*
John W. Pint, Esq.*
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600

**Counsel for Defendant Extreme Networks, Inc. :**

Terrence P. McMahon, Esq.*
Vera M. Elson, Esq.*
McDermott, Will & Emery LLP
3150 Porter Drive
Palo Alto, CA  94303-1212

Emily E. Smith-Lee, Esq.*
Peter L. Resnik, Esq.*
McDermott, Will & Emery LLP
28 State Street
Boston, MA  02109-1775

Christopher D. Bright, Esq.
McDermott, Will & Emery LLP
18191 Von Karman Avenue, Suite 400
Irvine, CA  92612-7107

Dated:  August 29, 2007                  /s/Marc N. Henschke

BN1 35040871.1